David W. Parham, SBN: 15459500
Laura M. Taveras, SBN: 24127243
**AKERMAN LLP**
2001 Ross Avenue, Suite 3600
Dallas, TX 75201
Telephone: (214) 720-4300
Facsimile: (214) 981-9339
david.parham@akerman.com
laura.taveras@akerman.com

*Proposed Counsel for alleged Debtor,*
*Goodman Networks, Inc. d/b/a Goodman Solutions*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Case No. 22-31641-mvl7 |
| GOODMAN NETWORKS, INC., | § | |
| | § | Involuntary Chapter 7 |
| Debtor. | § | |

### ANSWER TO INVOLUNTARY PETITION AND MOTION TO DISMISS

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT (ADDRESS OF CLERK'S OFFICE) BEFORE CLOSE OF BUSINESS ON OCTOBER 24, 2022 WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

TO THE HONORABLE MICHELLE V. LARSON UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, Alleged Debtor Goodman Networks, Inc. d/b/a Goodman Solutions ("Goodman" and/or "Debtor"), pursuant to 11 U. S. C. § 303(d) and Fed. Bankr. P. 1011, answers the involuntary petition (the "Petition") filed by, JLP Credit Opportunity IDF Series Interests of

the SALI Multi-Series Fund, L.P., JLP Institutional Credit Master Fund LP, and Alimco Re Ltd. (collectively, the "Petitioners"). ECF No. 1, 2 and 3. In addition to answering the Petition, Goodman respectfully requests that that the Court dismiss this bankruptcy case because Petitioners are not statutory qualified to commence this filling.

1. On September 6, 2022 creditors, JLP Credit Opportunity IDF Series Interests of the SALI Multi-Series Fund, L.P., JLP Institutional Credit Master Fund LP, and Alimco Re Ltd. filed the Petition. Doc. No. 1. In connection with the Petition, Petitioners filed Statement of Petitioners in Support of Involuntary Petition (the "Statement"). Doc. No. 2.

## ANSWER

### Involuntary Petition Against Non-Individual

2. Goodman denies that Petitioners are eligible to file this the Petition pursuant to 11 U. S. C. § 303(b). ECF No. 1, part 3, q. 11 ("Allegations").

3. Goodman admits that it is an entity is eligible to file a case under chapter 7 of the Bankruptcy Code and thus may be the subject of an involuntary case under 11 U.S.C. 303(a). *Id.*

## DEFENSES AND OBJECTIONS

4. Without assuming any burden of proof it would not otherwise bear, Goodman asserts the following affirmative and other defenses to the involuntary petition. Goodman reserves the right to assert further defenses as the case proceeds, and to move for dismissal of the case on any grounds.

### FIRST DEFENSE

5. The Petitioners lack standing to file the Petition because they are not unsecured creditors.

## SECOND DEFENSE

6. The case was not commenced by three or more entities holding noncontingent, undisputed claims aggregating at least $18,600 more than the value of any lien on property of the alleged debtor securing such claims.

## MOTION TO DISMISS

7. The Petition must be dismissed because Petitioning creditors are not qualified to commence this involuntary proceeding. Under section 303(b) of the Bankruptcy Code, if the alleged debtor has more than 12 creditors, as is the case here, an involuntary petition must be supported by at least three entities holding undisputed claims that are in aggregate at least $18,600 more than the value of any lien securing those claims. The Petitioners do not satisfy these requirements.

   **a. The Petitioners' claims do not exceed the value of the lien securing them.**

8. Here, Petitioners are in fact over secured. Recognizing this problem, the Petitioners filed "partial waivers" in an attempt to manufacture an under secured status. ECF Doc. No. 4,8 and 10. This attempt to generate a deficiency claim via waiver is ineffective. Under the Indenture, the lien securing noteholder claims was granted by and for the benefit and of note Holders. Indenture p. 1. For this reason, and as noted by petitioners –the Indenture specifies that note holders, such as the Petitioners, do not have the capacity to impair the Lien.

9. In relevant part, the Indenture states:

   …a Holder *shall not* have the right to institute any such suit for the enforcement of payment if and to the extent that the institution or prosecution thereof or entry of judgment therein would, under applicable, result in the surrender, impairment, waiver or loss of the Lien of this Indenture upon any property subject to such Lien. Indenture § 6.07(emphasis added).

10. Courts "have repeatedly recognized the importance" of enforcing no-action clauses, including in bankruptcy cases. *See In re Am. Roads LLC*, 496 B.R. 727, 730 (Bankr. S.D.N.Y. 2013) (citing cases).

11. What section 303(b) requires is that the Petitioners hold claims in excess of the "the value of any lien" securing their claims. 11 U.S.C. § 303(b). The lien securing Petitioners' claims has remained unchanged, and the purported waiver does not suffice.

12. Petitioners reliance on *In re Allen-Main Assocs. Ltd. P'ship* is misplaced. *Id*. In that case, the court held that nothing in the Code prohibits a fully secured creditor from filing an involuntary petition, if such secured creditor joined other eligible unsecured creditors holding the requisite aggregate amount of claims. *See id*. at 61. The court also noted that "[u]nder the appropriate circumstances, it is also possible for a fully secured creditor to waive all or part of its claim to become an eligible unsecured creditor." *Id*. The court did not, however, address what is at issue here— the extent to which a secured party may waive part of a single lien that it does not hold, but that is held by a third party in trust for the collective benefit of multiple parties

13. For these reasons, Petitioning creditors are not qualified to commence this involuntary proceeding and the Petition must be dismissed.

WHEREFORE PREMISES CONSIDERED, Goodman Networks, Inc. d/b/a Goodman Solutions requests this Court set this matter down for hearing and that upon final hearing hereon that Court enter an Order dismissing the Involuntary Petition and for such other and further relief in law or in equity which Goodman may show itself justly entitled.

Date: September 30, 2022				Respectfully submitted,

					**AKERMAN LLP**

					 */s/ David W. Parham*
					David W. Parham, SBN: 15459500
					Laura M. Taveras, SBN: 24127243
					2001 Ross Avenue, Suite 3600
					Dallas, TX 75201
					Telephone:	(214) 720-4300
					Facsimile:	(214) 981-9339
					david.parham@akerman.com
					laura.taveras@akerman.com

					*PROPOSED ATTORNEYS FOR ALLEGED DEBTOR GOODMAN NETWORKS INC., D/B/A GOODMAN SOLUTIONS*

## CERTIFICATE OF SERVICE

      I hereby certify that on September 30, 2022 a true and correct copy of the foregoing document was served upon the following Petitioning Creditors, their counsel of record, and to all other parties and creditors required to receive service, via First Class Mail, E-mail, and/or the Court's ECF/CMC filing system.

**JLP Credit Opportunity Master Fund**
Attn: Jeffrey Peskind, Managing Member
420 Lexington Ave., Suite 300
New York, NY 10170
-and-
c/o Philip Michael Guffy
Hunton Andrews Kurth LLP
600 Travis St., Suite 4200
Houston, TX 77002
pguffy@huntonak.com

**JLP Credit Opportunity IDF Series Interests of the SALI Multi-Series Fund LP**
Attn: Jeffrey Peskind, Managing Member
420 Lexington Ave., Suite 300
New York, NY 10170
-and-
c/o Philip Michael Guffy
Hunton Andrews Kurth LLP
600 Travis St., Suite 4200
Houston, TX 77002
pguffy@huntonak.com

**JLP Institutional Credit Master Fund LP**
Attn: Jeffrey Peskind, Managing Member
420 Lexington Ave., Suite 300
New York, NY 10170
-and-
c/o Philip Michael Guffy
Hunton Andrews Kurth LLP
600 Travis St., Suite 4200
Houston, TX 77002
pguffy@huntonak.com

**Alimco Re Ltd**
Attn: Jonathan Marcus, Chief Executive Officer
2336 SE Ocean Blvd., 400
Stuart, FL 34996
-and-
c/o Philip Michael Guffy
Hunton Andrews Kurth LLP
600 Travis St., Suite 4200
Houston, TX 77002
pguffy@huntonak.com

                                                                          */s/ David W. Parham*
                                                                          David W. Parham