Philip M. Guffy
**HUNTON ANDREWS KURTH LLP**
600 Travis Street, Suite 4200
Houston, Texas 77002
Tel: 713-220-4200
Fax: 713-220-4285
Email: pguffy@huntonak.com

 -and-

Paul N. Silverstein
Brian Clarke
**HUNTON ANDREWS KURTH LLP**
200 Park Avenue
New York, NY 10166
Tel: (212) 309-1000
Email: psilverstein@huntonak.com
brianclarke@huntonak.com

*Counsel for the Petitioning Creditors*

David W. Parham, SBN: 15459500
Laura M. Taveras, SBN: 24127243
**AKERMAN LLP**
2001 Ross Avenue, Suite 3600
Dallas, TX 75201
Telephone: (214) 720-4300
Facsimile: (214) 981-9339
david.parham@akerman.com
laura.taveras@akerman.com

*Proposed Counsel for alleged Debtor, Goodman Networks, Inc. d/b/a Goodman Solutions*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § § | Chapter 7 |
| GOODMAN NETWORKS, INC., | § § § | Case No. 22-31641 (MVL) |
| Debtor. | § § § | |

**JOINT PRE-CONFERENCE STATEMENT**

Pursuant to the Court's *Standing Scheduling Order Regarding Involuntary Cases* [Docket No. 12], JLP Credit Opportunity Master Fund Ltd., JLP Credit Opportunity IDF Series Interests of the SALI Multi-Series Fund, L.P., JLP Institutional Credit Master Fund LP, and Alimco Re Ltd (collectively, the "**Petitioning Creditors**") and Goodman Networks, Inc. (the "**Debtor**" or "**Goodman**" and together with the Petitioning Creditors, the "**Parties**") submit the following Joint Pre-Conference Statement:

1

**Petitioning Creditors' Statement**

In support of entry of an order for relief, the Petitioning Creditors provide the following statement of facts. Evidence relied on to establish these facts is set forth in the *Statement of Petitioning Creditors in Support of Involuntary Chapter 7 Petition* [Docket No. 2]. The Petitioning Creditors reserve the right to supplement this statement of facts and the evidence relied on to establish these facts as the case progresses.

- The Petitioning Creditors are beneficial holders, or investment managers to such holders, of certain of the 8% Senior Secured Notes due 2022 (the "**Notes**") issued by the Debtor pursuant to that certain indenture (as amended, restated or otherwise modified from time to time, the "**Indenture**") dated as of May 31, 2017 by and among Goodman Networks as Issuer, UMB Bank, National Association as Trustee (the "**Trustee**"), and U.S. Bank National Association, as Collateral Agent (the "**Collateral Agent**") in the original principal amount of $112,500,000.[1]

- The Notes are secured by a lien on substantially all the Debtor's assets pursuant to that certain Pledge and Security Agreement (the "**Pledge and Security Agreement**") dated as of May 31, 2017 by and among Goodman Networks, each of the Grantors from time to time party thereto, and the Collateral Agent.[2]

- The Notes matured on May 31, 2022 (the "**Maturity Date**").

- The Debtor failed to pay the outstanding amounts due on the Notes on the Maturity Date.

- As of September 6, 2022 (the "**Petition Date**"), the outstanding principal amount of the Notes was $18,018,544, plus interest, fees, expenses, and other amounts due under the Indenture.

- At no time has the Debtor contested its liability on the Notes.

- The obligations due on account of the Notes are not contingent and are not subject to bona fide dispute.

- The Petitioning Creditors are qualified to commence this case under section 303(b) of the Bankruptcy Code because they hold unsecured claims totaling at least $18,600 in the aggregate and such claims are not contingent and are not subject to bona fide dispute.

---

[1] A copy of the Indenture was filed as Exhibit A to the *Declaration of Paul N. Silverstein in Support of Statement of Petitioning Creditors in Support of Involuntary Chapter 7 Petition* [Docket No. 2-1].

[2] A copy of the Pledge and Security Agreement was filed as Exhibit C to the *Declaration of Paul N. Silverstein in Support of Statement of Petitioning Creditors in Support of Involuntary Chapter 7 Petition* [Docket No. 2-1].

EMF_US 91521539

- The value of the Debtor's assets is less than the outstanding amounts due on the Notes.

- The Debtor transferred the vast majority of its assets to insiders of the Debtor or entities controlled by such insiders prior to the Maturity Date.

- After the Maturity Date, on August 26, 2022, the Debtor sent a letter to the Trustee, which was distributed to bondholders, offering to purchase the outstanding Notes for 42 cents on the dollar.

- To the extent there is any question that the Petitioning Creditors hold unsecured claims totaling at least $18,600 in the aggregate, each of the Petitioning Creditors has executed a waiver of its right to its security interests in any assets of the Debtor up to $4,650.[3]

- The Debtor is not generally paying its debts as they become due as the Debtor has ceased its business operations and the unpaid obligations on the Notes are one of, if not the, largest claim against the Debtor.

**Debtor's Statement**

In opposition to entry of an order for relief, and in further support of its *Motion to Dismiss* [ECF Doc. No. 18], Goodman provides the following statement of facts. Goodman reserves the right to supplement this statement of facts and the evidence relied on to establish these facts as the case progresses.

- Section 303(b) of the Bankruptcy Code, requires that, if the alleged debtor has more than 12 creditors, as is the case here, an involuntary petition must be supported by at least three entities holding undisputed claims that are in aggregate at least $18,600 more than the value of any lien securing those claims. 11 U.S.C § 303(b).

- Petitioners do not hold noncontingent, undisputed claims, which amount to $18,600 more than the value of the Lien securing their claim.

- At issue here is certain indenture dated May 31, 2017 ("the Indenture"), by and among Goodman Networks as Issuer, UMB Bank, National Association as Trustee (the "Trustee"), and U.S. Bank National Association, as Collateral Agent (the "Collateral Agent") in the original principal amount of $112,500,000, (collectively "the Parties"). In connection with the Indenture, the Parties executed certain Pledge and Security Agreement dated May 31, 2017 (the "Pledge and Security"). Attached hereto as **Exhibit 1** is the Indenture and Pledge and Security Agreement.

---

[3] These waivers have been filed at Docket Nos. 4, 6, 8, and 10.

- Subsequently, the Parties have supplemented the Indenture four times ("the Indenture Supplements").The First and Fourth Supplement to the Indenture are attached hereto as **Exhibits 2 and 3.**

- Particularly relevant are the Second and Third Supplement to the Indenture. On September 12, 2019, the Parties supplemented the Indenture to account for Goodman's acquisition of Genesis Networks Telecom Services, LLC, an affiliate of Goodman. Attached hereto as **Exhibit 4** is Second Supplement to Indenture.

- On September 19, 2022, the Parties further supplemented the Indenture to include GNET ATC, LLC, a subsidiary of Goodman Networks Incorporated, as a guaranteeing subsidiary. Attached hereto as **Exhibit 5** is Third Supplement to Indenture.

- In the aggregate, the assets securing Petitioners' lien exceed the value of their Lien. The Debtor intends to submit a list of the assets that secure the Bonds and will rely upon such at the hearing.

- Recognizing this problem, the Petitioners filed "partial waivers" in an attempt to manufacture an under secured status. [ECF Doc. No. 4, 6, 8 and 10]. This is improper.

- Under the Indenture, the lien securing noteholder claims was granted by and for the benefit and of note holders. Indenture p. 1. For this reason, and as noted by Petitioners –the Indenture specifies that note holders, such as the Petitioners, do not have the capacity to impair the Lien.

- In relevant part, the Indenture provides:

    > …a Holder shall not have the right to institute any such suit for the enforcement of payment if and to the extent that the institution or prosecution thereof or entry of judgment therein would, under applicable, result in the surrender, impairment, waiver or loss of the Lien of this Indenture upon any property subject to such Lien. Indenture § 6.07(emphasis added).

- Goodman's ongoing business centers on the process of liquidating assets to pay the Holders, and other creditors.

**Joint Statement**

1. Counsel for the Parties conferred via telephone on October 3, 2022 at 12:30 pm.

2. The Parties stipulate to the following facts:

    - The Petitioning Creditors are beneficial holders, or investment managers to such holders, of the Notes.

- The Notes are secured by a lien on substantially all the Debtor's assets pursuant to the Pledge and Security Agreement.

- The Notes matured on the Maturity Date.

- The Debtor failed to pay the outstanding amounts due on the Notes on the Maturity Date.

- The Debtor is liable for the full amount due on the Notes.

- As of the Petition Date the outstanding principal amount of the Notes was approximately $18 million, plus interest, fees, expenses, and other amounts due under the Indenture.[4]

- The obligations due on account of the Notes are not contingent and are not subject to bona fide dispute.

- The Debtor is generally not paying its debts as they become due.

3. The Parties acknowledge that the following facts and legal issues are in dispute or otherwise contested:

- Whether the Petitioning Creditors are qualified to commence an involuntary petition against the Debtor under section 303(b) of the Bankruptcy Code.

- Whether the value of the Debtor's assets exceeds its obligations on the Notes.

- Whether the Petitioning Creditors are able to waive their right to their security interest in any of the Debtor's assets.

4. On October 3, 2022, the Debtor filed its *Answer to Involuntary Petition and Motion to Dismiss* [Docket No. 18]. The Parties do not anticipate that any additional motions will be filed at this time.

---

[4] The Debtor is in the process of confirming this amount with the Trustee.

5

Dated: October 3, 2022

| | |
|---|---|
| */s/ Philip M. Guffy* <br> Philip M. Guffy (TX Bar No. 24113705) <br> **HUNTON ANDREWS KURTH LLP** <br> 600 Travis Street, Suite 4200 <br> Houston, Texas 77002 <br> Tel: 713-220-4200 <br> Fax: 713-220-4285 <br> Email: pguffy@huntonak.com <br><br>  -and- <br><br> Paul N. Silverstein <br> Brian Clarke <br> **HUNTON ANDREWS KURTH LLP** <br> 200 Park Avenue <br> New York, NY 10166 <br> Tel: (212) 309-1000 <br> Email: psilverstein@huntonak.com <br> brianclarke@huntonak.com <br><br> *Counsel for the Petitioning Creditors* | */s/ David W. Parham* <br> David W. Parham, SBN: 15459500 <br> Laura M. Taveras, SBN: 24127243 <br> **AKERMAN LLP** <br> 2001 Ross Avenue, Suite 3600 <br> Dallas, TX 75201 <br> Telephone: (214) 720-4300 <br> Facsimile: (214) 981-9339 <br> david.parham@akerman.com <br> laura.taveras@akerman.com <br><br> *Proposed Counsel for alleged Debtor, Goodman Networks, Inc. d/b/a Goodman Solutions* |

EMF_US 91521539