**BUTLER SNOW LLP**
Adam M. Langley (admitted *pro hac vice*)
R. Campbell Hillyer (admitted *pro hac vice*)
6075 Poplar Avenue, Suite 500
Memphis, TN 38119
Telephone: (901) 680-7316
adam.langley@butlersnow.com

and

Candice Carson (TX Bar No. 24074006)
2911 Turtle Creek Blvd., Suite 1400
Dallas, Texas 75219
Telephone: (469) 680-5502
candice.carson@butlersnow.com

*Counsel for FedEx Supply Chain Logistics & Electronics, Inc.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| GOODMAN NETWORKS, INC. | § | Case No. 22-31641 (MVL) |
| | § | |
| Debtor. | § | |
| | § | |

### FEDEX SUPPLY CHAIN LOGISTICS & ELECTRONICS, INC'S MOTION TO COMPEL THE DEBTOR TO FILE A LIST OF CREDITORS AND TO ESTABLISH PROCEDURES FOR OTHER CREDITORS TO JOIN IN THE PETITION

COMES NOW FedEx Supply Chain Logistics & Electronics, Inc. ("FSCLE") and files this Motion pursuant to Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules") 1003(b) to compel Goodman Networks, Inc. (the "Debtor") to file a list of creditors and for the Court to establish procedures for other creditors to join in the petition. FSCLE would show as follows:

1

1. This Court has jurisdiction over this case under 28 U.S.C. § 1334 and 28 U.S.C. § 157(b)(1). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. On September 6, 2022, JLP Credit Opportunity Master Fund Ltd., JLP Credit Opportunity IDF Series Interests of the SALI Multi-Series Fund, L.P., JLP Institutional Credit Master Fund LP, and Alimco Re Ltd (collectively, the "Original Petitioning Creditors") commenced the instant involuntary chapter 7 case by filing an *Involuntary Petition Against a Non-Individual* [Docket No. 1] as to the Debtor (the "Involuntary Petition").

3. The Debtor filed an *Answer to the Involuntary Petition and Motion to Dismiss* [Docket No. 19] (the "Answer") and asserted that the Original Petitioning Creditors are not qualified petitioning creditors. Such dispute regarding the qualifications of the Original Petitioning Creditors is subject to a Stipulation and Agreed Order regarding discovery [Docket No. 28] and scheduled to be determined at a hearing on December 19, 2022. The Answer did not aver as to the existence of twelve of more qualified creditors bud did infer such existence by referring to the requirement for three petitioning creditors under section 303(b)(1) of title 11 (the "Bankruptcy Code"). *Id.* at ¶¶ 6-7. The Debtor did not file with its Answer a list of qualified creditors, as is required under Bankruptcy Rule 1003(b).

4. The Bankruptcy Code provides that an involuntary petition may be commenced by a petitioning creditor if the Debtor has fewer than twelve creditors that hold claims against the Debtor that are not contingent as to liability or the subject of a bon fide disputes as to liability or amount. 11 U.S.C. § 303(b)(2). If the Debtor has twelve or more such creditors, an involuntary petition must be commenced by three or more qualified creditors. *Id.* § 303(b)(1).

5. On October 17, 2022, FSCLE filed a joinder to the Involuntary Petition [Docket No. 29] (the "Joinder"). FSCLE is the holder of a claim in the amount of $81,158,452.82 for products and goods sold to Debtor pursuant to a Master Services Agreement (the "Claim"), and such Claim is unsecured and neither contingent as to liability nor subject to a bona fide dispute as to liability or amount. FSCLE adopts and incorporates its allegations in the Joinder, including the attached Affidavit [Docket No. 29-4]. FSCLE, therefore, is a qualified petitioning creditor but does not have information on whether the Debtor has twelve or more creditors that qualify as petitioning creditors under 11 U.S.C. § 303(b).

6. Bankruptcy Rule 1003(b) (emphasis added) states:

> If the answer to an involuntary petition filed by fewer than three creditors avers the existence of 12 or more creditors, the debtor *shall* file with the answer a list of all creditors with their addresses, a brief statement of the nature of their claims, and the amounts thereof. If it appears that there are 12 or more creditors as provided in § 303(b) of the Code, the court *shall* afford a reasonable opportunity for other creditors to join in the petition before a hearing is held thereon.

7. The Answer asserted that fewer than three qualified creditors had filed the Involuntary Petition. The Joinder of FSCLE establishes one qualified creditor under § 303(b)(2) but remains fewer than three qualified creditors under § 303(b)(1).

8. FSCLE, therefore, moves to compel the Debtor to comply with Bankruptcy Rule 1003(b) by filing a list of creditors on or before a date that is three days after the entry of an order on this Motion. Such list shall include all creditors, their addresses, a brief statement of the nature of their claims, and the amounts thereof. *Id*.

9. Moreover, FSCLE moves the Court to establish due process procedures for all creditors identified on such list of creditors to receive notice from the Debtor and an opportunity to join the petition before the hearing is held on December 19, 2022. FSCLE requests the procedures provided in the proposed order at Exhibit A be granted and that the form of notice

attached at Exhibit B be approved and served by the Debtor on or before three days after the deadline established to file the list of creditors.

10. Specifically, creditors should be notified that the Debtor has conducted business under the assumed names "Goodman Solutions" and "GNET" and may be the successor in interest to certain assets, and the assignee of certain agreements, of "Genesis Networks Telecom Services, LLC," which conducted business under the assumed name "Genesis-ATC." Failure to include notice of these assumed names may not adequately allow such creditors to identify that they are creditors and entitled to join the Involuntary Petition.

11. FSCLE moves the Court to grant the relief requested herein on an expedited basis. FSCLE has a strong likelihood on the success of the merits of this Motion because compliance with Bankruptcy Rule 1003(b) is mandatory, and the Debtor has clearly not complied with the rule's mandate. The Debtor will not be harmed by being compelled to comply with Bankruptcy Rule 1003(b)'s mandate, which has already matured. Furthermore, the public interest will be furthered by the granting of the expedited relief herein requested because all creditors will be given notice of the Involuntary Petition and an opportunity to join the Involuntary Petition and appear at the December 19, 2022, hearing. Failure to grant the expedited relief herein requested will prejudice FSCLE and the estate's creditors by not affording the estate's creditors due process before the December 19, 2022, hearing. Good cause exists to grant the Motion on an expedited basis.

12. Moreover, the relief requested herein is within the Court's inherent powers and equitable powers as provided under Bankruptcy Code § 105(a), which provides that the Court may "sua sponte . . . tak[e] any action or mak[e] any determination necessary or appropriate to enforce of implement court orders and rules, or to prevent an abuse of process." 11 U.S.C. § 105(a). Here,

the requested relief implements Bankruptcy Rule 1003(b) and avoids the abuse of process by providing notice and opportunity to join the Involuntary Petition to other creditors of the Debtor's estate.

**WHEREFORE**, FSCLE requests this Court grant the Motion and (i) compel the Debtor to file a list of creditors in accordance with Bankruptcy Rule 1003(b) within three days from the entry of an order on the Motion, (ii) enter the order attached as <u>Exhibit</u> A and, thereby, establish procedure for other creditors to join the Involuntary Petition, (iii) direct the Debtor to serve the form of notice attached at <u>Exhibit B</u> on all the listed creditors within three days of the deadline to file a list of creditors, and (iv) provide such other relief as is just and appropriate under the circumstances of this case.

Dated: October 20, 2022

Respectfully submitted,

**BUTLER SNOW LLP**

<u>/s/ *Adam M. Langley*</u>
Adam M. Langley (admitted *pro hac vice*)
R. Campbell Hillyer (admitted *pro hac vice*)
6075 Poplar Avenue, Suite 500
Memphis, TN  38119
Telephone:  (901) 680-7316
adam.langley@butlersnow.com
cam.hillyer@butlersnow.com

Candice Carson (TX Bar No. 24074006)
2911 Turtle Creek Blvd., Suite 1400
Dallas, Texas 75219
Telephone: (469) 680-5502
candice.carson@butlersnow.com

*Counsel for FedEx Supply Chain Logistics & Electronics, Inc.*

## **CERTIFICATE OF CONFERENCE**

      I, Adam M. Langley, certify that on October 18, 2022, I attempted to confer regarding the relief requested herein with the Debtor's counsel by telephone and by letter correspondence requesting a conference on the matter. Debtor's counsel represented that he was unable to confer on this matter until sometime next week and has not committed to complying with FED. R. BANKR. P. 1003(b). Given the scheduled hearings and deadlines related to the Involuntary Petition and the lack of notice to creditors in this case, FSCLE believes expedited relief is necessary and appropriate.

      Dated: October 20, 2022

                              */s/ Adam M. Langley*
                              Adam M. Langley

## **CERTIFICATE OF SERVICE**

I, Candice M. Carson, certify that the foregoing pleading was filed electronically through the Court's ECF system and served electronically on all parties enlisted to receive service electronically in this case.

Dated: October 20, 2022

*/s/ Candice M. Carson*
CANDICE M. CARSON