**BUTLER SNOW LLP**
Adam M. Langley (admitted *pro hac vice*)
R. Campbell Hillyer (admitted *pro hac vice*)
6075 Poplar Avenue, Suite 500
Memphis, TN 38119
Telephone: (901) 680-7316
adam.langley@butlersnow.com

and

Candice Carson (TX Bar No. 24074006)
2911 Turtle Creek Blvd., Suite 1400
Dallas, Texas 75219
Telephone: (469) 680-5502
candice.carson@butlersnow.com

*Counsel for FedEx Supply Chain Logistics & Electronics, Inc.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| GOODMAN NETWORKS, INC. | § | Case No. 22-31641 (MVL) |
| | § | |
| Debtor. | § | |
| | § | |

### FEDEX SUPPLY CHAIN LOGISTICS & ELECTRONICS, INC'S
### LIMITED OBJECTION TO THE DEBTOR'S MOTION TO DISMISS

COMES NOW FedEx Supply Chain Logistics & Electronics, Inc. ("FSCLE") and files this limited objection in response to the motion to dismiss filed by Goodman Networks, Inc. (the "Debtor") against the involuntary petition filed by JLP Credit Opportunity Master Fund Ltd., JLP Credit Opportunity IDF Series Interests of the SALI Multi-Series Fund, L.P., JLP Institutional Credit Master Fund LP, and Alimco Re Ltd (collectively, the "Original Petitioning Creditors"). FSCLE would show as follows:

## PRELIMINARY STATEMENT

1. Bankruptcy is inherently a collective proceeding that fosters fair and equitable administration of a bankruptcy estate for the benefit of *all* creditors. *Young v. Higbee Co.*, 324 U.S. 204, 210 (1945) ("[H]istorically one of the prime purposes of the bankruptcy law has been to bring about a ratable distribution among creditors of a bankrupt's assets; to protect the creditors from one another."). Here, the Debtor admits that it is generally not paying its debts as they become due and that it is not continuing to operate in the ordinary course. [Docket Nos. 8 at ¶ 3]. *See also* Docket No. 21 at pp. 4-5 ("Goodman's ongoing business centers on the process of liquidating assets to pay the Holders, and other creditors" and "The Debtor is generally not paying its debts as they become due."). The Debtor, therefore, is precisely the type of debtor that qualifies for an involuntary order for relief.

2. Moreover, the Original Petitioning Creditors and FSCLE have both plead in the Involuntary Petition and FSCLE's Joinder that the Debtor has caused assets and monies to be transferred or paid to insiders and other related parties. [Docket Nos. 2 at ¶¶ 11-14, 29 at 15-16]. Therefore, the appointment of a chapter 7 trustee, who will be empowered with avoidance powers, with the rights and powers of the Debtor to control its bank accounts, subsidiaries and related entities, and to operate the Debtor's business, becomes an important bankruptcy purpose to assure that the estate is preserved for its creditors and not dismantled for insiders or by a rush to the courthouse.

3. FSCLE is a trade creditor of the Debtor with outstanding debts in excess of $81 million. FSCLE's joinder is not the subject of the Debtor's motion to dismiss. Instead, the Debtor's motion addresses a technical legal argument regarding whether the Original Petitioning Creditors may petition pursuant to their debt indenture. FSCLE takes no position on the indenture at this

2

66125178.v3

time and reserves all rights thereto should an intercreditor dispute arise after order for relief is granted. Instead, FSCLE enters this limited objection to oppose the dismissal of the case because its Joinder (and potentially the joinder of other creditors in accordance with Bankruptcy Code § 303(c) and FED. R. BANKR. P. 1003(b)) stands as an independent basis for an order for relief.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this case under 28 U.S.C. § 1334 and 28 U.S.C. § 157(b)(1). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND FACTS

5. On September 6, 2022, the Original Petitioning Creditors commenced the instant involuntary chapter 7 case by filing an *Involuntary Petition Against a Non-Individual* [Docket No. 1] as to the Debtor (the "Involuntary Petition").

6. The Debtor filed an *Answer to the Involuntary Petition and Motion to Dismiss* [Docket Nos. 18-19] (the "Answer") and asserted that the Original Petitioning Creditors are not qualified petitioning creditors. Such contest regarding the qualifications of the Original Petitioning Creditors is subject to a Stipulation and Agreed Order regarding discovery [Docket No. 28] and scheduled to be determined at a hearing on December 19, 2022. The Answer did not aver as to the existence of twelve of more qualified creditors bud did infer such existence by referring to the requirement for three petitioning creditors under section 303(b)(1) of title 11 (the "Bankruptcy Code"). *Id*. at ¶¶ 6-7. The Debtor did not file with its Answer a list of qualified creditors, as is required under Bankruptcy Rule 1003(b).

7. The Bankruptcy Code provides that an involuntary petition may be commenced by a petitioning creditor if the Debtor has fewer than twelve creditors that hold claims against the

Debtor that are not contingent as to liability or the subject of a bon fide disputes as to liability or amount. 11 U.S.C. § 303(b)(2). If the Debtor has twelve or more such creditors, an involuntary petition must be commenced by three or more qualified creditors. *Id.* § 303(b)(1).

8.    On October 17, 2022, FSCLE filed a joinder to the Involuntary Petition [Docket No. 29] (the "Joinder"). FSCLE is the holder of a claim in the amount of $81,158,452.82 for products and goods sold to Debtor pursuant to a Master Services Agreement (the "Claim"), and such Claim is unsecured and neither contingent as to liability nor subject to a bona fide dispute as to liability or amount. FSCLE, therefore, is a qualified petitioning creditor but does not have information on whether the Debtor has twelve or more creditors that qualify as petitioning creditors under 11 U.S.C. § 303(b).

9.    The Joinder of FSCLE establishes one qualified creditor under section 303(b)(2) but remains fewer than three qualified creditors under section 303(b)(1).

10.   FSCLE, therefore, moved to compel the Debtor to comply with Bankruptcy Rule 1003(b) by filing a list of creditors and for the Court to establish due process procedures for all creditors identified on such list of creditors to receive notice from the Debtor and an opportunity to join the petition before the hearing is held on December 19, 2022. [Docket No. 32].

## ARGUMENT

11.   FSCLE's joinder moots a significant portion of the Debtor's motion to dismiss. The case cannot be dismissed, and any relief that may be granted on the Debtor's motion to dismiss must be limited to the Original Petitioning Creditors. *In re QDOS, Inc.*, 607 B.R. 338, 345 (B.A.P. 9th Cir. 2019) ("An involuntary debtor may initially contest the involuntary petition through a Civil Rule 12(b)(6) motion, but where a trial is required for resolution it must answer and file the list required by Rule 1003(b).").

12. Moreover, the Debtor's motion to dismiss may be entirely moot because, if the Debtor does not have twelve creditors qualified under Bankruptcy Code section 303(b)(2), an order for relief may be granted on FSCLE's Joinder regardless of the Debtor's legal question regarding the Original Petitioning Creditors.

13. Here, the Debtor failed to comply with Bankruptcy Rule 1003(b) and should be estopped from asserting that twelve creditors exist. *In re CorrLine Int'l, LLC*, 516 B.R. 106, 151 (Bankr. S.D. Tex. 2014) ("If the putative debtor fails to file a list of twelve or more creditors in accordance with Bankruptcy Rule 1003(b), then the debtor has not met his burden of proof."); *In re QDOS, Inc.*, 607 B.R. at 345 ("[I]f the debtor asserts that it has more than 12 creditors in its answer, it must comply with Rule 1003(b) and concurrently file the required creditor list. Rule 1003(b) serves two purposes. It implements, in part, § 303(c)'s joinder provisions. And it provides the mechanism by which an alleged debtor substantiates its assertion that it has more than 12 qualifying creditors and returns the burden to petitioning creditors.") (citations omitted). A "putative debtor's non-compliance with Rule 1003(b) estops the debtor from including creditors in the numerosity calculation." *Id*. (citing *In re Sadler*, No. 6–10091–FRM, 2006 Bankr. LEXIS 4464, at *9 (Bankr. W.D. Tex. Oct. 18, 2006)); *see also In re Clignett*, 567 B.R. 583, 587 (Bankr. C.D. Cal. 2017) ("[A] debtor cannot merely state that [it] has more than twelve creditors in [its] motion to dismiss."). The Debtor answered the Involuntary Petition but failed to comply with Bankruptcy Rule 1003(b). It should be estopped, and an order for relief should be entered on FSCLE's Joinder in accordance with Bankruptcy Code section 303(b)(2).

14. FSCLE has made the prima facie showing of its qualifications that entitle an order for relief to be granted. It is a trade creditor of the Debtor and is owed $81 million on trade debt. FSCLE is not being paid as its debts become due. FSCLE supported its Joinder by filing an

66125178.v3

Affidavit [Docket No. 29-4] attesting to the trade debt outstanding and the Master Services Agreement pursuant to which FSCLE and the Debtor operated. Unless the Debtor can meet its burden to demonstrate a bona fide dispute, an order for relief should now be entered "at the earliest practicable time." FED. R. BANKR. P. 1013(a); *see also Taggart v. Lorenzen*, 139 S. Ct. 1795, 1803 (2019) ("[A]chief purpose of the bankruptcy laws [is] to secure a prompt and effectual resolution of bankruptcy cases within a limited period.").

15. Since the Debtor admits that it is qualified for an involuntary order for relief if the requisite petitioning creditors exist, this Court should abstain from deciding the legal question regarding the Original Petitioning Creditors and, instead, grant the order for relief on FSCLE's joinder under Bankruptcy Code section 303(b)(2).

16. Alternatively, in abundance of caution due to the urgent nature of this involuntary case, FSCLE filed its motion to compel the Debtor to comply with Bankruptcy Rule 1003(b) so that due process may be provided to other creditors, who are entitled to join. If two additional creditors join FSCLE, an order for relief may be granted under Bankruptcy Code section 303(b)(1), and the estoppel question above and the motion to dismiss will be moot. FSCLE is aware of at least one additional similarly situated creditor, who commenced litigation in Bexar County, Texas. And, FSCLE anticipates other creditors, if they exist, will join if they are adequately noticed, solicited, and advised regarding the Debtor's current state of financial affairs.

17. Thus, to avoid legal questions regarding estoppel, the Court should establish procedures that allow two other undisputed creditors to join and, therefore, moot all legal questions. The Court already has FSCLE's motion [Docket No. 32], which is set for hearing on November 11, 2022, as a procedural vehicle to establish adequate safeguards and due process for the joinder of other creditors.

## RESERVATION OF RIGHTS

18.     FSCLE's Joinder is not the subject of the Debtor's motion to dismiss. Nonetheless, an October 24, 2022, objection deadline was established on the Debtor's motion to dismiss, which seeks to dismiss the involuntary case in its entirety. [Docket No. 19]. Prior to FSCLE's Joinder, the Debtor and Original Petitioning Creditors entered a Stipulation and Agreed Order that governed the two-party dispute between themselves but did not contemplate joinders or other creditors participation in this involuntary case. [Docket No. 28]. Through this limited objection made by the October 24, 2022 deadline, FSCLE objects to dismissal of the case but does not address the two-party dispute regarding the Original Petitioning Creditors' indenture and their eligibility to petition thereto.  FSCLE reserves all rights to fully respond to any pleadings or papers addressing FSCLE's Joinder and the Involuntary Petition at such time as a contest should arise. Otherwise, the Court should "enter an order for relief" or "enter any other appropriate order" to allow this involuntary case to be administered as a bankruptcy case for the collective interests of all creditors rather than a two-party dispute between the Original Petitioning Creditors and the Debtor. FED. R. BANKR. P. 1013(a).

**WHEREFORE**, FSCLE requests this Court deny the Debtor's motion to dismiss and enter an order for relief under Bankruptcy Code section 303(b)(2) or, alternatively, (i) establish procedures for the Debtor's compliance with Bankruptcy Rule 1003(b), the provision of notice and an opportunity to join to other creditors, (ii) schedule a hearing under Bankruptcy Rule 1013(a) as soon as practicable after notice and opportunity to join are provided to other creditors, and (iii) provide such other relief as is just and appropriate under the circumstances of this case.

66125178.v3

Dated: October 24, 2022

        Respectfully submitted,

        **BUTLER SNOW LLP**

        */s/ Adam M. Langley*
        Adam M. Langley (admitted *pro hac vice*)
        R. Campbell Hillyer (admitted *pro hac vice*)
        6075 Poplar Avenue, Suite 500
        Memphis, TN 38119
        Telephone: (901) 680-7316
        adam.langley@butlersnow.com
        cam.hillyer@butlersnow.com

        Candice Carson (TX Bar No. 24074006)
        2911 Turtle Creek Blvd., Suite 1400
        Dallas, Texas 75219
        Telephone: (469) 680-5502
        candice.carson@butlersnow.com

        *Counsel for FedEx Supply Chain Logistics*
        *& Electronics, Inc.*

## CERTIFICATE OF SERVICE

I, Candice M. Carson, certify that the foregoing pleading was filed electronically through the Court's ECF system and served electronically on all parties enlisted to receive service electronically in this case.

Dated: October 24, 2022

*/s/ Candice M. Carson*
CANDICE M. CARSON
