IN THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF TEXAS DALLAS DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) ) | Chapter 7 |
| GOODMAN NETWORKS INC. | ) ) ) |  |
|  | ) | Case No. 22-31641 (MVL) |
| Debtor. | ) ) ) |  |

## MOTION TO QUASH SUBPOENA FOR DEPOSITION TESTIMONY OF NON-PARTY WITNESS JAMES FRINZI

Pursuant to Fed. R. Civ. Proc. 45(d)(3), James Frinzi ("Movant"), a non-party to this proceeding, files the following Motion to Quash the Subpoena for deposition testimony of James Frinzi.

I.

### INTRODUCTION

On October 24, 2022, Movant was served with a Subpoena to testify at a deposition in this proceeding on November 16, 2022 at 9:30 a.m. issued at the behest of attorney Philip M. Guffy who does not identify who he represents in the subpoena. (A copy of the Subpoena is attached as Exhibit A) James Frinzi moves to quash the Subpoena on three main grounds. First, the Subpoena requires James Frinzi to comply beyond the geographical limits specified in Fed. R. Civ. P. 45 (c)(A) as this matter is pending in the United States Bankruptcy Court for the Norther District of Texas Dallas Division and James Frinzi resides in Austin, Texas which is beyond 100 miles. Second James Frinzi's testimony presumably will illicit disclosure of privileged, confidential and other protected matter. Third, forcing James Frinzi to comply and

testify at a deposition subjects him to undue burden.

II.

**MEMORADUM IN SUPPORT OF MOTION TO QUASH SUBPEONA FOR DEPOSITION TESTIMONY OF NON-PARTY WITNESS JAMES FRINZI**

Importantly, James Frinzi is not a party to this proceeding. Under Federal Rule of Civil Procedure 45, a court must, on a timely motion, quash or modify a subpoena if it (1) fails to allow a reasonable time for compliance; (2) requires a person who is not a party to travel more than 100 miles from where the person resides; (3) requires disclosure of privileged or protected matter; or (4) subjects a person to undue burden. See FED. R. CIV. P. 45(c)(3)(A)(i)-(iv).

First, the Subpoena for deposition testimony requires James Frinzi to comply beyond the geographical limits specified in Fed. R. Civ. P. 45 (c)(A) as this matter is pending in the United States Bankruptcy Court for the Norther District of Texas Dallas Division and James Frinzi resides in Austin, Texas which is beyond 100 miles from Dallas, Texas.

Second, the deposition testimony of James Frinzi in this matter presumably would illicit the disclosure of privileged, confidential and protected matters which are grounds for a motion to quash pursuant to Fed. R. Civ. P. 45 (3)(A)(iii).

Third, forcing James Frinzi to deposed in this matter would subject him to undue burden which is grounds for a motion to quash pursuant to Fed. R. Civ. P. 45 (3)(A)(iv). James Frinzi is a non-party who does not live within 100 miles of this court. Furthermore, it is not clear from the subpoena what the scope of the deposition is. Finally, the deposition date and time listed in the subpoena is November 16, 2022 at 9:30 a.m. Due to Mr. Frinzi's occupation and schedule, he is not available on November 16, 2022 and we are not aware of any efforts made by Mr. Guffy to offer alternative dates or times prior to serving his subpoena.

**III.**

## CONCLUSION

For the foregoing reasons, non-party James Frinzi respectfully requests this Court quash the Subpoena for deposition testimony of James Frinzi. Furthermore, James Frinzi requests any such further relief as is just and proper.

## CERTIFICATION OF PRE-FILING CONFERENCE

Pursuant to Local Rules, undersigned counsel for movant James Frinzi certifies that, prior to filing the instant motion, he conferred verbally with counsel Philip M. Guffy who was opposed to the motion.

*s:/Joseph O'Bell*
e-mail:
marse.obell@yahoo.com
Texas Bar No. 24070351
4301 Westbank Dr. Suite B-110
Austin, Texas 78746
Telephone: (956) 466-5424

WHEREFORE, PREMISES CONSIDERED, James Frinzi respectfully requests the Subpoena for deposition testimony of James Frinzi be quashed and that he be awarded such other relief, both legal and equitable, to which he may show himself justly entitled.

        Respectfully submitted,

        JOSEPH O'BELL
        4301 Westbank Dr. Suite B-110
        Austin, Texas, 78746

        (956) 466-5424

        By: */s/ Joseph O'Bell*_____

        JOSEPH O'BELL
        State Bar No. 24070351

        ATTORNEY FOR JAMES FRINZI

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 25, 2022 the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                        *s:/Joseph O'Bell*

## SERVICE LIST

Philip M. Guffy
Hunton Andrews Kurth LLP
600 Travis Street, Suite 4200
Houston, Texas 77002
    Email: pguffy@hutonak.com

    Paul N. Silverstein
Brian Clarke
Hunton Andrews   Kurth LLP
200 Park Avenue
New York, NY 10166
Email: psilverstein@huntonak.com
Email:  brianclarke@huntonak.com

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Northern District of Texas

In re Goodman Networks, Inc.
Debtor

Case No. 22-31641 (MVL)

Chapter 7

(Complete if issued in an adversary proceeding)

Plaintiff
v.

Adv. Proc. No. _____

Defendant

**RECEIVED @ 1:00 PM OCT 24 2022**

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: James Frinzi
*(Name of person to whom the subpoena is directed)*

[X] *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE Deposition to be conducted remotely as agreed to by the parties | DATE AND TIME November 16, 2022 at 9:30 a.m. or such other date as may be agreed by the parties. |
|---|---|

The deposition will be recorded by this method: Audiovisual and stenographic means

[ ] *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: October 14, 2022

CLERK OF COURT

OR

_____          /s/ Philip M. Guffy
Signature of Clerk or Deputy Clerk          Attorney's signature

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Philip M. Guffy, who issues or requests this subpoena, are:
600 Travis, Suite 4200, Houston, TX 77002; pguffy@huntonak.com; 713-220-4200

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

DELIVERED:
ON: 10/24/22
BY: TL  PSC# 3072

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information concerning attempted service, etc.:

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)