IN THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF TEXAS DALLAS DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) ) | Chapter 7 |
| GOODMAN NETWORKS INC. | ) ) ) | Case No. 22-31641 (MVL) |
| Debtor. | ) ) ) ) |  |

**<u>MOTION TO QUASH AND/OR LIMIT SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTIONS OR TO PERMIT INSPECTION OF PREMISES</u>**

Pursuant to Fed. R. Civ. Proc. 45(d)(3), American Metals Recovery and Recycling Inc. ("AMRR"), a non-party to this proceeding, files the following Motion to Quash and/or Limit Subpoena to produce documents, information, or objections or to permit inspection of premises in a bankruptcy case (or adversary proceeding).

I.

**<u>INTRODUCTION</u>**

On October 24, 2022, AMRR was served with a Subpoena to produce documents, information, or objections or to permit inspection of premises in a bankruptcy case (or adversary proceeding) issued at the behest of attorney Philip M. Guffy. (A copy of the Subpoena is attached as Exhibit A.) AMRR moves to quash or limit the Subpoena on four main grounds. First the Subpoena fails to allow AMRR a reasonable time to comply. Second, the subpoena requires AMRR to comply beyond the geographical limits specified in Fed. R. Civ. Proc. 45(C). Third, it requires AMRR to disclosure of privileged or other protected matter. Fourth, the

-1-

Subpoena subjects AMRR to undue burden.

II.

## **ARGUMENT**

First, and importantly, AMRR is not a party to this proceeding. The Subpoena would be burdensome even if issued against a party. Because it is issued against a non-party, it is unreasonably burdensome, and should be either quashed in its entirety or dramatically limited. Under Federal Rule of Civil Procedure 45, a court must, on a timely motion, quash or modify a subpoena if it (1) fails to allow a reasonable time for compliance; (2) requires a person who is not a party to travel more than 100 miles from where the person resides; (3) requires disclosure of privileged or protected matter; or (4) subjects a person to undue burden. See FED. R. CIV. P. 45(c)(3)(A)(i)-(iv). A subpoena may command: (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person. FED. R. CIV. P. 45(C)(2)(A).

First, the Subpoena fails to allow a reasonable time for compliance. The Subpoena was served on AMRR on October 24, 2022 and it requires that it produce responsive documents by November 4, 2022 at 5:00 pm CT which is nine business days. If AMRR is forced to comply with this Subpoena it would require numerous employees reviewing, organizing, and copying documents. Nine business days is not enough time for AMRR to review, organize, copy and potentially redact responsive documents.

Second, the Subpoena requires AMRR to comply beyond the geographical limits specified in Fed. R. Civ. P. 45 (C)(2)(A). The Subpoena commands AMRR to produce document at 600 Travis, Suite 4200 Houston, Texas 77002. AMRR's principal place of business is located at 4301 Westbank Dr. Suite B-110 Austin, Texas 78746. The distance between these two locations is 169 miles which is beyond 100 miles as specified in Fed. R. Civ. P. 45 (c)(2)(A).

Third, the documents requested in the Subpoena in this matter include privileged, confidential and protected matters which are grounds for a motion to quash pursuant to Fed. R. Civ. P. 45 (3)(A)(iii).

Fourth, forcing AMRR to comply with the Subpoena will cause AMRR undue burden which is grounds for a motion to quash pursuant to Fed. R. Civ. P. 45 (3)(A)(iv). AMRR is a non-party who resides beyond 100 miles from this court and from the location it is being commanded to produce documents. Secondly, it is not clear what efforts Mr. Guffy made to obtain documents requested in the Subpoena from parties in this matter. Finally, forcing AMRR to comply with this Subpoena will involve substantial cost, requiring numerous employees reviewing, organizing, and copying documents which will cause AMRR undue burden.

## **Specific Objections to Document Requests**

A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises- or producing electronically stored information in the form or forms requested. The objections must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. Fed. R. Civ. P. 45 (d)(2)(B). AMRR is serving these objections in Mr. Guffy October 25, 2022 prior to the date of compliance in his Subpoena which is November 4, 2022 as such these objections are timely. AMRR asserts the following specific objections to the categories of documents the Subpoena requires to be produced:

1. **Please produce all Documents and Communications concerning any transfers made between the Debtor, GNET, Goodman Services, or MFS and AMRR (including the AMRR Note), including Documents sufficient to Identify the persons who authorized any such transfers and any Communications between those persons, James Frinzi, or any Goodman.**

AMRR objects to this request for the following reasons. The scope of this request is overly broad and unduly burdensome. Also, some of the responsive documents would include attorney-

client privileged communications. Furthermore, responsive documents to this request may be in the possession of the Debtor who is a party to this proceeding and AMRR is not aware of what efforts, if any, Mr. Guffy has made to obtain documents responsive to this request from the Debtor in this matter.

2. **Please produce all Documents and Communications concerning the AMRR Note.**

The scope of this request is overly broad and unduly burdensome. Also, some of the responsive documents would include attorney-client privileged communications. Furthermore, responsive documents to this request may be in the possession of the Debtor and AMRR is not aware of what efforts, if any, Mr. Guffy has made to obtain documents responsive to this request from the Debtor in this matter.

3. **Please produce all Documents and Communications concerning the "Trademark Agreement" referenced in Item 2.01 of the Form 8-K filed by AMRR with the Securities and Exchange Commission dated September 6, 2022, including Documents sufficient to Identify the persons who negotiated an authorized the Trademark Agreement and any Communications between those persons, James Frinzi, or any Goodman.**

AMRR objects to this request for the following reasons. The scope of this request is overly broad and unduly burdensome. Furthermore, some of the responsive documents would include attorney-client privileged communications. Responsive documents also contain a confidentiality provision.

4. **Please produce all Documents and communications concerning any agreements among AMRR, the Debtor, GNET, Goodman Services, or MFS related to any trademarks.**

AMRR objects to this request for the following reasons. The scope of this request is overly broad and unduly burdensome. Without waiving this objection, AMRR has no responsive documents.

5. **Please produce all Documents and Communications concerning any transfers made between the Debtor, GNET, Goodman Services, or MFS and Multiband Global Resources, LLC, including Documents sufficient to Identify the persons who authorized any such transfers and any Communications between those persons, James Frinzi, or any Goodman.**

AMRR objects to this request for the following reasons. The scope of this request is overly broad and unduly burdensome. Furthermore, this request is irrelevant as it requests all documents and communications concerning transfers between a variety of different entities, none of which are AMRR.

6. **Please produce all Documents and Communications concerning the "Trademark Agreement" referenced in Item 2.01 and the form 8-K/A filed by AMRR with the Securities and Exchange Commission dated October 6, 2022, including the Trademark Agreement and Documents sufficient to Identify the persons who negotiated and authorized the Trademark Agreement and any Communications between those persons, James Frinzi, any Goodman, or any officer, director, partner, manager, agent, or other representative of 18920 NW 11th LLC.**

AMRR objects to this request for the following reasons. The scope of this request is overly broad and unduly burdensome. Furthermore, some of the responsive documents would include attorney-client privileged communications. Responsive documents also contain a confidentiality provision.

7. **Please produce all Documents and Communications concerning the transfer of any trademarks or other intellectual property held by debtor, GNET, Goodman Services, or MFS including any such transfers to 18920 NW 11th LLC, Multiband Global Resources, LLC, or AMRR.**

AMRR objects to this request for the following reasons. The scope of this request is overly broad and unduly burdensome. Furthermore, some of the responsive documents would include attorney-client privileged communications. Responsive documents to this request may be in the possession of the Debtor and AMRR is not aware of what efforts, if any, Mr. Guffy has made to obtain documents responsive to this request from the Debtor in this matter.

### Petitioning Creditors Should Reimburse Non-Party AMRR For Its Expenses

In the event AMRR is required to produce information responsive to the Subpoena, even if its scope is narrowed considerably the cost of production will be substantial, requiring numerous employees reviewing, organizing, and copying documents. Furthermore, AMRR has incurred and will continue to incur legal expenses contesting the scope of the Subpoena. Under Fed. R.

Civ. P. 45, the issue is whether a subpoena imposes expenses on a non-party, and if so, whether those expenses are significant. If they are, the court must protect the non-party by requiring the party seeking discovery to bear at least enough of the expense to render the remainder "non-significant." *Linder v. Calero-Portocarrero*, 251 F.3d 178, 182 (D.C. Cir. 2001). At a minimum, Petitioning Creditors must be required to bear some of the expenses of production.

### III.

### CONCLUSION

For the foregoing reasons, non-party AMRR respectfully requests this Court quash the Subpoena. If the Subpoena is not quashed in its entirety, then the requests should be narrowed and limited considerably. Next, AMRR should not be required to produce any confidential or privileged information. Finally, Petitioning Creditors should reimburse AMRR's expenses related to responding to the Subpoena.

### CERTIFICATION OF PRE-FILING CONFERENCE

Pursuant to Local Rules, undersigned counsel for movant American Metals Recovery and Recycling Inc. certifies that, prior to filing the instant motion, he conferred verbally with counsel Philip Guffy and Mr. Guffy was opposed to the motion.

*s:/Joseph O'Bell*
e-mail:
m a r s e . o b e l l @ y a h o o . c o m
Texas Bar No. 24070351
4301 Westbank Dr. Suite B-110
Austin, Texas 78746
Telephone: (956) 466-5424

WHEREFORE, PREMISES CONSIDERED, AMRR respectfully requests the Subpoena to produce documents, information, or objections or to permit inspection of premises in a bankruptcy case (or adversary proceeding) be quashed and/or limited, and that it be awarded reasonable attorney's fees and costs, as well as such other relief, both legal and equitable, to which it may show itself justly entitled.

Respectfully submitted,

JOSEPH O'BELL
4301 Westbank Dr. Suite B-110
Austin, Texas, 78746

(956) 466-5424

By: */s/ Joseph O'Bell*_____

JOSEPH O'BELL
State Bar No. 24070351

ATTORNEY FOR AMERICAN METALS
RECOVERY AND RECYCLING INC.

## CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2022 the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s:/Joseph O'Bell*

## SERVICE LIST

Philip M. Guffy
Hunton Andrews Kurth LLP
600 Travis Street, Suite 4200
Houston, Texas 77002
      Email: pguffy@hutonak.com


      Paul N. Silverstein
Brian Clarke
Hunton Andrews   Kurth LLP
200 Park Avenue
New York, NY 10166
Email: psilverstein@huntonak.com
Email:  brianclarke@huntonak.com

# UNITED STATES BANKRUPTCY COURT

Northern District of Texas

In re: Goodman Networks, Inc.
Debtor

*(Complete if issued in an adversary proceeding)*

Case No. 22-31641 (MVL)

Chapter 7

_____
Plaintiff

v.

Adv. Proc. No. _____

_____
Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: American Metals Recovery and Recycling, Inc.

*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Set forth on Schedule A attached hereto

| PLACE   600 Travis, Suite 4200, Houston, TX 77002 | DATE AND TIME
November 4, 2022 at 5:00 pm CT |
|---|---|

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: October 21, 2022

CLERK OF COURT

OR

_____        /s/ Philip M. Guffy
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Philip M. Guffy _____, who issues or requests this subpoena, are:
600 Travis, Suite 4200, Houston, TX 77002; pguffy@hutnonak.com; 713-220-4200

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

    I declare under penalty of perjury that this information is true and correct.

Date: _____

                                                      *Server's signature*

                                                      *Printed name and title*

                                                      *Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
   (i) is a party or a party's officer; or
   (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   (i) fails to allow a reasonable time to comply;
   (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
   (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   (iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   (i) disclosing a trade secret or other confidential research, development, or commercial information; or
   (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   (i) expressly make the claim; and
   (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Schedule A

## Requests for Production

I. DEFINITIONS

The following definitions shall apply to these Requests for Production and the Instructions herein.

1. "AMRR" means American Metals Recovery and Recycling, Inc.

2. "AMRR Note" means that certain Secured Promissory Note dated as of January 21, 2022 between AMRR and GNET.

3. "Any" means "all" and vice versa.

4. "CFGI Presentation" means the Goodman Networks *et al.* Financial Presentation dated August 3, 2022 prepared by CFGI.

5. "Collateral Agent" means U.S. Bank National Association in its capacity as Collateral Agent under the Indenture.

6. "Communication" means any transmission of information in the form of facts, ideas, inquiries or otherwise, the information transmitted, and any process by which information is transmitted, whether written (including ESI) or verbal. All written Communications shall include, without limitation, electronic, printed, typed, handwritten or other readable Documents, correspondence, memos, reports, diaries, logbooks, minutes, notes, studies, forecasts, emails, text messages, and instant messages.

7. "Concerning" or "concerns" includes, but is not limited to, the following meanings: relating to, referring to, pertaining to, regarding, constituting, discussing, mentioning, containing, reflecting, evidencing, explaining, illustrating, analyzing, describing, displaying, showing, and identifying.

8. "Debtor" means Goodman Networks, Inc.

9. "Document" is synonymous in meaning and equal in scope to the usage of the term under the FEDERAL RULES OF CIVIL PROCEDURE and includes, but is not limited to, any written or graphic matter of any kind or character however produced or reproduced; any electronically or magnetically recorded matter of any kind or character, however produced or reproduced; and any other matter constituting the recording of data or information upon any tangible thing by any means, as well as any tangible thing on which information is recorded in writing, sound, electronic or magnetic impulse, or in any other manner, including but not limited to paper, cards, tapes, film, electronic facsimile, computer storage devices, video discs or any other media. For the purpose of this definition, "matter" shall include, but shall not be limited to paper, cards, tapes, film, electronic facsimile, electronic mail in any form, electronic notes, spreadsheets, computer storage devices, video discs, memoranda, notes, minutes, records, photographs, correspondence, telegrams, diaries,

1

bookkeeping entries, financial statements, tax returns, checks, check stubs, reports, studies, charts, graphs, statements, notebooks, handwritten notes, applications, agreements, contracts, letters of intent, books, pamphlets, periodicals, appointment calendars, records and recordings of oral conversations, and work papers, and shall also include, but shall not be limited to, originals plus all copies which are different in any way from the original whether by handwritten notes, interlineations, receipt stamp notation, indication of copies sent or received, or otherwise, as well as all preliminary versions, drafts or revisions of any of the foregoing and any supporting, underlying or preparatory material.

10. "ESI" means electronically stored information including but not limited to information electronically, magnetically or optically stored as: (a) digital Communications (*e.g.*, email, voice mail, instant messaging); (b) word processed documents (*e.g.*, Word or WordPerfect documents and drafts); (c) spreadsheets and tables (*e.g.*, Excel or Lotus 123 worksheets); (d) accounting application data (*e.g.*, QuickBooks, Money, Peachtree data files); (e) image and facsimile files (*e.g.*, PDF, TIFF, JPG, GIF images); (f) sound recordings (*e.g.*, WAV and MP3 files); (g) video and animation (*e.g.*, AVI and MOV files); (h) databases (*e.g.*, Access, Oracle, SQL Server data, SAP); (i) electronic mail, contact and relationship management data (*e.g.*, Outlook, Maximizer, ACT!), including any deleted emails or any other emails resident on any servers or computers; (j) calendar and diary application data (*e.g.*, Outlook PST, Yahoo, blog tools); (k) online access data (*e.g.*, temporary internet files, history, cookies); (l) presentations (*e.g.*, PowerPoint, Corel Presentations); (m) network access and server activity logs; (n) project management application data; (o) computer-aided design/drawing files; and (p) back-up and archival files (*e.g.*, ZIP, GHO). ESI shall be produced, with metadata intact, in the format specified in the Instructions set forth below.

11. "GNET" means either GNET ATC, LLC or GNET ATC INC.

12. "Goodman Services" means Goodman Network Services, LLC.

13. "Goodmans" or a "Goodman" means any of (i) John Goodman, Jason Goodman, Jonathan Goodman, Joseph Goodman, or James Goodman, (ii) any member of the immediate family of John Goodman, Jason Goodman, Jonathan Goodman, Joseph Goodman, or James Goodman, including parents, siblings, spouse and children (including those by adoption) and any other Person who lives in such individual's household; (iii) the parents, siblings, spouse, or children (including those by adoption) of such immediate family member; or (iv) in any such case any trust or other estate planning vehicle whose primary beneficiary is an individual (or individuals) covered by clauses (i) – (iii) of this definition.

14. "Identify" when referring to a Person, means to state the (i) Person's full name and present or last known address including telephone number; (ii) the full name and present or last known address of the Person's employer or business; and (iii) the Person's position with that employer or business.

15. "Identify" when referring to a Document or thing means to state sufficient information regarding the item so that the party seeking discovery can locate and identify the object as readily as the party from whom it is being sought.

2

16. "Including" or "includes" means including, but not limited to.

17. "Indenture" means that certain indenture, as amended, restated or otherwise modified from time to time, dated as of May 31, 2017 by and among Goodman Networks as Issuer, the Trustee, and the Collateral Agent.

18. "Metadata" means system and application metadata. System metadata is information describing the history and characteristics of other ESI. This information is typically associated with tracking or managing an electronic file and often includes data reflecting a file's name, size, custodian, location, dates of creation and last modification or access, number of attachments, and document type (*i.e.* email, attachment, *etc.*). Application metadata is information automatically included or embedded in electronic files but which may not be apparent to a user, including deleted content, draft language, commentary, collaboration and distribution data and dates of creation and printing. For electronic mail (including deleted emails), metadata includes all header routing data and Base 64 encoded attachment data, in addition to the To, From, Subject, Received Date, Sent Date, Time Sent, CC, BCC and Body fields.

19. "MFS" means Multiband Field Services, Inc.

20. "Notes" means the 8% Senior Secured Notes due 2022 issued by the Debtor.

21. "Or" and "and" mean "and/or."

22. "Person" or "persons" means any individuals, public or private corporations, companies, associations, societies, firms, partnerships, joint stock companies, governmental agencies (federal, state, local, and foreign), the United States, and any of its political subdivisions or agents.

23. "Petition Date" means September 7, 2022.

24. "Pledge and Security Agreement" means that certain Pledge and Security Agreement dated as of May 31, 2017 by and among Goodman Networks, each of the Grantors from time to time party thereto, and the Collateral Agent.

25. "Referring to" and "relating to" mean constitutes, comprises, contains, consists of, sets forth, proposes, shows, discloses, describes, discusses, explains, evidences, memorializes, summarizes, concerns, reflects, imposes or authorizes directly or indirectly.

26. "Transfer" means (A) the creation of a lien; (B) the retention of title as a security interest; (C) the foreclosure of a person's equity of redemption; or (D) each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with (i) property; or (ii) an interest in property.

27. "Trustee" means UMB Bank, National Association in its capacity as trustee under the Indenture.

EMF_US 91723078v2

28. "You" or "your" refers to the Person to whom these Requests are directed, including all Persons acting or purporting to act on behalf of you for any purpose, and incorporates any definition of such Person if and as set forth in these definitions.

## II. INSTRUCTIONS

1. These Requests are directed to AMRR and include any and all Documents and Communications within the AMRR's possession, custody, or control. Unless otherwise indicated, the Requests cover the time period from January 1, 2020, through the present.

2. Whenever these Requests use any word in the plural, you shall understand the word to include the singular as necessary to make the Request inclusive rather than exclusive. Further, whenever these Requests use any word in the singular, you shall understand the word to include the plural as necessary to make the Request inclusive rather than exclusive.

3. Whenever these Requests use the word "and" or the word "or," you shall understand the word conjunctively or disjunctively as necessary to make the Request inclusive rather than exclusive.

4. Documents and Communications shall be produced either (i) in the manner and file in which they are kept in the usual course of business; or (ii) organized and labeled to correspond with these Requests. Documents attached to each other should not be separated.

5. When producing the requested Documents and Communications, produce all drafts, non-identical copies, and multiple copies if found in multiple locations.

6. The Petitioning Creditors specifically requests that you produce all responsive ESI in the following format: single page, 300 dpi TIFF images and associated multi-page text files containing extracted text or OCR with Concordance and Opticon load files containing all requisite information including relevant metadata. Where files are produced in their native format, LBT specifically requests that they be produced in their native file format along with Bates/Confidentiality stamped image slip sheets indicating the document has been produced natively. For comparison purposes and to ensure authenticity, to the extent documents are produced in native format, such documents shall also be produced in single-page .tiff format, unless otherwise agreed by the parties. All ESI shall be produced as text searchable image files with attachments intact and the following metadata fields, to the extent such metadata exists:

PRODUCTION::BEGIN BATES
PRODUCTION::END BATES
PRODUCTION::BEGIN ATTACHMENT
PRODUCTION::END ATTACHMENT
EMAIL FROM
EMAIL TO
EMAIL CC
EMAIL BCC
EMAIL SUBJECT
EMAIL SENT DATE

EMF_US 91723078v2

EMAIL RECEIVED DATE
CUSTODIAN
DATE CREATED
DATE LAST MODIFIED
DATE LAST PRINT
DOC AUTHOR
FILE EXTENSION
FILE SIZE
FILE TYPE
FILENAME
LAST SAVED BY
LAST SAVED DATE/TIME
MD5 HASH
LAST ACCESSED DATE/TIME

7. If any Document requested herein is withheld on the basis of any claim of privilege or work product, you are requested to submit in lieu of any such Document a written statement: (i) Identifying the Person who prepared or authored the Document and, if applicable, all Persons to whom the Document was sent or shown; (ii) specifying the date on which the Document was prepared or transmitted; (iii) Identifying the subject matter of the Document; (iv) describing the nature of the Document; and (v) stating briefly why the Document is claimed to be privileged or to constitute work product.

8. If you object to any part of any Request, you shall state fully and specifically the nature of the objection. Notwithstanding any objections, you shall nonetheless comply fully with the other parts of the Request(s) not objected to.

9. If, in responding to the Requests, you encounter any ambiguities when construing a Request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

10. Each Request shall be deemed to be continuing in nature. If at any time additional Documents come into your possession, custody, or control or are brought to your attention, prompt supplementation of your response to these Requests is required.

11. A Request for a Document shall be deemed to include a request for any and all file folders within which the Document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the Document, in addition to the Document itself regardless of whether such file folders, transmittal sheets, cover letters, exhibits, enclosures, or attachments are independently responsive to any Request.

12. If AMRR has knowledge or discovers that any Document(s) within the scope of these Requests has been destroyed after January 1, 2020, such Document shall be identified including identification of (i) its author(s); (ii) intended or unintended recipient(s); (iii) addressee(s); (iv) intended or unintended recipients of blind copies; (v) date; and (vi) subject matter. The circumstances of such destruction shall be set forth, and any Documents relating to such destruction shall be produced.

5

EMF_US 91723078v2

13. Please consult the FEDERAL RULES OF CIVIL PROCEDURE for additional instructions and duties that you might have concerning your responses to these Requests for Production, which rules are incorporated herein by reference.

EMF_US 91723078v2

### REQUEST FOR PRODUCTION NO. 1:

Please produce all Documents and Communications concerning any transfers made between the Debtor, GNET, Goodman Services, or MFS and AMRR (including the AMRR Note), including Documents sufficient to Identify the persons who authorized any such transfers and any Communications between those persons, James Frinzi, or any Goodman.

### REQUEST FOR PRODUCTION NO. 2:

Please produce all Documents and Communications concerning the AMRR Note

### REQUEST FOR PRODUCTION NO. 3:

Please produce all Documents and Communications concerning the "Trademark Agreement" referenced in Item 2.01 of the Form 8-K filed by AMRR with the Securities and Exchange Commission dated September 6, 2022, including Documents sufficient to Identify the persons who negotiated and authorized the Trademark Agreement and any Communications between those persons, James Frinzi, or any Goodman.

### REQUEST FOR PRODUCTION NO. 4:

Please produce all Documents and communications concerning any agreements among AMRR, the Debtor, GNET, Goodman Services, or MFS related to any trademarks.

### REQUEST FOR PRODUCTION NO. 5:

Please produce all Documents and Communications concerning any transfers made between the Debtor, GNET, Goodman Services, or MFS and Multiband Global Resources, LLC, including Documents sufficient to Identify the persons who authorized any such transfers and any Communications between those persons, James Frinzi, or any Goodman.

### REQUEST FOR PRODUCTION NO. 5:

Please produce all Documents and Communications concerning the "Trademark Agreement" referenced in Item 2.01 of the Form 8-K/A filed by AMRR with the Securities and Exchange Commission dated October 6, 2022, including the Trademark Agreement and Documents sufficient to Identify the persons who negotiated and authorized the Trademark Agreement and any Communications between those persons, James Frinzi, any Goodman, or any officer, director, partner, manager, agent, or other representative of 18920 NW 11th LLC.

### REQUEST FOR PRODUCTION NO. 6:

Please produce all Documents and Communications concerning the transfer of any trademarks or other intellectual property held by the Debtor, GNET, Goodman Services, or MFS, including any such transfers to 18920 NW 11th LLC, Multiband Global Resources, LLC, or AMRR.