Matthias Kleinsasser
State Bar No. 24071357
mkleinsasser@winstead.com
Sahrish K. Soleja
State Bar No. 24102522
ssoleja@winstead.com
300 Throckmorton Street, Suite 1700
Fort Worth, Texas 76102
(817) 420-8200 Telephone
(817) 420-8201 Facsimile

*Counsel for James Goodman*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 22-31641 (MVL) |
| | § | |
| GOODMAN NETWORKS, INC., | § | |
| | § | |
| DEBTOR. | § | Chapter 7 |
| | § | |
| | § | (Involuntary Proceeding) |

## EMERGENCY MOTION TO QUASH, OR, ALTERNATIVELY, TO MODIFY THIRD-PARTY DEPOSITION SUBPOENA

Non-Party James Goodman files his Emergency Motion to Quash, or Alternatively, to Modify Third-Party Deposition Subpoena and shows:

### I. MOTION TO QUASH

1. Non-party James Goodman requests that the Court quash the deposition portion of the deposition/document production subpoena issued by ARRIS Solutions, Inc., attached as **Exhibit A**.

2. Goodman is a former officer and director of the Debtor, but currently holds no position with the company, having resigned from the Debtor's Board of Directors in early 2022.

3. At the request of the petitioning creditor bondholders in this proceeding, Goodman agreed to sit for a deposition on certain agreed-upon topics which the bondholders contend are

relevant to the Court's consideration of the Debtor's Motion to Dismiss this involuntary proceeding. Subsequently, counsel for FedEx Supply Chain Logistics & Electronics, Inc. ("FSCLE") requested to join Goodman's deposition. Goodman agreed, subject to the bondholders and FSCLE entering into an agreed protective order and on condition that the entire deposition be limited to seven hours of testimony, in accordance with Rule 30(d)(1).

4. The deposition is presently scheduled for November 29. Four other depositions are scheduled to take place between November 28 and December 2. Goodman, a non-party to this bankruptcy, does not believe his deposition testimony is necessary to the Court's consideration of the limited issue of whether the petitioning bondholders or FSCLE have standing to bring this involuntary proceeding. Nevertheless, Goodman agreed to this deposition in the spirit of transparency and cooperation.

5. On November 15, ARRIS filed a joinder to the involuntary petition [Docket No. 63], which the Debtor objected to on November 22 [Docket No. 77]. Although the Debtor believes that the petitioning bondholders and FSCLE, like ARRIS, lack standing to file this involuntary proceeding, the claims of the bondholders and FSCLE differ significantly from ARRIS's claim in one respect: ARRIS has been involved in hotly contested state court litigation against the Debtor, its subsidiary GNET ATC, LLC ("GNET"), and Goodman for approximately 11 months.

6. The state court proceeding is styled *ARRIS Solutions, Inc. v. Goodman Networks Inc., et al.*, Cause No. 2021C124147, in the District Court for Bexar County, Texas (the "ARRIS Case"). Copies of ARRIS's live pleading and the answers filed by the Debtor, GNET, and Goodman are attached as **Exhibit B**. Clearly, ARRIS's claims are in bona fide dispute as to all parties.

7. ARRIS has sued Goodman individually for fraud-by-non-disclosure and civil

conspiracy, though the basis for these claims cannot be discerned from ARRIS's petition. These claims are sharply disputed and amount to a strike suit against someone ARRIS suspects is a deep pocket. The parties have engaged in significant discovery in the ARRIS Case and thousands of documents have been produced. *See* Declaration of Jennifer Tatum Lee in Support of Joinder Objection [Docket No. 77-1] at ¶ 12, attached as **Exhibit C**.

8. ARRIS's request to depose Goodman in this involuntary proceeding is an improper fishing expedition to obtain information to use in the ARRIS Case to support ARRIS's baseless claims against Goodman. "Rule 26(b), although broad, has never been a license to engage in an unwieldly, burdensome, and speculative fishing expedition." *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011) (internal quotation marks omitted). The ARRIS Case is currently stayed by the Debtor's bankruptcy proceeding. ARRIS has not moved to sever out the non-Debtor defendants into a separate proceeding. ARRIS has not even attempted to articulate why it may need Goodman's testimony to argue on December 19 that its claim against the Debtor is not in bona fide dispute. *See* Fed. R. Civ. P. 26(b) (requiring courts to consider the importance of discovery in resolving issues and whether the burden outweighs its likely benefit).[1] The Court should not allow ARRIS to abuse the limited discovery process allowed by the contested matter before the Court to pursue a fishing expedition with respect to ARRIS's individual claims against Goodman, a non-party to this bankruptcy. The deposition subpoena should be quashed for this reason alone.

9. The deposition subpoena should further be quashed because ARRIS has imposed an undue burden on Goodman. As evidenced by the email chain attached as **Exhibit D** between ARRIS's counsel and counsel for the defendants in the ARRIS Case, ARRIS has been aware of

---

[1] Fed. R. Civ. P. 26 applies to third-party subpoenas issued under Rule 45. *See MetroPCS v. Thomas*, 327 F.R.D. 600, 610-11 (N.D. Tex. 2018).

3

this bankruptcy for over two months. ARRIS's counsel filed a notice of appearance over three weeks ago [Docket No. 46]. Yet ARRIS waited until November 15 to file its joinder. Even then, ARRIS did not immediately contact Goodman's counsel about the subpoena. Instead, ARRIS waited until the evening of the Monday of Thanksgiving week to send the subpoena. *See* Email attached as **Exhibit E**. ARRIS's subpoena also includes document requests which cover a three-year span.[2]

10. Under Rule 45(d)(1), ARRIS is required to take reasonable steps to avoid imposing undue burden or expense on Goodman. ARRIS has done just the opposite. ARRIS waited two months to join the involuntary petition. Once it did, it waited six days—until Monday evening of Thanksgiving week—to send a subpoena demanding to join Goodman's deposition and requesting that Goodman, a non-party, search for three years of documents over a holiday weekend. These actions are a blatant violation of Rule 45. Leaving aside the fact that ARRIS's claims are plainly in bona fide dispute, and that ARRIS's subpoena amounts to an improper fishing expedition to obtain testimony to use against Goodman individually in contested state court litigation, ARRIS's delay shows little respect for Goodman's time and resources—to say nothing of the time and resources of his counsel, who would have to prepare Goodman to be questioned by not one, not two, but three parties if this subpoena is not quashed. For these reasons as well, the deposition subpoena should be quashed.[3]

## II. IN THE ALTERNATIVE, MOTION TO MODIFY

11. In the alternative, if the Court is disinclined to quash the deposition portion of the

---

[2] Goodman is reviewing the document requests and will timely serve any objections. These requests are not the subject of this motion, only the deposition portion of the subpoena.

[3] Goodman has no objection to counsel for ARRIS attending his deposition (but not asking questions), provided ARRIS signs a joinder to the protective order that the Court entered at Docket No. 74.

subpoena, Goodman requests that ARRIS's questioning be strictly limited to the following issues raised in ARRIS's joinder (to the extent Goodman has personal knowledge of any of these issues) to ensure that ARRIS does not use the contested matter before the Court as an excuse to commence an improper fishing expedition:

- Whether a Distributor Agreement purportedly with Genesis Networks Telecom Services, LLC was assigned to GNET.

- Whether the Debtor is responsible for the contractual obligations of Genesis Networks Telecom Services, LLC.

- The amounts, if any, owed by the Debtor to ARRIS.[4]

12. Goodman further requests that if the Court declines to quash the deposition subpoena, ARRIS be ordered to sign a joinder to the protective order entered by the Court at Docket No. 74 and that the Court order that Goodman's deposition time not exceed seven hours of testimony to be divided as the deposing parties deem appropriate.

### III. RELIEF REQUESTED

13. For these reasons, Goodman respectfully requests that the Court quash the deposition portion of ARRIS's subpoena and order that ARRIS is not permitted to question Goodman at his deposition presently scheduled for November 29.

14. In the alternative, if the Court is disinclined to quash, Goodman requests that the Court limit the scope of ARRIS's questioning to the topics listed in this motion. Goodman further requests that the Court require ARRIS to sign a joinder to the Protective Order entered in this case to attend the deposition and that Goodman's deposition testimony be limited to seven total hours of questioning between the deposing parties. Goodman also requests that the Court grant such

---

[4] Goodman understands that the Debtor has effectively conceded it is not paying debts as they become due, so that issue is not a proper subject of examination.

5

further relief as is just and proper.

Respectfully Submitted,

**WINSTEAD PC**

By: */s/ Matthias Kleinsasser*
    Matthias Kleinsasser
    State Bar No. 24071357
    mkleinsasser@winstead.com
    Sahrish K. Soleja
    State Bar No. 24102522
    ssoleja@winstead.com
    300 Throckmorton Street, Suite 1700
    Fort Worth, Texas 76102
    (817) 420-8200 Telephone
    (817) 420-8201 Facsimile

**COUNSEL FOR NON-PARTY JAMES GOODMAN**

**CERTIFICATE OF CONFERENCE**

I certify that I conferenced via telephone on November 22, 2022 with Laura Sixkiller and Ryan Sullivan, counsel for ARRIS, regarding the relief requested in this motion and they are opposed, though counsel for both parties will remain in communication to determine whether a mutually acceptable resolution can be reached prior to a hearing.

*/s/ Matthias Kleinsasser*
Matthias Kleinsasser

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was forwarded to all counsel of record in this case by ECF on November 22, 2022.

*/s/ Matthias Kleinsasser*
Matthias Kleinsasser
