**DLA PIPER LLP (US)**
Jason M. Hopkins
Texas Bar No.24059969
1900 N. Pearl Street, Suite 2200
Dallas, Texas 75201
Telephone: (214) 743-4500
Facsimile: (214) 743-4545
jason.hopkins@us.dlapiper.com

and

Amy L. Ruhland (Rudd) (*admitted pro hac vice*)
Texas Bar No.24043561
Ryan Sullivan (*admitted pro hac vice*)
Texas Bar No.24102548
303 Colorado Street, Suite 3000
Austin, Texas 78701
Telephone: (512) 457-7000
Facsimile: (512) 457-7001
Amy.Ruhland@us.dlapiper.com
Ryan.Sullivan@us.dlapiper.com

and

Laura Sixkiller (*admitted pro hac vice*)
Arizona Bar No. 022014
2525 East Camelback Road, Suite 1000
Phoenix, Arizona 85016
Telephone: (480) 606-5161
Facsimile: (480) 323-2419
laura.sixkiller@us.dlapiper.com

*Counsel for*
*ARRIS Solutions, Inc.*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| GOODMAN NETWORKS, INC., | Case No. 22-31641 (MVL) |
| Debtor. | |

### ARRIS SOLUTIONS, INC.'S OBJECTION
### TO JAMES GOODMAN'S EMERGENCY MOTION TO QUASH

ARRIS Solutions, Inc. ("ARRIS") files this Objection to James Goodman's Emergency Motion to Quash, or Alternatively, to Modify Third-Party Deposition Subpoena.

Mr. Goodman seeks to quash a deposition where he's already agreed to the date, and provides no more than unsubstantiated, boilerplate objections. He fails to show how the deposition would unduly burden him, and he relies on speculation alone to support his "fishing expedition" argument. For these reasons, the motion to quash should be denied.

### Background

1. On September 6, 2022, the Original Petitioning Creditors commenced the instant involuntary chapter 7 case by filing an Involuntary Petition Against a Non-Individual [Docket No. 1] as to the Debtor.

2. The Court set December 12, 2022, as the deadline for other creditors to join the Involuntary Petition. *See* Order Granting Motion to Compel [Docket No. 53].

3. Several weeks before that deadline, ARRIS timely filed its Joinder to the Involuntary Petition. *See* ARRIS's Joinder [Docket No. 63].

4. ARRIS's claim against Goodman Networks, Inc. (the "Debtor") is based on a 2008 Distributor Agreement that began with predecessor entities but was later assigned in writing to ARRIS and Genesis Networks Telecom Services, LLC d/b/a Genesis ATC ("Genesis"). *Id*.

5. In 2019, Genesis was acquired by the Debtor. Pursuant to the acquisition, the Debtor assumed Genesis's contractual obligations. *See* Debtor's Objection to FSCLE's Joinder [Docket No. 43] at ¶ 12; *see also* Asset Purchase Agreement [Docket No. 43-1].

6. ARRIS and the Debtor thereafter discussed a proposed Assignment, Assumption and Consent that would assign the Distributor Agreement to GNET ATC, LLC ("GNET").

However, no such assignment was ever executed by both parties. *See* ARRIS's Joinder [Docket No. 63] at ¶¶ 10–11.

7. In October 2021, the Debtor stopped paying ARRIS for amounts owed under the Distributor Agreement. *Id*. at ¶ 12.

8. Mr. Goodman was an officer and director of the Debtor when potential assignment of the Distributor Agreement was discussed and when the Debtor stopped paying ARRIS. *See* James Goodman's Mot. to Quash [Docket No. 78] at ¶ 2.

9. Mr. Goodman was subpoenaed for deposition by the Petitioning Creditors and FedEx Supply Chain Logistics & Electronics, Inc. ("FSCLE"). *Id*. at ¶¶ 3–4. Mr. Goodman agreed to be deposed by Petitioning Creditors and FSCLE on November 29, 2022. *Id*. at ¶ 4.

10. On November 21, 2022, ARRIS served Mr. Goodman's counsel with a subpoena so that ARRIS could examine Mr. Goodman during the November 29 deposition [Docket No. 78-1].

11. Mr. Goodman objects to ARRIS's subpoena, for reasons that are not altogether clear from his motion. Mr. Goodman does not dispute service of the subpoena, nor does he complain that the document requests included with the subpoena are overly broad. Rather, Mr. Goodman claims that ARRIS's subpoena amounts to an "improper fishing expedition" and an "undue burden" [Docket No. 78 at ¶¶ 8–9].

12. But nothing in Mr. Goodman's motion supports his claim that ARRIS's subpoena is a fishing expedition. Similarly, his objection utterly fails to explain why, if at all, ARRIS's subpoena imposes an undue burden.

## Argument

13. Mr. Goodman fails to provide any basis to quash ARRIS's properly served subpoena. The Federal Rules of Civil Procedure—as made applicable to this proceeding by the

Federal Rules of Bankruptcy Procedure—state that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1); FED. R. BANKR. P. 7026. To obtain relevant information, a "party may, by oral questions, depose *any person*," whether the deponent is a party or non-party. FED. R. CIV. P. 30(a)(1) (emphasis added).

14. Mr. Goodman does not argue that ARRIS's subpoena would require him to testify about privileged information, nor does he argue that ARRIS seeks testimony about irrelevant information. Rather, he objects that: (1) examination by ARRIS would constitute an "undue burden," and (2) ARRIS intends to go on a "fishing expedition." *See* James Goodman's Mot. to Quash [Docket No. 78] at ¶¶ 8–9.

## I. The Burden to Mr. Goodman is Minimal

15. Efforts to obtain discoverable information should not be set aside on the basis of undue burden unless the objecting party makes "a specific, detailed showing of how a request is burdensome. A mere statement by a party that a request is 'overly broad and unduly burdensome' is not adequate to voice a successful objection." *In re Adkins Supply, Inc.*, 555 B.R. 579, 590 (Bankr. N.D. Tex. 2016) (quoting *S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006)).

16. Mr. Goodman makes no such showing. He fails to explain how or why the deposition would impose any burden, let alone an undue burden. For this reason alone, his motion to quash should be denied.

17. Moreover, Mr. Goodman has already agreed to be deposed by the Petitioning Creditors and FSCLE on November 29, 2022. ARRIS simply wants to join that already-scheduled deposition and have the right to conduct a brief examination. To argue that ARRIS's examination would impose an undue burden strains credulity. Therefore, Mr. Goodman's motion should be denied.

### II. There is No Fishing Expedition

18. A party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). A movant resisting discovery on the basis that it constitutes a "fishing expedition" must show specifically how the discovery is "overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." *Ins. Safety Consultants LLC v. Nugent*, No. 3:15-CV-2183-B, 2016 WL 11786581, at *5 (N.D. Tex. Feb. 29, 2016) (quoting *Heller v. City of Dall.*, 303 F.R.D. 466, 490 (N.D. Tex. 2014)). Where the movant fails to do so, its "fishing expedition" objection is "nothing more than unsustainable boilerplate." *Id*.

19. Again, Mr. Goodman fails to meet his burden, and his "fishing expedition" objection is unsustainable boilerplate. His motion does not explain how the deposition would be burdensome or oppressive.

20. Mr. Goodman speculates that ARRIS's examination would stray beyond the bounds of permissible discovery. It would be inappropriate to deny ARRIS a chance to ask questions based solely on what Mr. Goodman fears *might* happen. The appropriate remedy would be to object at the deposition.

21. Moreover, ARRIS's counsel has already indicated its intention to conduct a narrow examination concerning relevant information. As is clear from the document requests included with ARRIS's subpoena [Docket No. 78-1], ARRIS seeks information from Mr. Goodman concerning assignment of the Distributor Agreement, communications concerning the Distributor Agreement, and money owed to ARRIS pursuant to the Distributor Agreement.

22. Assignment of the Distributor Agreement is a relevant issue in this matter. In its objection to ARRIS' Joinder, the Debtor argues that its obligations under the Distributor Agreement were assigned to GNET. *See* Debtor's Objection to ARRIS's Joinder [Docket No. 77]

at ¶ 4. Furthermore, the amount of money that the Debtor owes to ARRIS is clearly relevant to this proceeding because it goes to whether ARRIS is a creditor.

23. Significantly, Mr. Goodman does not object to ARRIS's document requests.

24. Because Mr. Goodman raises only unsustainable boilerplate objections of an alleged "fishing expedition" without any support, his motion to quash should be denied.

### III. Mr. Goodman is Not a 30(b)(6) Witness and Depositions Topics are Not Required

25. If the Court declines to quash the deposition, Mr. Goodman asks in the alternative that ARRIS agree in advance to prescribed deposition topics.[1] But topics of examination are required only for corporate representatives. FED. R. CIV. P. 30(b)(6). A party noticing "a deposition is not required to state the subject matter concerning which the examination will be made." 8A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2106 (3d ed.). The deposing party "need not provide the deponent with a list of questions or topics for examination prior to the deposition." *Ruth v. City of Creedmoor*, No. 5:13-CV-00862-BR, 2015 WL 1815475, at *5 (E.D.N.C. Apr. 21, 2015). Rather, the deposing party "may inquire into any nonprivileged topic, where there is any possibility that the information sought may be relevant to the claim or defense of any party." *Id*.

26. Because Mr. Goodman seeks topics of examination where none is required, his motion should be denied.

**WHEREFORE**, ARRIS respectfully requests that the Court deny James Goodman's motion to quash in its entirety.

---

[1] Mr. Goodman asks that ARRIS sign a joinder to the protective order entered by the Court prior to deposition. Counsel for ARRIS agree to sign the joinder without objection.

RESPECTFULLY SUBMITTED this 23rd day of November 2022.

By: */s/ Laura Sixkiller*
**DLA PIPER LLP (US)**
Jason M. Hopkins
Texas Bar No.24059969
1900 N. Pearl Street, Suite 2200
Dallas, Texas 75201
Telephone: (214) 743-4500
Facsimile:  (214) 743-4545
jason.hopkins@us.dlapiper.com

and

Amy L. Ruhland (Rudd) (*admitted pro hac vice*)
Texas Bar No.24043561
Ryan Sullivan (*admitted pro hac vice*)
Texas Bar No.24102548
303 Colorado Street, Suite 3000
Austin, Texas 78701
Telephone: (512) 457-7000
Facsimile:  (512) 457-7001
Amy.Ruhland@us.dlapiper.com
Ryan.Sullivan@us.dlapiper.com

and

Laura Sixkiller (*admitted pro hac vice*)
2525 East Camelback Road, Suite 1000
Phoenix, Arizona 85016
Telephone: (480) 606-5161
Facsimile:  (480) 323-2419
laura.sixkiller@us.dlapiper.com

*Counsel for*
*ARRIS Solutions, Inc.*

**CERTIFICATE OF SERVICE**

I certify that the foregoing was filed electronically through the Court's ECF system and served electronically on all parties enlisted to receive service electronically.

Dated: November 23, 2022.

*/s/ Laura Sixkiller*
Laura Sixkiller