**BUTLER SNOW LLP**
Adam M. Langley (admitted *pro hac vice*)
R. Campbell Hillyer (admitted *pro hac vice*)
6075 Poplar Avenue, Suite 500
Memphis, TN 38119
Telephone: (901) 680-7316
adam.langley@butlersnow.com

and

Candice Carson (TX Bar No. 24074006)
2911 Turtle Creek Blvd., Suite 1400
Dallas, Texas 75219
Telephone: (469) 680-5502
candice.carson@butlersnow.com

*Counsel for FedEx Supply Chain Logistics & Electronics, Inc.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| GOODMAN NETWORKS, INC. | § | Case No. 22-31641 (MVL) |
| | § | |
| Debtor. | § | |
| | § | |

**FEDEX SUPPLY CHAIN LOGISTICS & ELECTRONICS, INC'S
EMERGENCY MOTION FOR
<u>IMMEDIATE ENTRY OF THE ORDER FOR RELIEF</u>**

FedEx Supply Chain Logistics & Electronics, Inc. ("<u>FSCLE</u>") files this motion for immediate entry of the order for relief. FSCLE would show as follows:

1.  The fights are over because they are moot. Four creditors have joined the Involuntary Petition and they are based on bona fide trade claims that are verified and meet the numerosity and dollar requirement under Section 303(b) and (c). *In re Vortex Fishing Sys., Inc.*, 277 F.3d 1057, 1071 (9th Cir. 2002) (a joinder "functions to provide an opportunity to moot a defense of insufficiency in the number of petitioners"); *In re Rimell*, 946 F.2d 1363, 1366 (8th Cir.

1

1991) (holding that joinder moots numerosity contests). The Court should immediately enter an order for relief.

2. On September 6, 2022, JLP Credit Opportunity Master Fund Ltd., JLP Credit Opportunity IDF Series Interests of the SALI Multi-Series Fund, L.P., JLP Institutional Credit Master Fund LP, and Alimco Re Ltd (collectively, the "Original Petitioners") commenced the instant involuntary chapter 7 case by filing an *Involuntary Petition Against a Non-Individual* [Docket No. 1] as to the Debtor (the "Involuntary Petition"). The Original Petitioners assert that they are qualified petitioners under two different theories: (A) their instruments are unsecured in part because the Debtor lacks assets sufficient to satisfy their claims and, alternatively, (B) they have waived a portion of their secured claims up to the amount required under Section 303(b)(2).

3. The Debtor filed an answer to the Involuntary Petition and joined it with a motion to dismiss. The Debtor contended that the Original Petitioners are not qualified because (A) the Debtor's assets make the Original Petitioners fully secured and (B), as a matter of law, the instruments of the Original Petitioners do not permit waiver.

4. On November 22, 2022, the Original Petitioners filed a motion for summary judgment [Docket No. 80] and attached consolidated financial statements for the Debtor, GNET ATC, and Multiband Field Services. [Docket No. 80-1]. The consolidated financial statement show that the Debtor received proceeds from FSCLE, ARRIS and at least three other similarly situated creditors, Humax, W-NeWeb Corp., and Airties, which together totaled $148,950,130. *Id*. at pp. 12. The Debtor then used those proceeds to make cash disbursements of at least $83,861,334 to insiders, including AMRR, Multiband Global Resources, senior noteholders, and preferred stockholders. *Id*. at pp. 10. AMRR and Multiband Global Resources are controlled by James Frinzi, the Debtor's former CEO. [Docket 80-1 at pp. 5, Note A].

5. On October 17, 2022, FSCLE filed a joinder to the Involuntary Petition (the "FSCLE Joinder"). FSCLE is the holder of a claim in the amount of $81,158,452.82 for products and goods sold to Debtor pursuant to a Master Services Agreement (the "FSCLE Claim"). [Docket No. 29].

6. On November 15, 2022, ARRIS Solutions Inc. filed a joinder to the Involuntary Petition (the "ARRIS Joinder") asserting a claim of $30,293,887.09 pursuant to a certain Distributor Agreement (the "ARRIS Claim"). [Docket No. 63].

7. The Debtor objected to both the FSCLE and ARRIS Joinders under a similar theory that the Debtor assigned its rights and obligations under the Master Services Agreement and Distributor Agreement to GNET ATC, LLC. This is despite both agreements having express provisions that prohibited assignments absent written consent.

8. On November 23, 2022, FedEx Freight, Inc. ("Freight") filed a joinder to the Involuntary Petition (the "Freight Joinder"), asserting a claim of $783.68 (the "Freight Claim"). [Docket No. 100]. The Freight Claim is a trade debt of the Debtor for shipping services. *Id*.

9. On December 5, 2022, Call Center Systems, LLC ("CCS") filed a joinder to the Involuntary Petition (the "CCS Joinder"), asserting a claim of $160,886.00 (the "CCS Claim"). [Docket No. 108]. The CCS Claim is a trade debt of the Debtor for call center services with invoices attached. *Id*.

10. On December 6, 2022, Frase Protection Inc. ("Frase") filed a joinder to the Involuntary Petition (the "Frase Joinder"), asserting a claim of $714.00 (the "Frase Claim"). [Docket No. 110]. The Frase Claim is a trade debt of the Debtor for security services with an invoice attached. *Id*.

66721507.v1

11. On December 6, 2022, Joseph Rexing Jr. and Leo Rexing (the "Rexings") filed a joinder to the Involuntary Petition (the "Rexing Joinder"), asserting a claim of $110,766.97 (the "Rexing Claim"). [Docket No. 111]. The Rexing Claim arises from a written lease entered into by the Debtor. *Id*.

12. Together, FSCLE, ARRIS, Freight, CCS, Frase, and the Rexings (collectively, the "Joining Petitioners") are six creditors qualified to petition under Section 303(b)(2) of the Bankruptcy Code. The Debtor objected to the joinder of FSCLE and ARRIS; although, the objections appear to be in bad faith. Nonetheless, Freight, CCS, Frase, and the Rexings (the "Uncontested Joining Petitioners") are four qualified creditors without objections holding aggregate claims in excess of $18,600. The Uncontested Joining Petitioners alone are qualified under Section 303(b).

13. Bankruptcy Rule 1013(a) requires the Court to determine the issues of a contested petition "at the earliest practicable time" and forthwith enter an order for relief. "The 'earliest practicable time' is when the bankruptcy court has 'sufficient information to resolve the conflict' before it." *In re QDOS, Inc.*, 607 B.R. 338, 346 (B.A.P. 9th Cir. 2019). The Undisputed Joining Petitioners have filed verified joinders and, therefore, the Court has sufficient information to enter an order for relief because the disputes with the Original Petitioning Creditors and FSCLE and ARRIS are mooted by the joinders of the Uncontested Joining Petitioners.

14. Bankruptcy Rule 1001 allows the Court to construe, administer, and employ the Bankruptcy Rules, including Rule 1013(a), to secure the just, speedy, and inexpensive determination of every case and proceeding. Presently, the parties have seven depositions set to begin on December 8, 2022, hundreds of thousands of pages of documents to review, and briefing and hearings on contested matters that are now mooted by the joinders. Immediate entry of the

order for relief will preserve estate funds and allow the parties to avoid incurring material costs and expenses related to discovery and briefing mooted disputes.

15. FSCLE requests the Court immediately enter an order for relief based on the Uncontested Joining Petitioners' joinders.

Dated: December 7, 2022

                                      Respectfully submitted,

                                      **BUTLER SNOW LLP**

                                      */s/ Adam M. Langley*
                                      Adam M. Langley (admitted *pro hac vice*)
                                      R. Campbell Hillyer (admitted *pro hac vice*)
                                      Gadson William Perry
                                      6075 Poplar Avenue, Suite 500
                                      Memphis, TN 38119
                                      Telephone: (901) 680-7316
                                      adam.langley@butlersnow.com
                                      cam.hillyer@butlersnow.com
                                      will.perry@butlersnow.com

                                      Candice Carson (TX Bar No. 24074006)
                                      2911 Turtle Creek Blvd., Suite 1400
                                      Dallas, Texas 75219
                                      Telephone: (469) 680-5502
                                      candice.carson@butlersnow.com

                                      *Counsel for FedEx Supply Chain Logistics*
                                      *& Electronics, Inc.*

## CERTIFICATE OF CONFERENCE

I, Adam M. Langley, certify that on December 6, 2022, I attempted to confer regarding the relief requested herein with Debtor's counsel by phone and by email correspondence. Debtor's counsel did not respond as of the filing of this motion and has neither indicated opposition or support for the relief requested herein. I conferred with counsel for ARRIS Solutions, Inc. and the Original Petitioning Creditors and they do not object to this motion.

Dated: December 7, 2022

*/s/ Adam M. Langley*
Adam M. Langley

## **CERTIFICATE OF SERVICE**

I, Candice M. Carson, certify that the foregoing pleading was filed electronically through the Court's ECF system and served electronically on all parties enlisted to receive service electronically in this case.

Dated: December 7, 2022

*/s/ Candice M. Carson*
CANDICE M. CARSON

66721507.v1