**DLA Piper LLP (US)**
Jason M. Hopkins
Texas Bar No.24059969
1900 N. Pearl Street, Suite 2200
Dallas, Texas 75201
Telephone: (214) 743-4500
Facsimile:  (214) 743-4545
jason.hopkins@us.dlapiper.com

and

Amy L. Ruhland (Rudd) (*admitted pro hac vice*)
Texas Bar No.24043561
Ryan Sullivan (*admitted pro hac vice*)
Texas Bar No.24102548
303 Colorado Street, Suite 3000
Austin, Texas 78701
Telephone: (512) 457-7000
Facsimile:  (512) 457-7001
Amy.Ruhland@us.dlapiper.com
Ryan.Sullivan@us.dlapiper.com

and

Laura Sixkiller (*admitted pro hac vice*)
Arizona Bar No. 022014
2525 East Camelback Road, Suite 1000
Phoenix, Arizona 85016
Telephone: (480) 606-5161
Facsimile:  (480) 323-2419
laura.sixkiller@us.dlapiper.com

*Counsel for*
*ARRIS Solutions, Inc.*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| GOODMAN NETWORKS, INC., | Case No. 22-31641 (MVL) |
| Debtor. | |

1

### ARRIS SOLUTIONS, INC.'S MOTION TO JOIN ORIGINAL PETITIONING CREDITORS' MOTION FOR CONTEMPT

ARRIS Solutions, Inc. ("ARRIS") files this Motion to Join Original Petitioning Creditors' Motion for Contempt and Response to Motion to Quash Subpoenas [Docket No. 117]. In support, ARRIS states as follows:

1. On September 6, 2022, the Original Petitioning Creditors commenced the instant involuntary chapter 7 case by filing an Involuntary Petition Against a Non-Individual [Docket No. 1] as to the Debtor.

2. The Court set December 12, 2022, as the deadline for other creditors to join the Involuntary Petition. *See* Order Granting Motion to Compel [Docket No. 53].

3. Several weeks before that deadline, ARRIS timely filed its Joinder to the Involuntary Petition. *See* ARRIS's Joinder [Docket No. 63].

4. James Goodman—a former officer and director of the Debtor—was subpoenaed for deposition by the Petitioning Creditors and FedEx Supply Chain Logistics & Electronics, Inc. ("FSCLE"). *See* James Goodman's Mot. to Quash [Docket No. 78] at ¶¶ 2–4. Mr. Goodman agreed to be deposed by Petitioning Creditors and FSCLE on November 29, 2022. *Id*. at ¶ 4.

5. On November 21, 2022, ARRIS served Mr. Goodman's counsel with a subpoena so that ARRIS could examine Mr. Goodman during the November 29 deposition [Docket No. 78-1].

6. Mr. Goodman moved to quash ARRIS's subpoena [Docket No. 78], and ARRIS objected to Mr. Goodman's motion [Docket No. 84].

7. At a hearing held on November 28, 2022, the Court declined to quash Mr. Goodman's deposition.

8.  The parties conferred and agreed that Mr. Goodman would sit for deposition on December 8, 2022. *See* Ex. A to James Goodman's Second Mot. to Quash [Docket No. 116-1] at pp. 12–13.

9.  On December 1, 2022, ARRIS served an amended subpoena to reflect the agreed-upon date of Mr. Goodman's deposition. *See* Ex. 1; Ex. 2.

10. As recently as 4:50 p.m. on the day before the deposition, counsel for ARRIS and Mr. Goodman had agreed on topics of testimony and were prepared to proceed to deposition. *See* Ex. 3.

11. However, approximately an hour before the deposition was to begin, Mr. Goodman filed yet another motion to quash. *See* James Goodman's Second Mot. to Quash [Docket No. 116].

12. ARRIS hereby adopts the arguments and authorities stated in Original Petitioning Creditors' motion for contempt [Docket No. 117]. ARRIS is entitled to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). Like the Original Petitioning Creditors, ARRIS has a rapidly approaching deadline to file its brief in support of involuntary bankruptcy and less than two weeks to prepare for the December 19 hearing.

13. Mr. Goodman asserts that his "deposition is no longer necessary for this contested matter because the alleged Debtor has decided not to pursue its Motion to Dismiss." *See* James Goodman's Second Mot. to Quash [Docket No. 116] at ¶ 1. But the Debtor has not withdrawn its motion to dismiss, nor has it withdrawn its objections to ARRIS's joinder. Indeed, the Debtor's most recent filing—in which it opposes the Original Petitioning Creditors' motion for summary judgment—indicates that it fully intends to contest creditors' requested relief. *See* Debtor's Rep. to Petitioning Creditors' Mot. for Summary Judgment [Docket No. 115] ("WHEREFORE, the

Alleged Debtor requests that this Court deny the Motion [for summary judgment] and grant the Alleged Debtors all other and further relief as the Court determines.").

14. Mr. Goodman's alternative request to reschedule his deposition to December 12 or 13 is an implicit acknowledgment that the matter is *not* moot and his testimony is still relevant. If there truly were no reason to depose him today, then there would be no reason to depose him next week. But in the absence of an order from the Court that the Debtor's motion to dismiss is moot, discovery must proceed.

15. Efforts to obtain discoverable information should not be set aside on the basis of undue burden unless the objecting party makes "a specific, detailed showing of how a request is burdensome. A mere statement by a party that a request is 'overly broad and unduly burdensome' is not adequate to voice a successful objection." *In re Adkins Supply, Inc.*, 555 B.R. 579, 590 (Bankr. N.D. Tex. 2016) (quoting *S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006)).

16. As with his previous motion to quash, Mr. Goodman makes no such showing. He fails to explain why the deposition would impose an undue burden where as of 4:50 p.m. the day before his scheduled deposition, he was prepared to testify. Moreover, he fails to explain why his testimony is no longer necessary where the Court's scheduling order and hearing date remain in place.

**WHEREFORE**, for these reasons and the reasons discussed in the Original Petitioning Creditors' Emergency Motion for Contempt, ARRIS moves to join the Original Petitioning Creditors' Motion and respectfully requests that the Court (1) deny Mr. Goodman's Motion to Quash; (2) compel Mr. Goodman to appear for his deposition on December 9, 2022; (3) award ARRIS its costs and fees as a sanction for Mr. Goodman's non-compliance; and (4) grant such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 8th day of December 2022.

> By: */s/ Laura Sixkiller*
> **DLA Piper LLP (US)**
> Jason M. Hopkins
> Texas Bar No.24059969
> 1900 N. Pearl Street, Suite 2200
> Dallas, Texas 75201
> Telephone: (214) 743-4500
> Facsimile:  (214) 743-4545
> jason.hopkins@us.dlapiper.com
>
> and
>
> Amy L. Ruhland (Rudd) (*admitted pro hac vice*)
> Texas Bar No.24043561
> Ryan Sullivan (*admitted pro hac vice*)
> Texas Bar No.24102548
> 303 Colorado Street, Suite 3000
> Austin, Texas 78701
> Telephone: (512) 457-7000
> Facsimile:  (512) 457-7001
> Amy.Ruhland@us.dlapiper.com
> Ryan.Sullivan@us.dlapiper.com
>
> and
>
> Laura Sixkiller (*admitted pro hac vice*)
> 2525 East Camelback Road, Suite 1000
> Phoenix, Arizona  85016
> Telephone: (480) 606-5161
> Facsimile:  (480) 323-2419
> laura.sixkiller@us.dlapiper.com
>
> *Counsel for*
> *ARRIS Solutions, Inc.*

**CERTIFICATE OF CONFERENCE**

I certify that I conferred with counsel for James Goodman regarding the subject of this motion and that Mr. Goodman's counsel opposes the relief requested.

Dated: December 8, 2022.

*/s/ Laura Sixkiller*
Laura Sixkiller

**CERTIFICATE OF SERVICE**

I certify that the foregoing was filed electronically through the Court's ECF system and served electronically on all parties enlisted to receive service electronically.

Dated: December 8, 2022.

*/s/ Laura Sixkiller*
Laura Sixkiller