**BUTLER SNOW LLP**
Adam M. Langley (admitted *pro hac vice*)
R. Campbell Hillyer (admitted *pro hac vice*)
6075 Poplar Avenue, Suite 500
Memphis, TN 38119
Telephone: (901) 680-7316
adam.langley@butlersnow.com

and

Candice Carson (TX Bar No. 24074006)
2911 Turtle Creek Blvd., Suite 1400
Dallas, Texas 75219
Telephone: (469) 680-5502
candice.carson@butlersnow.com

*Counsel for FedEx Supply Chain Logistics & Electronics, Inc.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| GOODMAN NETWORKS, INC. | § | Case No. 22-31641 (MVL) |
| | § | |
| Debtor. | § | |
| | § | |

**EXHIBIT A TO
FEDEX SUPPLY CHAIN LOGISTICS &
ELECTRONICS, INC.'S JOINDER TO THE EMERGENCY MOTION
FOR COTNEMPT AND RESPONSE TO THE MOTION TO QUASH SUBPOENAS**

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ Northern __ District of __ Texas _____

In re __Goodman Networks, Inc._____

               Debtor

*(Complete if issued in an adversary proceeding)*

Case No. __22-31641 (MVL)_____

Chapter __7_____

_____

               Plaintiff

               v.

_____

             Defendant

Adv. Proc. No. _____

**SUBPOENA TO TESTIFY AT A DEPOSITION
IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To: __James Goodman_____

*(Name of person to whom the subpoena is directed)*

☒ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE **Deposition to be conducted remotely as agreed to by the parties.** | DATE AND TIME **November 28, 2022 at 9:30 a.m. or such other date as may be agreed by the parties.** |
|---|---|

The deposition will be recorded by this method:
 Audiovisual and stenographic means.

☒ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
**The documents listed on Attachment A are to be delivered to undersigned counsel electronically, or made available for copying at the issuing party's expense, at least 3 business day before the scheduled oral deposition.**

     The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/11/2022

        CLERK OF COURT

                                     OR

_____        __/s/ Candice Carson_____
*Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Fedex Supply Chain Logistics & Electronics, Inc., who issues or requests this subpoena, are:
Candice Carson, BUTLER SNOW LLP, 2911 Turtle Creek Blvd., Suite 1400, Dallas, TX 75219; candice.carson@butlersnow.com; (469) 680-5502

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

**Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)**
**(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)**

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# ATTACHMENT A

Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedures (the "Federal Rules"), applicable to this proceeding under Rules 9014, 9016, and 7026 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), FedEx Supply Chain Logistics & Electronics, Inc. ("FSCLE") hereby serve this set of requests for the production of documents (the "Document Requests," and each a "Document Request") and hereby request that the you produce and make available for inspection and copying to the undersigned counsel all documents and communications requested below, in accordance with the definitions and instructions set forth below (the "Definitions" and the "Instructions," respectively).

## DEFINITIONS

1.  All capitalized terms used herein should be given their most expansive and inclusive interpretation unless otherwise expressly limited.

2.  "**Affiliate**" as to any Person, means any other Person that, directly or indirectly through one or more intermediaries, is in control of, is controlled by, or is under direct or indirect common control with, such Person. For purposes of this definition, "control" of a Person means the power, directly or indirectly, either to (a) vote 50% or more of the securities or membership interests having ordinary voting power for the election of directors (or persons performing similar functions) of such Person or (b) direct or cause the direction of the management and policies of such Person, whether through ownership of voting securities or membership interests, by contract or otherwise.

3.  "**Communication**" or "**Communications**" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) and, with respect to oral Communications, includes any document evidencing the date, participants, subject matter, and content of any such

1

oral communication, including, but not limited to, mail e-mail, facsimile, transcripts, minutes, notes, audio, video, electronic recordings, telephone records, and calendar entries.

4.  "**Document**" or "**Documents**" are intended to have the broadest possible meaning under Federal Rule 34 and mean any and all writings and recorded materials, or any kind, that are or have been in Your possession, custody or control, whether originals or copies.  Such writings include, but are not limited to, Communications, electronically stored information in any medium, such as emails, text messages, and instant messages, contracts, notes, drafts, interoffice memoranda, memoranda for files, letters, research materials, correspondence, logs, diaries, forms, bank statements, tax returns, card files, books of accounts, journals, ledgers, invoices, drawings, computer files, records, data, print-outs or tapes, reports, statistical components, studies, graphs, charts, minutes, manuals, pamphlets, or books of all nature and kind whether handwritten, types, printed, mimeographs, photocopies or otherwise reproduced, and tape recordings (whether for computer, audio or visual display) or other tangible things on which words, phrases, symbols or information are stored.

5.  "**ECF**" means the electronic case filing system of the United States Bankruptcy Court for the Northern District of Texas, and specifically references documents filed in the involuntary chapter 7 case against Goodman Networks, being Case No. 22-31641. Copies of any referenced documents are available at https://ecf.txnb.uscourts.gov/.

6.  "**Genesis-Telecom**" means Genesis Networks Telecom Services, LLC, a Texas limited liability company, and its Affiliates.

7.  "**Goodman Assignment**" means any assignment or purported assignment of the Master Services Agreement from Genesis-Telecom to Goodman Networks, including as part of any transaction effectuated or purportedly effectuated by the Asset Purchase Agreement dated

66454134.v1

September 14, 2019, between Genesis-Telecom and Goodman Networks, a purported copy was attached as ECF No. 43-1, Exhibit 1.

8. "**Goodman Networks**" means the Debtor, Goodman Networks, Inc., a Texas corporation, d/b/a Goodman Solutions and its Affiliates

9. "**GNET Assignment**" means any assignment or purported assignment of the Master Services Agreement from Goodman Networks or Genesis-Telecom to GNET ATC, including as part of any transaction effectuated or purportedly effectuated by the Assignment and Assumption Agreement dated September 14, 2019 between Goodman Networks and GNET ATC, a purported copy was attached as ECF No. 43-1, Exhibit 2.

10. "**GNET ATC**" means GNET ATC, LLC, a Texas limited liability company, and its Affiliates.

11. "**Joinder**" means the joinder to the involuntary petition filed by FSCLE, being ECF No. 29.

12. "**Master Services Agreement**" means the Master Services Agreement, dated January 20, 2014, between ATC Logistics & Electronics, Inc., and Genesis-Telecom and any amendments, restatements, change orders, and statements of works related thereto. A copy of the Master Services Agreement was attached to the Joinder at ECF No. 29-1.

13. "**Objection**" means the objection to the Joinder filed by Goodman Networks, being ECF No. 43.

14. "**Person**" includes any individual, partnership, company, corporation or other entity formed under the laws of any state of the United States of America.

15. "**You**" or "**Your**" refers to James Goodman and his Affiliates and any current and former accountants, attorneys, employees, agents, advisors, consultants, experts, and independent contractors, assigns, and any person or entity acting or purporting to act on your behalf.

## INSTRUCTIONS

16. You are required to answer these Document Requests drawing upon all materials in Your possession, custody, or control, as well as any materials that are not in Your custody but are owned in whole or in part by You, and any materials that, pursuant to any understanding, express or implied, You may use, inspect, examine, or copy. You must provide all information in response to a Document Request which is known to You, Your agents, consultants, employees, accountants, attorneys, or experts, or which appears in Your records.

17. The following rules of construction shall apply to these Document Requests.

    a. The terms "all" and "any," whenever used separately, shall be construed as "any and all" to encompass the greatest amount of responsive material.

    b. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of any Document Request all responses that might otherwise be construed to be outside of its scope.

    c. The term "including" shall always be construed to mean "including, but not limited to," or "including, without limitation" to encompass more than the specifically identified materials.

    d. The present tense shall also include the past tense and vice versa.

    e. The use of the singular form of any word includes the plural and vice versa.

18. Documents shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond to the categories in these Document Requests.

19. You are required to produce all non-identical copies and drafts of each document. The originals of all documents produced in copy form shall be made available for inspection upon request.

20. Documents attached to each other in their original form should not be separated.

21. If no information or documents responsive to a numbered paragraph are in Your possession, You are to indicate this in a written response.

22. The fact that a document has or will be produced by another party, third party, or other party to these or related proceedings does not relieve You of the obligation to produce Your copy of the same document.

23. If any document is withheld in whole or in part under claim of any privilege or work product or other immunity, then consistent with Fed. R. Civ. P. 26(b)(5), as applied to this proceeding by Bankruptcy Rule 7026, You are to provide a list of such documents identifying each such document for which any such privilege, work product, or other immunity is claimed, together with the following information:

   a. the nature of the claim of privilege or immunity, including the statute, rule, or decision giving rise to the claim of privilege or immunity;

   b. all facts relied upon in support of the claim of privilege or immunity;

   c. all persons or entities on whose behalf the privilege or immunity is claimed;

   d. the type of document (*e.g.*, letter, memorandum, note, telegram, e-mail, chart, report, recording, etc.);

   e. the subject matter (without revealing the information as to which privilege is claimed);

   f. its date, author(s), sender(s), addressee(s), and recipient(s); and

   g. the paragraph(s) of these Document Requests to which production of the document is responsive.

24.     You are further directed to describe the factual and legal basis for each claim of privilege or immunity in sufficient detail so as to permit the court to adjudicate the validity of the claim of privilege or immunity, and to produce all documents or portions thereof not subject to Your objection.

25.     If any document requested was, but is no longer, in Your possession, custody, or control, identify the document and state what disposition was made of it and the date or dates upon which such disposition was made, and additionally, produce all documents relating to the disposition of such document.

26.     If You object to any Document Request (or portion thereof), state the reason for the objection in detail and respond to that Document Request as narrowed by Your objection.

27.     These Documents Requests are continuing in nature.  If any information or document responsive to a Document Request herein is not presently in Your possession, custody, or control but subsequently becomes available, is discovered or is created, or comes into Your possession, custody, or control, You have a continuing obligation pursuant to Fed. R. Civ. P. 26(e), and are hereby requested, to supplement Your responses to these Document Requests within a reasonable period of time after it comes into Your possession, custody, or control.

## RELEVANT TIME PERIOD

28.     Unless otherwise specified, the relevant time period for these Document Requests begins on July 1, 2019 and ends on the date of service of these Document Requests (the "Relevant Time Period").

## DOCUMENT REQUESTS

### Request No. 1

All Documents, including Communications related to or authorizing the Goodman Assignment and the GNET Assignment.

**Request No. 2**

All Documents identifying that FSCLE was given notice of the Goodman Assignment and the GNET Assignment.

**Request No. 3**

All Documents identifying that FSCLE consented to the Goodman Assignment and the GNET Assignment.

**Request No. 4**

All Documents related to the formation of GNET ATC.

**Request No. 5**

All Communications identifying or discussing the Master Service Agreement and the services performed pursuant thereto.

**Request No. 6**

All Communications mentioning or discussing the outstanding balance or other debt owed to FSCLE pursuant to the Master Service Agreement.

**Request No. 7**

All Documents identifying your employment, contracts, roles or positions with Genesis-Telcom, Goodman Networks, and GNET ATC and the relevant time periods of such employments, contracts, roles and positions.

66454134.v1