**AKERMAN LLP**
David W. Parham, SBN: 15459500
Laura M. Taveras, SBN: 24127243
2001 Ross Avenue, Suite 3600
Dallas, TX 75201
Telephone:    (214) 720-4300
Facsimile:    (214) 981-9339
david.parham@akerman.com
laura.taveras@akerman.com

*PROPOSED ATTORNEYS FOR THE DEBTOR*
*GOODMAN NETWORKS INC., D/B/A GOODMAN SOLUTIONS*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re: § | |
| § | Case No. 22-31641-mvl7 |
| GOODMAN NETWORKS, INC. D/B/A § | |
| GOODMAN SOLUTIONS § | Chapter 7 |
| § | |
| *Debtor*. § | |

## MOTION TO CONVERT CHAPTER 7 CASE TO CHAPTER 11

**PURSUANT TO LOCAL BANKRUPTCY RULE 4001-1(b), A RESPONSE IS REQUIRED TO THIS MOTION, OR THE ALLEGATIONS IN THE MOTION MAY BE DEEMED ADMITTED, AND AN ORDER GRANTING THE RELIEF SOUGHT MAY BE ENTERED BY DEFAULT.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE STREET, ROOM 1254, DALLAS, TEXAS 75242, BEFORE CLOSE OF BUSINESS ON DECEMBER 26, 2022, WHICH IS AT LEAST 14 DAYS FROM THE DATE OF SERVICE HEREOF. A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY AND ANY TRUSTEE OR EXAMINER APPOINTED IN THE CASE. ANY RESPONSE SHALL INCLUDE A DETAILED AND COMPREHENSIVE STATEMENT AS TO HOW THE MOVANT CAN BE "ADEQUATELY PROTECTED" IF THE STAY IS TO BE CONTINUED**

1

67689244;2

Debtor, Goodman Networks Inc. (the "Debtor"), pursuant to 11 U.S.C. § 706(a) and FED. R. BANKR. P. 1017, hereby files its motion (the "Motion to Convert") to convert the above-captioned Chapter 7 case (the "Case") to a case under Chapter 11, and says in support thereof:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157. Venue is proper pursuant to 28 U.S.C. § 1408(1).

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## PROCEDURAL HISTORY

3. On September 6, 2022, JLP Credit Opportunity Master Fund Ltd., JLP Credit Opportunity IDF Series Interests of the SALI Multi-Series Fund, L.P., JLP Institutional Credit Master Fund L.P, and Alimco Re Ltd. (collectively, the "Original Petitioning Creditors," and collectively with the after joining creditors, the "Petitioning Creditors"), commenced this involuntary case by filing an Involuntary Petition against a Non-Individual [Docket No. 1] (the "Petition") and the Statement in Support of Involuntary Petition [Docket No. 2] (the "Statement," and collectively with the Petition, the "Involuntary Petition").

4. On October 3, 2022, Debtor filed its Answer to Involuntary Petition and Motion to Dismiss. [Docket No. 18]

5. On October 7, 2022, FedEx Supply Chain Logistics & Electronics, Inc.'s ("FSCLE") filed its Joinder to the Involuntary Petition. [Docket No. 29]

6. On November 7, 2022, the Court entered an order ("Order Establishing Procedures") establishing procedures under Bankruptcy Code Rule of Procedure 1003(b) to allow additional creditors to receive notice and join the Involuntary Petition. [Docket No. 53]

7. On October 31, 2022, Debtor Objected to FSCLE's Joinder to the Involuntary Petition. [Docket No. 43]

8. On November 9, 2022, Debtor filed its Bankruptcy Rule of Procedure 1003(b) creditor list. [Docket No. 58]

9. Since, a number of creditors have filed their joinder to the Involuntary Petition ("Joinder"). Below is a non-exhaustive list of the Joinders filed:

   a. On November 15, 2022, ARRIS Solutions, Inc. ("ARRIS") filed its Joinder to the Involuntary Petition. [Docket No. 63]

   b. On November 22, 2022, Debtor filed its Objection to ARRIS' Joinder to the Involuntary Petition. [Docket No. 77]

   c. On November 29, 2022, FedEx Freight, Inc. filed its Joinder to the Involuntary Petition. [Docket No. 100]

   d. On December 5, 2022, Call Center Systems, LLC filed its Joinder to the Involuntary Petition. [Docket No. 108]

   e. On December 6, 2022, Joseph Rexing Jr. and Leo Rexing filed their Joinder to the Involuntary Petition. [Docket No. 105]

   f. On December 6, 2022, Frase Protection, Inc. filed its Joinder to the Involuntary Petition. [Docket No. 110]

10. Pursuant to this Court's Order Establishing Procedures, all creditors must seek Joinder by December 12, 2022. [ Docket No. 58]

11. A status conference is currently scheduled for December 13, 2022.

12. A hearing is currently scheduled for December 19, 2022 on Debtor's Motion to Dismiss and Joinder Objections. [Docket No. 24]

67689244;2

13. On December 12, 2022, the Court entered an Order for Relief. [Docket No. 132]

14. Since, a chapter 7 trustee has not appointed in this case.

## RELIEF REQUESTED

15. Debtor seeks entry of an Order under section 706(a) of the Bankruptcy Code, converting Debtor's bankruptcy case under chapter 7 of the Bankruptcy Code to one under chapter 11 of the Bankruptcy Code, so that the Debtor may promptly file a liquidating plan of reorganization.

## BASIS FOR RELIEF REQUESTED

16. Section 706 of the Bankruptcy Code governs the conversion of a chapter 7 case to one under chapter 11 and provides, in pertinent part, as follows:

> (a) The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title. Any waiver of the right to convert a case under this subsection is unenforceable.
> . . .
> (d) Notwithstanding any other provision of this section, a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter.

17. 11 U.S.C. § 706.

18. The Supreme Court, in *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 373 (2007), held that a case should be converted under section 706(a) unless the bankruptcy court determines that section 706(d) prohibits the debtor from being a debtor under the chapter of the Bankruptcy Code to which the debtor seeks to convert its case. Although *Marrama* involved a conversion from chapter 7 to chapter 13, numerous courts have held that *Marrama* also applies to motions to convert to chapter 11. *See, e.g., In re Premier Gen. Holdings, Ltd.*, 427 B.R. 592, 601 n.8 (Bankr. W.D. Tex. 2010) (indicating that there is "little reason to confine the Court's ruling in *Marrama* to the chapter 13 context").

19. In determining debtor eligibility, the *Marrama* Court considered two code provisions, debtor eligibility under Section 109 and sufficient cause to convert or dismiss under the parallel of chapter 11 section 1112 of the Bankruptcy Code in chapter 13 cases. *Marrama*, 549 U.S. at 373.

20. As a preliminary matter, this case has not been previously converted. Debtor seeks relief under chapter 11 of the Bankruptcy Code to file a liquidating plan of reorganization.

21. As it relates to section 109 of the Bankruptcy Code, Debtor is a "person" eligible to be a chapter 11 debtor because Debtor is a "corporation" within the meaning of section 101(9) of the Bankruptcy Code. Debtor has its principle places of business in the United States and is domiciled in the United States.

22. Moreover, sufficient cause does not exists to dismiss a chapter 11 case or deny conversion from chapter 7. Section 1112(b)(1) of the Bankruptcy Code provides that a chapter 11 proceeding may be dismissed or converted to one under chapter 7 for "cause." Section 1112(b)(4) of the Bankruptcy Code, in turn, enumerates a list of non-exhaustive factors sufficient to establish "cause." None are applicable here.[1]

23. The inquiry under Section 1112 of the Bankruptcy Code is case-specific, "focusing on the circumstances of each debtor." *United Savs. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., Ltd. (In re Timbers of Inwood Forest Assocs., Ltd.)*, 808 F.2d 363, 371-72(5th Cir. 1987). Thus, any analysis under section 1112(b)(4)(A) as to "substantial or continuing loss" must be tailored to the facts of this case. "In cases where the Debtor has few, if any, tangible assets

---

[1] In relevant part, under 541 (a), the creation of the bankruptcy estate, including in involuntary cases under Section 303, does not occur until the petition is filed and does not relate back to pre-petition conduct. The order for relief was issued December 12, 2022 none of the relevant time periods referenced in Section 1112 of the Bankruptcy Code have sufficiently elapsed.

remaining, the mere accrual of professional fees must be distinguished from actual out of pocket losses." *In re TMT Procurement Corp.*, 534 B.R. 912, 920 (Bankr. S.D. Tex. 2015).

24.     The Debtor seeks to engage in an orderly liquidation of its business. Administrative expenses will be incurred no matter who serves as the estate fiduciary, either a trustee or the debtor in possession. In fact, real loss to the estate would likely result from the appointment of a trustee, as the delays and expenses of bringing new professionals up to seep in the case would be substantial and access to individuals with institutional knowledge will be constricted.

25.     Moreover, in order to successfully oppose conversion, an objecting creditor must demonstrate bad faith conduct that is a "atypical" or "extraordinary." *See Marrama*, 549 U.S. at 375 n.11. Here, Debtor has not engaged in bad faith conduct that is a "atypical" or "extraordinary."

26.     Lastly, unless the Court directs otherwise, a hearing is not required, as the Motion is not considered a contested matter, and the only issue to be determined—whether the Debtor is eligible for relief under chapter 11—is readily apparent from the record. *See In re Premier Gen. Holdings, Ltd.*, 427 B.R. 592, 600 (Bankr. W.D. Tex. 2010) ("There is no court hearing to determine whether the debtor "qualifies" for bankruptcy, as there was under the Act, nor is there a court hearing to determine under which chapter the debtor should be permitted to proceed."). The court in *In re Premier Gen. Holdings, Ltd.* further stated that "the Rules contemplate that, while a conversion under section 706 is accomplished by motion, it is not a contested matter, and a court may rule on the motion without a hearing." *In re Premier Gen. Holdings, Ltd.*, 427 B.R. 592, 600-601 (citing FED. R. BANKR. P. 1017(f)(2); *see also* Advisory Committee Note (1987), reprinted in NORTON BANKR. L. & PRACT. 3D, Federal Rules of Bankruptcy Procedure, pamphl. ed. at 71 (Thomson–West 2009-2010) ("no hearing is required on these motions unless the court directs")).

## CONCLUSION

27. **WHEREFORE**, for all the foregoing reasons, Debtor seeks entry of an order converting this bankruptcy case to a case under chapter 11 of the Bankruptcy Code, and granting such other and further relief as the Court deems just and proper.

Dated: December 12, 2022.                              Respectfully submitted,

**AKERMAN LLP**

 */s/ David W. Parham*
David W. Parham, SBN: 15459500
Laura M. Taveras, SBN: 24127243
2001 Ross Avenue, Suite 3600
Dallas, TX 75201
Telephone:    (214) 720-4300
Facsimile:    (214) 981-9339
david.parham@akerman.com
laura.taveras@akerman.com

*PROPOSED ATTORNEYS FOR THE DEBTOR GOODMAN NETWORKS INC., D/B/A GOODMAN SOLUTIONS*

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2022, a true and correct copy of the foregoing document was served on all parties consenting to electronic service of this case *via* the Court's ECF system for the Northern District of Texas.

*/s/ David W. Parham*
David W. Parham