Davor Rukavina, Esq.
Texas Bar No. 24030781
Thomas D. Berghman, Esq.
Texas Bar No. 24082683
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas  75201-6659
Telephone: (214) 855-7500
drukavina@munsch.com
tberghman@munsch.com

PROPOSED COUNSEL TO SCOTT M. SEIDEL, TRUSTEE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 22-31641-mvl7 |
| GOODMAN NETWORKS, INC. | § | |
| | § | Chapter 7 |
| Debtor. | § | |
| | § | |

**TRUSTEE'S OBJECTION TO MOTION
TO CONVERT CHAPTER 7 CASE TO CHAPTER 11**

COMES NOW Scott M. Seidel, the duly-appointed chapter 7 trustee (the "Trustee") of Goodman Networks, Inc. (the "Debtor") in the above-styled bankruptcy case (the "Bankruptcy Case"), and files this his *Objection* (the "Objection") *to Motion to Convert Chapter 7 Case to Chapter 11* (the "Motion"), filed by the Debtor, and in support thereof would respectfully show as follows:

**I.      SUMMARY**

1.      The Court should deny the Motion because the Debtor is not eligible to be a debtor under Chapter 11 of the Bankruptcy Code: only the Trustee may authorize such a filing, which he has not, and the Debtor lacks corporate authority to file a Chapter 11 petition.  Nor is a conversion of the Bankruptcy Case in the best interests of the Estate, as this is a liquidating case and a conversion will just greatly increase the fees and expenses for everyone, while delaying the

inevitable. But most revealing of all is that the Debtor has had months to file a voluntary Chapter 11 petition. Only after the Debtor contested the involuntary filing and only after the Court entered the order for relief does the Debtor now seek to convert its case to Chapter 11. From the Debtor's perspective, the only difference between Chapter 7 and Chapter 11 is control. That is what motivates the Motion and that is the only credible answer as to why the Debtor filed its Motion and why it filed it now: the Debtor wants to control the liquidation, control the litigation, and control the negotiation and settlement process, to benefit insiders. The Debtor has had its chance. Now this liquidation belongs to the creditors.

## II.     ARGUMENTS AND AUTHORITIES

2.     The Debtor lacks corporate authority to convert the Bankruptcy Case to one under Chapter 11, even if the Debtor may have technical standing under section 706(a). It is fundamental that the Trustee exercises all managerial and corporate powers of the Debtor. As such, the Trustee is the only person who has authority to seek a conversion of the Bankruptcy Case by the Debtor. But the Trustee has not sought such a conversion and has not authorized the Debtor, its management, its proposed counsel, or anyone else to seek a conversion. Moreover, the Trustee has not authorized a Chapter 11 filing by the Debtor. Thus, the Motion is not authorized by the only person with the authority to cause the Motion to be filed. At best, the Motion is a motion filed under section 706(b) by the Debtor's displaced management.

3.     As section 706 of the Bankruptcy Code makes clear, a "case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter." 11 U.S.C. § 706(d). The Debtor asserts that it may be a debtor under Chapter 11 of the Bankruptcy Code pursuant to the provisions of section 109, insofar as the Debtor is not prohibited by that section from filing a Chapter 11 case. But that is not sufficient, for the Debtor still must have the requisite corporate authority to file a Chapter 11 case in order to qualify as a Chapter 11 debtor

under section 109 of the Bankruptcy Code, which requires a voluntary act by the debtor in order to commence a case.[1]

4.  Authority to file a bankruptcy petition rests in state law; more precisely, state law respecting corporate authority. *See, e.g., In re Protho Exp. Inc.*, 130 B.R. 517, 519 (Bankr. M.D. Tenn. 1991). As the Supreme Court has confirmed, a petition filed by an individual without the requisite corporate authority under otherwise applicable law must be dismissed. *See Price v. Gurney*, 324 U.S. 100, 104-06 (1945). *See also In re All Saints Episcopal Church*, 638 B.R. 359, 374 (Bankr. N.D. Tex. 2021). Thus the Fifth Circuit has summarized as follows:

> State law thus determines who has the authority to file a voluntary petition on behalf of the corporation. If the petitioners lack authorization under state law, the bankruptcy court has no alternative but to dismiss the petition. <u>It is not enough that those who seek to speak for the corporation may have the right to obtain that authority. Rather, they must have it at the time of filing</u>. Absent a duly authorized petition, the bankruptcy court has no power to shift the management of a corporation from one group to another, to settle intracorporate disputes, and to adjust intracorporate claims.

*In re Franchise Servs. of N. Am. Inc.*, 891 F.3d 198, 206-07 (5th Cir. 2018) (internal quotations and citations omitted) (emphasis added).

5.  The Supreme Court has decided who speaks for a Chapter 7 debtor after a trustee is appointed, and it is the trustee, not corporate management:

> the Bankruptcy Code gives the trustee wide-ranging management authority over the debtor. In contrast, the powers of the debtor's directors are severely limited. Their role is to turn over the corporation's property to the trustee and to provide certain information to the trustee and to the creditors. <u>Congress contemplated that when a trustee is appointed, he assumes control of the business, and the debtor's directors are completely ousted</u>.

*Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 352-53 (1986) (internal quotation and citation omitted) (emphasis added). *See also* 11 U.S.C. § 323(a).

---

[1] *In re Am. Int'l Indus., Inc.*, 10 B.R. 695, 696 (Bankr. S.D. Fla. 1981) ([Section] 109 of the Bankruptcy Code, at least inferentially, [requires] a voluntary act by the debtor in order to commence a case under Section 301.").

6.	Thus, where section 706 affords a debtor the ability to seek a conversion, the question is who decides whether such a conversion is sought.  For a human debtor, the answer is easy.  But with a corporate debtor, the question can only be answered by analyzing who speaks for the corporation.  Upon a Chapter 7, only the Chapter 7 trustee speaks for the corporation as a corporate body to the full exclusion of prepetition management, directors, shareholders, and the like.  Thus, only the Trustee may cause the Debtor to seek a conversion to Chapter 11, and he has declined to do so and in fact opposes any attempt to convert this Bankruptcy Case.  And, if section 706 enables a corporate debtor to seek a conversion independent of a Chapter 7 trustee, the fact remains that the corporation must approve the filing of a petition in order to be eligible to be a debtor under section 109 of the Bankruptcy Code and only the Chapter 7 trustee may authorize the same.[2]  To reiterate, "[i]t is not enough that those who seek to speak for the corporation may have the right to obtain that authority.  Rather, they must have it at the time of filing." *In re Franchise Servs. of N. Am. Inc.*, 891 F.3d at 206-07.

7.	Indeed, under the Texas Business Organizations Code, "[a] corporation must approve a voluntary winding up in accordance with Chapter 11 . . . by complying with one of the procedures prescribed by this subchapter [subchapter K, Chapter 21]." TEX. BUS. ORG. CODE ANN. § 21.501.  Said subchapter K provides for a recommendation by the Board, on which the shareholders must vote by an affirmative two-thirds majority.  *See id*. §§ 21.502; 21.503(b) (requiring vote under section 21.364); 21.364(b) (requiring two-thirds majority vote).  The foregoing provisions are changeable and/or waivable by a corporation's governing documents, but

---

[2]	Debtors are not without remedy.  In the face of an involuntary petition under Chapter 7, debtors can—and frequently do—file voluntary Chapter 11 petitions.  *See, e.g., In re Basil St. Partners, LLC*, 477 B.R. 856, 861 (Bankr. M.D. Fla. 2012).  That is what the Debtor could and should have done.  Instead, it appears to have decided to "take its chances" with the involuntary petition in an attempt to first *avoid* any bankruptcy case and therefore bankruptcy and creditor scrutiny.  The Debtor should not know be awarded by permitting it to file an *ex post facto* Chapter 11 petition.

that does not appear to be the case here. As the Trustee understands it, there has been no proper board action, shareholder meeting, or shareholder super-majority vote. Nor can there be, of course, since the Trustee has displaced the Debtor's board and exercises sole management authority.

8. The Trustee has not authorized the Debtor to seek a conversion or to initiate a Chapter 11 petition because, as a fiduciary, the Trustee does not believe that conversion is in the best interests of the Estate or the creditors:

(i) a Chapter 11 plan is not needed to liquidate the Estate's assets—which, the Debtor admits, is all that remains—and will instead likely divert attention, lead to added litigation and expense, enable insiders to control the process and benefit themselves, and create unnecessary complexity and potential barriers to litigation and recovery;

(ii) at a minimum, if even half of what is alleged to have occurred prepetition is true, then a Chapter 11 case will lead to necessary delay, at least "while the dust settles," during which insiders and transferees may be attempting to protect assets, further transfer assets, and otherwise to protect themselves, whereas the Trustee intends to immediately investigate litigation and to promptly file litigation and seek prejudgment remedies if appropriate, all unfettered by the need to confer with management (who may be targets of litigation or their insiders and affiliates targets of litigation) or obtain their or anyone else's approval;

(iii) a Chapter 11 case is likely to lead to multiple sets of expensive professional fees, including a potential committee, potential examiner, and potential Chapter 11 trustee, and potentially large U.S. Trustee fees, and is likely to lead to an eventual conversion anyway, insofar as it appears unlikely that the Debtor will be able to confirm a plan of liquidation since its major creditors want and prefer a Chapter 7 liquidation undertaken by an independent fiduciary;

(iv) a Chapter 11 case will also certainly lead to much larger attorney's fees and expenses not just for the Estate but also *for the major creditors*, as they will have to monitor and negotiate plan formulation and confirmation issues, protect against potential Debtor shenanigans, address post-confirmation trust issues, and various other issues simply not present in Chapter 7 where all creditors can rely on an independent fiduciary, on the U.S. Trustee, and on the Court to protect all interests;

(v) given the allegations against the Debtor, its present and former management, and its insiders and affiliates, the Debtor will not be able to accomplish much in Chapter 11, at least not without expensive, contested evidentiary hearings on what may otherwise be routine matters, since the Debtor's motivations and intentions will always be reasonably questioned; and

    (vi)    insofar as a potential large asset of the Estate is at least one D&O insurance policy, there is little question that the Trustee may assert rights under that policy, but leaving it to the Debtor to potentially assert those rights raises possible defenses of insured-versus-insured and *in pari delicto*, as do potential other rights and issues that can be cleanly asserted by the Trustee.

9. In short, a Chapter 11 case is not needed, will only delay matters, and will inevitably cost millions of dollars to all parties. Conversely, the Trustee has extensive experience with the substantive claims and issues in this Bankruptcy Case that will provide actual recoveries to creditors: potential D&O litigation and insurance coverage issues (which he has litigated successfully before); investigation and prosecution of potential avoidance actions, including insider transactions (which he has also litigated extensively and successfully for decades); and locating, taking control of, and reducing to money all remaining property of the Estate, including retainers, contract rights, tangible personal property, refunds, and the like. That is what this case should be focused on because that is how creditors will be paid; not on an expensive sideshow.

10. Chapter 7 exists for a reason: to liquidate an estate, and Chapter 11 exists for a reason: to reorganize an estate. And, "[l]ack of evidence on the possibility of reorganization … is a reasonable basis to deny a motion to convert to Chapter 11." *In re Tsung Yu Chien*, 2020 WL 3965031, at *3 (C.D. Cal. Apr. 2, 2020). True, liquidation through a Chapter 11 is possible. But that should be the exception and not the norm, and should be the course only when Chapter 11 affords the estate tools and remedies that Chapter 7 may not. None of that is present here. Instead, it appears to the Trustee that the Debtor seeks a conversion only to retain control as long as possible in order to continue hindering, delaying, and potentially defrauding its creditors as long as possible, while potential estate professionals would eat up much of the anticipated recovery to creditors.

11. Finally, the Trustee submits that *res judicata* applies. *Res judicata* applies not just to issues that were decided, but to issues that *could* have been decided. *See Allen v. McCurry*, 449 U.S. 90, 94 (1980); *In re Reagor-Dykes Motors LP*, 613 B.R. 878, 887 (Bankr. N.D. Tex. 2020).

*Res judicata* and collateral estoppel apply to a judgment under section 303 of the Bankruptcy Code. *See, generally, In re National Med. Imaging LLC*, 439 B.R. 837 (Bankr. E.D. Pa. 2009). When faced with an involuntary Chapter 7 petition, a debtor has the option to file a voluntary Chapter 11 petition, in which case the voluntary petition is treated as a motion under section 706(a) to convert the case prior to the order for relief, and the involuntary case is granted under the Chapter chosen by the Debtor. *See, e.g., In re Premier General Holdings, Ltd.*, 427 B.R. 592, 600-01 (Bankr. W.D. Tex. 2010). But, that is prior to the order for relief. *See id*. Here, the Debtor *could* have filed a voluntary Chapter 11 petition at any time prior to the order for relief, in which case the Court would have granted the involuntary petition and deemed the voluntary petition a motion under section 706, granting the same such that the involuntary petition would have been granted under Chapter 11. The Debtor did not do so and, under principles of *res judicata*, that issue should now be precluded, as the Court has already determined which Chapter the Bankruptcy Case would proceed under and the Debtor has had its chance to argue otherwise.

12. Finally, the Trustee incorporates all objections to the Motions filed by any creditor regarding the Debtor's prepetition transactions, transfers, and operations.

### III. PRAYER

WHEREFORE, PREMISES CONSIDERED, the Trustee respectfully requests that the Court sustain this Objection, deny the Motion, and grant him such other and further relief to which he has shown himself entitled at law or in equity.

RESPECTFULLY SUBMITTED this 18th day of December, 2022.

        **MUNSCH HARDT KOPF & HARR, P.C.**

        By: /s/ Davor Rukavina
            Davor Rukavina, Esq.
            Texas Bar No. 24030781
            Thomas D. Berghman, Esq.
            Texas Bar No. 24082683
            3800 Ross Tower
            500 N. Akard Street
            Dallas, Texas 75201
            Telephone: (214) 855-7500

        **PROPOSED COUNSEL TO SCOTT M. SEIDEL, TRUSTEE**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this the 18th day of December, 2022, true and correct copies of this document were served by the Court's ECF system on all parties entitled to notice thereof.

        By: /s/ Davor Rukavina
            Davor Rukavina, Esq.