David W. Parham, SBN: 15459500
Laura M. Taveras, SBA: 24127243
**AKERMAN LLP**
2001 Ross Avenue, Suite 3600
Dallas, TX 75201
Telephone:  (214) 720-4300
Facsimile:  (214) 981-9339
david.parham@akerman.com
laura.taveras@akerman.com

*Proposed Counsel for Debtor,*
*Goodman Networks, Inc. d/b/a Goodman Solutions*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Case No. 22-31641-mvl7 |
| GOODMAN NETWORKS, INC., DBA | § | |
| GOODMAN SOLUTIONS, | § | Chapter 7 |
| | § | |
| Debtor. | § | |

### DEBTOR'S MOTION TO SUPPLEMENT THE RECORD

Goodman Networks, Inc. d/b/a Goodman Solutions ("Debtor"), the debtor in the above-captioned bankruptcy proceeding hereby files this Motion to Supplement the Record ("The "Motion"); Specifically,  Debtor request that the record include the attached (i) Consent of the Managers of the General Partner of Goodman MBE Group LP, for the Courts review in conjunction with the (ii) Consulting Agreement (collectively, the "Supplements") (attached hereto as **Exhibit A and B**), in connection with the hearing held before this Court on December 19 and 20, 2022 (the "Hearing") on Debtor's Motion to Convert Chapter 7 to Chapter 11 (the "Motion to Convert"). In support thereof Debtor states as follows:

## PROCEDURAL HISTORY

1. On September 6, 2022, the Petitioners filed an involuntary bankruptcy petition against Debtor in this Court.

2. On December 12, 2022, the Court entered an Order for Relief. [Docket No. 132] On the same date, the Debtor filed a Motion to Convert the case to chapter 11. [Docket No. 133]

3. On December 19, 2022 the Court held a hearing on objections to the Debtor's standing to pursue the Motion to Convert. [Docket No. 147, 148, and 152]

4. Additionally, the Court heard Trustee's Objection, which was filed on December 18, 2022 at 12:07 p.m., and was premised on whether the Debtor had proper corporate authority to file the Motion to Convert. [Docket No. 153]

5. That hearing concluded December 20, 2022, following closing arguments.

6. A hearing on the remaining objections to conversion of the case to chapter 11 is set for January 20, 2023.

## ARGUMENT

7. Debtor files this Motion seeking to supplement the record from the Hearing to provide the Court with critical and relevant information in relation to Debtor's corporate governance, controls, and authority.

8. Notably, this issue came about for the first time by means of Trustee's Objection, hours before the Hearing, and recently, by Petitioning Creditor's Motion to Supplement. During the hearing, the Court questioned John Goodman's authority to execute the engagement letter for Rus Nelms, who as appointed as the sole, independent director of the Debtor, and in general to direct the actions of the Debtor.

9. The first document Debtor seeks to provide the Court is the Consent Agreement by the Majority of the Managers of the General Partner of Goodman MBE Group LP, dated September 21, 2022, (the "Consent") which authorizes and approves certain resolutions (the "Resolutions").

10. By way of context, a majority of the Debtor's stock is owned by Goodman MBE Group LP ("Goodman LP"), a Texas limited partnership.

11. The governing body, and general partner, of Goodman MBE Group LP, is Goodman MBE Group LLC, a Texas limited liability company ("Goodman GP").

12. Goodman GP is managed by its managers.

13. Thus, the managers of Goodman GP, are duly authorize delegate authority as it relates to Goodman LP.

14. Goodman LP, in turn, is the majority owner of Debtor.

15. In relevant part, by way of the Resolutions Goodman GP, authorizes John Goodman, to act on behalf of Goodman LP.

16. First, the Consent provides that John Goodman (1) is the manager of Goodman GP, and (2) authorized to perform all acts and services to be provided by the partnership, as set forth in the Consulting Agreement.

17. The Consulting Agreement, by and between Goodman LP and Debtor, is authorized by the Consent, and referenced on the record as FedEx Exhibit 8.

18. Moreover, the Consulting Agreement, further evidences John Goodman's corporate authority as a representative of Goodman GP.

19. In relevant part, as set forth in Section 1, Services, Subsection i, of the Consent Agreement John Goodman, is required to provide certain advisory services.

20. Specifically, John Goodman may provide consulting services as to "all legal, financial, personnel and operational decisions" of Debtor and its affiliates and subsidiaries.

21. Thus, John Goodman, has, and has had at all relevant times, the requisite corporate authority to: (1) manage the Debtor including all legal, financial, personnel and operational decisions, and (2) execute Rus Nelms engagement letter, and (3) approve, along with the approval by Rus Nelms in his capacity as the sole Director, the Debtor to move for the conversion of this case to one under Chapter 11 of the Bankruptcy Code.

WHEREFORE PREMISES CONSIDERED, Debtor respectfully requests that this Court admit into evidence (i) Consent of the Managers of the General Partner of Goodman MBE Group LP, for the Courts review in conjunction with the (ii) Consulting Agreement, attached hereto as **Exhibit A and B.**

Date: December 30, 2022

Respectfully submitted,

**AKERMAN LLP**

 */s/ David W. Parham*
David W. Parham, SBN: 15459500
Laura M. Taveras, SBN: 24127243
2001 Ross Avenue, Suite 3600
Dallas, TX 75201
Telephone:    (214) 720-4300
Facsimile:     (214) 981-9339
david.parham@akerman.com
laura.taveras@akerman.com

*PROPOSED ATTORNEYS FOR DEBTOR GOODMAN NETWORKS INC., D/B/A GOODMAN SOLUTIONS*

## CERTIFICATE OF SERVICE

      I hereby certify that on December 30, 2022, a true and correct copy of the foregoing document was served on all parties consenting to electronic service of this case *via* the Court's ECF system for the Northern District of Texas.

      */s/ David W. Parham*
      David W. Parham