

**UNITED STATES BANKRUPTCY COURT**
NORTHERN DISTRICT OF TEXAS
EARLE CABELL FEDERAL BUILDING
1100 COMMERCE STREET, ROOM 1254
DALLAS, TX 75242
www.txnb.uscourts.gov

**FILED**

JAN 0 3 2023

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

THE HONORABLE MICHELLE V. LARSON
UNITED STATES BANKRUPTCY JUDGE

 

**Re:** *In re Goodman Networks, Inc. and Goodman Networks Inc d/b/a Goodman Solutions*
Case No. 22-31641-mvl7

Counsel:

The Court writes with respect to the hearing that took place on December 20, 2022 in the above referenced matter relating to the Debtor's Motion to Convert [ECF No. 133]. First, again, the Court thanks the parties for their briefing and arguments under very tight deadlines. The Court has taken considerable time with the parties' pleadings and the evidence adduced at the hearing. As discussed on the record, the Court intended to take limited argument and evidence on the issue of whether the Debtor lacked "standing" to seek to convert the bankruptcy case from Chapter 7 to Chapter 11. Upon expedited briefing, and the subsequent participation of the duly appointed Chapter 7 trustee, Scott Seidel (the **"Trustee"**) and his counsel, the hearing broadened to issues of "corporate authority", concerning which the Debtor and Alimco Re Ltd., JLP Credit Opportunity IDF Series Interests of the SALI Multi-Series Fund, L.P., JLP Credit Opportunity Master Fund Ltd., and JLP Institutional Credit Master Fund LP. (collectively, the **"Original Petitioning Creditors"**) have since sought to supplement the record post-hearing. [ECF Nos. 166, 177–180].

On the limited record before the Court, the Court declines to issue an order, at present, as **to the Debtor's "standing" to seek conversion of the bankruptcy case** from Chapter 7 to Chapter 11. Although the objectors raised significant concerns as to the corporate authority of the Debtor, given the currently scheduled January 20, 2023 hearing, and the parties' virtually unanimous request for further discovery and evidence, the Court finds it most prudent to withhold any ruling **on "standing" and rather proceed to the more fulsome evidentiary hearing on the Motion to Convert**, wherein the Court will hear the broader argument of whether the Debtor has the right to convert to Chapter 11 pursuant to Section 706 of the Bankruptcy Code and whether facts exist such that the Court should exercise its equitable discretion to deny the Debtor that right.

The Court will carry the evidence adduced at the December 20, 2022 hearing to the January 20, 2023 hearing, with such evidence being duly admitted and made applicable to the later hearing. The Court will rule on the Motions to Supplement in due course. If unopposed, the Motions will be granted, and the evidence will be so supplemented. If opposed, parties may seek to admit the evidence at the January 20, 2023 hearing.

I hope the parties appreciate receipt of this correspondence in preparation for the January 20, 2023 hearing, as the Court expects that it will guide the parties' discovery efforts and hearing preparation. I ask that the Clerk of Court file this correspondence on the bankruptcy ECF docket.

Sincerely,

*Michelle V. Larson*

Michelle V. Larson
United States Bankruptcy Judge

cc: Clerk of Court, United States Bankruptcy Court for the Northern District of Texas