### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| | § | |
| GOODMAN NETWORKS, INC. D/B/A | § | Case No. 22-31641-mvl7 |
| GOODMAN SOLUTIONS, | § | |
| | § | Chapter 7 |
| Debtor. | § | |

### JOHN GOODMAN AND GREATER TECH HOLDINGS INC. MOTION FOR PROTECTIVE ORDER WITH RESPECT TO DEPOSITION SUBPOENAS FROM FEDEX SUPPLY CHAIN LOGISTICS & ELECTRONICS, INC., ARRIS, AND THE PETITIONING BONDHOLDERS

John Goodman ("Mr. Goodman") and Greater Tech Holdings, Inc. ("GTH" and together with Mr. Goodman, the "Movants"), file this motion for protective order relating to deposition subpoenas served by FedEx Supply Chain Logistics & Electronics, Inc., Arris, and the petitioning bondholders (collectively, the "Subpoena Parties").

1.     Movants have received the deposition notices and requests for document production attached hereto as Exhibit A. As the Court may see, the document requests are extremely extensive and amount to a fishing expedition. In response to the document requests, the Movants filed objections and responses. The Subpoena Parties have not filed a motion to compel.

2.     Movants have produced over a thousand pages of responsive documents and have agreed to sit for a deposition. On the eve of the deposition scheduled for February 3, 2023, the Subpoena parties filed a reservation of rights at Docket 199, purporting to reserve their rights to seek a motion to compel the production of further documents by the Movants, seek a further deposition of Movants, and seek an order barring Mr. Goodman from testifying at the hearing on the Motion to Convert.

3.     At 9:30 a.m., Mr. Goodman appeared for his deposition and requested a stipulation that if he is to sit for a deposition, the Subpoena Parties will agree not to seek a further deposition. The Subpoena parties have not agreed. Mr. Goodman is already scheduled to testify on February 9, 2023 in his capacity as a 30(b)(6) representative of the above-captioned debtor. It is prejudicial to Mr. Goodman to sit for a deposition today, sit for a deposition on February 9, and remain subject to a further request for a deposition by the Subpoena Parties.

4.     Through this Motion, Movants are seeking a protective order from this court to protect Movants from the prejudice of sitting for multiple depositions and request that Movants not be required to sit for a deposition until such time as either the Subpoena Parties have filed a motion to compel or agree not to seek a further deposition.

Dated:  February 3, 2023

**HAYNES AND BOONE, LLP**

/s/ *Jarom J. Yates*
Jarom J. Yates
State Bar No. 24071134
2323 Victory Ave., Suite 700
Dallas, TX 75219
Telephone: 214.651.5000
Facsimile: 214.651.5940
Email: jarom.yates@haynesboone.com

**COUNSEL FOR JOHN GOODMAN**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 3, 2023, the motion was served via ECF on the applicable parties. .

By: /s/ *Jarom J. Yates*
     Jarom J. Yates

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ Northern _____ District of ___ Texas _____

In re _ Goodman Networks, Inc. _____
                          Debtor

Case No. __ 22-31641 (MVL) _____

_(Complete if issued in an adversary proceeding)_

Chapter ___ 7 _____

_____
                          Plaintiff

                             v.

Adv. Proc. No. _____

_____
                          Defendant

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Greater Tech Holdings, Inc.
                              _(Name of person to whom the subpoena is directed)_

[X]  _Testimony_:  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding).  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment: Attachment A

| PLACE   **Deposition to be conducted remotely as agreed to by the parties.** | DATE AND TIME February 3, 2023 at 9:30 a.m. or such other date as may be agreed by the parties. |
|---|---|

The deposition will be recorded by this method:
 Audiovisual and stenographic means.

[ ]  _Production_:  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  1/ 31 /2023

                    CLERK OF COURT

                                              OR

_____          /s/ Laura Sixkiller
_Signature of Clerk or Deputy Clerk_          _Attorney's signature_

The name, address, email address, and telephone number of the attorney representing _(name of party)_
ARRIS Solutions, Inc.,  who issues or requests this subpoena, are:

Laura Sixkiller, DLA Piper, 2525 East Camelback Road, Suite 1000, Phoenix, 85016; laura.sixkiller@us.dlapiper.com; (480) 606-5161

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____ _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

  My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


    I declare under penalty of perjury that this information is true and correct.

Date: _____


_____
                                   *Server's signature*


_____
                                   *Printed name and title*


_____
                                   *Server's address*


Additional information concerning attempted service, etc.:

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## **ATTACHMENT A**

1.      The relationship between Goodman Telecom Holdings, LLC and Goodman Networks, Inc.

2.      The relationship between Greater Tech Holdings, Inc. and Goodman Networks, Inc.

3.      Any topics identified by cross-parties.

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ Northern _____ District of ___ Texas _____

In re __Goodman Networks, Inc._____

_____Debtor

*(Complete if issued in an adversary proceeding)*

_____
_____Plaintiff

v.

_____
_____Defendant

Case No. __22-31641 (MVL)_____

Chapter ___7_____

Adv. Proc. No. _____

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: John Goodman

*(Name of person to whom the subpoena is directed)*

[X] *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE   **Deposition to be conducted remotely as agreed to by the parties.** | DATE AND TIME<br>**February 3, 2023 at 9:30 a.m. or such**<br>**other date as may be agreed by the parties.** |
|---|---|

The deposition will be recorded by this method:
Audiovisual and stenographic means.

[ ] *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 1/31/2023
_____

CLERK OF COURT

OR

_____        /s/ Laura Sixkiller
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
ARRIS Solutions, Inc., who issues or requests this subpoena, are:

Laura Sixkiller, DLA Piper, 2525 East Camelback Road, Suite 1000, Phoenix, 85016; laura.sixkiller@us.dlapiper.com; (480) 606-5161

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ Northern __ District of __ Texas _____

In re  Goodman Networks, Inc. _____

_____

Debtor

*(Complete if issued in an adversary proceeding)*

_____

Plaintiff

v.

_____

Defendant

Case No. __ 22-31641 (MVL) _____

Chapter _____ 7 _____

Adv. Proc. No. _____

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Greater Tech Holdings, Inc. _____

*(Name of person to whom the subpoena is directed)*

[X]  *Testimony*:  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding).  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE  Deposition to be conducted remotely as agreed to by the parties | DATE AND TIME February 3, 2023 at 9:30 a.m. or such other date as may be agreed by the parties. |
|---|---|

The deposition will be recorded by this method:
    Audiovisual and stenographic means

[ ]  *Production*:  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

    The following provisions of **Fed. R. Civ. P. 45**, made applicable in bankruptcy cases by **Fed. R. Bankr. P. 9016**, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __ January 27, 2023 __

                    CLERK OF COURT

                                OR

_____            */s/ Philip M. Guffy* _____

*Signature of Clerk or Deputy Clerk*            **Attorney's signature**

The name, address, email address, and telephone number of the attorney representing *(name of party)*
 Philip M. Guffy _____ ,  who issues or requests this subpoena, are:
 600 Travis, Suite 4200, Houston, TX 77002; pguffy@huntonak.com; 713-220-4200

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding ) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


        I declare under penalty of perjury that this information is true and correct.

Date:  _____

                                        _____
                                                        *Server's signature*

                                        _____
                                                        *Printed name and title*

                                        _____
                                                        *Server's address*


Additional information concerning attempted service, etc.:

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## Schedule A

### I.   DEFINITIONS

1.    "18920 NW 11th" means 18920 NW 11th LLC, a Florida limited liability company, and any predecessor in interest.

2.    "18920 Settlement Agreement" means that certain Settlement Agreement made by the Debtor in favor of 18920 NW 11th dated March 10, 2022.

3.    "AMRR" means American Metals Recovery and Recycling, Inc and any of its affiliates or subsidiaries, including Multiband Global Resources, Inc..

4.    "AMRR Note" means that certain Secured Promissory Note dated as of January 21, 2022 between AMRR and GNET.

5.    "Any" means "all" and vice versa.

6.    "CFGI Presentation" means the Goodman Networks *et al.* Financial Presentation dated August 3, 2022 prepared by CFGI.

7.    "Chapter 7 Trustee" means Scott Seidel in his capacity as the interim trustee of the Debtor's estate.

8.    "Collateral Agent" means U.S. Bank National Association in its capacity as Collateral Agent under the Indenture.

9.    "Communication" means any transmission of information in the form of facts, ideas, inquiries or otherwise, the information transmitted, and any process by which information is transmitted, whether written (including ESI) or verbal.  All written Communications shall include, without limitation, electronic, printed, typed, handwritten or other readable Documents, correspondence, memos, reports, diaries, logbooks, minutes, notes, studies, forecasts, emails, text messages, and instant messages.

10.   "Concerning" or "concerns" includes, but is not limited to, the following meanings: relating to, referring to, pertaining to, regarding, constituting, discussing, mentioning, containing, reflecting, evidencing, explaining, illustrating, analyzing, describing, displaying, showing, and identifying.

11.   "Consulting Agreement" means that certain Consulting agreement by and between Goodman Networks, Inc. and Goodman MBE Group LP dated as of October 4, 2022.

12.   "Debtor" means Goodman Networks, Inc.

13.   "Document" is synonymous in meaning and equal in scope to the usage of the term under the FEDERAL RULES OF CIVIL PROCEDURE and includes, but is not limited to, any written or graphic matter of any kind or character however produced or reproduced; any electronically or magnetically recorded matter of any kind or character, however produced

or reproduced; and any other matter constituting the recording of data or information upon any tangible thing by any means, as well as any tangible thing on which information is recorded in writing, sound, electronic or magnetic impulse, or in any other manner, including but not limited to paper, cards, tapes, film, electronic facsimile, computer storage devices, video discs or any other media.  For the purpose of this definition, "matter" shall include, but shall not be limited to paper, cards, tapes, film, electronic facsimile, electronic mail in any form, electronic notes, spreadsheets, computer storage devices, video discs, memoranda, notes, minutes, records, photographs, correspondence, telegrams, diaries, bookkeeping entries, financial statements, tax returns, checks, check stubs, reports, studies, charts, graphs, statements, notebooks, handwritten notes, applications, agreements, contracts, letters of intent, books, pamphlets, periodicals, appointment calendars, records and recordings of oral conversations, and work papers, and shall also include, but shall not be limited to, originals plus all copies which are different in any way from the original whether by handwritten notes, interlineations, receipt stamp notation, indication of copies sent or received, or otherwise, as well as all preliminary versions, drafts or revisions of any of the foregoing and any supporting, underlying or preparatory material.

14.  "ESI" means electronically stored information including but not limited to information electronically, magnetically or optically stored as: (a) digital Communications (*e.g.*, email, voice mail, instant messaging); (b) word processed documents (*e.g.*, Word or WordPerfect documents and drafts); (c) spreadsheets and tables (*e.g.*, Excel or Lotus 123 worksheets); (d) accounting application data (*e.g.,* QuickBooks, Money, Peachtree data files); (e) image and facsimile files (*e.g.*, PDF, TIFF, JPG, GIF images); (f) sound recordings (*e.g.*, WAV and MP3 files); (g) video and animation (*e.g.*, AVI and MOV files); (h) databases (*e.g.*, Access, Oracle, SQL Server data, SAP); (i) electronic mail, contact and relationship management data (*e.g.*, Outlook, Maximizer, ACT!), including any deleted emails or any other emails resident on any servers or computers; (j) calendar and diary application data (*e.g.*, Outlook PST, Yahoo, blog tools); (k) online access data (*e.g.*, temporary internet files, history, cookies); (l) presentations (*e.g.*, PowerPoint, Corel Presentations); (m) network access and server activity logs; (n) project management application data; (o) computer-aided design/drawing files; and (p) back-up and archival files (*e.g.*, ZIP, GHO).  ESI shall be produced, with metadata intact, in the format specified in the Instructions set forth below.

15.  "GNET" means either GNET ATC, LLC or GNET ATC INC.

16.  "Goodman Services" means Goodman Network Services, LLC.

17.  "Goodmans" or a "Goodman" means any of (i) John Goodman, Jason Goodman, Jonathan Goodman, Joseph Goodman, or James Goodman, (ii) any member of the immediate family of John Goodman, Jason Goodman, Jonathan Goodman, Joseph Goodman, or James Goodman, including parents, siblings, spouse and children (including those by adoption) and any other Person who lives in such individual's household; (iii) the parents, siblings, spouse, or children (including those by adoption) of such immediate family member; or (iv) in any such case any trust or other estate planning vehicle whose primary beneficiary is an individual (or individuals) covered by clauses (i) – (iii) of this definition.

2

18.     "GTH" means Greater Tech Holdings, Inc. f/k/a Goodman Telecom Holdings, LLC.

19.     "Identify" when referring to a Person, means to state the (i) Person's full name and present or last known address including telephone number; (ii) the full name and present or last known address of the Person's employer or business; and (iii) the Person's position with that employer or business.

20.     "Identify" when referring to a Document or thing means to state sufficient information regarding the item so that the party seeking discovery can locate and identify the object as readily as the party from whom it is being sought.

21.     "Including" or "includes" means including, but not limited to.

22.     "Indenture" means that certain indenture, as amended, restated or otherwise modified from time to time, dated as of May 31, 2017 by and among Goodman Networks as Issuer, the Trustee, and the Collateral Agent.

23.     "Metadata" means system and application metadata.  System metadata is information describing the history and characteristics of other ESI.  This information is typically associated with tracking or managing an electronic file and often includes data reflecting a file's name, size, custodian, location, dates of creation and last modification or access, number of attachments, and document type (*i.e.* email, attachment, *etc.*).  Application metadata is information automatically included or embedded in electronic files but which may not be apparent to a user, including deleted content, draft language, commentary, collaboration and distribution data and dates of creation and modification.  For electronic mail (including deleted emails), metadata includes all header routing data and Base 64 encoded attachment data, in addition to the To, From, Subject, Received Date, Sent Date, Time Sent, CC, BCC and Body fields.

24.     "MFS" means Multiband Field Services, Inc.

25.     "Motion to Convert" means the *Motion to Convert Chapter 7 Case to Chapter 11 Case* filed at Docket No. 133 in the bankruptcy proceeding captioned *In re Goodman Networks, Inc.*, Case No. 22-31641 (MVL) pending in the United States Bankruptcy Court for the Northern District of Texas.

26.     "Notes" means the 8% Senior Secured Notes due 2022 issued by the Debtor.

27.     "Or" and "and" mean "and/or."

28.     "Person" or "persons" means any individuals, public or private corporations, companies, associations, societies, firms, partnerships, joint stock companies, governmental agencies (federal, state, local, and foreign), the United States, and any of its political subdivisions or agents.

29.     "Petition Date" means September 7, 2022.

3

30.    "Pledge and Security Agreement" means that certain Pledge and Security Agreement dated as of May 31, 2017 by and among Goodman Networks, each of the Grantors from time to time party thereto, and the Collateral Agent.

31.    "Referring to" and "relating to" mean constitutes, comprises, contains, consists of, sets forth, proposes, shows, discloses, describes, discusses, explains, evidences, memorializes, summarizes, concerns, reflects, imposes or authorizes directly or indirectly.

32.    "Transfer" means (A) the creation of a lien; (B) the retention of title as a security interest; (C) the foreclosure of a person's equity of redemption; or (D) each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with (i) property; or (ii) an interest in property.

33.    "Trustee" means UMB Bank, National Association in its capacity as trustee under the Indenture.

34.    "You" or "your" refers to the Person to whom these Requests are directed, including all Persons acting or purporting to act on behalf of you for any purpose, and incorporates any definition of such Person if and as set forth in these definitions.

## II.    Topics Of Inquiry

GTH should produce a person or persons capable of testifying to the following matters:

(1)    The corporate organization of GTH, its creation, and all documents regarding the corporate governance of GTH.

(2)    The conversion of Goodman Telecom Holdings, LLC to Greater Tech Holdings, Inc., including the process by which the equity holders of Goodman Telecom Holdings, LLC were solicited for their consent to the conversion.

(3)    The financial condition of GTH.

(4)    GTH's relationship and business dealings with the Debtor.

(5)    GTH's relationship and business dealings with James Frinzi or any Goodman.

(6)    The purchase or sale of any Notes by or on behalf of GTH.

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ Northern _____ District of ____ Texas _____

In re  Goodman Networks, Inc. _____
                    **Debtor**

*(Complete if issued in an adversary proceeding)*

_____

_____
                    **Plaintiff**

                    **v.**

_____
                    **Defendant**

Case No. ___ 22-31641 (MVL) _____

Chapter _____ 7 _____

Adv. Proc. No. _____

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  John A. Goodman _____
                    *(Name of person to whom the subpoena is directed)*

[X]  *Testimony*:  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding).  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE   Deposition to be conducted remotely as agreed to by the parties | DATE AND TIME February 3, 2023 at 9:30 a.m. or such other date as may be agreed by the parties. |
|---|---|
| The deposition will be recorded by this method: Audiovisual and  stenographic means | |

[ ]  *Production*:  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

        The following provisions of **Fed. R. Civ. P. 45**, made applicable in bankruptcy cases by **Fed. R. Bankr. P. 9016**, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  January 27, 2023 _____

        CLERK OF COURT

                                    OR

_____                */s/ Philip M. Guffy* _____
*Signature of Clerk or Deputy Clerk*                **Attorney's signature**

The name, address, email address, and telephone number of the attorney representing *(name of party)*
 Philip M. Guffy _____ , who issues or requests this subpoena, are:
 600 Travis, Suite 4200, Houston, TX 77002; pguffy@huntonak.com; 713-220-4200

#### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ Northern _____ District of __ Texas _____

In re _ Goodman Networks, Inc._____
_____
                    Debtor

                                                    Case No. __ 22-31641 (MVL) _____

*(Complete if issued in an adversary proceeding)*

                                                    Chapter __ 7 _____

_____
                    Plaintiff
                       v.                            Adv. Proc. No. _____

_____
                    Defendant

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: _ Greater Tech Holdings, Inc. _____

*(Name of person to whom the subpoena is directed)*

[X]  *Testimony*:  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding).  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment: **See Attachment A Topics pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure.**

| PLACE  **Deposition to be conducted remotely as agreed to by the parties.** | DATE AND TIME **February 3, 2023 at 9:30 a.m. or such other date as may be agreed by the parties.** |
|---|---|

The deposition will be recorded by this method:
 Audiovisual and stenographic means.

[X]  *Production*:  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: **The documents listed on Attachment B are to be delivered to undersigned counsel electronically, or made available for copying at the issuing party's expense, at least 3 business day before the scheduled oral deposition.**

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 1/30/2023

                    CLERK OF COURT
                                        OR

        _____        */s/ Candice Carson*_____
        Signature of Clerk or Deputy Clerk            *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Fedex Supply Chain Logistics & Electronics, Inc., who issues or requests this subpoena, are:
Candice Carson, BUTLER SNOW LLP, 2911 Turtle Creek Blvd., Suite 1400, Dallas, TX 75219; candice.carson@butlersnow.com; (469) 680-5502

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## ATTACHMENT A

1.      The Class E Units as defined in Exhibit B.

2.      The Interests related to Goodman Telecom as defined in Exhibit B.

3.      The formation of Goodman Telecom, GTH LLC, and GTH Inc., as each is defined in Exhibit B.

4.      Goodman Telecom's members, shareholders, officers, directors, and managers.

5.      The relationship between Goodman Telecom and Goodman Networks and the Goodman Brothers, as each is defined in Exhibit B.

6.      The conversion of Goodman Telecom to GTH LLC and then to GTH Inc. and Goodman Networks's purported consent thereto.

7.      Shareholders Agreement by and among Greater Tech Holdings, Inc. and Each Person Identified on Schedule A, dated as of Oct. 12, 2022.

8.      John Goodman's obligation to purchase the Class E Units including any release therefrom.

9.      Any topics identified by cross-parties.

10.     Any Documents produced in relation to the Document Requests on Exhibit B.

1

## ATTACHMENT B

Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedures (the "**Federal Rules**"), applicable to this proceeding under Rules 9014, 9016, and 7026 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), FedEx Supply Chain Logistics & Electronics, Inc. ("**FSCLE**") hereby serve this set of requests for the production of documents (the "**Document Requests**," and each a "**Document Request**") and hereby request that the you produce and make available for inspection and copying to the undersigned counsel all documents and communications requested below, in accordance with the definitions and instructions set forth below (the "**Definitions**" and the "**Instructions**," respectively).

## DEFINITIONS

1.      All capitalized terms used herein should be given their most expansive and inclusive interpretation unless otherwise expressly limited.

2.      "**Affiliate**" as to any Person, means any other Person that, directly or indirectly through one or more intermediaries, is in control of, is controlled by, or is under direct or indirect common control with, such Person. For purposes of this definition, "control" of a Person means the power, directly or indirectly, either to (a) vote 50% or more of the securities or membership interests having ordinary voting power for the election of directors (or persons performing similar functions) of such Person or (b) direct or cause the direction of the management and policies of such Person, whether through ownership of voting securities or membership interests, by contract or otherwise.

3.      "**CFGI Presentation**" means the Goodman Networks *et al*. Financial Presentation dated August 3, 2022 prepared by CFGI. *See* ECF No. 80-1.

4.      "**Class E Units**" means the Class E Preferred Units of Goodman Telecom acquired by the Debtor in June 2020 as identified in note D of the CFGI Presentation.

1

5.      "**Communication**" or "**Communications**" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) and, with respect to oral Communications, includes any document evidencing the date, participants, subject matter, and content of any such oral communication, including, but not limited to, mail e-mail, facsimile, transcripts, minutes, notes, audio, video, electronic recordings, telephone records, and calendar entries.

6.      "**Debtor**" means Goodman Networks, Inc., a Texas corporation, d/b/a Goodman Solutions and its Affiliates, including GNET ATC, LLC, and Multiband Field Services Inc.

7.      "**Document**" or "**Documents**" are intended to have the broadest possible meaning under Federal Rule 34 and mean any and all writings and recorded materials, or any kind, that are or have been in Your possession, custody or control, whether originals or copies.  Such writings include, but are not limited to, Communications, electronically stored information in any medium, such as emails, text messages, and instant messages, contracts, notes, drafts, interoffice memoranda, memoranda for files, letters, research materials, correspondence, logs, diaries, forms, bank statements, tax returns, card files, books of accounts, journals, ledgers, invoices, drawings, computer files, records, data, print-outs or tapes, reports, statistical components, studies, graphs, charts, minutes, manuals, pamphlets, or books of all nature and kind whether handwritten, types, printed, mimeographs, photocopies or otherwise reproduced, and tape recordings (whether for computer, audio or visual display) or other tangible things on which words, phrases, symbols or information are stored.

8.      "**ECF**" means the electronic case filing system of the United States Bankruptcy Court for the Northern District of Texas, and specifically references documents filed in the involuntary chapter 7 case against the Debtor, being Case No. 22-31641. Copies of any referenced documents are available at https://ecf.txnb.uscourts.gov/.

2

9.      "**Goodman Brothers**" mean James, John, Jody, Jonathan, and Jason Goodman and their Affiliates.

10.      "**Goodman Telecom**" means Goodman Telecom Holdings, LLC, a Texas limited liability company, and its Affiliates.

**11.**    "**GTH Inc.**" means Greater Tech Holdings, Inc. (f/k/a Greater Tech Holdings, LLC), a Texas corporation, and its Affiliates.

12.      "**GTH LLC**" means Greater Tech Holdings, LLC (f/k/a Goodman Telecom Holdings, LLC), a Texas limited liability company, and its Affiliates.

13.      "**Interest**" means any legal and equitable interest, wherever located and by whomever held, whether contingent or non-contingent, including any asset, property, right, claim, contract, cash, receivable, equity, intangible, security, and membership interest.

14.      "**Interests related to Goodman Telecom**" means (i) any Interest owned, possessed, or held by Goodman Networks, GNET ATC, and Multiband Field Services in, related to, due from, or owed by Goodman Telecom, GTH Inc., or GTH LLC (*see, e.g.*, Note D to the CFGI Presentation) and (ii) any Transfer by Goodman Networks, GNET ATC, or Multiband Field Services to Goodman Telecom, GTH Inc., or GTH LLC.

15.      "**Interests related to the Goodman Brothers**" means (i) any Interest owned, possessed, accrued, or held by Goodman Networks, GNET ATC, and Multiband Field Services in, related to, due from, or owed by Goodman Brothers and (ii) any Transfer by Goodman Networks, GNET ATC, or Multiband Field Services to the Goodman Brothers.

16.      "**Motion**" means the Motion to Convert Chapter 7 Case to Chapter 11 filed by the Debtor, being ECF No. 133.

67118956.v2

17.    "**Person**" includes any individual, partnership, company, corporation or other entity formed under the laws of any state of the United States of America.

18.    "**Transfer**" means (i) the creation of a lien; (ii) the retention of title as a security interest; (iii) the foreclosure of a person's equity of redemption; or (iv) each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with real or personal property; or any an interest in real or personal property.

19.    "**You**" or "**Your**" refers to the GTH Inc. and its Affiliates and their respective divisions, subdivisions, offices, departments, agencies, Affiliates, and any current and former officials, officers, trustees, accountants, attorneys, employees, agents, advisors, consultants, experts, and independent contractors, assigns, and any person or entity acting or purporting to act on their behalf.

## INSTRUCTIONS

20.    You are required to answer these Document Requests drawing upon all materials in Your possession, custody, or control, as well as any materials that are not in Your custody but are owned in whole or in part by You, and any materials that, pursuant to any understanding, express or implied, You may use, inspect, examine, or copy.  You must provide all information in response to a Document Request which is known to You, Your agents, consultants, employees, accountants, attorneys, or experts, or which appears in Your records.

21.    The following rules of construction shall apply to these Document Requests.

    a.    The terms "all" and "any," whenever used separately, shall be construed as "any and all" to encompass the greatest amount of responsive material.

    b.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of any Document Request all responses that might otherwise be construed to be outside of its scope.

67118956.v2

c.     The term "including" shall always be construed to mean "including, but not limited to," or "including, without limitation" to encompass more than the specifically identified materials.

d.     The present tense shall also include the past tense and vice versa.

e.     The use of the singular form of any word includes the plural and vice versa.

22.     Documents shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond to the categories in these Document Requests.

23.     You are required to produce all non-identical copies and drafts of each document. The originals of all documents produced in copy form shall be made available for inspection upon request.

24.     Documents attached to each other in their original form should not be separated.

25.     If no information or documents responsive to a numbered paragraph are in Your possession, You are to indicate this in a written response.

26.     The fact that a document has or will be produced by another party, third party, or other party to these or related proceedings does not relieve You of the obligation to produce Your copy of the same document.

27.     If any document is withheld in whole or in part under claim of any privilege or work product or other immunity, then consistent with Fed. R. Civ. P. 26(b)(5), as applied to this proceeding by Bankruptcy Rule 7026, You are to provide a list of such documents identifying each such document for which any such privilege, work product, or other immunity is claimed, together with the following information:

a.     the nature of the claim of privilege or immunity, including the statute, rule, or decision giving rise to the claim of privilege or immunity;

b.     all facts relied upon in support of the claim of privilege or immunity;

c.     all persons or entities on whose behalf the privilege or immunity is claimed;

    d.   the type of document (*e.g.*, letter, memorandum, note, telegram, e-mail, chart, report, recording, etc.);

    e.   the subject matter (without revealing the information as to which privilege is claimed);

    f.   its date, author(s), sender(s), addressee(s), and recipient(s); and

    g.   the paragraph(s) of these Document Requests to which production of the document is responsive.

28.    You are further directed to describe the factual and legal basis for each claim of privilege or immunity in sufficient detail so as to permit the court to adjudicate the validity of the claim of privilege or immunity, and to produce all documents or portions thereof not subject to Your objection.

29.    If any document requested was, but is no longer, in Your possession, custody, or control, identify the document and state what disposition was made of it and the date or dates upon which such disposition was made, and additionally, produce all documents relating to the disposition of such document.

30.    If You object to any Document Request (or portion thereof), state the reason for the objection in detail and respond to that Document Request as narrowed by Your objection.

31.    These Documents Requests are continuing in nature. If any information or document responsive to a Document Request herein is not presently in Your possession, custody, or control but subsequently becomes available, is discovered or is created, or comes into Your possession, custody, or control, You have a continuing obligation pursuant to Fed. R. Civ. P. 26(e), and are hereby requested, to supplement Your responses to these Document Requests within a reasonable period of time after it comes into Your possession, custody, or control.

## RELEVANT TIME PERIOD

32.     Unless otherwise specified, the relevant time period for these Document Requests begins on January 1, 2020 and ends on the date of service of these Document Requests (the "**Relevant Time Period**").

## DOCUMENT REQUESTS

**Request No. 1**

All Documents and Communications related to the Debtor's acquisition of the Class E Units. This request includes, without limitation, (a) any corporate or company resolutions, minutes, or other Documents identifying actions taken to authorize the acquisition and (b) any closing binders related to the acquisition.

**Request No. 2**

All Documents and Communications concerning any transfers between the Debtor and Goodman Telecom, GTH LLC, and/or GTH Inc., including, but not limited to the June 2020 sale transaction referenced in note D of the CFGI Presentation. This request includes, without limitation, (a) any corporate or company resolutions, minutes, or other Documents identifying actions taken to authorize the transfers and (b) any closing binders related to such transactions.

**Request No. 3**

All Documents and Communications regarding the value of the Class E Units.

**Request No. 4**

All Documents and Communications regarding the conversion Goodman Telecom to GTH LLC and then to GTH Inc., including, but not limited to, any corporate or company resolutions, minutes, or other Documents authorizing the conversion.

**Request No. 5**

67118956.v2

All Documents related to the Debtor's consent to the conversion referenced in Request 4. This request includes, without limitation, (a) any corporate or company resolutions, minutes, or other Documents identifying actions taken to authorize the conversion, (b) any Documents related the execution of that certain Greater Tech Holding, LLC Amendment, Approval, and Release Agreement, including any delays in the execution of the agreement and the decision to affix James Frinzi's signature to such agreement, notwithstanding his resignation, and (c) all Communications involving John Goodman and James Frinzi, Samantha Sondrup, or any other representative of the Debtor.

**Request No. 6**

All Documents related to that certain Shareholders Agreement by and among Greater Tech Holdings, Inc. and Each Person Identified on Schedule A, dated as of Oct. 12, 2022.

**Request No. 7**

To the extent not duplicative of previous requests, all Documents related to the formation of Goodman Telecom, GTH LLC, and GTH Inc.

**Request No. 8**

All Documents identifying the members, shareholders, directors, and officers of Goodman Telecom, GTH LLC, and GTH Inc. and the relevant times related thereto.

**Request No. 9**

All Documents and Communications concerning John Goodman's obligation to purchase the Class E Units including, any Documents and Communications concerning his release therefrom.

**Request No. 10**

All Communications involving James Frinzi.

67118956.v2

**Request No. 11**

All Communications involving John Goodman concerning the transactions identified in the previous requests.

**Request No. 12**

All Communications involving the Goodman Brothers, concerning the transactions identified in the previous requests.

**Request No. 13**

All financial statements for Goodman Telecom, GTH LLC, and GTH Inc, including balance sheets, income statements, statements of cash flows, capitalization tables, and any Documents or Communications concerning any potential public or private offering or sale of additional equity interests in GTH Inc.

**Request No. 14**

All Documents related to the involuntary bankruptcy case of Goodman Networks or the consideration by the Debtor, GNET ATC, or Multiband Field Services to voluntarily file bankruptcy.

**Request No. 15**

All Documents evidencing any contracts between Goodman Telecom, GTH LLC, or GTH Inc. and the Debtor, GNET ATC, or Multiband Field Services.

**Request No. 16**

All Documents and Communications related to the Interests related to the Goodman Brothers and the Interests related to Goodman Telecom.

9

10

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ Northern__  District of __Texas_____

In re __Goodman Networks, Inc. d/b/a Goodman Solutions_____

_____Debtor_____

*(Complete if issued in an adversary proceeding)*

Case No. __22-31641_____

Chapter __7_____

_____

_____Plaintiff_____

v.

_____

_____Defendant_____

Adv. Proc. No. _____

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: __John Goodman_____

*(Name of person to whom the subpoena is directed)*

☑ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | DATE AND TIME |
|---|---|
| Deposition to be conducted remotely as agreed to by the parties. | February 3, 2023 at 9:30 am or such other date as may be agreed by the parties |

The deposition will be recorded by this method: _____

☑ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The documents listed on Attachment A are to be delivered to undersigned counsel electronically or made available for copying at the issuing party's expense at 2911 Turtle Creek Blvd Suite 1400, Dallas, TX 75219, or 1400 Lavaca St Suite 1000, Austin, TX 78701 at least 3 days prior to the deposition.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __1/30/2023_____

CLERK OF COURT

OR

_____           __/s/ Candice Carson_____
*Signature of Clerk or Deputy Clerk*                         *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* __FedEx Supply Chain Logistics & Electronics, Inc.__ who issues or requests this subpoena, are:

Candice Carson, BUTLER SNOW LLP, 2911 Turtle Creek Blvd., Suite 1400, Dallas, TX 75219; candice.carson@butlersnow.com; (469) 680-5502

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because:  _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## ATTACHMENT A

Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedures (the "**Federal Rules**"), applicable to this proceeding under Rules 9014, 9016, and 7026 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), FedEx Supply Chain Logistics & Electronics, Inc. ("**FSCLE**") hereby serve this set of requests for the production of documents (the "**Document Requests**," and each a "**Document Request**") and hereby requests that the you produce and make available for inspection and copying to the undersigned counsel all documents and communications requested below, in accordance with the definitions and instructions set forth below (the "**Definitions**" and the "**Instructions**," respectively).

## DEFINITIONS

1.     All capitalized terms used herein should be given their most expansive and inclusive interpretation unless otherwise expressly limited.

2.     "**18920 NW**" means 18920 NW 11th, LLC, a Florida limited liability company, and its Affiliates.

3.     "**Affiliate**" as to any Person, means any other Person that, directly or indirectly through one or more intermediaries, is in control of, is controlled by, or is under direct or indirect common control with, such Person. For purposes of this definition, "control" of a Person means the power, directly or indirectly, either to (a) vote 50% or more of the securities or membership interests having ordinary voting power for the election of directors (or persons performing similar functions) of such Person or (b) direct or cause the direction of the management and policies of such Person, whether through ownership of voting securities or membership interests, by contract or otherwise.

1

4.      "**AMRR**" means American Metals Recovery and Recycling, Inc., a Nevada corporation, d/b/a Multiband Global and renamed as MBG Holdings, Inc. and its Affiliates, including AMR Resources, LLC, Multiband Global Resources, LLC, and HSB Holdings, LLC.

5.      "**AMRR Note**" means the *Secured Promissory Note*, dated January 21, 2022, and *Security Agreement*, dated January 21, 2022, and all other documents amending, effectuating, supporting, or supplementing the Secured Promissory Note and the Security Agreement.

6.      "**Bankruptcy Case**" means the involuntary chapter 7 case against Goodman Networks, being Case No. 22-31641 in the Bankruptcy Court for the Northern District of Texas.

7.      "**CFGI Presentation**" means the Goodman Networks *et al*. Financial Presentation dated August 3, 2022 prepared by CFGI. *See* ECF No. 80-1.

8.      "**Communication**" or "**Communications**" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) and, with respect to oral Communications, includes any document evidencing the date, participants, subject matter, and content of any such oral communication, including, but not limited to, mail e-mail, facsimile, transcripts, minutes, notes, audio, video, electronic recordings, telephone records, and calendar entries.

9.      "**Document**" or "**Documents**" are intended to have the broadest possible meaning under Federal Rule 34 and mean any and all writings and recorded materials, or any kind, that are or have been in Your possession, custody or control, whether originals or copies.  Such writings include, but are not limited to, Communications, electronically stored information in any medium, such as emails, text messages, and instant messages, contracts, notes, drafts, interoffice memoranda, memoranda for files, letters, research materials, correspondence, logs, diaries, forms, bank statements, tax returns, card files, books of accounts, journals, ledgers, invoices, drawings, computer files, records, data, print-outs or tapes, reports, statistical components, studies, graphs,

charts, minutes, manuals, pamphlets, or books of all nature and kind whether handwritten, types, printed, mimeographs, photocopies or otherwise reproduced, and tape recordings (whether for computer, audio or visual display) or other tangible things on which words, phrases, symbols or information are stored.

10.     "**ECF**" means the electronic case filing system of the United States Bankruptcy Court for the Northern District of Texas, and specifically references documents filed in the involuntary chapter 7 case against Goodman Networks, being Case No. 22-31641. Copies of any referenced documents are available at https://ecf.txnb.uscourts.gov/.

11.     "**Genesis**" means Genesis Networks Enterprises, LLC, a Texas limited liability company and its Affiliates, including Genesis Networks Telecom Services, LLC.

12.     "**Goodman Brothers**" mean James, John, Jody, Jonathan, and Jason Goodman and their Affiliates.

13.     "**Goodman Networks**" means the Debtor, Goodman Networks, Inc., a Texas corporation, d/b/a Goodman Solutions and its Affiliates, including GNET ATC and Multiband Field Services.

14.     "**Goodman Telecom**" means Goodman Telecom Holdings, LLC, a/k/a Greater Tech Holdings, LLC, and/or Greater Tech Holdings, Inc. and its Affiliates.

15.     "**GNET ATC**" means GNET ATC, LLC, a Texas limited liability company.

16.     "**Interest**" means any legal and equitable interest, wherever located and by whomever held, whether contingent or non-contingent, including any asset, property, right, claim, contract, cash, receivable, equity, intangible, security, and membership interest.

17.     "**Interests related to 18920 NW**" means (i) any Interest owned, possessed, or held by Goodman Networks, GNET ATC, and Multiband Field Services in, related to, due from, or

3

owed by 18920 NW and (ii) any Transfer by Goodman Networks, GNET ATC, and Multiband Field Services to 18920 NW.

18.   "**<u>Interests related to AMRR</u>**" means (i) any Interest owned, possessed, or held by Goodman Networks, GNET ATC, and Multiband Field Services in, related to, due from, or owed by AMRR (*see*, *e.g.*, Note A to the CFGI Presentation) and (ii) any Transfer by Goodman Networks, GNET ATC, and Multiband Field Services to AMRR.

19.   "**<u>Interests related to Genesis</u>**" means (i) any Interest owned, possessed, or held by Goodman Networks, GNET ATC, and Multiband Field Services in, related to, due from, or owed by Genesis (*see*, *e.g.*, Note C to the CFGI Presentation) and (ii) any Transfer by Goodman Networks, GNET ATC, and Multiband Field Services to Genesis.

20.   "**<u>Interests related to the Goodman Brothers</u>**" means (i) any Interest owned, possessed, accrued, or held by Goodman Networks, GNET ATC, and Multiband Field Services in, related to, due from, or owed by Goodman Brothers and (ii) any Transfer by Goodman Networks, GNET ATC, and Multiband Field Services to the Goodman Brothers.

21.   "**<u>Interests related to Goodman Telecom</u>**" means (i) any Interest owned, possessed, accrued, or held by Goodman Networks, GNET ATC, and Multiband Field Services in, related to, due from, or owed by Goodman Telecom (*see*, *e.g.*, Note D to the CFGI Presentation) and (ii) any Transfer by Goodman Networks, GNET ATC, and Multiband Field Services to Goodman Telecom.

22.   "**<u>Interests related to James Frinzi</u>**" means (i) any Interest owned, possessed, accrued, or held by Goodman Networks, GNET ATC, and Multiband Field Services in, related to, due from, or owed by James Frinzi and (ii) any Transfer by Goodman Networks, GNET ATC, and Multiband Field Services to James Frinzi.

4

23.    "**Interests related to Unified Field Services**" means (i) any Interest owned, possessed, accrued, or held by Goodman Networks, GNET ATC, and Multiband Field Services in, related to, due from, or owed by Unified Field Services (*see, e.g.*, Note B to the CFGI Presentation) and (ii) any Transfer by Goodman Networks, GNET ATC, and Multiband Field Services to Unified Field Services.

24.    "**Multiband Field Services**" means Multiband Field Services, Inc., a Delaware corporation.

25.    "**Person**" includes any individual, partnership, company, corporation or other entity formed under the laws of any state of the United States of America.

26.    "**Related Party Interests**" means the Interests related to 18920 NW, the Interests related to AMRR, the Interests related to Genesis, the Interests related to the Goodman Brothers, the Interests related to Goodman Telecom, the Interests related to James Frinzi, and the Interests related to Unified Field Services.

27.    "**Transfer**" means (i) the creation of a lien; (ii) the retention of title as a security interest; (iii) the foreclosure of a person's equity of redemption; or (iv) each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with real or personal property; or any an interest in real or personal property.

28.    "**Unified Field Services**" means Unified Field Services, Inc., a Texas corporation and its Affiliates.

29.    "**You**" or "**Your**" refers to John Goodman and his Affiliates and any current and former accountants, attorneys, employees, agents, advisors, consultants, experts, and independent contractors, assigns, and any person or entity acting or purporting to act on your behalf.

67125958.v1

## INSTRUCTIONS

30.     You are required to answer these Document Requests drawing upon all materials in Your possession, custody, or control, as well as any materials that are not in Your custody but are owned in whole or in part by You, and any materials that, pursuant to any understanding, express or implied, You may use, inspect, examine, or copy.  You must provide all information in response to a Document Request which is known to You, Your agents, consultants, employees, accountants, attorneys, or experts, or which appears in Your records.

31.     The following rules of construction shall apply to these Document Requests.

     a.     The terms "all" and "any," whenever used separately, shall be construed as "any and all" to encompass the greatest amount of responsive material.

     b.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of any Document Request all responses that might otherwise be construed to be outside of its scope.

     c.     The term "including" shall always be construed to mean "including, but not limited to," or "including, without limitation" to encompass more than the specifically identified materials.

     d.     The present tense shall also include the past tense and vice versa.

     e.     The use of the singular form of any word includes the plural and vice versa.

32.     Documents shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond to the categories in these Document Requests.

33.     You are required to produce all non-identical copies and drafts of each document. The originals of all documents produced in copy form shall be made available for inspection upon request.

34.     Documents attached to each other in their original form should not be separated.

67125958.v1

35.     If no information or documents responsive to a numbered paragraph are in Your possession, You are to indicate this in a written response.

36.     The fact that a document has or will be produced by another party, third party, or other party to these or related proceedings does not relieve You of the obligation to produce Your copy of the same document.

37.     If any document is withheld in whole or in part under claim of any privilege or work product or other immunity, then consistent with Fed. R. Civ. P. 26(b)(5), as applied to this proceeding by Bankruptcy Rule 7026, You are to provide a list of such documents identifying each such document for which any such privilege, work product, or other immunity is claimed, together with the following information:

a.   the nature of the claim of privilege or immunity, including the statute, rule, or decision giving rise to the claim of privilege or immunity;

b.   all facts relied upon in support of the claim of privilege or immunity;

c.   all persons or entities on whose behalf the privilege or immunity is claimed;

d.   the type of document (*e.g.*, letter, memorandum, note, telegram, e-mail, chart, report, recording, etc.);

e.   the subject matter (without revealing the information as to which privilege is claimed);

f.   its date, author(s), sender(s), addressee(s), and recipient(s); and

g.   the paragraph(s) of these Document Requests to which production of the document is responsive.

38.     You are further directed to describe the factual and legal basis for each claim of privilege or immunity in sufficient detail so as to permit the court to adjudicate the validity of the claim of privilege or immunity, and to produce all documents or portions thereof not subject to Your objection.

67125958.v1

39.     If any document requested was, but is no longer, in Your possession, custody, or control, identify the document and state what disposition was made of it and the date or dates upon which such disposition was made, and additionally, produce all documents relating to the disposition of such document.

40.     If You object to any Document Request (or portion thereof), state the reason for the objection in detail and respond to that Document Request as narrowed by Your objection.

41.     These Documents Requests are continuing in nature.  If any information or document responsive to a Document Request herein is not presently in Your possession, custody, or control but subsequently becomes available, is discovered or is created, or comes into Your possession, custody, or control, You have a continuing obligation pursuant to Fed. R. Civ. P. 26(e), and are hereby requested, to supplement Your responses to these Document Requests within a reasonable period of time after it comes into Your possession, custody, or control.

## RELEVANT TIME PERIOD

42.      Unless otherwise specified, the relevant time period for these Document Requests begins on January 1, 2020 and ends on the date of service of these Document Requests (the "Relevant Time Period").

## DOCUMENT REQUESTS

### Request No. 1

All Documents related to the AMRR Note.

### Request No. 2

All Documents authorizing or purporting to authorize the AMRR Note, including any resolutions, minutes, consents, or other governing documents made by any board, officer, controller, member, shareholder, or agent of Goodman Networks, GNET ATC, Multiband Field Services, and AMRR.

8

**Request No. 3**

All Documents related to the governance of Goodman Networks, GNET ATC, Multiband

Field Services, Goodman MBE Group GP LLC, and Goodman MBE Group LP.

**Request No. 4**

All Documents related to the governance of AMRR.

**Request No. 5**

All Documents identifying your employment, contracts, roles or positions with Goodman

Networks, GNET ATC, Multiband Field Services, Goodman MBE Group GP LLC, and Goodman

MBE Group LP and the relevant time periods of such employments, contracts, roles and positions.

**Request No. 6**

All Documents related to the following wire transfers from the bank account of Goodman

Networks, identifiable as account *4352 at Prosperity Bank, to AMRR:

| Date | Amount |
|---|---|
| January 11, 2022 | $8,000,000.00 |
| January 12, 2022 | $8,000,000.00 |
| January 13, 2022 | $8,000,000.00 |
| January 14, 2022 | $7,925,000.00 |
| January 18, 2022 | $8,000,000.00 |
| January 28, 2022 | $4,075,000.00 |

**Request No. 7**

All Documents related to the following wire transfers from the bank account of Goodman

Networks, identifiable as account *4352 at Prosperity Bank:

| Date | Transferee | Amount |
|---|---|---|
| 10/29/2021 | GENESIS | $236,883.48 |
| 12/29/2021 | WINSTEAD | $160,450.60 |
| 2/3/2022 | Hudson Clean Energy Enterprises LLC | $17,032,060.00 |
| 2/18/2022 | RBC Capital Markets, LLC | $2,000,000.00 |

67125958.v1

| 10/29/2021 | Genesis-Enterprises | $236,883.48 |
| 11/4/2021 | GNET ATC | $3,622.69 |
| 12/16/2021 | Goodman Networks – Prosperity Account *1838 | $4,200,000.00 |
| 12/22/2021 | Goodman Networks – Prosperity Account *1838 | $2,000,000.00 |
| 12/29/2021 | WINSTEAD | $160,450.60 |
| 2/3/2022 | Hudson Clean Energy Enterprises LLC | $17,032,060.00 |
| 2/18/2022 | RBC Capital Markets, LLC | $2,000,000.00 |
| 3/11/2022 | Goodman Networks – Prosperity Account *1838 | $6,175,403.71 |
| 6/28/2022 | Goodman Networks – Prosperity Account *1838 | $28,755.50 |
| 7/7/2022 | Goodman Networks – Prosperity Account *1838 | $16,966.00 |

**Request No. 8**

All Documents related to the Related Party Interests, including any closing binders.

**Request No. 9**

All Documents authorizing or purporting to authorize the Related Party Interests, including any resolutions, minutes, consents, or other governing documents made by any board, officer, controller, member, shareholder, or agent of Goodman Networks, GNET ATC, and Multiband Field Services, 18920 NW, AMRR, Genesis, Goodman Telecom, or Unified Field Services.

**Request No. 10**

All Communications related to the Related Party Interests, the AMRR Note, and the Bankruptcy Case.

**Request No. 11**

All Communications with the following Persons and related to the Related Party Interests, the AMRR Note, and the Bankruptcy Case:

| John Goodman | Stephanie Elmore |
| James Goodman | James Frinzi |
| Jonathan Goodman | Anthony Rao |
| Jody Goodman | Christopher Grant |
| Jason Goodman | Russell Nelms |
| Madison Goodman | John Debus |
| Joseph Hart | Marshall Green |
| Cathy Kincy | Mark Keiffer |

67125958.v1

| Brad Kozma | Joshua Eppich |
|---|---|
| Samantha Sondrup | Bobby Forshey |
| David Parham | Adam Swick |
| Laura Tavares | Andrea Hartley |
| AMRR | 18920 NW |
| Goodman Telecom | Genesis |
| Akerman LLP | ForsheyProstok, LLP |
| Bonds Ellis Eppich Schafer Jones LLP | Haynes and Boone, LLP |
| Winstead PC | Hudson Clean Energy Enterprises LLC |
| RBC Capital Markets, LLC | GIH, LLC |
| CFGI, LLC | RSM US LLP |
| Grant Thornton LLP | Baker Tilly Virchow Krause, LLP |
| Marsh & McLennan Agency, LLC | Clark Hill PLC |
| Reed Smith LLP | Reed Smith LLP |
| Ogletree, Deakins, Nash, Smoak & Stewart, P.C. | Seyfarth Shaw LLP |
| Vedder Price PC | |

**Request No. 12**

All Communications to, from, cc, or bcc the following emails and related to the Related

Party Interests, the AMRR Note, and the Bankruptcy Case:

| samantha.sondrup@gnetatc.com. | james.frinzi@gnetatc.com. |
|---|---|
| samantha.sondrup@multibandglobal.com | james.frinzi@multibandglobal.com. |
| samantha.sondrup@amrresources.com | james.frinzi@amrresources.com. |
| ssondrup@goodmannetworks.com | james.frinzi@goodmannetworks.com. |
| ssondrup@goodmansolutions.com | james.frinzi@goodmansolutions.com. |
| ssondrup@goodmannetworks.net | james.frinzi@goodmannetworks.net. |
| sfields@goodmannetworks.com | johart@goodmannetworks.com |
| sfields@goodmansolutions.com | johart@goodmansolutions.com |
| sfields@goodmannetworks.net | johart@goodmannetwork.net |
| david.parham@akerman.com | bforshey@forsheyprostok.com |
| laura.taveras@akerman.com | jasong@goodmansolutions.com |
| andrea.hartley@akerman.com | jasong@goodmannetworks.net |
| adam.swick@akerman.com | jasong@goodmannetworks.com |
| joshua@bondsellis.com | arao@goodmannetworks.com |
| james.goodman@genesisnet.com | arao@goodmansolutions.com |
| selmore@goodmansolutions.com | arao@goodmannetwork.net |
| selmore@goodmannetworks.net | arao@genesisnet.com |
| selmore@goodmannetworks.com | anthony.rao@getunified.com |
| cathykincy@genesisnet.com | mgoodman@goodmansolutions.com |
| jodyg@goodmansolutions.com | mgoodman@goodmannetworks.com |
| jodyg@goodmannetworks.com | mgoodman@goodmannetworks.net |

67125958.v1

| | |
|---|---|
| jodyg@goodmannetworks.net | jamesg@goodmannetworks.com |
| jonathang@goodmannetworks.com | jamesg@goodmannetworks.net |
| jonathang@goodmannetworks.net | jamesg@goodmansolutions.com |
| jonathang@goodmansolutions.com | jsgoodman@goodmannetworks.com |
| mgreen@goodmansolutions.com | jsgoodman@goodmannetworks.net |
| mgreen@goodmannetworks.com | jsgoodman@goodmansolutions.com |
| mgreen@goodmannetworks.net | bkozma@goodmansolutions.com |
| jdebus@goodmansolutions.com | bkozma@goodmannetwork.com |
| jdebus@goodmannetworks.com | bkozma@goodmannetworks.net |
| jdebus@goodmannetworks.net | brad.kozma@getunified.com |
| John.debus@getunified.com | cgrant@goodmansolutions.com |
| mkeiffer@goodmansolutions.com | cgrant@goodmannetworks.com |
| mkeiffer@goodmannetworks.com | cgrant@goodmannetworks.net |
| mkeiffer@goodmannetworks.net | |

**Request No. 13**

All Documents evidencing who was directing the actions of Goodman Networks from October 1, 2021, through the date of receipt of these Requests.

**Request No. 14**

All Documents identifying the authenticity of the signatories to the AMRR Note.

**Request No. 15**

All Documents evidencing any salary, bonus, commission, fees, expenses, securities, options, interests, or other pay or consideration received by you from Goodman Networks, GNET ATC, and Multiband Field Services, including any received by your Affiliates, including Goodman Telecom, Goodman MBE Group GP LLC, and Goodman MBE Group LP.

**Request No. 16**

All Documents related to the involuntary bankruptcy case of Goodman Networks or the consideration by Goodman Networks, GNET ATC, or Multiband Field Services to voluntarily file bankruptcy.

67125958.v1