**HUNTON ANDREWS KURTH LLP**

Philip M. Guffy
600 Travis Street, Suite 4200
Houston, Texas 77002
Tel: 713-220-4200
Fax: 713-220-4285
Email: pguffy@huntonak.com

-and-

Paul N. Silverstein
Brian Clarke
200 Park Avenue
New York, NY 10166
Tel: (212) 309-1000
Email: psilverstein@huntonak.com
       brianclarke@huntonak.com

*Special Counsel to UMB Bank, National Association
as Indenture Trustee, and Counsel to the Majority Noteholder Group*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| GOODMAN NETWORKS, INC., | § | Case No. 22-31641 (MVL) |
| | § | |
| Debtor. | § | **Relates to Docket No. 214** |
| | § | |

**RESPONSE AND OBJECTION TO TRUSTEE'S MOTION
FOR APPROVAL OF LIMITED COMPROMISE AND SETTLEMENT
WITH DEBTOR, JOHN GOODMAN, AND GOODMAN MBE GROUP, LP**

UMB Bank, National Association, as indenture trustee (the "**Indenture Trustee**") and the

Majority Noteholder Group,[1] for their response and objection (this "**Objection**") to the *Trustee's*

---

[1] The Majority Noteholder Group consists of beneficial holders of a majority of the 8% Senior Secured Notes due 2022 (the "**Notes**") issued by Goodman Networks, Inc., which include petitioning creditors JLP Credit Opportunity Master Fund Ltd., JLP Credit Opportunity IDF Series Interests of the SALI Multi-Series Fund, L.P., JLP Institutional Credit Master Fund LP, and Alimco Re Ltd.

*Motion for Approval of Limited Compromise and Settlement with Debtor, John Goodman, and Goodman MBE Group, LP* [Docket No. 214] (the "**Settlement Motion**")[2] filed by Scott Seidel as chapter 7 trustee (the "**Chapter 7 Trustee**") of the estate of Goodman Networks, Inc. (the "**Debtor**"), respectfully represent:

1. As indicated at the status conference before this Court on February 15, 2023, counsel to the Majority Noteholder Group "orchestrated" the consensual dismissal of the Conversion Motion because the costs and time of opposing and defeating such motion were very significant to all parties and to this Court. Thus, in exchange for a voluntary dismissal of the Conversion Motion by John Goodman, the Majority Noteholder Group was agreeable to having the Debtor's estate release claims against John Goodman and his counsel in the amounts of $450,000 and $50,000, respectively, both of which amounts were paid pursuant to the Consulting Agreement; *provided that* John Goodman and his affiliates and cohorts agreed not, in any way, to impair, hinder, or prejudice, the Chapter 7 Trustee's administration of the estate, or any creditor's efforts to maximize the value of the Debtor's assets, including the value of any collateral security held by any creditor. Given the circumstances, and the direction from the Majority Noteholder Group, the Indenture Trustee likewise supports a consensual dismissal of the Conversion Motion upon the terms and circumstances set forth herein.

2. That said, for the reasons set forth below, the limited settlement set forth in the Proposed Settlement is not sufficiently limited and does not set forth the terms of the settlement sufficiently to warrant support by the Indenture Trustee and the Majority Noteholder Group and approval by this Court. Significantly, in paragraph 1 of the Proposed Settlement, the Chapter 7 Trustee appears to have recognized that the Indenture Trustee and the Majority Noteholder Group

---

[2] Capitalized terms used but not defined herein have the meanings given to them in the Settlement Motion.

and other parties and interest would have issues with the Proposed Settlement that needed to be addressed: "If the Bankruptcy Court, approves, some, but not all of this Agreement, the Parties shall have the option, but not the obligation, to revise the Agreement to conform to the Bankruptcy Court's ruling . . . ."

3. For the Indenture Trustee and the Majority Noteholder Group to support the Proposed Settlement, and for the same to warrant this Court's approval, the following matters must be revised, so they are crystal clear:

    A. John Goodman, GMBE, and H&B are only being released for the money they received pursuant to the Consulting Agreement: i.e., the $450,000 paid to John Goodman and the $50,000 paid to H&B. Nothing else should be released under the Proposed Settlement, including, without limitation, releases for any acts or omissions by any party under, or pursuant to, the Consulting Agreement, and otherwise.

    B. No other parties, including any family members or affiliates of John Goodman, are receiving any release whatsoever.

    C. John Goodman, and any party working in concert with him, including any of his family members or affiliates, shall not in any way, interfere with or impair, hinder or prejudice, the Chapter 7 Trustee's administration of the estate, or any creditor's efforts to maximize the value of the Debtor's assets, including the value of any collateral security, held by any creditor of the Debtor. This would include all matters relating to the Debtor's ownership of 19% of Greater Tech Holdings, Inc., a company majority owned and controlled by John Goodman. If there is any such interference, impairment, or prejudice, then John Goodman would receive no release.

4. The Indenture Trustee and the Majority Noteholder Group recognize that the general standard for approval of 9019 motion is that the settlement for which approval is being sought is within the lowest range of reasonableness. *Vaughn v. Drexel Burnham Lambert Group, Inc. (In re Drexel Burnham Lambert Group, Inc.)*, 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991). As a consequence, motions under rule 9019 tend to be approved by courts.

5. Here, however, the members of the Majority Noteholder Group who filed the involuntary chapter 7 petition against the Debtor and the other joining creditors have been the

3

primary parties litigating the Conversion Motion at considerable time and expense. These creditors have the genuine economic stake in the outcome of this matter. As noted above, counsel to the Majority Noteholder Group was instrumental in bringing about the withdrawal of the Conversion Motion. While the Majority Noteholder Group and other creditors appreciate the Chapter 7 Trustee's efforts here, the Chapter 7 Trustee drafted the Proposed Settlement without any input from the Indenture Trustee, the Majority Noteholder Group, or any other creditor. In doing so, the Chapter 7 Trustee did not precisely reflect all the terms any settlement requires to warrant approval by this Court. The creditors, not the Chapter 7 Trustee, should be given deference with respect to important details of this consensual resolution.

6. The clarifications to the Proposed Settlement offered by the Indenture Trustee and the Majority Noteholder Group are consistent with a consensual resolution of this matter: a narrowly tailored release of certain claims against John Goodman and his personal counsel in exchange for withdrawal of the Conversion Motion. It would be totally contrary to a consensual resolution if John Goodman, having gotten to walk away with the $450,000 he paid himself from estate funds, was then able to turn around and impair and frustrate the creditor recoveries and efforts to maximize the value of the Debtor's estate. It should be non-controversial to require John Goodman and anyone working in concert with him, as a condition of receiving any release, not to undermine, interfere with, or prejudice efforts to maximize the value of the estate's assets. If he does so, there would be no justification to give him a release with respect to a payment he made to himself while pursuing his own pecuniary interests.

7. To be clear, the Majority Noteholder Group only suggested this settlement framework as a way of avoiding the time and expense of litigating a matter on which they believed they would ultimately prevail. The value of the claims being released under the Proposed

4

Settlement are less than the costs the Majority Noteholder Group and the other creditors would incur litigating to conclusion John Goodman's quest to put a non-operating debtor with no prospects of reorganization into chapter 11 under the ultimate control of insiders who looted millions of dollars from the company. Significantly, no party in interest other than John Goodman and his family members, all likely targets of postpetition litigation, supported the Conversion Motion. Accordingly, cause would clearly exist to convert this case back to chapter 7 if it were to be converted to chapter 11, which is sufficient to defeat the Conversion Motion.[3]

WHEREFORE, the Indenture Trustee and the Majority Noteholder Group respectfully request that the Court decline to approve the Proposed Settlement absent the clarifications set forth above and grant such other and further relief as may be just and proper.

---

[3] *See Original Petitioners' Objection to Debtor's Motion to Convert Chapter 7 Case to Chapter 11*[Docket No. 150] at 16-23 (citing, *inter alia*, *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365, 375 (2007); *In re Daughtrey*, 896 F.3d 1255, 1276 (11th Cir. 2018); *Dan Thomason & Assocs., LLC v, Breakwell*, No. 3:10-CV-00379-K, 2010 WL 3385025, at *1 (N.D. Tex. Aug. 25, 2010); *In re Euro-Am. Lodging Corp.*, 365 B.R. 421, 425 (Bankr. S.D.N.Y. 2007); *In re Broad Creek Edgewater, LP*, 371 B.R. 752, 758 (Bankr. D.S.C. 2007); *In re Eugene Alexander, Inc.*, 191 B.R. 920, 924 (Bankr. M.D. Fla. 1994).

Dated:  March 20, 2023
       Houston, Texas

Respectfully Submitted,

*/s/ Philip M. Guffy*
Philip M. Guffy (TX Bar No. 24113705)
**HUNTON ANDREWS KURTH LLP**
600 Travis Street, Suite 4200
Houston, Texas  77002
Tel:      713-220-4200
Fax:     713-220-4285
Email:  pguffy@huntonak.com

 -and-

Paul N. Silverstein
Brian Clarke
**HUNTON ANDREWS KURTH LLP**
200 Park Avenue
New York, NY 10166
Tel:     (212) 309-1000
Email: psilverstein@huntonak.com
        brianclarke@huntonak.com

*Special Counsel to UMB Bank, National Association, as Indenture Trustee, and Counsel to the Majority Noteholder Group*

### CERTIFICATE OF SERVICE

    I certify that on March 20, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas and.

*/s/ Philip M. Guffy*
Philip M. Guffy

DMS 301559804v4