

Ross Tower
500 N. Akard Street, Suite 3800
Dallas, Texas 75201-6659
Main 214.855.7500
Fax 214.855.7584
munsch.com

Direct Dial 214.855.7587
Direct Fax 214.978.5359
drukavina@munsch.com

# NOTICE OF DEFAULT AND INTENTION TO ACCELERATE

April 20, 2023

<u>By Federal Express Overnight</u>

MBG Holdings, Inc.
Attn: James Frinzi, Director & CEO
4301 Westbank Dr. B-110
Austin, Texas 78746

Re:   Notice of Default and Intention to Accelerate regarding indebtedness evidenced by that certain Secured Promissory Note (the "<u>Note</u>") dated January 21, 2022, made by American Metals and Recycling, Inc. n/k/a MBG Holdings, Inc. ("<u>Maker</u>") and payable to the order of GNET ATC Inc. ("<u>Lender</u>") in the original principal amount of $44,000,000.00, secured by the Collateral described and defined in the Security Agreement (the "<u>Security Agreement</u>") dated the same date executed by Maker in favor of Lender

Mr. Frinzi:

This law firm represents the Lender[1] with respect to Maker's obligations under the Note and Security Agreement.

This letter constitutes formal notice that the Maker has committed numerous payment defaults under the terms of the Note by failing to make the monthly installments of principal required by the Note. Specifically, the Note requires monthly payments of principal in "equal monthly payments starting on September 23, 2022." Maker has made no such payment on September 23, 2022 or at any time thereafter. As of the date of this letter, Maker has failed to make at least seven (7) such monthly payments. Each monthly payment of such principal is at least $1,189,189.19.[2] Thus, Maker has failed to pay at least $8,324,324.33 on the Note. For purposes of this letter, and reserving all rights, Lender is prepared to credit Maker's prior payment of $700,000.00 against the foregoing principal payments, resulting in defaults in the payment of monthly principal amounts of $7,624,324.33.

Accordingly, the total amount of principal due and unpaid as of April 20, 2023 is $7,624,324.33. Accrued unpaid interest as of April 20, 2023 is $5,543,794.00, but none of such interest is currently due and unpaid. As a consequence of the principal payment defaults, the Security Agreement is also in

---

[1] This firm also represents Scott. M. Seidel, as trustee for Goodman Networks, Inc. ("<u>Goodman</u>") and its bankruptcy estate. To the extent that the Note, Security Agreement, and related rights are property of Goodman, which issue nothing in this letter is intended to prejudice, then this letter is sent on behalf of Goodman as well. Any payment by Maker shall be applied against the Note regardless of whether the Note and related rights are owned by Goodman or Lender.

[2] Lender reserves the right to argue that principal should be repaid in 29 equal monthly payments as opposed to 27.

MBG Holdings, Inc.
April 20, 2023
Page 2

default. Pursuant to the terms of the Security Agreement, Lender is entitled, among other remedies, to declare all of the indebtedness under the Note immediately due and payable.

This letter is formal notice of Maker's default and of **Lender's demand for Maker to pay Lender,** on or before 10:00 a.m., May 26, 2023, the sum of $7,624,324.33, representing the aggregate amount of principal now due and payable.[3] Please note that the payment of this amount does not relieve the Maker of the requirement to also pay monthly principal under the Note for the months of April and May, 2023, in addition to all other months. If payment of the above amount is not received by the Lender by the date and time mentioned in the preceding sentence, the **Lender will accelerate the indebtedness and upon such acceleration all of the outstanding unpaid principal and accrued unpaid interest under the Note as of such date shall become immediately due and payable in full.** If the maturity date of the Note is accelerated as set forth in the preceding sentence, then Lender may seek to recover at its sole discretion the full amount outstanding under the Note or otherwise owed to Lender in connection with the Note and Security Agreement, and any and all other costs and expenses incurred by Lender as allowed by applicable law. Lender may, at its sole option and in its sole discretion, also enforce its rights and remedies under the Security Agreement with respect to the Collateral as defined in the Security Agreement.

Payment should be made and delivered to the Lender at the following address:

GNET ATC Inc.
c/o Scott M. Seidel
6505 W. Park Blvd., Suite 306
Plano TX 75093

or wire transfer per the instructions attached hereto.

Please note that interest has continued, and will continue, to accrue on the outstanding principal indebtedness in accordance with the terms of the Note until all principal is paid in full.

The Lender reserves all of its rights and remedies under the Note and the Security Agreement. Nothing contained in this letter is intended to waive any default or event of default, waive any rights, remedies, or recourse available to Lender, or be an election of remedies resulting from any default that may exist now or in the future with respect to the Note and Security Agreement.[4]

---

[3] It has been alleged that Lender has assigned one-half of its interests in the Note to 18920 NW 11th LLC ("18920"). Lender disputes any such allegation, the alleged fact of such assignment, and reserves all rights with respect to the same. Nothing herein shall constitute any admission of any such assignment or a waiver or any of Lender's rights. To the extent that Maker cures its defaults hereunder, Lender shall segregate and hold in escrow one-half of such payment pending a resolution or adjudication of 18920's alleged interests in the Note. In no event shall any alleged dispute between the Lender and 18920 provide Maker any defense to payment or right to avoid paying on its defaults. Absent agreement between the Lender and 18920, any payment by Maker to 18920 shall not relieve Maker of its defaults to the Lender and under this letter, and Maker is instructed that the Lender shall not recognize any such payment for any application to the Note. Absent such agreement, no payment to 18920 shall be effective.

[4] Nothing in this letter should be construed as limiting the rights, claims, and causes of action of the Lender or Goodman Networks, Inc. as against Maker or anyone affiliated with maker to the Note and the Security Agreement.

If Maker is a debtor in bankruptcy proceedings subject to the provisions of the United States Bankruptcy Court (Title 11, United States Code, herein the "Code"), this letter is merely intended to be written notice that formal demand has been made in compliance with the loan documents and applicable law, and is not an act to collect, assess or recover a claim against the Maker, nor is this letter intended to violate any provision of the Code. Any and all claims that Lender asserts against Maker will be properly asserted in compliance with the Code in the bankruptcy proceeding.

Sincerely,

Davor Rukavina, Esq.

DR:

cc: Matthew Okin, Esq. [by e-mail]
Eric English, Esq. [by e-mail]

# WIRE TRANSFER INSTRUCTIONS

## Domestic Wires

| Wire transfer to: | Pinnacle Bank<br>150 3rd Avenue South<br>Nashville, TN 37201 |
|---|---|
| ABA Routing Number: | 064008637 |
| Beneficiary Name: | Scott M. Seidel ATF GOODMAN NETWORKS, INC. |
| Address: | 6505 West Park Blvd., Suite 306<br>Plano, TX |
| Account Number: | 9952320023 |
| Case Reference: | 22-31641-MVL / GOODMAN NETWORKS, INC. |
| Originator to Beneficiary Notes: | |