Matthew S. Okin
Texas Bar No. 00784695
James W. Bartlett, Jr.
Texas Bar No. 00795238
Edward A. Clarkson, III
Texas Bar No. 24059118
Okin Adams Bartlett Curry LLP
1113 Vine Street, Suite 240
Houston, Texas 77002
Tel: (713) 228-4100
Fax: (346) 247-7158
mokin@okinadams.com
jbartlett@okinadams.com
eclarkson@okinadams.com

ATTORNEYS FOR MBG HOLDINGS INC.,
F/K/A AMERICAN METALS RECOVERY AND RECYCLING INC.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** § | | |
| § | | **Chapter 7** |
| **GOODMAN NETWORKS, INC.,** § | | |
| § | | **Case No. 22-31641 (MVL)** |
| **Debtor.** § | | |

**MBG HOLDINGS INC., F/K/A AMERICAN METALS RECOVERY AND RECYCLING INC.'S OBJECTION TO TRUSTEE'S EXPEDITED MOTION FOR ORDER DIRECTING RULE 2004 EXAMINATION OF MBG HOLDINGS, INC. F/K/A AMERICAN METALS RECOVERY AND RECYCLING INC.**

[Related Docket No. 234]

MBG Holdings Inc., f/k/a American Metals Recovery and Recycling Inc. ("***MBG***"), files this *Objection* (the "***Objection***") to the *Trustee's Expedited Motion for Order Directing Rule 2004 Examination of MGB Holdings, Inc. f/k/a American Metals Recovery and Recycling Inc.* [Docket No. 234] (the "***Motion***"), and respectfully states as follows:

**PRELIMINARY STATEMENT**

1. The Motion, and accompanying document requests (the "***Document Requests***") seek to circumvent the standard discovery process afforded to potentially adverse contract counterparties, specifically borrowers and secured lenders, by tenuously claiming that Scott M.

Seidel (the "*Trustee*"), trustee for debtor Goodman Networks, Inc. (the "*Debtor*") in the above-captioned bankruptcy proceeding (the "*Bankruptcy Case*"), is entitled to broad discovery under Federal Rule of Bankruptcy Procedure 2004 ("*Rule 2004*") from MBG regarding MBG and its subsidiaries based upon a Secured Promissory Note and Security Agreement between MBG and GNET ATC, LLC ("*GNET*"), a wholly-owned subsidiary of the Debtor. Certain facts salient to this Objection are either undisputed or undisputable, including the following:

(a) The parties to the Secured Promissory Note are "GNET ATC INC." [sic],[1] as "Lender," and American Metals Recovery and Recycling Inc. (n/k/a MBG Holdings Inc.), as "Maker";

(b) GNET, the "Lender" under the Secured Promissory Note, is not a debtor in bankruptcy;

(c) MBG is not a party to the Bankruptcy Case;

(d) Neither subsidiary of MBG is a party to the Bankruptcy Case;

(e) Neither subsidiary of MBG is a signatory to the Secured Promissory Note;

(f) Neither subsidiary of MBG is a guarantor on the Secured Promissory Note;

(g) The parties to the Security Agreement are "GNET ATC INC." [sic], as "Secured Party," and American Metals Recovery and Recycling Inc. (n/k/a MBG Holdings Inc.), as "Grantor";

(h) Neither subsidiary of MBG is a signatory to the Security Agreement;

(i) Neither subsidiary of MBG is a "Grantor" under the Security Agreement; and

(j) Neither of MBG's subsidiaries' assets are pledged as "Collateral" under the Security Agreement.

2.    Despite all of this, the Trustee seeks to use the Document Requests (and by extension Rule 2004) to reach down through the Debtor to its subsidiary GNET, then over to

---

[1] GNET is actually a limited liability company.

MBG HOLDINGS INC., F/K/A AMERICAN METALS RECOVERY AND RECYCLING INC.'S OBJECTION TO TRUSTEE'S EXPEDITED MOTION FOR ORDER DIRECTING RULE 2004 EXAMINATION OF MGB HOLDINGS, INC. F/K/A AMERICAN METALS RECOVERY AND RECYCLING INC. – Page 2.

4896-1322-6844, v. 6

MBG, and then down to MBG's subsidiaries to obtain discovery regarding their assets and operations. This is improper.

3. While Rule 2004 allows for broad discovery to be conducted, the Document Requests far exceed that scope by seeking information regarding the assets and liabilities of a third-party's subsidiary not in bankruptcy.

4. Notwithstanding the issues regarding the Motion and Document Requests detailed below, counsel for MBG has worked in good faith with counsel for the Trustee to come to a consensual agreement to produce certain documents voluntarily, as would be typical of a secured lender/borrower relationship. Indeed, MBG conferred with counsel for the Trustee on April 11, 2023, to reach an agreement regarding the production of certain documents contingent upon the execution of a non-disclosure agreement. Trustee's counsel indicated that they "had the pen" regarding the drafting of a non-disclosure agreement, but, to date, no such non-disclosure agreement has been circulated.[2] Attached hereto as **Exhibit "B"** are communications between counsel for MBG and the Trustee regarding the execution of a non-disclosure agreement after the April 11, 2023 conference.

5. Regardless of the Trustee's counsel's failure to deliver a draft non-disclosure agreement, MBG has begun gathering documents responsive to some of the Document Requests and is willing to voluntarily produce those documents once an acceptable non-disclosure

---

[2] Previously, on February 16, 2023, counsel for MBG sent a draft non-disclosure agreement to counsel for the Trustee with the caveat that it was still subject to client review. Counsel for MBG followed up with counsel for the Trustee regarding the draft non-disclosure agreement on February 21, 2023. On February 28, 2023, counsel for the Trustee emailed counsel for MBG an executed version of the non-disclosure agreement, but with unilateral modification of certain terms. On March 8, 2023, after conferring with his client, counsel for MBG revised the draft non-disclosure agreement further and circulated the draft to counsel for the Trustee. This draft of the non-disclosure agreement remained with counsel for the Trustee without any comments for weeks. Indeed, counsel for MBG followed up with counsel to the Trustee on March 29, 2023 and April 5, 2023 via email inquiring as to the status of the non-disclosure agreement. Instead of proposing additional modifications, the Trustee filed the Motion. Copies of emails referenced in this footnote are attached hereto as **Exhibit "A."**

MBG HOLDINGS INC., F/K/A AMERICAN METALS RECOVERY AND RECYCLING INC.'S OBJECTION TO TRUSTEE'S EXPEDITED MOTION FOR ORDER DIRECTING RULE 2004 EXAMINATION OF MGB HOLDINGS, INC. F/K/A AMERICAN METALS RECOVERY AND RECYCLING INC. – Page 3.

4896-1322-6844, v. 6

agreement has been executed.[3] Further, MBG has offered to make its financial advisor available to work with the Trustee's financial advisor to help facilitate the exchange of information. This offer of cooperation, however, has been met with silence from the Trustee.

6. MBG believes that the Trustee's Motion and the Document Requests far exceed the scope of Rule 2004, and, moreover, the prosecution of this Motion at this time is an inefficient use of both the parties' and the Court's resources. On this basis, the relief requested in the Motion should be denied.

## FACTUAL BACKGROUND

7. On January 21, 2022, American Metals Recovery and Recycling Inc., as "Maker," and GNET ATC Inc. [sic], as "Lender," entered into that certain Secured Promissory Note (the "***Secured Promissory Note***") in the amount of $44,000,000.

8. On January 21, 2022, American Metals Recovery and Recycling Inc., as grantor, and GNET entered into that certain Security Agreement (the "***Security Agreement***").

9. Upon information and belief, Debtor Goodman Networks, Inc. entered into a Settlement Agreement with 18920 NW 11th LLC ("***18920***") whereby the Debtor assigned, among other things, 50% of the Promissory Note to 18920.

10. On April 5, 2023, the Trustee filed the Motion.

11. On April 20, 2023, the Trustee delivered a *Notice of Default and Intention to Accelerate* the Promissory Note.

---

[3] MBG's stock is publicly traded. As a publicly reporting company, MBG cannot turnover non-public financial information to the Trustee without proper restrictions on the use and disclosure of such information.

MBG HOLDINGS INC., F/K/A AMERICAN METALS RECOVERY AND RECYCLING INC.'S OBJECTION TO TRUSTEE'S EXPEDITED MOTION FOR ORDER DIRECTING RULE 2004 EXAMINATION OF MGB HOLDINGS, INC. F/K/A AMERICAN METALS RECOVERY AND RECYCLING INC. – Page 4.

4896-1322-6844, v. 6

**OBJECTION**

A. **THE MOTION AND DOCUMENT REQUESTS FAR EXCEED THE SCOPE OF RULE 2004**

12. "The one seeking to conduct a 2004 examination has the burden of showing good cause for the examination which it seeks." *In re Express One Int'l*, 217 B.R. 215, 217 (Bankr. E.D. Tex. 1998) (quoting *In re Eagle-Picher Industries, Inc.*, 169 B.R. 130, 134 (Bankr. S.D. Ohio 1994)). "Generally, good cause requires a showing that the examination sought is necessary to establish the claim of the party seeking the examination, or the denial of such request would cause the proposed examiner undue hardship or injustice." *Id*. (quoting *In re Dinubilo*, 177 B.R. 932, 940 (E.D. Cal. 1993)). "Furthermore, if the cost and disruption to the examinee attendant to a requested examination outweigh the benefits to the examiner, the request should be denied." *Id*. (quoting *Eagle-Picher*, 169 B.R. at 134).

13. "[B]ankruptcy courts have described discovery under Rule 2004 as a 'fishing expedition.'" *In re Martelli, Case No.*, Case No. 16-20968, 2017 Bankr. LEXIS 2015, *9-11 (Bankr. W.D.N.Y. July 20, 2017) (citing *In re Spoto*, Case No. 14-21357, 2015 Bankr. LEXIS 1711, at *5 (Bankr. W.D.N.Y. May 21, 2015)) (citing *In re Roman Catholic Church of the Diocese of Gallup*, 513 B.R. 761, 764 (Bankr. D.N.M. 2014)); *In re Enron Corp.*, 281 B.R. 836, 839 (Bankr. S.D.N.Y. 2002); *In re Coffee Cupboard, Inc.*, 128 B.R. 509, 514 (Bankr. E.D.N.Y. 1991). "But a fishing expedition under Rule 2004 is not a license without restrictions" and "[e]very fisherman knows that there are catch limits and other constraints on fishing expeditions. So too with Rule 2004." *Martelli*, 2017 Bankr. Lexis 2015 at 9-11.

14. The scope of a Rule 2004 exam should not "stray into matters which are not relevant to the basic inquiry… **[such as] matters having no relationship to the debtor's affairs and no effect on the administration of his estate**." *In re Mitchell*, Case No. 18-40736, 2019

MBG HOLDINGS INC., F/K/A AMERICAN METALS RECOVERY AND RECYCLING INC.'S OBJECTION TO TRUSTEE'S EXPEDITED MOTION FOR ORDER DIRECTING RULE 2004 EXAMINATION OF MGB HOLDINGS, INC. F/K/A AMERICAN METALS RECOVERY AND RECYCLING INC. – Page 5.

4896-1322-6844, v. 6

Bankr. LEXIS 658, at *16-17 (Bankr. D. Idaho Mar. 5, 2019) (internal citations omitted) (emphasis added). "Administration of an estate involves realizing the movable assets and paying out of them any debts and other claims against the estate." *Martelli*, 2017 Bankr. LEXIS 2015 at *9-11 (quoting Administration, Black's Law Dictionary (10th ed. 2014)). Stated simply, "such an exam is not intended to be a fishing expedition of a third party's assets." *In re Downs*, Case No. 16-12589, 2021 Bankr. LEXIS 2839, at *31 (Bankr. C.D. Cal. Oct. 13, 2021).

15. While Rule 2004 is considered fairly broad, it does have limits. Specifically, Rule 2004 is limited to inquiries regarding the assets and liabilities of a debtor, not the assets and liabilities of a third-party or its subsidiaries not in bankruptcy. Moreover, Rule 2004 is limited to "basic inquiry," and is not a tool for full litigation discovery. *See generally Mitchell*, 2019 Bankr. LEXIS 658, at *16-17. The Trustee's Document Requests far exceed "basic inquiry," and seek information beyond what is necessary to establish any potential claims the Trustee may have. Here, the Trustee seeks to use Rule 2004 to investigate the business affairs of MBG's subsidiaries and to seek full discovery for litigation which he has not yet filed.[4]

16. Specifically, as discussed above, MBG is a borrower under the Secured Promissory Note held by GNET, a wholly owned, non-debtor subsidiary of the Debtor. The Document Requests, however, come from the Trustee of GNET's parent company, Debtor Goodman Networks, Inc., and seek broad discovery regarding the affairs and operations of MBG's wholly owned subsidiaries—neither of whom are borrowers or guarantors under the Secured Promissory Note.[5] Although the Security Agreement purports to provide GNET with a lien over all of MBG's assets, it clearly does not provide GNET a lien on the assets of MBG's

---

[4] In reality, most of the requests are aimed towards eventual collection or seem to be seeking to discovery whether derivative actions such as fraudulent transfer claims exist with regard to MBG or its non-borrower subsidiaries.

[5] In this regard, and as discussed above, neither MBG subsidiary is a signatory to the Promissory Note or the Security Agreement, and neither has executed an upstream guarantee regarding the Promissory Note.

MBG HOLDINGS INC., F/K/A AMERICAN METALS RECOVERY AND RECYCLING INC.'S OBJECTION TO TRUSTEE'S EXPEDITED MOTION FOR ORDER DIRECTING RULE 2004 EXAMINATION OF MGB HOLDINGS, INC. F/K/A AMERICAN METALS RECOVERY AND RECYCLING INC. – Page 6.

4896-1322-6844, v. 6

subsidiaries. The Trustee is relying on his alleged lien on MBG's equity in its subsidiaries, but he has not even clearly established that such a lien has been granted to GNET.[6]

17. Furthermore, neither the text of the Promissory Note nor the text of the Security Agreement afford GNET (or the Trustee) rights to the types of information sought by the Document Requests. In fact, both documents are silent as to any financial reporting by MBG to GNET (much less the Debtor/Trustee). Accordingly, the Trustee cannot rely solely on the Promissory Note and Security Agreement to request documents. Instead, the Trustee is attempting to use the Debtor's Bankruptcy Case—and Rule 2004—to request documents that even GNET is not otherwise entitled to under the applicable documents. These types of broad Document Requests are representative of what might be expected coming from a committee of unsecured creditors served on a debtor, not served on a third-party not in bankruptcy. This is an inappropriate use of Rule 2004 as it far exceeds the "basic inquiry" into the assets and liabilities of the debtor, nor does it relate to the administration of the Bankruptcy Case.

18. In fact, many of the Document Requests themselves are exceedingly broad and pose an undue burden on MBG. Not only is the Trustee asserting the rights of its subsidiary not in bankruptcy, GNET, the Trustee is seeking discovery regarding the subsidiaries of MBG as MBG is a holding company that does not hold substantial assets. The Trustee should not be allowed to bootstrap the Debtor's Bankruptcy Case to request documents under Rule 2004 from a third-party or such third-parties' subsidiaries regarding the Secured Promissory Note and Security Agreement that he would not otherwise be entitled to under such documents.

---

[6] Specifically, the Security Agreement excludes from the definition of "Collateral" (as defined in the Security Agreement) "all securities or shares of [American Metals Recovery and Recycling Inc.], as well as any securities or shares that [American Metals Recovery and Recycling Inc.] hereafter acquires in the ordinary course of business . . . ." Security Agreement, at § 2(a). Since the equity of MBG's subsidiaries was purchased after execution of the Security Agreement as part of MBG's ordinary business operations (at the time the Security Agreement was executed MBG's business purpose was to acquire operating entities), this seems to exclude the equity in the subsidiaries from GNET's lien.

MBG HOLDINGS INC., F/K/A AMERICAN METALS RECOVERY AND RECYCLING INC.'S OBJECTION TO TRUSTEE'S EXPEDITED MOTION FOR ORDER DIRECTING RULE 2004 EXAMINATION OF MGB HOLDINGS, INC. F/K/A AMERICAN METALS RECOVERY AND RECYCLING INC. – Page 7.

19. Even assuming that a few of the Document Requests are appropriate, many of them far exceed the scope of Rule 2004 examination conducted on a third-party. Below are a few examples from the Document Requests that exceed the scope of a Rule 2004 examination:

**Document Request No. 8.** Copies of any transaction documents and any board resolutions, valuations or any other analyses performed in connection with any related party transactions including, but not limited to, any transactions with or for the benefit of James Frinzi and any person related to him or entity controlled by him.

**Document Request No. 10.** Payroll and other pay registers from January 1, 2022 which disclose payments to employees and contractors that are appropriately redacted for sensitive personal data including social security or national identification numbers, bank account or credit card numbers, biometric data, racial or ethnic origin, religion, trade union membership, or criminal records.

**Document Request No. 14.** A copy of MBG's and its subsidiaries' current accounting system and system recorded or produced data in electronic format, or alternately, the provision for Trustee's designate to be authorized to remotely access such system to review and analyze financial data and transactions.

20. These types of Document Requests clearly are not relevant to the basic inquiry of evaluating the value of the Debtor's equity interest in GNET, the collectability of the Secured Promissory Note, or the general administration of the Bankruptcy Case, but rather, are pre-litigation discovery requests to which the Trustee would not otherwise be entitled.

21. That said, in an effort to work cooperatively with the Trustee, counsel for MBG has offered to make its financial advisor available to work with the Trustee's financial advisors to facilitate the exchange of information in a cost-effective manner. Additionally, MBG has also started the process of gathering certain relevant documents for production upon the execution of a non-disclosure agreement. Since April 11, 2023, however, counsel for the Trustee has not engaged with MBG in any meaningful way to work cooperatively in this process. The Trustee is now seeking an order from this Court to order the production of documents that reach beyond a reasonable document request of a third-party and into full litigation discovery.

MBG HOLDINGS INC., F/K/A AMERICAN METALS RECOVERY AND RECYCLING INC.'S OBJECTION TO TRUSTEE'S EXPEDITED MOTION FOR ORDER DIRECTING RULE 2004 EXAMINATION OF MGB HOLDINGS, INC. F/K/A AMERICAN METALS RECOVERY AND RECYCLING INC. – Page 8.

4896-1322-6844, v. 6

## B. EVEN IF THE MOTION IS GRANTED, THE TRUSTEE MUST SERVE A SUBPOENA UNDER FEDERAL RULE OF CIVIL PROCEDURE 45.

22. "[P]ersonal jurisdiction over a non-debtor third party witness in a Rule 2004 context is properly established by serving a subpoena pursuant to under Rule 45." *In re Correra*, 589 B.R. 76, 109-110 (Bankr. N.D. Tex. 2018). "When an order is entered compelling a witness (who is not a debtor and is not otherwise a party-in-interest—such as a creditor who files a proof of claim) to submit to an examination pursuant to Rule 2004, a subpoena should be served, in addition to the order to compel attendance, as provided for in Rule 9016 (which makes applicable Fed. R. Civ. Proc. 45 in cases under the Bankruptcy Code)." *Id*. "[I]t is arguably an extraordinary thing—to take a deposition that is often referred to as a "fishing expedition," and to ask for documents, from a non-party witness who has not been sued, is not suing, and is possibly far away or otherwise somewhat detached from the bankruptcy court." *Id.* at 110.

23. With respect to the Motion and the relief requested therein, it should be noted that MBG is not a creditor and not a party to the Bankruptcy Case. Accordingly, a simple Motion and accompanying Document Requests, are not enough to confer jurisdiction over MBG. The Trustee will need to have this Motion granted and formally serve a third-party subpoena on MBG under Federal Rule of Civil Procedure 45. At that point, MBG will have all available rights, defenses, and objections, to quash such subpoena and object to any such Document Requests.[7]

24. Judge Jernigan has found that as a technical matter, an order granting a Rule 2004 examination of a third-party should also be accompanied by a subpoena under Federal Rule of Civil Procedure 45. *See Correra,* 589 B.R. at 109. While the Trustee will likely have little issue

---

[7] Specifically, in responding to this Motion, MBG reserves all rights, defenses, and objections in responding to any properly served subpoena including, but not limited to, objecting to specific document requests that may accompany such properly served subpoena, and respectfully does not consent to general jurisdiction over it in this Court.

MBG HOLDINGS INC., F/K/A AMERICAN METALS RECOVERY AND RECYCLING INC.'S OBJECTION TO TRUSTEE'S EXPEDITED MOTION FOR ORDER DIRECTING RULE 2004 EXAMINATION OF MGB HOLDINGS, INC. F/K/A AMERICAN METALS RECOVERY AND RECYCLING INC. – Page 9.

4896-1322-6844, v. 6

serving MBG properly with a third-party subpoena, MBG does expressly reserve all rights, defenses, and objections to such subpoena and accompanying document requests. MBG recognizes that a subpoena and objection process would increase the administrative costs to both the Trustee and MBG and has offered to voluntarily produce many documents relevant to the Secured Promissory Note and Security Agreement to limit the administrative costs associated with a drawn-out discovery dispute. This, seemingly, has not been enough for the Trustee, and the Trustee wishes to have its more extraordinary document requests to a third-party granted in a summary fashion in this Motion.

## Conclusion

25. MBG is willing to provide documents to the Trustee voluntarily upon agreement of the scope of certain document requests and does not see that a court order is necessary at this time. Indeed, it seems that a court order and subsequent subpoena process will only limit the actual production of documents while the parties engage in a costly discovery dispute in which there exists a simple solution. This delay will only inhibit the Trustee's ability to quickly analyze his estate's assets and liabilities. The Motion should be denied without prejudice, or even abated, while the parties continue to work collaboratively to facilitate a reasonable discovery process.

[*Remainder of Page Intentionally Left Blank*]

MBG HOLDINGS INC., F/K/A AMERICAN METALS RECOVERY AND RECYCLING INC.'S OBJECTION TO TRUSTEE'S EXPEDITED MOTION FOR ORDER DIRECTING RULE 2004 EXAMINATION OF MGB HOLDINGS, INC. F/K/A AMERICAN METALS RECOVERY AND RECYCLING INC. – Page 10.

4896-1322-6844, v. 6

Respectfully submitted on this 25th day of April, 2023.

**OKIN ADAMS BARTLETT CURRY LLP**

By: /s/ *Matthew S. Okin*
Matthew S. Okin
Texas Bar No. 00784695
James W. Bartlett, Jr.
Texas Bar No. 00795238
Edward A. Clarkson, III
Texas Bar No. 24059118
1113 Vine Street, Suite 240
Houston, Texas 77002
Tel: (713) 228-4100
Fax: (346) 247-7158
Email: mokin@okinadams.com
Email: jbartlett@okinadams.com
Email: eclarkson@okinadams.com

**ATTORNEYS FOR MBG HOLDINGS INC., F/K/A AMERICAN METALS RECOVERY AND RECYCLING INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2023, a true and correct copy of this document, with all exhibits, was served via email on Davor Rukavina, drukavina@munsch.com, Brenda Funk, bfunk@munsch.com, and Thomas Bergman, tbergman@munsch.com, all counsel for Scott Seidel, trustee for the above-captioned bankruptcy case, and the Court's CM/ECF system to all parties consenting to service through the same.

By: /s/ *Matthew S. Okin*
Matthew S. Okin

MBG HOLDINGS INC., F/K/A AMERICAN METALS RECOVERY AND RECYCLING INC.'S OBJECTION TO TRUSTEE'S EXPEDITED MOTION FOR ORDER DIRECTING RULE 2004 EXAMINATION OF MGB HOLDINGS, INC. F/K/A AMERICAN METALS RECOVERY AND RECYCLING INC. – Page 11.

4896-1322-6844, v. 6