**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| Goodman Networks, Inc. d/b/a | § | Case No. 22-31641-mvl7 |
| Goodman Solutions, | § | |
| | § | |
| Debtor. | § | |

## DECLARATION OF JOHN A. GOODMAN

I, John A. Goodman, pursuant to 28 U.S.C. § 1746, to the best of my knowledge and belief, and after reasonable inquiry, declare:

1. I am over eighteen and have never been convicted of a felony or other crime involving moral turpitude, and do not suffer from any mental or physical disability that would render me incompetent to make this declaration. I am able to swear, and I hereby do swear, that all of the statements in this declaration are true and correct and within my personal knowledge or are known to me by reason of my position and involvement in this proceeding and/or through my responsibilities under that certain *Consulting Agreement* dated as of October 4, 2022 (the "Consulting Agreement") by and between Goodman Networks, Inc. ("GN" or the "Debtor") on the one hand and Goodman MBE Group LP ("MBE" or the "Consultant") on the other hand.

2. Pursuant to the Consulting Agreement, MBE was appointed to provide certain consulting services and I was appointed as the representative of MBE to assist in carrying out those consulting services.

3. In my capacity as representative of the Consultant, I became familiar with GN's assets and liabilities as well as its corporate structure. One of GN's subsidiaries is an entity named GNET ATC LLC ("GNET"). As the representative for the Consultant, and in that capacity, I focused on one of GNET's primary assets which is a loan obligation owed by American Metals

1

Recovery and Recycling Inc. ("AMRR") pursuant to that certain Secured Promissory Note dated as of January 21, 2022, with the stated principal amount of $44,000,000 (the "AMRR Note"). In reviewing the AMRR Note, and with the assistance of GN's legal counsel, I concluded that AMRR was in default under the terms of the loan agreement.

4. The CEO of AMRR is James Frinzi. Mr. Frinzi is also the former CEO of GN. I have known Mr. Frinzi for many years. After learning of the existence of AMRR Note, I reached out to Mr. Frinzi to discuss AMRR's obligations under the AMRR Note. In consultation with GN's legal counsel, I had a number of conversations with Mr. Frinzi to discuss the repayment and/or restructuring of AMRR's obligations under the AMRR Note. In November 2022, with the assistance of GN's legal counsel, I discussed the entry into a forbearance agreement with AMRR. Mr. Frinzi was initially cooperative and engaged in various discussions with me regarding the AMRR Note, the forbearance agreement, and related issues. However, in November 2022, Mr. Frinzi ceased all communications with me and began to ignore my requests to continue discussing the AMRR Note. Since November 2022, Mr. Frinzi has refused to provide any information to me regarding the AMRR Note or related matters. It is my understanding that Mr. Frinzi has also refused to provide information to GN's legal counsel.

[Signature Page Follows]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing Declaration of John A. Goodman is true and correct.

Dated: April 25, 2023

By: _/s/ John A. Goodman_____
John A. Goodman