**BUTLER SNOW LLP**
Adam M. Langley (admitted *pro hac vice*)
R. Campbell Hillyer (admitted *pro hac vice*)
6075 Poplar Avenue, Suite 500
Memphis, TN 38119
Telephone: (901) 680-7316
adam.langley@butlersnow.com

and

Candice Carson (TX Bar No. 24074006)
2911 Turtle Creek Blvd., Suite 1400
Dallas, Texas 75219
Telephone: (469) 680-5502
candice.carson@butlersnow.com

*Counsel for FedEx Supply Chain Logistics & Electronics, Inc.*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| GOODMAN NETWORKS, INC. | § | Case No. 22-31641 (MVL) |
| | § | |
| Debtor. | § | **Relates to Docket No. 234, 242** |
| | § | |

## FEDEX SUPPLY CHAIN LOGISTICS & ELECTRONICS, INC.'S JOINDER TO TRUSTEE'S EXPEDITED MOTION FOR ORDER DIRECTING RULE 2004 EXAMINATION OF MBG HOLDINGS, INC. G/K/A AMERICAN METALS RECOVERY AND RECYCLING INC. AND LIMITED RESPONSE AND RESERVATION OF RIGHTS RELATED TO MBG HOLDINGS INC'S OBJECTION THERETO

FedEx Supply Chain Logistics & Electronics, Inc. ("FSCLE") files this joinder to the relief requested in the *Trustee's Expedited Motion for Order directing Rule 2004 Examination of MGB Holdings, Inc. f/k/a American Metals Recovery and Recycling Inc.* (Doc. No. 234) (the "Motion") and its limited response and reservation of rights to *MBG Holdings Inc's Objection* thereto (Doc. No. 242) (the "Objection").

1

## PRELIMINARY STATEMENT

1. FSCLE is a significant creditor of Goodman Networks, holding a claim in an amount equal to $81,158,452.82, exclusive of any interest, costs, attorney fees, or punitive, special, exemplary or others damages that FSCLE is entitled to as a matter of law or equity. FSCLE may also hold an interest in certain assets taken by Goodman Networks and conveyed to MBG Holdings Inc. f/k/a American Metals Recovery and Recycling Inc. ("MBG" or "AMRR") and its related parties.

2. The Trustee seeks an examination and documents from MBG pursuant to Bankruptcy Rule 2004. The Trustee's Motion is well-founded and necessary to investigate the acts, conduct, or property, liabilities, and financial condition of the Goodman Networks and to properly administer Goodman Networks estate because MBG received $44 million from a Goodman Networks' bank account at a time when MBG had $138.00 in assets.[1] The business reasons and purposes of this $44 million transfer need to be understood.

3. FSCLE, as the estate's largest creditor, joins the relief sought in the Motion to participate in the examination of MBG and receiving copies of documents produced.

4. Moreover, FSCLE responds to the Motion and Objection and reserves its rights related to certain factual statements made related to MBG and the documents and assets associated with it. The facts and circumstances surrounding the transfer of $44 million are suspect to say the least. MBG and the Trustee make numerous factual characterizations in the Motion and the Objection about MBG, the $44 million, and the documents and instruments related thereto. None of these factual characterizations are material to the relief requested in the Motion, which is a simple Rule 2004 examination. FSCLE, therefore, reserves its rights related to the factual

---

[1] Indeed, the $44 million was a 31,884,058% increase in assets on hand for MBG.

representations in the Motion and the Objection and nothing therein should be deemed to prejudice FSCLE or the estate; such that, certain facts, allegations, claims, or rights shall not be deemed to be an accepted, waived, released, consented to, or other affirmed. FSCLE does not waive or release, and expressly reserves, all rights and remedies at law or in equity that it has or may have against Goodman Networks, MBG and/or any other person or entity.

## BACKGROUND

5.  On December 10, 2021, Goodman Networks transferred $500,000 from its Prosperity Bank account to the East West Bank account of Multiband Global Resources LLC ("Multiband Global"), which was used by Multiband Global to buy the majority of stock in AMRR.

6.  As of December 31, 2021, AMRR had $138.00 in total assets.[2]

7.  Goodman Networks and its co-conspirators, including James Frinzi, who was the CEO of Goodman Networks, caused at least $44 million to be taken from FSCLE and transferred to AMRR (the "AMRR Transfers").

8.  The AMRR Transfers[3] are as follows:

| Date | Transferee | Amount |
|---|---|---|
| 1/11/2022 | AMRR | $8,000,000.00 |
| 1/12/2022 | AMRR | $8,000,000.00 |
| 1/13/2022 | AMRR | $8,000,000.00 |
| 1/14/2022 | AMRR | $7,925,000.00 |
| 1/18/2022 | AMRR | $8,000,000.00 |
| 1/28/2022 | AMRR | $4,075,000.00 |
|  | TOTAL | $44,000,000.00 |

---

[2] AMRR 10K for y/e December 31, 2021 (the "AMRR 10k") at 10, https://www.sec.gov/Archives/edgar/data/1488638/000121465922007525/g52622010k.htm.
[3] The AMRR Transfers were from an account that only received FSCLE funds.

9. Only after Goodman Networks caused $39,925,000.00 of AMRR Transfers, a Secured Promissory Note ("AMRR Note") and a Security Agreement were made to purportedly "document" the transaction. And, there are multiple anomalies:

   a. The purported "lender" related to the AMRR Note is "GNET ATC Inc.," which is an entity that does not exist. GNET is an assumed name of Goodman Networks, which is a corporation. GNET ATC, LLC, is a subsidiary of Goodman Networks and a limited liability. It is unclear why the lender is identified as GNET ATC Inc., especially since the purported "funds" came from a Goodman Networks' bank account.

   b. The AMRR Note is purported to be executed by James Goodman as Chairman for GNET ATC, Inc., and James Frinzi as CEO for AMRR. But, James Goodman was Chairman for Goodman Networks. GNET ATC, LLC, was controlled by its member.

   c. James Goodman testified at his deposition that he did not sign the AMRR Note or the Security Agreement and that it his signature was forged.

   d. James Frinzi was the acting CEO for Goodman Networks, GNET ATC, LLC, and AMRR at the time the documents were signed. He testified at this deposition that James Goodman authorized him to enter into the AMRR Note and Security Agreement.

   e. The AMRR Note has purportedly been transferred to other shell companies including GNET ATC, LLC, 18920 NW 11th LLC ("18920 NW"), and NewCo De 22, Inc.

   f. At the time of the making of the AMRR Note, James Frinzi was a fiduciary for Goodman Networks, GNET ATC, LLC, and MBG.

   g. James Frinzi and his related entities appear to be the controlling persons of MBG.

10. From publicly available information, on February 1, 2022, AMRR acquired 100% of the membership interest of AMR Resources, LLC ("AMR Resources") for $40,407,647 in cash from OnePath Systems, LLC.[4] OnePath formed AMR Resources to facilitate this transaction and transferred to AMR Resources the assets related to its integrated services business. *Id*.

11. On November 4, 2022, AMRR amended and restated its Articles of Incorporation and changed its name to MBG.[5] Multiband Global has been renamed as HSB Holdings, LLC, and James Frinzi appears to be the sole member of Multiband Global.[6]

## ARGUMENT

12. FSCLE seeks to participate in the examination of MBG to understand this web of transactions. Its participation will not add any substantial burden to MBG and will aid the Trustee's examination and investigation.

13. The Motion is well-justified as the assets of MBG and its related parties all appear to derive from the acts and conduct of the Debtor and its insiders. Indeed, it is prudent for the Trustee and FSCLE to examine MBG to determine whether MBG is holding assets and property of the estate that were wrongfully obtained. "The purpose of a Rule 2004 examination is to determine the condition, extent, and location of the debtor's estate in order to maximize distribution to unsecured creditors." *In re Lufkin*, 255 B.R. 204, 208 (Bankr. E.D. Tenn. 2000).

14. The Document Requests are not exceedingly broad and do not pose an undue burden on MBG. MBG had $138.00 in assets at the time of the AMRR Transfers; therefore, everything related to MBG is relevant to the Trustee's examination of the estate's rights related to MBG.

## LIMITED RESPONSE AND RESERVATION OF RIGHTS

---

[4] AMRR 10Q for the quarter ended September 30, 2022 ("AMRR 3Q 10Q") at 4, https://www.sec.gov/Archives/edgar/data/1488638/000121465922013989/am111022010q.htm.

15. Both the Motion and the Objection make characterizations of numerous facts that may be material to this Bankruptcy Case. MBG states what it calls "undisputed or undisputable" facts in paragraph 1, enumerated subsections (a) through (j), of the Objection and states additional facts in paragraphs 7-11. In paragraphs 5-14 of the Motion, the Trustee makes many factual characterizations. At this state of the case, these factual characterizations by the MBG and the Trustee should not bind FSCLE or the estate in the assertion of any rights in this case. Specifically, MBG and Trustee each characterize certain transactions and the AMRR Note in manners that may not align with applicable legal and equitable standards.

16. None of these factual characterizations are material to the relief requested in the Motion, which is a simple Rule 2004 examination. FSCLE, therefore, reserves its rights related to the factual representations in the Motion and the Objection and nothing therein should be deemed to prejudice FSCLE or the estate; such that, certain facts, allegations, claims, or rights shall not be deemed to be an accepted, waived, released, consented to, or other affirmed. FSCLE does not waive or release, and expressly reserves, all rights and remedies at law or in equity that it has or may have against Goodman Networks, MBG and/or any other person or entity.

**WHEREFORE**, FSCLE joins the relief requested in the Motion and reserves its rights as stated above.

Dated: April 25, 2023

> Respectfully submitted,
> **BUTLER SNOW LLP**
> */s/ Adam M. Langley*
> Adam M. Langley (admitted *pro hac vice*)
> R. Campbell Hillyer (admitted *pro hac vice*)
> Gadson William Perry (admitted *pro hac vice*)
> 6075 Poplar Avenue, Suite 500

---

[5] AMRR 3Q 10Q at 15.
[6] AMRR Schedule 14C, dated December 2, 2022, at 2-3.

        Memphis, TN 38119
        Telephone: (901) 680-7316
        adam.langley@butlersnow.com
        cam.hillyer@butlersnow.com
        will.perry@butlersnow.com
        Candice Carson (TX Bar No. 24074006)
        2911 Turtle Creek Blvd., Suite 1400
        Dallas, Texas 75219
        Telephone: (469) 680-5502
        candice.carson@butlersnow.com
        *Counsel for FedEx Supply Chain Logistics*
        *& Electronics, Inc.*

## **CERTIFICATE OF SERVICE**

I, Candice M. Carson, certify that the foregoing pleading was filed electronically through the Court's ECF system and served electronically on all parties enlisted to receive service electronically in this case.

Dated: April 25, 2023

        */s/ Candice M. Carson*
        CANDICE M. CARSON

68811033.v1