Davor Rukavina, Esq.
Texas Bar No. 24030781
Thomas D. Berghman, Esq.
Texas Bar No. 24082683
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas  75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584

ATTORNEYS FOR SCOTT M. SEIDEL, TRUSTEE

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 7 |
| GOODMAN NETWORKS, INC., | § | |
| | § | Case No. 22-31641-mvl-7 |
| Debtor. | § | |

**TRUSTEE'S MOTION UNDER BANKRUPTCY RULE 9019 FOR
APPROVAL OF COMPROMISE WITH RUSSELL F. NELMS**

**NO HEARING WILL BE CONDUCTED HEREON, AND THE HEARING SCHEDULED ON THIS MOTION MAY BE CANCELLED WITHOUT FURTHER NOTICE, UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT EARLE CABELL FEDERAL BUILDING, 1100 COMMERCE ST., RM. 1254, DALLAS, TX 75242-1496, BEFORE CLOSE OF BUSINESS ON <u>JUNE 5, 2023</u>, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

TO THE HONORABLE MICHELLE V. LARSON, U.S. BANKRUPTCY JUDGE:

COMES NOW Scott M. Seidel (the "Trustee"), the duly appointed chapter 7 trustee of the bankruptcy estate (the "Estate") of Goodman Networks, Inc. (the "Debtor"), the debtor in the above styled and numbered bankruptcy case (the "Bankruptcy Case"), and files this his *Motion Under Bankruptcy Rule 9019 for Approval of Compromise with Russell F. Nelms* (the "Motion"), respectfully stating as follows:

### Relief Requested

1. By this Motion, and pursuant to Bankruptcy Rule 9019, the Trustee requests that the Court approve that certain compromise and settlement (the "Proposed Settlement"), as set forth herein and as embodied in and effectuated by the *Stipulation and Agreed Order Granting Trustee's Motion for Approval of Compromise with Russell F. Nelms* submitted herewith (the "Proposed Order"), between the Trustee, and Russell F. Nelms ("Nelms"), pursuant to which Nelms has agreed (i) to reduce his claim for outstanding fees, (ii) to have such claim for such reduced fees and reimbursable expenses be allowed and paid from funds he holds in his possession, as an allowed secured claim, (iii) to remit the balance of funds held to the Trustee, and (iv) to the exchange of mutual releases.

### Procedural And Factual Background

2. The Court has jurisdiction over this Motion under 28 U.S.C. § 1334. Said jurisdiction is core under 28 U.S.C. § 157(b)(2). Venue of the Bankruptcy Case before this Court is proper under 28 U.S.C. §§ 1408 and 1409.

3. On September 6, 2022 (the "Petition Date"), various creditors of the Debtor filed an involuntary petition against the Debtor under Chapter 7 of the Bankruptcy Code, thereby initiating the Bankruptcy Case and creating the Estate.

4. On or about December 9, 2022, the Debtor, through its representative John Goodman, purportedly retained Nelms to act as an independent director of the Debtor, memorialized by that certain Engagement Agreement, dated December 11, 2022. The Engagement Agreement provided that Nelms would be compensated for his services rendered on an hourly basis and for reimbursement of expenses and provided for certain indemnifications (the "Engagement Agreement"). Pursuant to the Engagement Agreement, Nelms was provided a retainer in the amount of $150,000 (the "Initial Retainer").

5. On December 12, 2022, the Court entered an Order for Relief. [Docket No. 132]. On December 14, 2022, the United States Trustee appointed the Chapter 7 Trustee as interim chapter 7 trustee for the Debtor [Docket No. 141]. Thereafter, the Trustee was appointed as the Chapter 7 trustee of the Estate.

6. On January 9, 2023, Nelms resigned as a director of the Debtor.

7. During his tenure as an Independent Director, Nelms asserts that he was actively involved in various litigation matters concerning the Debtor, including efforts to convert the case from an involuntary Chapter 7 to a Chapter 11 proceeding and the production of various financial information and discovery in connection therewith (the "Services").

8. After the Order for Relief was entered, at the request of the Trustee, Nelms transferred to the Trustee, the total amount of $120,000 of the Initial Retainer, leaving a retainer balance in Nelms's possession of $30,000 (the "Present Retainer").

9. In connection with his rendering of the Services, Nelms asserts that he incurred fees, for services rendered, in the total amount of $30,330.00 (the "Actual Fees") and incurred reimbursable expenses in the amount of $1,846.62 (the "Expenses"). Pursuant to the Engagement Agreement, Nelms asserts that he is entitled to payment for services rendered and reimbursed

expenses, in the amount of $32,146.62, plus other expenses entitled to be reimbursed (the "Fee Claim").

10. On April 5, 2023, Nelms filed his Proof of Claim [POC No. 27] (the "Nelms POC"), asserting the Fee Claim, as a secured claim, and providing supporting documentation, itemizing the Services rendered (as detailed in individual time records and detailed expenses").

11. Nelms asserts that the Fee Claim is secured by Nelms's possession of the Present Retainer.

### Proposed Settlement

12. By this Motion, the Trustee requests that the Court approve the Proposed Settlement, pursuant to which Nelms has agreed to reduce the amount of Actual Fees for the Services, by twenty-five (25%) percent (the "Reduced Fees"), in exchange for the allowance and payment of his secured claim for the Reduced Fees and reimbursable expenses, and the exchange of comprehensive, mutual releases.  The Proposed Settlement is more fully described, evidenced and effectuated by and through the Proposed Order, which Proposed Order controls over an inconsistency with this Motion, and is attached hereto as Exhibit "A", and is incorporated herein by reference. The following is a summary of the key provisions of the Settlement and the Proposed Order.

- Nelms will have an allowed secured claim for the total of the Reduced Fees, in the amount of $22,500, plus reimbursement of expenses incurred, in the amount of $1,846.62, plus recoverable costs for attorneys' fees (of not less than $1350) (the "Allowed Secured Claim");

- Nelms shall be permitted to be paid the Allowed Secured Claim from the Present Retainer;

• After satisfaction of the Allowed Secured Claim, Nelms shall remit the balance of the Present Retainer to the Trustee;

• The Estate and Nelms shall mutually release each other from any and all potential claims and liabilities, which each may hold against the other, related in any way to this bankruptcy case, the Engagement Agreement and/or the Estate;

• The settlement is subject to Bankruptcy Court Approval.

## ARGUMENTS AND AUTHORITIES

13. Bankruptcy Rule 9019 provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." FED. R. BANKR. P. 9019(a). Under that Rule, the Court should approve a settlement only if it is "fair and equitable and in the best interests of the estate." *In re Foster Mortgage Corp.*, 68 F.3d 914, 917 (5th Cir. 1995). The factors to consider include "(1) the probability of success in the litigation, with due consideration for the uncertainty in fact and law, (2) the complexity and likely duration of the litigation and any attendant expense, inconvenience and delay, and (3) all other factors bearing on the wisdom of the compromise." *Id*. Such other factors include the reasonable views of creditors, although such views are not binding, and "the extent to which the settlement is truly the product of arms-length bargaining, and not of fraud or collusion." *Id*. at 918. *See also Official Comm. Of Unsecured Creditors v. Cajun Elec. Power Coop. Inc. (In re Cajun Elec. Power Coop. Inc.)*, 119 F.3d 349, 356 (5th Cir. 1997); *Rivercity v. Herpel (In re Jackson Brewing Co.)*, 624 F.2d 559, 602 (5th Cir. 1960).

14. The Court need not conduct a mini-trial on the underlying claims; rather, the Court "must apprise itself of the relevant facts and law so that it can make an informed and intelligent decision." *In re Age Ref. Inc.*, 801 F.3d 530, 541 (5th Cir. 2015) (internal quotation

omitted). The settlement need not result in the best possible outcome for the Estate, but must not "fall beneath the lowest point in the range of reasonableness." *Vaughn v. Drexel Burnham Lambert Group, Inc. (In re Drexel Burnham Lambert Group, Inc.)*, 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991). Finally, the Trustee is entitled to employ his reasonable business judgment in proposing a settlement, and that judgment is entitled to reasonable deference from the Court where, as here, the proposed settlement is not between insiders:

> The Trustee's decision to settle must represent the interests of the bankruptcy estate and its creditors and is reviewed under the 'business judgment rule.' Under the business judgment rule, the challenging party must establish that the course of action chosen by the fiduciary was outside the parameters of what a rational and reasonably informed businessperson might select. The business judgment rule creates a presumption in favor of the fiduciary.

*In re Woodberry*, 629 B.R. 239, 243 (Bankr. E.D. Mich. 2021) (internal quotations omitted).

15. Here, the Trustee believes that the Proposed Settlement is fair, equitable, and in the Estate's best interests, for at least the following reasons:

   a. Nelms has asserted a Fee Claim for services rendered, and expenses incurred, under an alleged valid and enforceable Engagement Agreement, and such claim is within the range of reasonableness for such services rendered;

   b. Nelms's claim is alleged to be secured by the Present Retainer and is entitled to be paid;

   c. The Trustee has negotiated a reduction of Nelms's Actual Fee Claim, in order to result in the possibility of additional funds being paid to the Estate;

   d. The Trustee believes that obtaining a mutual release between the parties is in the best interest of the Estate;

   e. Litigating against Nelms regarding the foregoing will cost the Estate significantly more than the amount in controversy.

   f. The Settlement was negotiated at arm's length, and in good faith, in order to efficiently and equitably resolve this Fee Claim. There are no undisclosed agreements. This is not an "insider" settlement.

16. The Trustee further requests that the Settlement and Order approving same shall

be effective immediately, and the requirements of Rule 6004(h), Fed.R.Bankr.P., to the extent applicable, sought to be waived.

17. The Trustee further requests that this Court retain jurisdiction with respect to all matters arising under or related to this Settlement, including any disputes that may arise, and to interpret, implement and/or enforce provisions of this Settlement or order approving same.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, the Trustee respectfully requests that the Court: (i) grant this Motion by entering the Proposed Order; (ii) approve the Proposed Settlement; (iii) authorize and direct the Trustee to perform all actions required by the Proposed Order; and (iv) grant the Trustee such other and further relief to which he may be justly entitled.

RESPECTFULLY SUBMITTED this 15th day of May, 2023.

        **MUNSCH HARDT KOPF & HARR, P.C.**

        By: /s/ Davor Rukavina
           Davor Rukavina, Esq.
           Texas Bar No. 24030781
           Thomas D. Berghman, Esq.
           Texas Bar No. 24082683
           3800 Ross Tower
           500 N. Akard Street
           Dallas, Texas 75201
           Telephone: (214) 855-7500
           Facsimile: (214) 855-7584

        **ATTORNEYS FOR SCOTT M. SEIDEL, TRUSTEE**

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this the 15th day of May, 2023, true and correct copies of this document, with the Proposed Order hereon, were served by the Court's ECF system on parties entitled to notice thereof and that, additionally, on the same date he caused true and correct copies of this document, with the Proposed Order thereon, to be served by U.S. first class mail, postage prepaid, on the parties listed on the attached Service List.

By: /s/ Davor Rukavina
Davor Rukavina, Esq.