**From:** Funk, Brenda [bfunk@munsch.com]
**Sent:** Friday, April 28, 2023 2:44 PM
**To:** James W. Bartlett, Jr. [jbartlett@okinadams.com]; Matthew Okin [mokin@okinadams.com]
**CC:** Berghman, Thomas [tberghman@munsch.com]; Rukavina, Davor [drukavina@munsch.com]
**Subject:** MBG Subpoena
**Attachments:** 2023.04.28 Subpoena to Produce Documents - MBG Holdings, Inc..pdf

James and Matt,
As discussed at the hearing, attached is the Subpoena to MBG Holdings.

Regards,
Brenda

**Brenda L. Funk**

Munsch Hardt Kopf & Harr, P.C.
700 Milam Street, Suite 800 / Houston, Texas 77002-2806

Direct: +1.713.222.5832 / bfunk@munsch.com / munsch.com

Notice: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. Nothing contained in this message or in any attachment shall constitute a contract or electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or any other statute governing electronic transactions.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____Northern_____ District of _____Texas_____

In re  Goodman Networks, Inc. d/b/a Goodman Solutions
Debtor

*(Complete if issued in an adversary proceeding)*

Case No.   22-31641

Chapter   7

_____
Plaintiff
v.
_____
Defendant

Adv. Proc. No.   _____

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To:  MBG Holdings, Inc. c/o Matthew Okin and James Bartlett, Okin Adams, LLP, 1113 Vine St., Ste 240, Houston, Texas 77002
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE | DATE AND TIME |
|---|---|
| Electronically to Thomas Berghman, Munsch, Hardt, Kopf & Harr, P.C. 500 N. Akard Street, Suite 1300, Dallas, Texas 75201-6659; tberghman@munsch.com | May 11, 2023 at 5:00 p.m. |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  April 28, 2023

CLERK OF COURT

OR

_____        /s/ Thomas Berghman
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* _____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 22-31641-mvl7    Doc 256-1    Filed 05/15/23    Entered 05/15/23 16:40:59    Desc
Exhibit 1    Page 3 of 8

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
     (i) is a party or a party's officer; or
     (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     (i) fails to allow a reasonable time to comply;
     (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
     (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     (i) disclosing a trade secret or other confidential research, development, or commercial information; or
     (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     (i) expressly make the claim; and
     (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**EXHIBIT A TO SUBPOENA**

**REQUESTS FOR PRODUCTION**

1. MBG's and each of its subsidiaries' corporate governance documents in effect at any time since January 1, 2022, including certificates of formation, articles of incorporation, certificates of designation of stock, bylaws, shareholder agreements and all other similar documents.

2. For each monthly, quarterly, and annual period commencing on January 1, 2022, each Balance Sheet, Income Statement, Statement of Cash Flows, and Statements of Changes in Equity of MBG and each of its subsidiaries on a consolidated and deconsolidated basis, accompanied by the disclosure notes to the financial statements as required by U.S. Generally Accepted Accounting Principles (U.S. GAAP).

3. A copy of MBG's and each of its subsidiaries' most current financial statements on a consolidated and deconsolidated basis, including Balance Sheet, Income Statement, Statement of Cash Flows, and Statements of Changes in Equity.

4. A copy of all segment reports for each quarterly period commencing on January 1, 2022 prepared in accordance with Financial Accounting Standards Board (FASB) Accounting Standards Codification (ASC) Topic 280.

5. A copy of all internal management reports regularly produced by MBG or any of its subsidiaries including, but not limited to budgets, financial plans and models, budget to actual comparison reports, key performance indicator reports (KPI), and sales reports.

6. A copy of any data room or portions of information customarily contained therein prepared or used in connection with the sale of Onepath Integrated Services to MBG in or around January 2022.

7. A copy of any valuation reports or studies prepared by MBG, it affiliates or any third parties regarding any assets of MBG or its subsidiaries.

8. Copies of any transaction documents and any board resolutions, valuations or any other analyses performed in connection with any related party transactions including, but not limited to, any transactions with or for the benefit of James Frinzi and any person related to him or entity controlled by him.

9. A copy of all investor or lender presentations prepared since July 1, 2022.

10. Payroll and other pay registers from January 1, 2022 which disclose payments to employees and contractors that are appropriately redacted for sensitive personal data including social security or national identification numbers, bank account or credit card numbers, biometric data, racial or ethnic origin, religion, trade union membership, or criminal records.

11. All organization charts prepared by MBG since January 1, 2022, that identifies corporate officers, managers, department heads and their positions within the Company that displays the hierarchical structure.

12. A current corporate ownership organizational chart the represents the ownership structure and relationships among the parent company, subsidiaries, affiliates, and joint ventures.

13. MBG's and its subsidiaries' depreciation and amortization schedules and copies of all federal and state income, sales, franchise, and other tax returns filed at any time since January 1, 2022.

14. A copy of MBG's and its subsidiaries' current accounting system and system recorded or produced data in electronic format, or alternately, the provision for Trustee's designate to be authorized to remotely access such system to review and analyze financial data and transactions.

15. A detailed description of MBG's internal information systems and network, including identification of its Enterprise Resource Planning (ERP) system, local and remote data and email server networks, and locations of files, file folders, or other repositories, of MBG's and its subsidiaries' business records responsive to this Request for Production.

16. Identification of each individual and accounting firm who has maintained control or custody of MBG's and its subsidiaries' business and accounting records.

17. A copy of each of MBG's and its subsidiaries' customer or client contracts, leases, or other material contracts, and all notices and communications related to or referencing any alleged default on any of the same.

18. Copies of any promissory note, security agreement, financing statement, mortgage, deed of trust, or other document or instrument by which MBG or any of its subsidiaries currently owes any creditor any funds, and all notices and communications related to or referencing any alleged default on any of the same, and any forbearance agreements related to the same.

19. Copies of any credit card statement issued to MBG or any of its subsidiaries or for which MBG or any of its subsidiaries is responsible for payment or did pay since January 1, 2022.

20. Copies of each of MBG's and its subsidiaries' bank statements or bank statements held in the name of any other entity which MBG had signatory authority over, since January 1, 2022.

21. Copies of any lease agreement, finance agreement, fractional agreement, or similar agreement under which any officer or director of MBG has flown privately (i.e., non-commercially) since January 1, 2022, and copies of all receipts, bills, and invoices, including for fuel, for any trip by any such officer or officer on a private plane since that time.

22. Minutes of each meeting of MBG's board of directors since January 1, 2022, including non-privileged presentations made to the board, and all resolutions of the board since January 1, 2022.

23. All communications, documents, records, and information provided by MBG or its subsidiaries to its outside accounting firm and/or auditor: (i) since October 1, 2022; or (ii) related to MBG's for 10-K for the period of December 31, 2022; or (iii) referencing, discussing, or mentioning MBG's obligations to Goodman Networks, Inc., GNET ATC, LLC, and/or 18920 NW 11th, LLC, and any transaction between MBG and any of the foregoing.

24. All communications between MBG and 18920 NW 11th, LLC at any time since January 1, 2022.

25. Letters of resignation from each officer, director, auditor, or outside accountant of MBG since January 1, 2022.

26. Employment contracts or other similar contract for each director and officer of MBG in place since January 1, 2022.

27. Expense reimbursement forms and receipts of each director and officer of MBG, including, but not limited to, James Frinzi since January 1, 2022.

4861-8570-4028v.1 013229.00016