Matthew S. Okin
Texas Bar No. 00784695
James W. Bartlett, Jr.
Texas Bar No. 00795238
Edward A. Clarkson, III
Texas Bar No. 24059118
Okin Adams Bartlett Curry LLP
1113 Vine Street, Suite 240
Houston, Texas 77002
Tel: (713) 228-4100
Fax: (346) 247-7158
mokin@okinadams.com
jbartlett@okinadams.com
eclarkson@okinadams.com

ATTORNEYS FOR MBG HOLDINGS INC.,
F/K/A AMERICAN METALS RECOVERY AND RECYCLING INC.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | **Chapter 7** |
| **GOODMAN NETWORKS, INC.,** | § | |
| | § | **Case No. 22-31641 (MVL)** |
| Debtor. | § | |

**MBG HOLDINGS INC., F/K/A AMERICAN METALS RECOVERY
AND RECYCLING INC.'S OBJECTIONS AND RESPONSES TO
THE GOODMAN TRUSTEE'S REQUEST FOR PRODUCTION**

To:   Thomas Berghman, Munsch Hardt, Kopf & Harr, P.C., 500 N. Akard Street, Suite 1300, Dallas, Texas 75201-6659, tberghman@munsch.com

MBG Holdings Inc., f/k/a American Metals Recovery and Recycling Inc. ("*MBGH*") serves the following *Objections and Responses* (the "*Objections and Responses*") upon Scott M. Seidel (the "*Goodman Trustee*"), trustee for debtor Goodman Networks, Inc. (the "*Debtor*") in the above-captioned bankruptcy proceeding, responding to the Goodman Trustee's *Requests for Production* (each a "*Document Request*" and collectively, the "*Document Requests*") served via subpoena pursuant to Fed. R. Civ. P. 45. MBGH reserves the right to amend and/or supplement

these Objections and Responses in accordance with the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure.

Respectfully submitted on the 11th day of May, 2023

**OKIN ADAMS BARTLETT CURRY LLP**

By: /s/ *James W. Bartlett, Jr.*
Matthew S. Okin
Texas Bar No. 00784695
James W. Bartlett, Jr.
Texas Bar No. 00795238
Edward A. Clarkson, III
Texas Bar No. 24059118
1113 Vine Street, Suite 240
Houston, Texas 77002
Tel: (713) 228-4100
Fax: (346) 247-7158
Email: mokin@okinadams.com
Email: jbartlett@okinadams.com
Email: eclarkson@okinadams.com

**ATTORNEYS FOR MBG HOLDINGS INC., F/K/A AMERICAN METALS RECOVERY AND RECYCLING INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2023, a true and correct copy of this document was served via email upon Davor Rukavina, drukavina@munsch.com, Brenda Funk, bfunk@munsch.com, and Thomas Bergman, tbergman@munsch.com, all counsel for the Goodman Trustee.

By: */s/ James W. Bartlett, Jr.*
James W. Bartlett, Jr.

## RESPONSES AND OBJECTIONS TO THE DOCUMENT REQUESTS

**Document Request No. 1.** MBG's and each of its subsidiaries' corporate governance documents in effect at any time since January 1, 2022, including certificates of formation, articles of incorporation, certificates of designation of stock, bylaws, shareholder agreements and all other similar documents.

> **Response:** MBGH objects to this Document Request on grounds that the phrase "all other similar documents" is vague and ambiguous because it fails to specify the documents sought with reasonable particularity.
>
> MBGH will produce the documents specifically referenced in this Document Request to the extent they exist.

**Document Request No. 2.** For each monthly, quarterly, and annual period commencing on January 1, 2022, each Balance Sheet, Income Statement, Statement of Cash Flows, and Statements of Changes in Equity of MBG and each of its subsidiaries on a consolidated and deconsolidated basis, accompanied by the disclosure notes to the financial statements as required by U.S. Generally Accepted Accounting Principles (U.S. GAAP).

> **Response:** MBGH objects on grounds that this Document Request is vague and ambiguous in that it uses capitalized but undefined terms. In responding to this Document Request, MBGH will give such terms their customary meanings in this context. MBGH furthermore objects on grounds that this Document Request is overly broad.
>
> MBGH is producing documents responsive to this Document Request, and has offered—and continues to offer—direct collaboration between MBGH's financial advisor and the financial advisor for the Goodman Trustee, subject to compliance in all respects with the Agreed Protective Order (the "***Protective Order***") entered on November 21, 2022 in Bankruptcy Case No. 22-31641 pending in the United States Bankruptcy Court for the Northern District of Texas (the "***Bankruptcy Court***"), and the Order Granting Trustee's Expedited Motion for Rule 2004 Examination of MBG Holdings[] Inc. f/k/a American Metals Recovery and Recycling Inc. (the "***Interim 2004 Order***") entered by the Bankruptcy Court on May 5, 2023.

**Document Request No. 3.** A copy of MBG's and each of its subsidiaries' most current financial statements on a consolidated and deconsolidated basis, including Balance Sheet, Income Statement, Statement of Cash Flows, and Statements of Changes in Equity.

> **Response:** MBGH objects on grounds that this Document Request is vague and ambiguous in that it uses capitalized but undefined terms. In responding to this Document Request, MBGH will give such terms their customary meanings in this context. MBGH furthermore objects on grounds that this Document Request is overly broad.
>
> MBGH is producing documents responsive to this Document Request, and has offered—and continues to offer—direct collaboration between MBGH's financial advisor and the

financial advisor for the Goodman Trustee, subject to compliance in all respects with the Protective Order and the Interim 2004 Order.

**Document Request No. 4.** A copy of all segment reports for each quarterly period commencing on January 1, 2022 prepared in accordance with Financial Accounting Standards Board (FASB) Accounting Standards Codification (ASC) Topic 280.

> **Response:** None.

**Document Request No. 5.** A copy of all internal management reports regularly produced by MBG or any of its subsidiaries including, but not limited to budgets, financial plans and models, budget to actual comparison reports, key performance indicator reports (KPI), and sales reports.

> **Response:** MBGH objects on grounds that this Document Request is not limited in scope in proportion to the needs of the Trustee's 2004 Examination and exceeds the scope of Fed. R. Bankr. P. 2004. The scope of a Rule 2004 exam should not "stray into matters which are not relevant to the basic inquiry... **[such as] matters having no relationship to the debtor's affairs and no effect on the administration of his estate**." *In re Mitchell*, Case No. 18-40736, 2019 Bankr. LEXIS 658, at *16-17 (Bankr. D. Idaho Mar. 5, 2019) (internal citations omitted) (emphasis added). "'Administration of an estate involves realizing the movable assets and paying out of them any debts and other claims against the estate.'" *In re Martelli*, Case No. 16-20983-PRW, 2017 Bankr. LEXIS 2015, at *9-11 (Bankr. W.D.N.Y. July 20, 2017) (quoting Administration, Black's Law Dictionary (10th ed. 2014)). Stated simply, "such an exam is not intended to be a fishing expedition of a third party's assets." *In re Downs*, Case No. 16-12589, 2021 Bankr. LEXIS 2839, at *31 (Bankr. C.D. Cal. Oct. 13, 2021). "Internal management reports regularly produced by MBGH or any of its subsidiaries including, but not limited to budgets, financial plans and models, budget to actual comparison reports, key performance indicator reports (KPI), and sales reports" are not relevant to the Trustee's administration of the Debtor's estate. Accordingly, this Document Request exceeds the scope of a Rule 2004 examination.

> MBGH's production of financial documents includes documents responsive to this Document Request.

**Document Request No. 6.** A copy of any data room or portions of information customarily contained therein prepared or used in connection with the sale of Onepath Integrated Services to MBG in or around January 2022.

> **Response:** MBGH objects to this Document Request on grounds that it is vague and ambiguous, as that transaction did not involve an entity named "Onepath Integrated Services."

> MBGH also objects on grounds that this Document Request is not limited in scope in proportion to the needs of the Trustee's 2004 Examination and exceeds the scope of Fed. R. Bankr. P. 2004. The scope of a Rule 2004 exam should not "stray into matters which

are not relevant to the basic inquiry... **[such as] matters having no relationship to the debtor's affairs and no effect on the administration of his estate**." *In re Mitchell*, 2019 Bankr. LEXIS 658, at *16-17 (internal citations omitted) (emphasis added). "'Administration of an estate involves realizing the movable assets and paying out of them any debts and other claims against the estate.'" *In re Martelli*, 2017 Bankr. LEXIS 2015, at *9-11 (Bankr. W.D.N.Y. July 20, 2017) (quoting Administration, Black's Law Dictionary (10th ed. 2014)). Stated simply, "such an exam is not intended to be a fishing expedition of a third party's assets." 2021 Bankr. LEXIS 2839, at *31 (Bankr. C.D. Cal. Oct. 13, 2021). Accordingly, this Document Request exceeds the scope of a Rule 2004 examination.

MBGH is producing the transaction documents relating to the OnePath Systems, LLC acquisition. In addition, MBGH is producing the valuation report referenced below in response to Document Request No. 7.

MBGH is willing to confer with counsel for the Goodman Trustee to narrow and clarify this Document Request.

**Document Request No. 7.** A copy of any valuation reports or studies prepared by MBG, it [sic] affiliates or any third parties regarding any assets of MBG or its subsidiaries.

**Response:** MBGH objects on grounds that this Document Request is not limited in scope in proportion to the needs of the Trustee's 2004 Examination and exceeds the scope of Fed. R. Bankr. P. 2004. The scope of a Rule 2004 exam should not "stray into matters which are not relevant to the basic inquiry... **[such as] matters having no relationship to the debtor's affairs and no effect on the administration of his estate**." *In re Mitchell*, 2019 Bankr. LEXIS 658, at *16-17 (internal citations omitted) (emphasis added). "'Administration of an estate involves realizing the movable assets and paying out of them any debts and other claims against the estate.'" *In re Martelli*, 2017 Bankr. LEXIS 2015 at *9-11 (quoting Administration, Black's Law Dictionary (10th ed. 2014)). Stated simply, "such an exam is not intended to be a fishing expedition of a third party's assets." *In re Downs*, 2021 Bankr. LEXIS 2839, at *31. The documents requested in this Document Request are not relevant to the Trustee's administration of the Debtor's estate. Accordingly, this Document Request exceeds the scope of a Rule 2004 examination.

MBGH also objects on grounds that the request for valuation reports or studies regarding "any assets" of MBGH's subsidiaries is overly broad.

MBGH will produce the October 18, 2022 Xylinx LLC Purchase Price Allocation report for the acquisition of AMR Resources, LLC by Multiband Global Resources, LLC.

**Document Request No. 8.** Copies of any transaction documents and any board resolutions, valuations or any other analyses performed in connection with any related party transactions including, but not limited to, any transactions with or for the benefit of James Frinzi and any person related to him or entity controlled by him.

> **Response:** MBGH objects on grounds that this Document Request is not limited in scope in proportion to the needs of the Trustee's 2004 Examination and exceeds the scope of Fed. R. Bankr. P. 2004. The scope of a Rule 2004 exam should not "stray into matters which are not relevant to the basic inquiry... **[such as] matters having no relationship to the debtor's affairs and no effect on the administration of his estate**." *In re Mitchell*, 2019 Bankr. LEXIS 658, at *16-17 (internal citations omitted) (emphasis added). "'Administration of an estate involves realizing the movable assets and paying out of them any debts and other claims against the estate.'" *In re Martelli*, 2017 Bankr. LEXIS 2015 at *9-11 (quoting Administration, Black's Law Dictionary (10th ed. 2014)). Stated simply, "such an exam is not intended to be a fishing expedition of a third party's assets." *In re Downs*, 2021 Bankr. LEXIS 2839, at *31. The documents requested in this Document Request are not relevant to the Trustee's administration of the Debtor's estate. Accordingly, this Document Request exceeds the scope of a Rule 2004 examination.
>
> Moreover, this Discovery Request is vague and ambiguous, and does not identify the documents requested with reasonable particularity.
>
> However, MBGH is willing to confer with counsel for the Goodman Trustee to narrow and clarify this Document Request.

**Document Request No. 9.** A copy of all investor or lender presentations prepared since July 1, 2022.

> **Response:** See MBGH's production, which includes a presentation dated October 2022.

**Document Request No. 10.** Payroll and other pay registers from January 1, 2022 which disclose payments to employees and contractors that are appropriately redacted for sensitive personal data including social security or national identification numbers, bank account or credit card numbers, biometric data, racial or ethnic origin, religion, trade union membership, or criminal records.

> **Response:** MBGH objects on grounds that this Document Request is not limited in scope in proportion to the needs of the Trustee's 2004 Examination and exceeds the scope of Fed. R. Bankr. P. 2004. The scope of a Rule 2004 exam should not "stray into matters which are not relevant to the basic inquiry... **[such as] matters having no relationship to the debtor's affairs and no effect on the administration of his estate**." *In re Mitchell*, 2019 Bankr. LEXIS 658, at *16-17 (internal citations omitted) (emphasis added). "'Administration of an estate involves realizing the movable assets and paying out of them any debts and other claims against the estate.'" *In re Martelli*, 2017 Bankr. LEXIS 2015 at *9-11 (quoting Administration, Black's Law Dictionary (10th ed. 2014)). Stated simply, "such an exam is not intended to be a fishing expedition of a third party's assets." *In re Downs*, 2021 Bankr. LEXIS 2839, at *31. Payroll and other pay registers are not relevant to the Trustee's administration of the Debtor's estate. Accordingly, this Document Request exceeds the scope of a Rule 2004 examination, and is overly broad, unduly burdensome, and harassing.

**Document Request No. 11.** All organization charts prepared by MBG since January 1, 2022 that identifies corporate officers, managers, department heads and their positions within the Company that displays the hierarchical structure.

> **Response:** MBGH objects on grounds that this Document Request is vague and ambiguous in that it uses a capitalized but undefined term. In responding to this Document Request, MBGH will assume that "Company" is a reference to MBGH.
>
> MBGH will produce responsive documents.

**Document Request No. 12.** A current corporate ownership organizational chart the represents the ownership structure and relationships among the parent company, subsidiaries, affiliates, and joint ventures.

> **Response:** MBGH will produce the current chart relating to it and its subsidiaries.

**Document Request No. 13.** MBG's and its subsidiaries' depreciation and amortization schedules and copies of all federal and state income, sales, franchise, and other tax returns filed at any time since January 1, 2022.

> **Response:** MBGH objects to this Document Request because "depreciation and amortization schedules" is vague and ambiguous and does not identify the documents requested with reasonable particularity.
>
> MBGH will produce "federal and state income, sales, franchise, and other tax returns filed at any time since January 1, 2022" referenced in this Document Request to the extent they exist.

**Document Request No. 14.** A copy of MBG's and its subsidiaries' current accounting system and system recorded or produced data in electronic format, or alternately, the provision for Trustee's designate to be authorized to remotely access such system to review and analyze financial data and transactions.

> **Response:** MBGH objects on grounds that this Document Request is not limited in scope in proportion to the needs of the Trustee's 2004 Examination and exceeds the scope of Fed. R. Bankr. P. 2004. The scope of a Rule 2004 exam should not "stray into matters which are not relevant to the basic inquiry... **[such as] matters having no relationship to the debtor's affairs and no effect on the administration of his estate**." *In re Mitchell*, 2019 Bankr. LEXIS 658, at *16-17 (internal citations omitted) (emphasis added). "'Administration of an estate involves realizing the movable assets and paying out of them any debts and other claims against the estate.'" *In re Martelli*, 2017 Bankr. LEXIS 2015, at *9-11 (quoting Administration, Black's Law Dictionary (10th ed. 2014)). Stated simply, "such an exam is not intended to be a fishing expedition of a third party's assets." *In re Downs*, 2021 Bankr. LEXIS 2839, at *31. A copy of MBGH's and its subsidiaries' current accounting system is not relevant to the Trustee's administration of the Debtor's estate. Accordingly, this Document Request exceeds the scope of a Rule

2004 examination. This Document Request is also overly broad, unduly burdensome, and harassing.

**Document Request No. 15.** A detailed description of MBG's internal information systems and network, including identification of its Enterprise Resource Planning (ERP) system, local and remote data and email server networks, and locations of files, file folders, or other repositories, of MBG's and its subsidiaries' business records responsive to this Request for Production.

> **Response:** MBGH objects on grounds that this Document Request is not limited in scope in proportion to the needs of the Trustee's 2004 Examination and exceeds the scope of Fed. R. Bankr. P. 2004. The scope of a Rule 2004 exam should not "stray into matters which are not relevant to the basic inquiry... **[such as] matters having no relationship to the debtor's affairs and no effect on the administration of his estate**." *In re Mitchell*, 2019 Bankr. LEXIS 658, at *16-17 (internal citations omitted) (emphasis added). "'Administration of an estate involves realizing the movable assets and paying out of them any debts and other claims against the estate.'" *In re Martelli*, 2017 Bankr. LEXIS 2015 at *9-11 (quoting Administration, Black's Law Dictionary (10th ed. 2014)). Stated simply, "such an exam is not intended to be a fishing expedition of a third party's assets." *In re Downs*, 2021 Bankr. LEXIS 2839, at *31. The locations of the requested documents are not relevant to the Trustee's administration of the Debtor's estate. Accordingly, this Document Request exceeds the scope of a Rule 2004 examination.
>
> MBGH additionally objects to this Document Request on grounds that it is vague, ambiguous, does not identify the information requested with reasonable particularity, and improperly calls for the creation of a document in response to a document request. This Document Request is an interrogatory disguised as a request for production.

**Document Request No. 16.** Identification of each individual and accounting firm who has maintained control or custody of MBG's and its subsidiaries' business and accounting records.

> **Response:** MBGH objects on grounds that this Document Request is not limited in scope in proportion to the needs of the Trustee's 2004 Examination and exceeds the scope of Fed. R. Bankr. P. 2004. The scope of a Rule 2004 exam should not "stray into matters which are not relevant to the basic inquiry... **[such as] matters having no relationship to the debtor's affairs and no effect on the administration of his estate**." *In re Mitchell*, 2019 Bankr. LEXIS 658, at *16-17 (internal citations omitted) (emphasis added). "'Administration of an estate involves realizing the movable assets and paying out of them any debts and other claims against the estate.'" *In re Martelli*, 2017 Bankr. LEXIS 2015 at *9-11 (quoting Administration, Black's Law Dictionary (10th ed. 2014)). Stated simply, "such an exam is not intended to be a fishing expedition of a third party's assets." *In re Downs*, 2021 Bankr. LEXIS 2839, at *31. Identification of each individual and accounting firm is not relevant to the Trustee's administration of the Debtor's estate. Accordingly, this Document Request exceeds the scope of a Rule 2004 examination.
>
> MBGH furthermore objects to this Document Request on grounds that it is vague, ambiguous, does not identify the information requested with reasonable particularity, and

improperly calls for the creation of a document in response to a document request. This Document Request is an interrogatory disguised as a request for production.

**Document Request No. 17.** A copy of each of MBG's and its subsidiaries' customer or client contracts, leases, or other material contracts, and all notices and communications related to or referencing any alleged default on any of the same.

> **Response:** MBGH objects on grounds that this Document Request is not limited in scope in proportion to the needs of the Trustee's 2004 Examination and exceeds the scope of Fed. R. Bankr. P. 2004. The scope of a Rule 2004 exam should not "stray into matters which are not relevant to the basic inquiry... **[such as] matters having no relationship to the debtor's affairs and no effect on the administration of his estate**." *In re Mitchell*, 2019 Bankr. LEXIS 658, at *16-17 (internal citations omitted) (emphasis added). "'Administration of an estate involves realizing the movable assets and paying out of them any debts and other claims against the estate.'" *In re Martelli*, 2017 Bankr. LEXIS 2015 at *9-11 (quoting Administration, Black's Law Dictionary (10th ed. 2014)). Stated simply, "such an exam is not intended to be a fishing expedition of a third party's assets." *In re Downs*, 2021 Bankr. LEXIS 2839, at *31. The requested documents are not relevant to the Trustee's administration of the Debtor's estate. Accordingly, this Document Request exceeds the scope of a Rule 2004 examination.
>
> MBGH furthermore objects on grounds that this Document Request is overly broad, unduly burdensome, and harassing. MBGH is not a debtor in bankruptcy, and the requested documents are numerous. In addition, certain of the requested documents contain confidentiality and notice provisions that limit MBGH's ability to simply produce them.
>
> MBGH additionally objects because "all notices and communications related to or referencing any alleged default on any of the same" is vague, overly broad, and unduly burdensome.
>
> MBGH is willing to confer with counsel for the Goodman Trustee to narrow and clarify this Document Request.

**Document Request No. 18.** Copies of any promissory note, security agreement, financing statement, mortgage, deed of trust, or other document or instrument by which MBG or any of its subsidiaries currently owes any creditor any funds, and all notices and communications related to or referencing any alleged default on any of the same, and any forbearance agreements related to the same.

> **Response:** MBGH objects to this Document Request because "all notices and communications related to or referencing any alleged default on any of the same, and any forbearance agreements related to the same" is vague, overly broad, and unduly burdensome.

4879-5826-9026, v. 7

> MBGH will produce copies of any promissory note, security agreement, financing statement, mortgage, deed of trust held by MBGH or its subsidiaries specifically referenced in this Document Request to the extent they exist and are in the care, custody, or control of MBGH.

**Document Request No. 19.** Copies of any credit card statement issued to MBG or any of its subsidiaries or for which MBG or any of its subsidiaries is responsible for payment or did pay since January 1, 2022.

> **Response:** MBGH objects on grounds that this Document Request is not limited in scope in proportion to the needs of the Trustee's 2004 Examination and exceeds the scope of Fed. R. Bankr. P. 2004. The scope of a Rule 2004 exam should not "stray into matters which are not relevant to the basic inquiry... **[such as] matters having no relationship to the debtor's affairs and no effect on the administration of his estate**." *In re Mitchell*, 2019 Bankr. LEXIS 658, at *16-17 (internal citations omitted) (emphasis added). "'Administration of an estate involves realizing the movable assets and paying out of them any debts and other claims against the estate.'" *Martelli*, 2017 Bankr. LEXIS 2015 at *9-11 (quoting Administration, Black's Law Dictionary (10th ed. 2014)). Stated simply, "such an exam is not intended to be a fishing expedition of a third party's assets." *In re Downs*, 2021 Bankr. LEXIS 2839, at *31. Copies of credit card statements are not relevant to the Trustee's administration of the Debtor's estate. Accordingly, this Document Request exceeds the scope of a Rule 2004 examination.

**Document Request No. 20.** Copies of each of MBG's and its subsidiaries' bank statements or bank statements held in the name of any other entity which MBG had signatory authority over, since January 1, 2022.

> **Response:** MBGH objects on grounds that this Document Request is not limited in scope in proportion to the needs of the Trustee's 2004 Examination and exceeds the scope of Fed. R. Bankr. P. 2004. The scope of a Rule 2004 exam should not "stray into matters which are not relevant to the basic inquiry... **[such as] matters having no relationship to the debtor's affairs and no effect on the administration of his estate**." *In re Mitchell*, 2019 Bankr. LEXIS 658, at *16-17 (internal citations omitted) (emphasis added). "'Administration of an estate involves realizing the movable assets and paying out of them any debts and other claims against the estate.'" *Martelli*, 2017 Bankr. LEXIS 2015 at *9-11 (quoting Administration, Black's Law Dictionary (10th ed. 2014)). Stated simply, "such an exam is not intended to be a fishing expedition of a third party's assets." *In re Downs*, 2021 Bankr. LEXIS 2839, at *31. Copies of bank statements are not relevant to the Trustee's administration of the Debtor's estate. Accordingly, this Document Request exceeds the scope of a Rule 2004 examination.

**Document Request No. 21.** Copies of any lease agreement, finance agreement, fractional agreement, or similar agreement under which any officer or director of MBG has flown privately (i.e., non- commercially) since January 1, 2022, and copies of all receipts, bills, and invoices, including for fuel, for any trip by any such officer or officer on a private plane since that time.

>**Response:** MBGH objects on grounds that this Document Request is not limited in scope in proportion to the needs of the Trustee's 2004 Examination and exceeds the scope of Fed. R. Bankr. P. 2004. The scope of a Rule 2004 exam should not "stray into matters which are not relevant to the basic inquiry... **[such as] matters having no relationship to the debtor's affairs and no effect on the administration of his estate**." *In re Mitchell*, 2019 Bankr. LEXIS 658, at *16-17 (internal citations omitted) (emphasis added). "'Administration of an estate involves realizing the movable assets and paying out of them any debts and other claims against the estate.'" *In re Martelli*, 2017 Bankr. LEXIS 2015 at *9-11 (quoting Administration, Black's Law Dictionary (10th ed. 2014)). Stated simply, "such an exam is not intended to be a fishing expedition of a third party's assets." *In re Downs*, 2021 Bankr. LEXIS 2839, at *31. The documents requested in this Document Request are not relevant to the Trustee's administration of the Debtor's estate. Accordingly, this Document Request exceeds the scope of a Rule 2004 examination.

**Document Request No. 22.** Minutes of each meeting of MBG's board of directors since January 1, 2022, including non-privileged presentations made to the board, and all resolutions of the board since January 1, 2022.

>**Response:** MBGH objects on grounds that this Document Request is not limited in scope in proportion to the needs of the Trustee's 2004 Examination and exceeds the scope of Fed. R. Bankr. P. 2004. The scope of a Rule 2004 exam should not "stray into matters which are not relevant to the basic inquiry... **[such as] matters having no relationship to the debtor's affairs and no effect on the administration of his estate**." *In re Mitchell*, 2019 Bankr. LEXIS 658, at *16-17 (internal citations omitted) (emphasis added). "'Administration of an estate involves realizing the movable assets and paying out of them any debts and other claims against the estate.'" *In re Martelli*, 2017 Bankr. LEXIS 2015 at *9-11 (quoting Administration, Black's Law Dictionary (10th ed. 2014)). Stated simply, "such an exam is not intended to be a fishing expedition of a third party's assets." *In re Downs*, 2021 Bankr. LEXIS 2839, at *31. The documents requested in this Document Request do not have any relevancy to the Trustee's administration of the Debtor's estate. Accordingly, this Document Request exceeds the scope of a Rule 2004 examination.
>
>MBGH is willing to confer with counsel for the Goodman Trustee to narrow this Document Request.

**Document Request No. 23.** All communications, documents, records, and information provided by MBG or its subsidiaries to its outside accounting firm and/or auditor: (i) since October 1, 2022; or (ii) related to MBG's for [sic] 10-K for the period of December 31, 2022; or (iii) referencing, discussing, or mentioning MBG's obligations to Goodman Networks, Inc., GNET ATC, LLC, and/or 18920 NW 11th, LLC, and any transaction between MBG and any of the foregoing.

>**Response:** MBGH objects on grounds that this Document Request is not limited in scope in proportion to the needs of the Trustee's 2004 Examination and exceeds the scope of Fed. R. Bankr. P. 2004. The scope of a Rule 2004 exam should not "stray into matters

which are not relevant to the basic inquiry... **[such as] matters having no relationship to the debtor's affairs and no effect on the administration of his estate**." *In re Mitchell*, 2019 Bankr. LEXIS 658, at *16-17 (internal citations omitted) (emphasis added). "'Administration of an estate involves realizing the movable assets and paying out of them any debts and other claims against the estate.'" *In re Martelli*, 2017 Bankr. LEXIS 2015 at *9-11 (quoting Administration, Black's Law Dictionary (10th ed. 2014)). Stated simply, "such an exam is not intended to be a fishing expedition of a third party's assets." *In re Downs*, 2021 Bankr. LEXIS 2839, at *31. "All" communications, documents, records, and information provided by MBGH or its subsidiaries to its outside accounting firm and/or auditor are not relevant to the Trustee's administration of the Debtor's estate. Accordingly, this Document Request exceeds the scope of a Rule 2004 examination.

Further, if this Document Request is read literally, it would require MBGH to conduct unwieldy and unnecessary searches of emails and other electronic files of multiple custodians over a multi-year period. MBGH furthermore objects because "all communications, documents, records, and information" is vague, overly broad, and unduly burdensome.

MBGH will, however, produce a draft of MBGH's year 2022 10-K and the resignation letter of MaughanSullivan.

**Document Request No. 24.** All communications between MBG and 18920 NW 11th, LLC at any time since January 1, 2022.

**Response.** MBGH objects on grounds that this Document Request is not limited in scope in proportion to the needs of the Trustee's 2004 Examination and exceeds the scope of Fed. R. Bankr. P. 2004. The scope of a Rule 2004 exam should not "stray into matters which are not relevant to the basic inquiry... **[such as] matters having no relationship to the debtor's affairs and no effect on the administration of his estate**." *In re Mitchell*, Case No. 18-40736, 2019 Bankr. LEXIS 658, at *16-17 (internal citations omitted) (emphasis added). "'Administration of an estate involves realizing the movable assets and paying out of them any debts and other claims against the estate.'" *In re Martelli*, 2017 Bankr. LEXIS 2015 at *9-11 (quoting Administration, Black's Law Dictionary (10th ed. 2014)). Stated simply, "such an exam is not intended to be a fishing expedition of a third party's assets." *In re Downs*, 2021 Bankr. LEXIS 2839, at *31. "All" communications between MBG and 18920 NW 11th, LLC are not relevant to the Trustee's administration of the Debtor's estate. Accordingly, this Document Request exceeds the scope of a Rule 2004 examination.

Further, if this Document Request is read literally, it would require MBGH to conduct unwieldy and unnecessary searches of emails and other electronic files of multiple custodians over a multi-year period. MBGH furthermore objects because "all communications, documents, records, and information" is vague, overly broad, and unduly burdensome.

However, MBGH is willing to confer with counsel for the Goodman Trustee to narrow this Document Request.

**Document Request No. 25.** Letters of resignation from each officer, director, auditor, or outside accountant of MBG since January 1, 2022.

**Response:** MBGH objects on grounds that this Document Request is not limited in scope in proportion to the needs of the Trustee's 2004 Examination and exceeds the scope of Fed. R. Bankr. P. 2004. The scope of a Rule 2004 exam should not "stray into matters which are not relevant to the basic inquiry... **[such as] matters having no relationship to the debtor's affairs and no effect on the administration of his estate**." *In re Mitchell*, 2019 Bankr. LEXIS 658, at *16-17 (internal citations omitted) (emphasis added). "'Administration of an estate involves realizing the movable assets and paying out of them any debts and other claims against the estate.'" *In re Martelli*, 2017 Bankr. LEXIS 2015 at *9-11 (quoting Administration, Black's Law Dictionary (10th ed. 2014)). Stated simply, "such an exam is not intended to be a fishing expedition of a third party's assets." *In re Downs*, 2021 Bankr. LEXIS 2839, at *31. Letters of resignation are not relevant to the Trustee's administration of the Debtor's estate. Accordingly, this Document Request exceeds the scope of a Rule 2004 examination.

Notwithstanding the foregoing, MBGH will produce.

**Document Request No. 26.** Employment contracts or other similar contracts for each director and officer of MBG in place since January 1, 2022.

**Response:** MBGH objects on grounds that this Document Request is not limited in scope in proportion to the needs of the Trustee's 2004 Examination and exceeds the scope of Fed. R. Bankr. P. 2004. The scope of a Rule 2004 exam should not "stray into matters which are not relevant to the basic inquiry... **[such as] matters having no relationship to the debtor's affairs and no effect on the administration of his estate**." *In re Mitchell*, 2019 Bankr. LEXIS 658, at *16-17 (internal citations omitted) (emphasis added). "'Administration of an estate involves realizing the movable assets and paying out of them any debts and other claims against the estate.'" *In re Martelli*, 2017 Bankr. LEXIS 2015 at *9-11 (quoting Administration, Black's Law Dictionary (10th ed. 2014)). Stated simply, "such an exam is not intended to be a fishing expedition of a third party's assets." *In re Downs*, 2021 Bankr. LEXIS 2839, at *31. "Employment contracts and other similar contracts" are not relevant to the Trustee's administration of the Debtor's estate. Accordingly, this Document Request exceeds the scope of a Rule 2004 examination.

**Document Request No. 27.** Expense reimbursement forms and receipts of each director and officer of MBG, including, but not limited to, James Frinzi since January 1, 2022.

**Response:** MBGH objects on grounds that this Document Request is not limited in scope in proportion to the needs of the Trustee's 2004 Examination and exceeds the scope of Fed. R. Bankr. P. 2004. The scope of a Rule 2004 exam should not "stray into matters which are not relevant to the basic inquiry... **[such as] matters having no relationship**

**to the debtor's affairs and no effect on the administration of his estate**." *In re Mitchell*, 2019 Bankr. LEXIS 658, at *16-17 (internal citations omitted) (emphasis added). "'Administration of an estate involves realizing the movable assets and paying out of them any debts and other claims against the estate.'" *In re Martelli*, 2017 Bankr. LEXIS 2015 at *9-11 (quoting Administration, Black's Law Dictionary (10th ed. 2014)). Stated simply, "such an exam is not intended to be a fishing expedition of a third party's assets." *In re Downs*, 2021 Bankr. LEXIS 2839, at *31. "Expense reimbursement forms and receipts of each director and officer of MBGH" are not relevant to the Trustee's administration of the Debtor's estate. Accordingly, this Document Request exceeds the scope of a Rule 2004 examination.