| | |
|---|---|
| **From:** | James W. Bartlett, Jr. |
| **Sent:** | Friday, May 12, 2023 2:10 PM |
| **To:** | Thomas Berghman; 'Guffy, Philip'; Adam Langley |
| **Cc:** | Matthew S. Okin; Edward A. Clarkson III |
| **Subject:** | MBGH's Second 2004 Production |
| **Attachments:** | 74 - 2022.11.21 Agreed Protective Order.pdf; 251 - 2023.05.05 Interim 2004 Order.pdf; Attachments.txt |

All:

Below please find a link to download MBGH's second production of documents in response to the Goodman Trustee's 2004 document requests.

**NOTES:**

1)   Yesterday's production was Bates-labeled MBGH – 2004 Prod 00001-00581.

2)   Today's production is Bates-labeled MBGH – 2004 Prod 00582-01257.

3)   There is a specific procedure that must be followed under the existing protective order, as modified and augmented by the interim 2004 order (both are attached to this email) before anyone required to execute Exhibit A, B, or C to the protective order (I will circulate the final amended versions of those shortly as required by the interim 2004 order) is permitted to view any materials designated as "Confidential Information" or "Confidential Attorney Eyes Only Information." **MBGH expects strict compliance with these orders with respect to MBGH's 2004 productions, including, without limitation, Paragraphs 10 and 11 of the protective order, as modified by the interim 2004 order.**

4)   A handful of pages in the financials are hard to see without zooming in. However, the data is clear once you zoom in. If this is a problem, I have some ideas and we can discuss.

5)   The draft 10-K we produced yesterday was just that – a draft. Another draft may be created before it goes final. If that happens, I will produce it.

Thanks.

Jim

| **ShareFile Attachments** | Expires June 11, 2023 |
|---|---|
| MBGH - 2004 Prod 00582-MBGH - 2004 Pr...582.pdf | 249.8 KB |
| MBGH - 2004 Prod 00583-MBGH - 2004 Pr...583.pdf | 359.1 KB |
| MBGH - 2004 Prod 00584-MBGH - 2004 Pr...587.pdf | 1.8 MB |
| MBGH - 2004 Prod 00588-MBGH - 2004 Pr...590.pdf | 305.1 KB |

| | |
|---|---|
| MBGH - 2004 Prod 00591-MBGH - 2004 Pr...593.pdf | 302.8 KB |
| MBGH - 2004 Prod 00594-MBGH - 2004 Pr...594.pdf | 273.1 KB |
| MBGH - 2004 Prod 00595-MBGH - 2004 Pr...597.pdf | 1.2 MB |
| MBGH - 2004 Prod 00598-MBGH - 2004 Pr...598.pdf | 190.5 KB |
| MBGH - 2004 Prod 00599-MBGH - 2004 Pr...600.pdf | 222.7 KB |
| MBGH - 2004 Prod 00601-MBGH - 2004 Pr...603.pdf | 314.3 KB |
| MBGH - 2004 Prod 00604-MBGH - 2004 Pr...605.pdf | 423.2 KB |
| MBGH - 2004 Prod 00606-MBGH - 2004 Pr...606.pdf | 288.7 KB |
| MBGH - 2004 Prod 00607-MBGH - 2004 Pr...609.pdf | 300.9 KB |
| MBGH - 2004 Prod 00610-MBGH - 2004 Pr...612.pdf | 386.4 KB |
| MBGH - 2004 Prod 00613-MBGH - 2004 Pr...613.pdf | 228.2 KB |
| MBGH - 2004 Prod 00614-MBGH - 2004 Pr...614.pdf | 265.8 KB |
| MBGH - 2004 Prod 00615-MBGH - 2004 Pr...616.pdf | 255.7 KB |
| MBGH - 2004 Prod 00617-MBGH - 2004 Pr...617.pdf | 210.6 KB |
| MBGH - 2004 Prod 00618-MBGH - 2004 Pr...618.pdf | 264.6 KB |
| MBGH - 2004 Prod 00619-MBGH - 2004 Pr...620.pdf | 218.1 KB |
| MBGH - 2004 Prod 00621-MBGH - 2004 Pr...622.pdf | 244 KB |
| MBGH - 2004 Prod 00623-MBGH - 2004 Pr...625.pdf | 763.4 KB |
| MBGH - 2004 Prod 00626-MBGH - 2004 Pr...626.pdf | 585.4 KB |
| MBGH - 2004 Prod 00627-MBGH - 2004 Pr...627.pdf | 267.2 KB |
| MBGH - 2004 Prod 00628-MBGH - 2004 Pr...631.pdf | 2.3 MB |
| MBGH - 2004 Prod 00632-MBGH - 2004 Pr...634.pdf | 551.8 KB |
| MBGH - 2004 Prod 00635-MBGH - 2004 Pr...637.pdf | 2.7 MB |
| MBGH - 2004 Prod 00638-MBGH - 2004 Pr...638.pdf | 380.5 KB |
| MBGH - 2004 Prod 00639-MBGH - 2004 Pr...641.pdf | 639.4 KB |
| MBGH - 2004 Prod 00642-MBGH - 2004 Pr...643.pdf | 1021.2 KB |
| MBGH - 2004 Prod 00644-MBGH - 2004 Pr...646.pdf | 1 MB |
| MBGH - 2004 Prod 00647-MBGH - 2004 Pr...647.pdf | 299 KB |

| File | Size |
|---|---|
| MBGH - 2004 Prod 00648-MBGH - 2004 Pr...649.pdf | 478 KB |
| MBGH - 2004 Prod 00650-MBGH - 2004 Pr...650.pdf | 446 KB |
| MBGH - 2004 Prod 00651-MBGH - 2004 Pr...651.pdf | 431.6 KB |
| MBGH - 2004 Prod 00652-MBGH - 2004 Pr...652.pdf | 427.8 KB |
| MBGH - 2004 Prod 00653-MBGH - 2004 Pr...655.pdf | 1.2 MB |
| MBGH - 2004 Prod 00656-MBGH - 2004 Pr...656.pdf | 584.1 KB |
| MBGH - 2004 Prod 00657-MBGH - 2004 Pr...661.pdf | 616.7 KB |
| MBGH - 2004 Prod 00662-MBGH - 2004 Pr...665.pdf | 2.3 MB |
| MBGH - 2004 Prod 00666-MBGH - 2004 Pr...666.pdf | 675.2 KB |
| MBGH - 2004 Prod 00667-MBGH - 2004 Pr...669.pdf | 573.2 KB |
| MBGH - 2004 Prod 00670-MBGH - 2004 Pr...670.pdf | 468.8 KB |
| MBGH - 2004 Prod 00671-MBGH - 2004 Pr...673.pdf | 2.7 MB |
| MBGH - 2004 Prod 00674-MBGH - 2004 Pr...674.pdf | 435.7 KB |
| MBGH - 2004 Prod 00675-MBGH - 2004 Pr...677.pdf | 646.6 KB |
| MBGH - 2004 Prod 00678-MBGH - 2004 Pr...679.pdf | 1002.9 KB |
| MBGH - 2004 Prod 00680-MBGH - 2004 Pr...683.pdf | 858.7 KB |
| MBGH - 2004 Prod 00684-MBGH - 2004 Pr...686.pdf | 1 MB |
| MBGH - 2004 Prod 00687-MBGH - 2004 Pr...687.pdf | 358.4 KB |
| MBGH - 2004 Prod 00688-MBGH - 2004 Pr...690.pdf | 1.6 MB |
| MBGH - 2004 Prod 00691-MBGH - 2004 Pr...692.pdf | 550.1 KB |
| MBGH - 2004 Prod 00693-MBGH - 2004 Pr...697.pdf | 881.9 KB |
| MBGH - 2004 Prod 00698-MBGH - 2004 Pr...698.pdf | 519.2 KB |
| MBGH - 2004 Prod 00699-MBGH - 2004 Pr...699.pdf | 310.5 KB |
| MBGH - 2004 Prod 00700-MBGH - 2004 Pr...700.pdf | 430.5 KB |
| MBGH - 2004 Prod 00701-MBGH - 2004 Pr...701.pdf | 429.8 KB |
| MBGH - 2004 Prod 00702-MBGH - 2004 Pr...704.pdf | 1.3 MB |
| MBGH - 2004 Prod 00705-MBGH - 2004 Pr...705.pdf | 582.7 KB |
| MBGH - 2004 Prod 00706-MBGH - 2004 Pr...710.pdf | 609.8 KB |

| File | Size |
|---|---|
| MBGH - 2004 Prod 00711-MBGH - 2004 Pr...712.pdf | 271.5 KB |
| MBGH - 2004 Prod 00713-MBGH - 2004 Pr...716.pdf | 2.3 MB |
| MBGH - 2004 Prod 00717-MBGH - 2004 Pr...717.pdf | 338.4 KB |
| MBGH - 2004 Prod 00718-MBGH - 2004 Pr...718.pdf | 314.9 KB |
| MBGH - 2004 Prod 00719-MBGH - 2004 Pr...719.pdf | 679.1 KB |
| MBGH - 2004 Prod 00720-MBGH - 2004 Pr...722.pdf | 578.2 KB |
| MBGH - 2004 Prod 00723-MBGH - 2004 Pr...723.pdf | 527 KB |
| MBGH - 2004 Prod 00724-MBGH - 2004 Pr...726.pdf | 2.7 MB |
| MBGH - 2004 Prod 00727-MBGH - 2004 Pr...727.pdf | 373.2 KB |
| MBGH - 2004 Prod 00728-MBGH - 2004 Pr...729.pdf | 548.4 KB |
| MBGH - 2004 Prod 00730-MBGH - 2004 Pr...732.pdf | 649.7 KB |
| MBGH - 2004 Prod 00733-MBGH - 2004 Pr...734.pdf | 989.1 KB |
| MBGH - 2004 Prod 00735-MBGH - 2004 Pr...735.pdf | 255.8 KB |
| MBGH - 2004 Prod 00736-MBGH - 2004 Pr...737.pdf | 532.9 KB |
| MBGH - 2004 Prod 00738-MBGH - 2004 Pr...738.pdf | 264.3 KB |
| MBGH - 2004 Prod 00739-MBGH - 2004 Pr...742.pdf | 861.7 KB |
| MBGH - 2004 Prod 00743-MBGH - 2004 Pr...745.pdf | 1 MB |
| MBGH - 2004 Prod 00746-MBGH - 2004 Pr...746.pdf | 1.6 MB |
| MBGH - 2004 Prod 00747-MBGH - 2004 Pr...747.pdf | 464.8 KB |
| MBGH - 2004 Prod 00748-MBGH - 2004 Pr...748.pdf | 364.3 KB |
| MBGH - 2004 Prod 00749-MBGH - 2004 Pr...750.pdf | 474.6 KB |
| MBGH - 2004 Prod 00751-MBGH - 2004 Pr...751.pdf | 394.9 KB |
| MBGH - 2004 Prod 00752-MBGH - 2004 Pr...755.pdf | 750.6 KB |
| MBGH - 2004 Prod 00756-MBGH - 2004 Pr...756.pdf | 453.4 KB |
| MBGH - 2004 Prod 00757-MBGH - 2004 Pr...757.pdf | 430.6 KB |
| MBGH - 2004 Prod 00758-MBGH - 2004 Pr...758.pdf | 364.3 KB |
| MBGH - 2004 Prod 00759-MBGH - 2004 Pr...761.pdf | 1.2 MB |
| MBGH - 2004 Prod 00762-MBGH - 2004 Pr...762.pdf | 586.2 KB |

| | |
|---|---|
| MBGH - 2004 Prod 00763-MBGH - 2004 Pr...767.pdf | 609.9 KB |
| MBGH - 2004 Prod 00768-MBGH - 2004 Pr...771.pdf | 2.3 MB |
| MBGH - 2004 Prod 00772-MBGH - 2004 Pr...774.pdf | 555.7 KB |
| MBGH - 2004 Prod 00775-MBGH - 2004 Pr...777.pdf | 2.7 MB |
| MBGH - 2004 Prod 00778-MBGH - 2004 Pr...778.pdf | 434.6 KB |
| MBGH - 2004 Prod 00779-MBGH - 2004 Pr...780.pdf | 545.9 KB |
| MBGH - 2004 Prod 00781-MBGH - 2004 Pr...783.pdf | 629.1 KB |
| MBGH - 2004 Prod 00784-MBGH - 2004 Pr...785.pdf | 1018.2 KB |
| MBGH - 2004 Prod 00786-MBGH - 2004 Pr...787.pdf | 802.7 KB |
| MBGH - 2004 Prod 00788-MBGH - 2004 Pr...788.pdf | 343.1 KB |
| MBGH - 2004 Prod 00789-MBGH - 2004 Pr...789.pdf | 295.8 KB |
| MBGH - 2004 Prod 00790-MBGH - 2004 Pr...791.pdf | 484.7 KB |
| MBGH - 2004 Prod 00792-MBGH - 2004 Pr...796.pdf | 863.6 KB |
| MBGH - 2004 Prod 00797-MBGH - 2004 Pr...797.pdf | 358 KB |
| MBGH - 2004 Prod 00798-MBGH - 2004 Pr...799.pdf | 534.9 KB |
| MBGH - 2004 Prod 00800-MBGH - 2004 Pr...800.pdf | 431.8 KB |
| MBGH - 2004 Prod 00801-MBGH - 2004 Pr...801.pdf | 201.2 KB |
| MBGH - 2004 Prod 00802-MBGH - 2004 Pr...804.pdf | 1.2 MB |
| MBGH - 2004 Prod 00805-MBGH - 2004 Pr...805.pdf | 247.3 KB |
| MBGH - 2004 Prod 00806-MBGH - 2004 Pr...810.pdf | 706.2 KB |
| MBGH - 2004 Prod 00811-MBGH - 2004 Pr...811.pdf | 589.9 KB |
| MBGH - 2004 Prod 00812-MBGH - 2004 Pr...813.pdf | 431.1 KB |
| MBGH - 2004 Prod 00814-MBGH - 2004 Pr...815.pdf | 390 KB |
| MBGH - 2004 Prod 00816-MBGH - 2004 Pr...819.pdf | 2.1 MB |
| MBGH - 2004 Prod 00820-MBGH - 2004 Pr...820.pdf | 183.9 KB |
| MBGH - 2004 Prod 00821-MBGH - 2004 Pr...822.pdf | 237.2 KB |
| MBGH - 2004 Prod 00823-MBGH - 2004 Pr...825.pdf | 326.8 KB |
| MBGH - 2004 Prod 00826-MBGH - 2004 Pr...827.pdf | 454.6 KB |

| | |
|---|---|
| MBGH - 2004 Prod 00828-MBGH - 2004 Pr...830.pdf | 416.9 KB |
| MBGH - 2004 Prod 00831-MBGH - 2004 Pr...831.pdf | 208.8 KB |
| MBGH - 2004 Prod 00832-MBGH - 2004 Pr...833.pdf | 258.2 KB |
| MBGH - 2004 Prod 00834-MBGH - 2004 Pr...837.pdf | 368.2 KB |
| MBGH - 2004 Prod 00838-MBGH - 2004 Pr...838.pdf | 245.8 KB |
| MBGH - 2004 Prod 00839-MBGH - 2004 Pr...840.pdf | 215.8 KB |
| MBGH - 2004 Prod 00841-MBGH - 2004 Pr...841.pdf | 230.9 KB |
| MBGH - 2004 Prod 00842-MBGH - 2004 Pr...842.pdf | 217.3 KB |
| MBGH - 2004 Prod 00843-MBGH - 2004 Pr...845.pdf | 798.8 KB |
| MBGH - 2004 Prod 00846-MBGH - 2004 Pr...846.pdf | 584.4 KB |
| MBGH - 2004 Prod 00847-MBGH - 2004 Pr...851.pdf | 609.7 KB |
| MBGH - 2004 Prod 00852-MBGH - 2004 Pr...852.pdf | 588 KB |
| MBGH - 2004 Prod 00853-MBGH - 2004 Pr...856.pdf | 2.3 MB |
| MBGH - 2004 Prod 00857-MBGH - 2004 Pr...859.pdf | 1.1 MB |
| MBGH - 2004 Prod 00860-MBGH - 2004 Pr...862.pdf | 571.2 KB |
| MBGH - 2004 Prod 00863-MBGH - 2004 Pr...863.pdf | 536.1 KB |
| MBGH - 2004 Prod 00864-MBGH - 2004 Pr...866.pdf | 2.7 MB |
| MBGH - 2004 Prod 00867-MBGH - 2004 Pr...867.pdf | 376.9 KB |
| MBGH - 2004 Prod 00868-MBGH - 2004 Pr...869.pdf | 482.5 KB |
| MBGH - 2004 Prod 00870-MBGH - 2004 Pr...872.pdf | 640.3 KB |
| MBGH - 2004 Prod 00873-MBGH - 2004 Pr...874.pdf | 1016 KB |
| MBGH - 2004 Prod 00875-MBGH - 2004 Pr...875.pdf | 783.3 KB |
| MBGH - 2004 Prod 00876-MBGH - 2004 Pr...878.pdf | 764.9 KB |
| MBGH - 2004 Prod 00879-MBGH - 2004 Pr...882.pdf | 858.5 KB |
| MBGH - 2004 Prod 00883-MBGH - 2004 Pr...885.pdf | 1 MB |
| MBGH - 2004 Prod 00886-MBGH - 2004 Pr...886.pdf | 384.9 KB |
| MBGH - 2004 Prod 00887-MBGH - 2004 Pr...887.pdf | 1.6 MB |
| MBGH - 2004 Prod 00888-MBGH - 2004 Pr...888.pdf | 344.5 KB |

| | |
|---|---|
| MBGH - 2004 Prod 00889-MBGH - 2004 Pr...889.pdf | 296.7 KB |
| MBGH - 2004 Prod 00890-MBGH - 2004 Pr...891.pdf | 487.7 KB |
| MBGH - 2004 Prod 00892-MBGH - 2004 Pr...892.pdf | 391.7 KB |
| MBGH - 2004 Prod 00893-MBGH - 2004 Pr...897.pdf | 870.2 KB |
| MBGH - 2004 Prod 00898-MBGH - 2004 Pr...898.pdf | 449.7 KB |
| MBGH - 2004 Prod 00899-MBGH - 2004 Pr...899.pdf | 433.8 KB |
| MBGH - 2004 Prod 00900-MBGH - 2004 Pr...900.pdf | 499.8 KB |
| MBGH - 2004 Prod 00901-MBGH - 2004 Pr...902.pdf | 448.5 KB |
| MBGH - 2004 Prod 00903-MBGH - 2004 Pr...903.pdf | 317.1 KB |
| MBGH - 2004 Prod 00904-MBGH - 2004 Pr...906.pdf | 1.2 MB |
| MBGH - 2004 Prod 00907-MBGH - 2004 Pr...907.pdf | 247.9 KB |
| MBGH - 2004 Prod 00908-MBGH - 2004 Pr...912.pdf | 1.5 MB |
| MBGH - 2004 Prod 00913-MBGH - 2004 Pr...913.pdf | 586.7 KB |
| MBGH - 2004 Prod 00914-MBGH - 2004 Pr...917.pdf | 2.2 MB |
| MBGH - 2004 Prod 00918-MBGH - 2004 Pr...920.pdf | 296.8 KB |
| MBGH - 2004 Prod 00921-MBGH - 2004 Pr...923.pdf | 255.3 KB |
| MBGH - 2004 Prod 00924-MBGH - 2004 Pr...924.pdf | 183.9 KB |
| MBGH - 2004 Prod 00925-MBGH - 2004 Pr...926.pdf | 211.7 KB |
| MBGH - 2004 Prod 00927-MBGH - 2004 Pr...929.pdf | 314.9 KB |
| MBGH - 2004 Prod 00930-MBGH - 2004 Pr...931.pdf | 992.8 KB |
| MBGH - 2004 Prod 00932-MBGH - 2004 Pr...934.pdf | 401.6 KB |
| MBGH - 2004 Prod 00935-MBGH - 2004 Pr...935.pdf | 209.7 KB |
| MBGH - 2004 Prod 00936-MBGH - 2004 Pr...936.pdf | 203 KB |
| MBGH - 2004 Prod 00937-MBGH - 2004 Pr...938.pdf | 258.2 KB |
| MBGH - 2004 Prod 00939-MBGH - 2004 Pr...942.pdf | 368.2 KB |
| MBGH - 2004 Prod 00943-MBGH - 2004 Pr...943.pdf | 312.4 KB |
| MBGH - 2004 Prod 00944-MBGH - 2004 Pr...945.pdf | 216.3 KB |
| MBGH - 2004 Prod 00946-MBGH - 2004 Pr...947.pdf | 247.8 KB |

| File | Size |
|------|------|
| MBGH - 2004 Prod 00948-MBGH - 2004 Pr...948.pdf | 216.8 KB |
| MBGH - 2004 Prod 00949-MBGH - 2004 Pr...951.pdf | 831.5 KB |
| MBGH - 2004 Prod 00952-MBGH - 2004 Pr...952.pdf | 263.1 KB |
| MBGH - 2004 Prod 00953-MBGH - 2004 Pr...957.pdf | 1.5 MB |
| MBGH - 2004 Prod 00958-MBGH - 2004 Pr...958.pdf | 357.2 KB |
| MBGH - 2004 Prod 00959-MBGH - 2004 Pr...962.pdf | 2.2 MB |
| MBGH - 2004 Prod 00963-MBGH - 2004 Pr...965.pdf | 291.2 KB |
| MBGH - 2004 Prod 00966-MBGH - 2004 Pr...968.pdf | 258 KB |
| MBGH - 2004 Prod 00969-MBGH - 2004 Pr...969.pdf | 194.8 KB |
| MBGH - 2004 Prod 00970-MBGH - 2004 Pr...970.pdf | 237.1 KB |
| MBGH - 2004 Prod 00971-MBGH - 2004 Pr...973.pdf | 323.6 KB |
| MBGH - 2004 Prod 00974-MBGH - 2004 Pr...975.pdf | 429.3 KB |
| MBGH - 2004 Prod 00976-MBGH - 2004 Pr...977.pdf | 357.1 KB |
| MBGH - 2004 Prod 00978-MBGH - 2004 Pr...978.pdf | 149.9 KB |
| MBGH - 2004 Prod 00979-MBGH - 2004 Pr...979.pdf | 148.7 KB |
| MBGH - 2004 Prod 00980-MBGH - 2004 Pr...981.pdf | 274 KB |
| MBGH - 2004 Prod 00982-MBGH - 2004 Pr...982.pdf | 184.9 KB |
| MBGH - 2004 Prod 00983-MBGH - 2004 Pr...986.pdf | 227 KB |
| MBGH - 2004 Prod 00987-MBGH - 2004 Pr...987.pdf | 223.1 KB |
| MBGH - 2004 Prod 00988-MBGH - 2004 Pr...988.pdf | 218.4 KB |
| MBGH - 2004 Prod 00989-MBGH - 2004 Pr...989.pdf | 273.4 KB |
| MBGH - 2004 Prod 00990-MBGH - 2004 Pr...990.pdf | 860.6 KB |
| MBGH - 2004 Prod 00991-MBGH - 2004 Pr...993.pdf | 308.2 KB |
| MBGH - 2004 Prod 00994-MBGH - 2004 Pr...994.pdf | 241.6 KB |
| MBGH - 2004 Prod 00995-MBGH - 2004 Pr...995.pdf | 202.6 KB |
| MBGH - 2004 Prod 00996-MBGH - 2004 Pr...000.pdf | 678.4 KB |
| MBGH - 2004 Prod 01001-MBGH - 2004 Pr...001.pdf | 246.3 KB |
| MBGH - 2004 Prod 01002-MBGH - 2004 Pr...005.pdf | 2.2 MB |

| | |
|---|---|
| MBGH - 2004 Prod 01006-MBGH - 2004 Pr...006.pdf | 187.9 KB |
| MBGH - 2004 Prod 01007-MBGH - 2004 Pr...007.pdf | 442.2 KB |
| MBGH - 2004 Prod 01008-MBGH - 2004 Pr...008.pdf | 263.1 KB |
| MBGH - 2004 Prod 01009-MBGH - 2004 Pr...011.pdf | 296.5 KB |
| MBGH - 2004 Prod 01012-MBGH - 2004 Pr...012.pdf | 269.2 KB |
| MBGH - 2004 Prod 01013-MBGH - 2004 Pr...015.pdf | 1.8 MB |
| MBGH - 2004 Prod 01016-MBGH - 2004 Pr...016.pdf | 184 KB |
| MBGH - 2004 Prod 01017-MBGH - 2004 Pr...018.pdf | 232 KB |
| MBGH - 2004 Prod 01019-MBGH - 2004 Pr...021.pdf | 315.1 KB |
| MBGH - 2004 Prod 01022-MBGH - 2004 Pr...023.pdf | 428.2 KB |
| MBGH - 2004 Prod 01024-MBGH - 2004 Pr...026.pdf | 229.3 KB |
| MBGH - 2004 Prod 01027-MBGH - 2004 Pr...029.pdf | 401.3 KB |
| MBGH - 2004 Prod 01030-MBGH - 2004 Pr...030.pdf | 228.9 KB |
| MBGH - 2004 Prod 01031-MBGH - 2004 Pr...031.pdf | 318.9 KB |
| MBGH - 2004 Prod 01032-MBGH - 2004 Pr...032.pdf | 208.9 KB |
| MBGH - 2004 Prod 01033-MBGH - 2004 Pr...033.pdf | 203.3 KB |
| MBGH - 2004 Prod 01034-MBGH - 2004 Pr...035.pdf | 258 KB |
| MBGH - 2004 Prod 01036-MBGH - 2004 Pr...040.pdf | 226.1 KB |
| MBGH - 2004 Prod 01041-MBGH - 2004 Pr...041.pdf | 263 KB |
| MBGH - 2004 Prod 01042-MBGH - 2004 Pr...043.pdf | 216.7 KB |
| MBGH - 2004 Prod 01044-MBGH - 2004 Pr...045.pdf | 251.2 KB |
| MBGH - 2004 Prod 01046-MBGH - 2004 Pr...047.pdf | 244.3 KB |
| MBGH - 2004 Prod 01048-MBGH - 2004 Pr...050.pdf | 838.1 KB |
| MBGH - 2004 Prod 01051-MBGH - 2004 Pr...051.pdf | 245.3 KB |
| MBGH - 2004 Prod 01052-MBGH - 2004 Pr...052.pdf | 220.9 KB |
| MBGH - 2004 Prod 01053-MBGH - 2004 Pr...057.pdf | 692.2 KB |
| MBGH - 2004 Prod 01058-MBGH - 2004 Pr...058.pdf | 357.6 KB |
| MBGH - 2004 Prod 01059-MBGH - 2004 Pr...064.pdf | 5 MB |

| | |
|---|---|
| MBGH - 2004 Prod 01065-MBGH - 2004 Pr...066.pdf | 288.8 KB |
| MBGH - 2004 Prod 01067-MBGH - 2004 Pr...069.pdf | 295.7 KB |
| MBGH - 2004 Prod 01070-MBGH - 2004 Pr...072.pdf | 1.8 MB |
| MBGH - 2004 Prod 01073-MBGH - 2004 Pr...074.pdf | 229.5 KB |
| MBGH - 2004 Prod 01075-MBGH - 2004 Pr...077.pdf | 312.8 KB |
| MBGH - 2004 Prod 01078-MBGH - 2004 Pr...079.pdf | 430.3 KB |
| MBGH - 2004 Prod 01080-MBGH - 2004 Pr...083.pdf | 330.7 KB |
| MBGH - 2004 Prod 01084-MBGH - 2004 Pr...086.pdf | 400 KB |
| MBGH - 2004 Prod 01087-MBGH - 2004 Pr...087.pdf | 209.8 KB |
| MBGH - 2004 Prod 01088-MBGH - 2004 Pr...088.pdf | 202.8 KB |
| MBGH - 2004 Prod 01089-MBGH - 2004 Pr...090.pdf | 257.1 KB |
| MBGH - 2004 Prod 01091-MBGH - 2004 Pr...094.pdf | 369.4 KB |
| MBGH - 2004 Prod 01095-MBGH - 2004 Pr...095.pdf | 292 KB |
| MBGH - 2004 Prod 01096-MBGH - 2004 Pr...096.pdf | 208.1 KB |
| MBGH - 2004 Prod 01097-MBGH - 2004 Pr...097.pdf | 226.8 KB |
| MBGH - 2004 Prod 01098-MBGH - 2004 Pr...098.pdf | 213.5 KB |
| MBGH - 2004 Prod 01099-MBGH - 2004 Pr...101.pdf | 806.6 KB |
| MBGH - 2004 Prod 01102-MBGH - 2004 Pr...102.pdf | 247.7 KB |
| MBGH - 2004 Prod 01103-MBGH - 2004 Pr...107.pdf | 695.7 KB |
| MBGH - 2004 Prod 01108-MBGH - 2004 Pr...108.pdf | 358.7 KB |
| MBGH - 2004 Prod 01109-MBGH - 2004 Pr...114.pdf | 5 MB |
| MBGH - 2004 Prod 01115-MBGH - 2004 Pr...116.pdf | 289.4 KB |
| MBGH - 2004 Prod 01117-MBGH - 2004 Pr...119.pdf | 295.1 KB |
| MBGH - 2004 Prod 01120-MBGH - 2004 Pr...122.pdf | 1.8 MB |
| MBGH - 2004 Prod 01123-MBGH - 2004 Pr...124.pdf | 229.4 KB |
| MBGH - 2004 Prod 01125-MBGH - 2004 Pr...127.pdf | 312.8 KB |
| MBGH - 2004 Prod 01128-MBGH - 2004 Pr...129.pdf | 426.3 KB |
| MBGH - 2004 Prod 01130-MBGH - 2004 Pr...132.pdf | 399.7 KB |

| | |
|---|---|
| MBGH - 2004 Prod 01133-MBGH - 2004 Pr...133.pdf | 208.5 KB |
| MBGH - 2004 Prod 01134-MBGH - 2004 Pr...134.pdf | 203.7 KB |
| MBGH - 2004 Prod 01135-MBGH - 2004 Pr...136.pdf | 257.7 KB |
| MBGH - 2004 Prod 01137-MBGH - 2004 Pr...141.pdf | 411 KB |
| MBGH - 2004 Prod 01142-MBGH - 2004 Pr...142.pdf | 295.8 KB |
| MBGH - 2004 Prod 01143-MBGH - 2004 Pr...144.pdf | 214.2 KB |
| MBGH - 2004 Prod 01145-MBGH - 2004 Pr...145.pdf | 226.4 KB |
| MBGH - 2004 Prod 01146-MBGH - 2004 Pr...146.pdf | 213 KB |
| MBGH - 2004 Prod 01147-MBGH - 2004 Pr...149.pdf | 799.3 KB |
| MBGH - 2004 Prod 01150-MBGH - 2004 Pr...158.pdf | 631.8 KB |
| MBGH - 2004 Prod 01159-MBGH - 2004 Pr...180.pdf | 4.6 MB |
| MBGH - 2004 Prod 01181-MBGH - 2004 Pr...242.pdf | 6.1 MB |
| MBGH - 2004 Prod 01243-MBGH - 2004 Pr...244.pdf | 1.7 MB |
| MBGH - 2004 Prod 01245-MBGH - 2004 Pr...248.pdf | 1.2 MB |
| MBGH - 2004 Prod 01249-MBGH - 2004 Pr...249.pdf | 201 KB |
| MBGH - 2004 Prod 01250-MBGH - 2004 Pr...253.pdf | 499.4 KB |
| MBGH - 2004 Prod 01254-MBGH - 2004 Pr...256.pdf | 392 KB |
| MBGH - 2004 Prod 01257-MBGH - 2004 Pr...257.pdf | 147.9 KB |

Download Attachments

James Bartlett uses ShareFile to share documents securely.



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

*Michelle V. Larson*

**Signed November 21, 2022**

_____
**United States Bankruptcy Judge**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 22-31641 (MVL) |
| | § | |
| GOODMAN NETWORKS, INC., | § | |
| | § | |
| DEBTOR. | § | Chapter 7 |
| | § | |
| | § | (Involuntary Proceeding) |

### <u>AGREED PROTECTIVE ORDER</u>

The following parties (the "<u>Parties</u>" and each individually a "<u>Party</u>") agree to entry of this

Agreed Protective Order (the "<u>Protective Order</u>") in the above-styled bankruptcy proceeding (the

"<u>Bankruptcy Case</u>"): (a) JLP Credit Opportunity Master Fund Ltd., JLP Credit Opportunity IDF

Series Interests of the SALI Multi-Series Fund, L.P., JLP Institutional Credit Master Fund LP, and

Alimco Re Ltd. (the "<u>Original Petitioning Creditors</u>"); (b) FedEx Supply Chain Logistics &

Electronics, Inc. ("<u>FSCLE</u>"), by joinder, (together with the Original Petitioning Creditors, the

"<u>Petitioning Creditors</u>"); (c) James Goodman, a non-party ("<u>Goodman</u>"); and (d) ) any other

persons or entities who become bound by this Protective Order by signifying their assent through

execution of **Exhibit A** hereto.

_____

**Proceedings and Information Governed.**

1.      This Protective Order is made under Fed. R. Civ. P. 26(c). It governs any document, information, or other thing furnished by any Party to any other Party. Documents and information produced by third parties in connection with this Bankruptcy Case may also be designated Confidential Information or Confidential Attorney Eyes Only Information (as defined below) by any Party. The information protected includes, but is not limited to: answers to interrogatories; answers to requests for admission; responses to requests for production of documents; deposition transcripts and videotapes; deposition exhibits; and other writings or things produced, given or filed in this action that are designated by a Party as "Confidential Information" or "Confidential Attorney Eyes Only Information" in accordance with the terms of this Protective Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

**Designation and Maintenance of Information.**

2.      For purposes of this Protective Order, (a) the "Confidential Information" designation means that the document contains trade secrets or commercial information that is not publicly known and is of technical or commercial advantage to its possessor, or other information required by law or agreement to be kept confidential and (b) the "Confidential Attorney Eyes Only" designation means that the document contains information that the producing Party deems especially sensitive, which may include, but is not limited to, confidential research and development, financial, technical, marketing, any other sensitive trade secret information, or information capable of being utilized for the preparation or prosecution of a patent application dealing with such subject matter. Confidential Information and Confidential Attorney Eyes Only Information does not include, and this Protective Order does not apply to, information that is

already in the knowledge or possession of the Party to whom disclosure is made unless that Party is already bound by agreement not to disclose such information, or information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

3.      Documents and things produced by the Parties in connection with this Bankruptcy Case within the scope of paragraph 2(a) above may be designated by the producing Party as containing Confidential Information by placing on each page and each thing a legend substantially as follows:

**CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER**

4.      Documents and things produced within the scope of paragraph 2(b) above may be designated by the producing Party as containing Confidential Attorney Eyes Only Information by placing on each page and each thing a legend substantially as follows:

**CONFIDENTIAL ATTORNEY EYES ONLY INFORMATION
SUBJECT TO PROTECTIVE ORDER**

5.      A Party may designate information disclosed at a deposition as Confidential Information or Confidential Attorney Eyes Only Information by requesting the reporter to so designate such portion of the transcript at the time of the deposition. A Party shall not designate the entire transcript as Confidential Information or Confidential Attorney Eyes Only Information absent a good faith argument that the entire transcript must be so designated. If no such designation is made at the time of the deposition, any Party will have three (3) calendar days after the date of the deposition to designate, in writing to the other parties and to the court reporter, whether any portion of the transcript is to be designated as Confidential Information or Confidential Attorneys Eyes Only Information. If no such designation is made at the deposition or within this three (3)

calendar day period (during which period, the transcript shall be treated as Confidential Information), the entire deposition will be considered devoid of Confidential Information or Confidential Attorneys Eyes Only Information. Each Party and the court reporter must attach a copy of any final and timely written designation notice to the transcript and each copy of the transcript in its possession, custody or control, and the portions designated in such notice must thereafter be treated in accordance with this Protective Order. It is the responsibility of counsel for each Party to maintain materials containing Confidential Information or Confidential Attorney Eyes Only Information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

## **Challenge to Designations.**

6.      A receiving Party may challenge a producing Party's designation at any time. Any receiving Party disagreeing with a designation may request in writing that the producing Party change the designation. The producing Party will then have one (1) calendar day after receipt of a challenge notice to advise the receiving Party whether or not it will change the designation. If the Parties are unable to reach agreement after the expiration of this one (1) day time-frame, the receiving Party may at any time thereafter seek an order to alter the confidential status of the designated information. Until any dispute under this paragraph is ruled upon by the presiding judge, the designation will remain in full force and effect, and the information will continue to be accorded the confidential treatment required by this Protective Order.

## **Disclosure and Use of Confidential Information.**

7.      Information designated as Confidential Information or Confidential Attorney Eyes Only Information may only be used for purposes of preparation, trial, and appeal of this

Bankruptcy Case.  Confidential Information or Confidential Attorney Eyes Only Information may

not be used under any circumstances for prosecuting any patent application, for patent licensing,

or for any other purpose.

8.      Subject to paragraphs 8 and 9 below, Confidential Information may be disclosed

by the receiving Party only to the following individuals, provided that such individuals are

informed of the terms of this Protective Order: (a) employees of the receiving Party who are

required in good faith to provide assistance in the conduct of this litigation, including any

settlement discussions, and who are identified as such in writing to counsel for the designating

Party in advance of the disclosure; (b) in-house counsel who are identified by the receiving Party;

(c) outside counsel for the receiving Party; (d) supporting personnel employed by (b) and (c), such

as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services;

(e) experts or consultants; and (f) any persons requested by counsel to furnish services such as

document coding, image scanning, mock trial, jury profiling, translation services, court reporting

services, demonstrative exhibit preparation, or the creation of any computer database from

documents.

9.      Subject to paragraphs 8 and 9 below, Confidential Attorney Eyes Only Information

may be disclosed by the receiving Party only to the following individuals, provided that such

individuals are informed of the terms of this Protective Order: (a) outside counsel for the receiving

Party; (b) supporting personnel employed by outside counsel, such as paralegals, legal secretaries,

data entry clerks, legal clerks, private photocopying services; and (c) experts or consultants.

10.     Further, prior to disclosing Confidential Information or Confidential Attorney Eyes

Only Information to a receiving Party's proposed expert, consultant, or employees, the receiving

Party must provide to the producing Party a signed Confidentiality Agreement in the form attached

as <u>Exhibit B</u>, the resume or curriculum vitae of the proposed expert or consultant, the expert or consultant's business affiliation, and any current and past consulting relationships in the industry. The producing Party will thereafter have two (2) calendar days from receipt of the Confidentiality Agreement to object to any proposed individual. The objection must be made for good cause and in writing, stating with particularity the reasons for the objection. Failure to object within two (2) calendar days constitutes approval. If the Parties are unable to resolve any objection, the receiving Party may apply to the presiding judge to resolve the matter. There will be no disclosure to any proposed individual during the two (2) calendar day objection period, unless that period is waived by the producing Party, or if any objection is made, until the Parties have resolved the objection, or the presiding judge has ruled upon any resultant motion.

11.    Counsel is responsible for the adherence by third-party vendors to the terms and conditions of this Protective Order. Counsel may fulfill this obligation by obtaining a signed Confidentiality Agreement in the form attached as <u>Exhibit C</u>.

**<u>Non-Party Information.</u>**

12.    The existence of this Protective Order must be disclosed to any person producing documents, tangible things, or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things or testimony. Any such person may designate documents, tangible things, or testimony confidential pursuant to this Protective Order.

**<u>Filing Documents with the Court.</u>**

13.    The Parties agree to submit (including as exhibits in connection with any trial or hearing in the Bankruptcy Case or if filed on the Court's docket) Confidential Information or Confidential Attorneys Eyes Only Information to the Court under seal. Any order permitting any Confidential Information or Confidential Attorneys Eyes Only Information to be filed under seal

shall provide that the Confidential Information or Confidential Attorneys Eyes Only Information will not be deemed unsealed for 60 days after the final disposition of this Bankruptcy Case, but shall be returned to counsel for the producing Party.

14.     Producing or receiving Confidential Information, or otherwise complying with the terms of this Protective Order, will not (a) operate as an admission by any Party that any particular Confidential Information or Confidential Attorney Eyes Only Information contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a Party to object to the production of information or material that the Party does not consider to be within the scope of discovery; (c) prejudice the rights of a Party to seek a determination by the presiding judge that particular materials be produced; (d) prejudice the rights of a Party to apply to the presiding judge for further protective orders; or (e) prevent the Parties from agreeing in writing to alter or waive the provisions or protections provided for in this Protective Order with respect to any particular information or material

**Conclusion of Litigation.**

15.     Within sixty (60) calendar days after the closing or dismissal of this Bankruptcy Case, including the exhaustion of all appeals, each Party or other person subject to the terms of this Protective Order is under an obligation to destroy or return to the producing Party all materials and documents containing Confidential Information or Confidential Attorney Eyes Only Information, and to certify to the producing Party that this destruction or return has been done. However, outside counsel for any Party is entitled to retain all court papers, trial transcripts, exhibits, and attorney work provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

**Other Proceedings.**

16.     By entering this Protective Order and limiting the disclosure of information in this case, the presiding judge does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.

**Legally Required Disclosure.**

17.     If any Party is requested or required (by oral questions, interrogatories, requests for information or documents in legal proceedings, subpoena, civil investigative demand or other similar process, or by applicable law or the rules or regulations of any regulatory authority having jurisdiction over such Party) to disclose in connection with a matter that is not this Bankruptcy Case any of the Confidential Information or Confidential Attorney Eyes Only Information, such Party shall provide the Party that produced or designated such information with prompt written notice of any such request or requirement so that the producing or designating Party may seek a protective order or other remedy, and/or waive compliance with the provisions of this Protective Order.  In the absence of a protective order or other remedy at the time of the deadline for the production of the Confidential Information or Confidential Attorney Eyes Only Information (including any extensions of such deadline), the Party may, without liability hereunder, disclose that portion of the Confidential Information or Confidential Attorney Eyes Only Information which is legally required to be disclosed.

18.     Nothing herein shall prevent the U.S. Trustee from disclosing materials for civil or criminal law enforcement purposes in compliance with a subpoena or court order, or pursuant to any request under the Freedom of Information Act or other applicable law requiring disclosure, subject to the U.S. Trustee providing prompt notice to the producing Party as described in Paragraph 15 above.

**Waiver.**

19.     The failure to designate any item or information as Confidential Information or Confidential Information or Confidential Attorney Eyes Only Information shall not constitute a waiver of such claim.   If at any time any of the Parties believes that certain testimony or some portion of any item or information that was previously produced should have been designated as Confidential Information or Confidential Attorney Eyes Only Information, that Party shall promptly notify all of the other Parties who have received such testimony, item or information in writing, and such designated testimony or portion of item or information will thereafter be treated as Confidential Information or Confidential Attorney Eyes Only Information under the terms of this Order.   If such item or information has been disclosed by a Party between the time of production or receipt of the transcript containing the testimony and the time at which a Party gives notice that the Materials are to be designated as Confidential Information or Confidential Attorney Eyes Only Information, such disclosure shall not constitute a violation of this Protective Order.

**Clawback of Inadvertently Produced Protected Materials.**

20.     If items or information protected from disclosure under Federal Rule of Civil Procedure 26(b)(5) ("Protected Materials") are inadvertently or mistakenly produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product doctrine for such information or any other information that may be protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other legally cognizable privilege or other protection. If the producing Party inadvertently or mistakenly produces Protected Materials, upon written request by the producing Party after the discovery of such inadvertent or mistaken production, the receiving Party shall use all commercially reasonable efforts to return or destroy the Protected Materials and all copies of it,

including any work product containing, identifying, or referencing such information, and the receiving Party shall not use such information for any purpose other than in connection with a motion to compel production of the information. The Parties shall not use any inadvertently produced Protected Materials, or information gleaned exclusively from any inadvertently produced Protected Materials, in connection with the Bankruptcy Case, except to the extent that the inadvertently producing Party withdraws its designation of the relevant material as Protected Materials or that the Court determines that the relevant material was not properly designated as Protected Materials.

**Remedies.**

21.     It is Ordered that this Protective Order will be enforced by the sanctions set forth in Fed. R. Civ. P. 37(b), as made applicable by Federal Rule of Bankruptcy Procedure 7037, and any other sanctions as may be available to the presiding judge, including the power to hold Parties or other violators of this Protective Order in contempt. All other remedies available to any person injured by a violation of this Protective Order are fully reserved.

22.     Any Party may petition the presiding judge for good cause shown if the Party desires relief from a term or condition of this Protective Order.

23.     Nothing in this Protective Order shall be construed as preventing any Party from seeking further protection for or disclosure of any information.

24.     Nothing in this Protective Order shall be construed to affect in any way the admissibility or relevance of any information or other evidence.

25.     This Protective Order shall have no effect on, and shall not apply to, a producing Party's use or disclosure of its own information for any purposes whatsoever.

26.     This Court retains exclusive jurisdiction for matters arising from or related to this Protective Order.

### ### END OF ORDER ###

**AGREED TO BY:**

**WINSTEAD PC**
300 Throckmorton St.
Suite 1700
Fort Worth, Texas 76102
(817) 420-8200 (Phone)
(817) 420-8201 (Facsimile)

By:/s/ Matthias Kleinsasser
Matthias Kleinsasser
State Bar No. 24071357
mkleinsasser@winstead.com
Sahrish K. Soleja
State Bar No. 24102522
ssoleja@winstead.com

**COUNSEL FOR JAMES GOODMAN**

**HUNTON ANDREWS KURTH LLP**

/s/  Philip M. Guffy
Philip M. Guffy (TX Bar No. 24113705)
600 Travis Street, Suite 4200
Houston, Texas  77002
Tel:     713-220-4200
Fax:     713-220-4285
Email:  pguffy@huntonak.com

 -and-

Paul N. Silverstein
Brian Clarke
200 Park Avenue
New York, NY 10166
Tel:     212-309-1000
Email: psilverstein@huntonak.com
         brianclarke@huntonak.com

*Counsel for JLP Credit Opportunity Master Fund Ltd., JLP Credit Opportunity IDF Series
Interests of the SALI Multi-Series Fund, L.P., JLP Institutional Credit Master Fund LP, and
Alimco Re Ltd.*

**BUTLER SNOW LLP**

*/s/ R. Campbell Hillyer*
Adam M. Langley (admitted *pro hac vice*)
R. Campbell Hillyer (admitted *pro hac vice*)
6075 Poplar Avenue, Suite 500
Memphis, TN 38119
Telephone: (901) 680-7316
adam.langley@butlersnow.com

and

Candice Carson (TX Bar No. 24074006)
911 Turtle Creek Blvd., Suite 1400
Dallas, Texas 75219
Telephone: (469) 680-5502
candice.carson@butlersnow.com

*Counsel for FedEx Supply Chain Logistics & Electronics, Inc.*

**Exhibit A**

**JOINDER TO AGREED PROTECTIVE ORDER**

In connection with the pending bankruptcy case *In re Goodman Networks, Inc*, Case No. 22-31641 (MVL) in the United States Bankruptcy Court for the Northern District of Texas, on behalf of _____ (the "Joining Party"), I acknowledge that I have read and understand the terms of the Agreed Protective Order (the " Protective Order").  The Joining Party agrees to become a Party (as defined in the Protective Order) under the Protective Order and to comply with and be bound by all the provisions of the Protective Order as a Party.  By acknowledging these obligations under the Protective Order, the Joining Party submits to the jurisdiction of the United States Bankruptcy Court for the Northern District of Texas for the purpose of any issue or dispute arising under the Protective Order.  The Joining Party acknowledges that the willful violation of any term of the Protective Order could subject the Joining Party to sanctions or punishment for contempt of Court.


_____

Joining Party

By: _____

Executed on: _____

**Exhibit B**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 22-31641 (MVL) |
| | § | |
| GOODMAN NETWORKS, INC., | § | |
| | § | |
| DEBTOR. | § | Chapter 7 |
| | § | |
| | § | (Involuntary Proceeding) |

## CONFIDENTIALITY AGREEMENT FOR EXPERT,
## CONSULTANT OR EMPLOYEES OF ANY PARTY

I hereby affirm that:

Information, including documents and things, designated as "Confidential Information," or "Confidential Attorney Eyes Only Information," as defined in the Protective Order entered in Agreed Protective Order ("Protective Order") entered in Bankruptcy Case No. 22-31641 pending in the United States Bankruptcy Court for the Northern District of Texas, is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms.

I submit to the jurisdiction of the above-referenced Court for enforcement of the Protective Order.

I agree not to use any Confidential Information or Confidential Attorney Eyes Only Information disclosed to me pursuant to the Protective Order except for purposes of preparation, trial, and appeal of any orders or judgments entered in this Bankruptcy Case and not to disclose

any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the Party who designated the information as confidential or by order of the presiding judge. I also agree to notify any stenographic, clerical or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

I understand that I am to retain all documents or materials designated as or containing Confidential Information or Confidential Attorney Eyes Only Information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any Confidential Information or Confidential Attorney Eyes Only Information are to be returned to counsel who provided me with such documents and materials.

_____
Signed

_____
Name

_____
Date

Exhibit C

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 22-31641 (MVL) |
| | § | |
| GOODMAN NETWORKS, INC., | § | |
| | § | |
| DEBTOR. | § | Chapter 7 |
| | § | |
| | § | (Involuntary Proceeding) |

## <u>CONFIDENTIALITY AGREEMENT FOR THIRD-PARTY VENDORS</u>

I hereby affirm that: Information, including documents and things, designated as "Confidential Information," or "Confidential Attorney Eyes Only Information," as defined in the Agreed Protective Order ("<u>Protective Order</u>") entered in Bankruptcy Case No. 22-31641 pending in the United States Bankruptcy Court for the Northern District of Texas, is being provided to me pursuant to the terms and restrictions of the Protective Order. I have been given a copy of and have read the Protective Order. I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms. I submit to the jurisdiction of the above-referenced Court for enforcement of the Protective Order. I agree not to use any Confidential Information or Confidential Attorney Eyes Only Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned case and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the Party who designated the information as confidential or by order of the presiding judge.

_____

Signed

_____

Name

_____

Date

**[INTENTIONALLY LEFT BLANK]**



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

*Michelle V. Larson*

**Signed May 5, 2023**

_____
**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 7 |
| GOODMAN NETWORKS, INC., | § | |
| | § | Case No. 22-31641-mvl-7 |
| Debtor. | § | |

**INTERIM ORDER GRANTING TRUSTEE'S EXPEDITED MOTION FOR RULE 2004
EXAMINATION OF MBG HOLDINGS, INC. F/K/A AMERICAN METALS
RECOVERY AND RECYCLING INC.**

CAME ON FOR HEARING on the 26th day of April, 2023, the *Trustee's Expedited*

*Motion for Order Directing Rule 2004 Examination of MBG Holdings Inc. f/k/a American Metals*

*Recovery and Recycling Inc.* (the "Motion"), filed by Scott M. Seidel (the "Trustee"), the duly

appointed chapter 7 trustee of the bankruptcy estate (the "Estate") of Goodman Networks, Inc., the

debtor in the above styled and numbered bankruptcy case. Having considered the Motion and the

objection thereto filed by MBG Holdings Inc. f/k/a American Metals Recovery and Recycling Inc.

("MBG"), and other arguments made by other parties, the Court finds that cause for granting the

Motion exists. Accordingly, it is hereby:

ORDERED that the Motion is GRANTED to the extent set forth herein; it is further

ORDERED that, subject to the service of a subpoena as discussed below, the Trustee is authorized to conduct the examination of MBG requested in the Motion through the Requests for Production attached as Exhibit "A" to the Motion (the "Examination"); it is further

ORDERED that, as a condition of taking the Examination, the Trustee shall serve a subpoena on MBG to enforce the Examination, which shall be subject to such objections to said subpoena as MBG may assert, and which objections shall be asserted by MBG no later than 5:00 p.m. on May 11, 2023; it is further

ORDERED that, should the Trustee contest any such objection(s), he shall file the appropriate pleading no later than 5:00 p.m. on May 15, 2023 and, if the parties do not resolve any such objection(s), the Court shall hear all issues related to the same (including any motion to compel or enforce filed by the Trustee by said deadline) at 10:00 a.m. on May 18, 2023 (the "Final Hearing"); it is further

ORDERED that, with respect to any creditor that requests to receive copies of any production made by MBG in response to the Examination, to the extent that any such creditor and MBG cannot agree on the same, any such creditor may file an appropriate pleading, including its own motion seeking relief under Rule 2004, no later than 5:00 p.m. on May 9, 2023, whereafter the Court shall consider the same at the Final Hearing; it is further

ORDERED that this Court's *Agreed Protective Order* entered at docket no. 74 (the "Protective Order") shall apply to information produced by MBG in response to the Examination, including information designated by MBG as "Confidential Information" and "Confidential Attorney Eyes Only Information," whereafter the Protective Order shall govern and control such information, including without limitation its storage, return, permissible uses, and dissemination, subject to the following modifications and additions:

(a)     Notwithstanding anything to the contrary in Paragraph 7 of the Protective Order or any other provision therein, but otherwise subject in all respects to the remaining provisions of the Protective Order (including provisions modified by this Order), the Trustee and any other MBG- or Court-authorized recipient of "Confidential Information" or "Confidential Attorney Eyes Only Information" may only use such information for the purposes of attempting to value, or to monetize, or to negotiate, any of the Estate's or its subsidiaries' interests, if any, in MBG, its affiliates, or any of its other assets;

(b)     The phrase at the beginning of Paragraph 8 of the Protective Order, "Subject to paragraphs 8 and 9 below" is hereby replaced with the phrase "Subject to paragraphs 10 and 11 below";

(c)     The phrase at the beginning of Paragraph 9 of the Protective Order, "Subject to paragraphs 8 and 9 below" is hereby replaced with the phrase "Subject to paragraphs 10 and 11 below";

(d)     The phrase in the second sentence of Paragraph 11 of the Protective Order, "Counsel may fulfill this obligation" is hereby replaced with the phrase "Counsel shall fulfill this obligation"; and

(e)     The phrase at the end of Paragraph 18 of the Protective Order, "as described in Paragraph 15 above" is hereby replaced with the phrase "as described in Paragraph 17 above"; it is further

ORDERED that, as to any information produced by MBG pursuant to the Examination that is provided to any person or entity required under the Protective Order to execute Exhibits A, B, or C thereto, the applicable Exhibit shall be amended by the parties to include a confirmation that such person or entity has read and agrees to be bound by the terms of this Order; it is further

ORDERED that any person or entity receiving information produced by MBG pursuant to the Examination shall comply with applicable securities laws and regulations with respect to the handling, disclosure, and disposition of such information; it is further

ORDERED that any issue related to the Motion or any response thereto not addressed herein shall be considered at the Final Hearing; it is further

ORDERED that the Court shall retain jurisdiction to the maximum extent available to interpret and enforce this Order.

# # # END OF ORDER # # #

APPROVED AS TO FORM ONLY:

By: /s/ James W. Bartlett (*w/ permission*)
James. W. Bartlett, Esq.
Texas Bar No. 00795238
Okin Adams Bartlett Curry LLP

ATTORNEYS FOR MBG HOLDINGS, INC.