ALSTON & BIRD LLP
Jared M. Slade
Texas State Bar No. 24060618
220 Ross Avenue
Dallas, Texas 75201
Telephone: (214) 922-3400
Facsimile: (214) 922-3899
Email: Jared.Slade@alston.com

-and-

James J. Vincequerra (*pro hac vice* forthcoming)
Dylan S. Cassidy (*pro hac vice* forthcoming)
90 Park Avenue
New York, New York 10016
Telephone: (212) 210-9400
Facsimile: (212) 210-9444
Email:  James.Vincequerra@alston.com
        Dylan.Cassidy@alston.com

*Attorneys for the Former Officers*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| | § | Chapter 7 |
| Goodman Networks, Inc., | § § | Case No. 22-31641-mvl-7 |
| Debtor. | § § § | |

### MOTION OF FORMER OFFICERS FOR AN ORDER DEEMING
### PROOFS OF CLAIM AS TIMELY FILED

John Debus ("Debus"), Joseph Hart IV ("Hart"), Anthony Rao ("Rao") and Mark Keiffer

("Keiffer," collectively with Debus, Hart and Rao, the "Former Officers" and each a "Former

Officer"), by and through their undersigned counsel, hereby submit this motion (the "Motion")

seeking entry of an order substantially in the form attached hereto as **Exhibit "A"** (the

"Proposed Order") deeming the Former Officers' Proofs of Claim (as defined below) timely filed pursuant to Rule 3002(c)(6) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and respectfully state as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Northern District of Texas (the "Court") has jurisdiction to consider Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On September 6, 2022 (the "Petition Date"), a group of petitioning creditors of Goodman Networks, Inc. (the "Debtor") filed an involuntary petition for relief under chapter 7 of title 11 of the United State Code, thereby commencing the above-captioned bankruptcy case (the "Bankruptcy Case").

3. Debus was the Debtor's president and chief financial officer. Debus served in this role from about 2017 until his termination on or around January 4, 2021.

4. Hart was the Debtor's president and chief operating officer. Hart served in this role from about June 2020 until his resignation on or around September 15, 2021.

5. Rao was the Debtor's general counsel. Rao served in this role from about 2017 until his resignation on or around August 2, 2021.

6. Keiffer was the Debtor's president and chief executive officer. Keiffer served in this role from about February 2020 until his termination on or around September 10, 2020.

7. On November 9, 2022, the Debtor filed the *Bankruptcy Rule 1003(b) Creditors List* [Docket No. 58]. The Former Officers were not included on this list.

8. On December 12, 2022, the Court entered the *Order for Relief in an Involuntary Case* [Docket No. 132] and thereafter appointed Scott M. Seidel as the chapter 7 trustee (the "Trustee"). The Former Officers did not receive notice of the order for relief.

9. On December 14, 2022, the Trustee filed notice [Docket No. 141] of the meeting of creditors to be held on January 10, 2023 (the "341 Meeting"). The Former Officers were not served the notice of the 341 Meeting, *see Certificate of Notice* [Docket No. 149], and were otherwise unaware that the Trustee scheduled the 341 Meeting. *See* Declarations of the Former Officers in support of Motion [attached hereto as **Exhibit "B"**] (the "Declarations") ¶ 2-3.

10. The Debtor filed and thereafter amended the creditors list several times. On December 19, 2022, the Debtor filed the *Bankruptcy Rule 1007(a)(2) Creditors List* [Docket No. 155], which included Debus and Hart (but did **not** include Rao or Keiffer). Importantly, the addresses for both Debus and Hart were incorrect, listing the Debtor's address instead of their respective personal service addresses and no email addresses were listed.

11. On December 27, 2022, the Debtor filed the *Verification of Mailing List* [Docket No. 171] which also included Debus and Hart, again with the incorrect service address. On the same day, the Debtor filed the *Amended Verification of Mailing List* [Docket No. 173] which deleted Debus and Hart.

12. Two days later, on December 29, 2022, the Debtor filed the *Certificate of Service* [Docket No. 176] for several documents including a notice of the Bankruptcy Case, and listed Debus and Hart, again at the incorrect service address. Rao and Keiffer were not listed on any of these certificates of service.

13. On January 10, 2023, the Trustee held and concluded the 341 Meeting. On the same day, the clerk of the Court filed the *Notice to File Claim* [Docket No. 189] establishing

3

April 10, 2023 (the "Bar Date") as the last day for creditors to file proofs of claim against the Debtor.

14. The Former Officers did not receive notice of the Bar Date, *see Notice to File Claim Certificate of Service* [Docket No. 191] and, as a result, were unaware that there was a deadline by which to file proofs of claim. *See* Declarations ¶¶ 2-3.

15. In fact, the Former Officers only became aware of the deadline weeks after the Bar Date had already passed, when the Trustee sent demand letters to each of the Former Officers informing each of them of the Bankruptcy Case and that the Trustee demands payment for certain claims against them.

16. On May 23, 2023, the Former Officers filed their respective proofs of claim (each a "Proof of Claim" and collectively, the "Proofs of Claim").[1]

## RELIEF REQUESTED

17. The Former Officers request that the Proofs of Claim be deemed timely filed pursuant to Bankruptcy Rule 3002(c)(6) because the Former Officers did not become aware of the Bankruptcy Case or the Bar Date until after the expiration of the claims-filing period.

## BASIS FOR RELIEF

18. A bankruptcy court may extend the time by which a creditor must file a proof of claim if "the court finds that the notice was insufficient under the circumstances to give the creditor a reasonable time to file a proof of claim." Fed. R. Bankr. P. 3002(c)(6). *See also In re Helios*, 629 B.R. 772, 781 (Bankr. S.D.N.Y. 2021) (finding notice was insufficient when creditor did not receive notice of the filing of the bankruptcy case nor the meeting of creditors nor the establishment of the bar date).

---

[1] The Proofs of Claim include: Debus Proof of Claim No. 52; Debus Proof of Claim No. 53; the Hart Proof of Claim No. 54; the Keiffer Proof of Claim No. 55; and the Rao Proof of Claim No. 56.

19. The Former Officers were not included on the mailing or service lists in the Bankruptcy Case. Although Debus and Hart were temporarily included on a service list, the Debtor listed the Debtor's **own address** and therefore any "service" made to Debus and Hart on account of that list did not properly effectuate service or otherwise provide notice.

20. Moreover, the Former Officers did not receive notice of the 341 Meeting or the Bar Date. The Former Officers became aware of the Bar Date after the deadline to file proofs of claim had already passed, and therefore notice is insufficient under the circumstances of this Bankruptcy Case. Fed. R. Bankr. P. 3002(c)(6).

21. Notice was insufficient under these facts. The Former Officers were all known potential creditors of the Debtor and their connection to the Debtor ended relatively recently, but none of the Former Officers was served with the Bar Date notice and the demand letters were not sent until after the Bar Date had passed. Upon receipt thereof, the Former Officers acted promptly to protect their rights and filed proofs of claim against the Debtor.

[*Remainder of page intentionally left blank*]

5

WHEREFORE, the Former Officers respectfully request that the Court enter the Proposed Order deeming the Proofs of Claim timely filed pursuant to Bankruptcy Rule 3002(c)(6) and grant such further relief as the Court deems proper.

Dated: May 31, 2023

ALSTON & BIRD LLP

Respectfully submitted,

*/s/ Jared M. Slade*
Jared M. Slade
Texas State Bar No. 24060618
220 Ross Avenue
Dallas, Texas 75201
Telephone: (214) 922-3400
Facsimile: (214) 922-3899
Email: Jared.Slade@alston.com

-and-

ALSTON & BIRD LLP
James J. Vincequerra (*pro hac vice forthcoming*)
Dylan S. Cassidy (*pro hac vice forthcoming*)
90 Park Avenue
New York, New York 10016
Telephone: (212) 210-9400
Facsimile: (212) 210-9444
Email: James.Vincequerra@alston.com
Email: Dylan.Cassidy@alston.com

*Attorneys for the Former Officers*

# EXHIBIT A

## Proposed Order

LEGAL02/43009078v5

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 7 |
| Goodman Networks, Inc., | § | |
| | § | Case No. 22-31641-mvl-7 |
| Debtor. | § | |
| | § | |
| | § | |

**ORDER GRANTING MOTION OF FORMER OFFICERS
DEEMING PROOFS OF CLAIM AS TIMELY FILED**

CAME ON FOR CONSIDERATION the *Motion of Former Officers for an Order Deeming Proofs of Claim as Timely Filed* (the "Motion")[1] of the Former Officers, pursuant to Bankruptcy Rule 3002(c)(6); and the Court having subject matter jurisdiction to consider and determine the Motion, and grant the requested relief in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and sufficient notice of the Motion has been given; and upon the record of the hearings on the Motion and all of the proceedings had before this Court; and all objections to the Motion having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1

LEGAL02/43009078v5

ORDERED that the Proofs of Claim (*i.e.*, the Debus Proof of Claim No. 52; Debus Proof of Claim No. 53; the Hart Proof of Claim No. 54; the Keiffer Proof of Claim No. 55; and the Rao Proof of Claim No. 56) are deemed timely filed; it is further

ORDERED that this Order shall be enforceable and effective immediately upon its entry; it is further

ORDERED that this Court shall retain jurisdiction with respect to any and all matters arising from or relating to the implementation or interpretation of this Order.

# # # END OF ORDER # # #

**Order Approved and Submitted By:**

ALSTON & BIRD LLP
Jared M. Slade
Texas State Bar No. 24060618
220 Ross Avenue
Dallas, Texas 75201
Telephone: (214) 922-3400
Facsimile: (214) 922-3899
Email: Jared.Slade@alston.com

-and-

James J. Vincequerra *(pro hac vice forthcoming)*
Dylan S. Cassidy *(pro hac vice forthcoming)*
90 Park Avenue
New York, New York 10016
Telephone: (212) 210-9400
Facsimile: (212) 210-9444
Email: James.Vincequerra@alston.com
Email: Dylan.Cassidy@alston.com

*Attorneys for the Former Officers*

# EXHIBIT B

## Declarations of Former Officers

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re: | § |
| | §  Chapter 7 |
| Goodman Networks, Inc., | § |
| | §  Case No. 22-31641-mvl-7 |
| Debtor. | § |
| | § |
| | § |

**DECLARATION OF JOHN DEBUS IN SUPPORT OF THE MOTION OF FORMER OFFICERS FOR AN ORDER DEEMING PROOFS OF CLAIM AS TIMELY FILED**

I, John Debus, submit this declaration (the "Declaration") in support of the *Motion of the Former Officers for an Order Deeming Proofs of Claim as Timely Filed* (the "Motion")[1] and declare as follows:

1. I am over the age of eighteen years. I have personal knowledge of the facts stated in this Declaration and such facts are true, accurate and complete to the best of my knowledge.

2. I have reviewed the filing by which the Debtor served notice of the Bankruptcy Case and attest that the address listed for myself is incorrect. I never received this notice.

3. I did not receive notice of the 341 Meeting or notice of the Bar Date. I was unaware that there was a deadline to file a proof of claim until after the Bar Date had passed.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: May 31, 2023                    /s/ *[signature]*
                                        John Debus

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

LEGAL02/43009078v5

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re: | § |
| | §   Chapter 7 |
| Goodman Networks, Inc., | § |
| | §   Case No. 22-31641-mvl-7 |
| Debtor. | § |
| | § |
| | § |

**DECLARATION OF JOSEPH HART IV IN SUPPORT OF THE MOTION OF FORMER OFFICERS FOR AN ORDER DEEMING PROOFS OF CLAIM AS TIMELY FILED**

I, Joseph Hart IV, submit this declaration (the "Declaration") in support of the *Motion of the Former Officers for an Order Deeming Proofs of Claim as Timely Filed* (the "Motion")[1] and declare as follows:

1. I am over the age of eighteen years. I have personal knowledge of the facts stated in this Declaration and such facts are true, accurate and complete to the best of my knowledge.

2. I have reviewed the filing by which the Debtor served notice of the Bankruptcy Case and attest that the address listed for myself is incorrect. I never received this notice.

3. I did not receive notice of the 341 Meeting or notice of the Bar Date. I was unaware that there was a deadline to file a proof of claim until after the Bar Date had passed.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: May 30, 2023

/s/ *Joseph Hart IV*
Joseph Hart IV

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

LEGAL02/43009078v5

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 7 |
| Goodman Networks, Inc., | § | |
| | § | Case No. 22-31641-mvl-7 |
| Debtor. | § | |
| | § | |
| | § | |

**DECLARATION OF ANTHONY RAO IN SUPPORT OF THE MOTION OF FORMER OFFICERS FOR AN ORDER DEEMING PROOFS OF CLAIM AS TIMELY FILED**

I, Anthony Rao, submit this declaration (the "Declaration") in support of the *Motion of the Former Officers for an Order Deeming Proofs of Claim as Timely Filed* (the "Motion")[1] and declare as follows:

1. I am over the age of eighteen years. I have personal knowledge of the facts stated in this Declaration and such facts are true, accurate and complete to the best of my knowledge.

2. I did not receive notice of the 341 Meeting or notice of the Bar Date. I was unaware that there was a deadline to file a proof of claim until after the Bar Date had passed.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: May 30, 2023

_____
Anthony Rao

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

LEGAL02/43009078v5

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 7 |
| Goodman Networks, Inc., | § | |
| | § | Case No. 22-31641-mvl-7 |
| Debtor. | § | |
| | § | |

**DECLARATION OF MARK KEIFFER IN SUPPORT OF THE MOTION OF FORMER OFFICERS FOR AN ORDER DEEMING PROOFS OF CLAIM AS TIMELY FILED**

I, Mark Keiffer, submit this declaration (the "Declaration") in support of the *Motion of the Former Officers for an Order Deeming Proofs of Claim as Timely Filed* (the "Motion")[1] and declare as follows:

1. I am over the age of eighteen years. I have personal knowledge of the facts stated in this Declaration and such facts are true, accurate and complete to the best of my knowledge.

2. I did not receive notice of the 341 Meeting or notice of the Bar Date. I was unaware that there was a deadline to file a proof of claim until after the Bar Date had passed.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: May 30, 2023

/s/ Mark Keiffer
Mark Keiffer

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

LEGAL02/43009078v5