

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed June 9, 2023**

_____
**United States Bankruptcy Judge**

_____

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **In re:** § | |
| § | |
| **GOODMAN NETWORKS, INC.,** § | **CASE NO. 22-31641-7 (MVL)** |
| Debtor § | |
| § | |

**STIPULATION AND AGREED ORDER GRANTING**
**TRUSTEE'S MOTION UNDER BANKRUPTCY RULE 9019**
**FOR APPROVAL OF COMPROMISE WITH RUSSELL F. NELMS**

This stipulation and agreed order (the "**Stipulation and Agreed Order**"), considered by the Court pursuant to the *Trustee's Motion Under Bankruptcy Rule 9019 for Approval of Compromise with Russell F. Nelms* (the "**Motion**"), is entered into by and among Russell F. Nelms ("**Nelms**") and Scott M. Seidel (the "**Chapter 7 Trustee**"), the duly appointed chapter 7 trustee of the bankruptcy estate (the "**Estate**") of Goodman Networks, Inc. (the "**Debtor**"). The parties hereto are individually referred to in this Stipulation and Agreed Order as a "**Party**" and together referred to herein as the "**Parties**."

## RECITALS

**WHEREAS**, On September 6, 2022 (the "Petition Date"), various creditors of the Debtor filed an involuntary petition against the Debtor under Chapter 7 of the Bankruptcy Code, thereby initiating the Bankruptcy Case and creating the Estate;

**WHEREAS**, On or about December 9, 2022, the Debtor, through its representative John Goodman, retained Nelms to act as an independent director of the Debtor, memorialized by that certain Engagement Agreement, dated December 11, 2022. The Engagement Agreement provided that Nelms would be compensated for his services rendered on an hourly basis and for reimbursement of expenses and provided for certain indemnifications (the "Engagement Agreement"). Pursuant to the Engagement Agreement, Nelms was provided a retainer in the amount of $150,000 (the "Initial Retainer");

**WHEREAS**, on December 12, 2022, the Court entered an Order for Relief. [Docket No. 132]. On December 14, 2022, the United States Trustee appointed the Chapter 7 Trustee as interim chapter 7 trustee for the Debtor [Docket No. 141]. Thereafter, the Trustee was appointed as the Chapter 7 trustee of the Estate;

**WHEREAS,** on January 9, 2023, Nelms resigned as a director of the Debtor;

**WHEREAS,** during his tenure as an Independent Director, Nelms was actively involved in various litigation matters concerning the Debtor, including efforts to convert the case from an involuntary Chapter 7 to a Chapter 11 proceeding and the production of various financial information and discovery in connection therewith (the "Services");

**WHEREAS**, after the Order for Relief was entered, at the request of the Trustee, Nelms transferred to the Trustee, the total amount of $120,000 of the Initial Retainer, leaving a retainer balance in Nelms's possession of $30,000 (the "Present Retainer");

**WHEREAS,** in connection with his rendering of the Services, Nelms incurred fees, for services rendered, in the total amount of $30,330.00 (the "Actual Fees") and incurred reimbursable expenses in the amount of $1,846.62 (the "Expenses"). Pursuant to the Engagement Agreement, Nelms is entitled to payment for services rendered and reimbursed expenses, in the amount of $32,146.62, plus other expenses entitled to be reimbursed (the "Fee Claim");

**WHEREAS**, on April 5, 2023, Nelms filed his Proof of Claim [POC No. 27] (the "Nelms POC"), asserting the Fee Claim, as a secured claim, and providing supporting documentation, itemizing the Services rendered (as detailed in individual time records and detailed expenses);

**WHEREAS,** the Fee Claim is secured by Nelms's possession of the Present Retainer;

**WHEREAS,** the Parties have agreed to compromise and resolve the claims between them, including pursuant to which Nelms has agreed (i) to reduce his Fee Claim by twenty-five (25%) percent (the "Reduced Fees"), (ii) to have his secured claim for the Reduced Fees and reimbursable expenses allowed and paid from funds he holds in his possession, (iii) to remit the balance of funds held to the Trustee, and (iv) to the exchange of mutual releases with regard to the Fee Claim, the Present Retainer, the Engagement Agreement and the Estate;

**WHEREAS**, this Stipulation and Agreed Order was negotiated, and entered into by each Party without collusion, in good faith, and from arms' length bargaining positions;

**WHEREAS**, the terms of the Stipulation and Agreed Order are prudent, reasonable, fair, and equitable, in the best interests of each Party, and reflect the sound and reasonable exercise of judgment by each Party; and

**WHEREAS** proper, timely, and adequate notice of the Motion and the hearing thereon was provided to all necessary persons and entities. Notice of the Motion and opportunity for hearing was good, sufficient, and appropriate under the particular circumstances, and no other or

further notice of the Motion or the hearing is required. The notice informed the Debtor's creditors that, *inter alia*, any creditor who does not make a timely objection to the Motion shall be deemed to have waived such objection and consented to the entry of this Stipulation and Agreed Order and shall forever be foreclosed from making any objection relating to the Motion or this Stipulation and Agreed Order. **NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND ORDERED**:

1. The above recitals are incorporated herein by reference and constitute the Court's findings.

2. The settlement embodied in this Stipulation and Agreed Order is approved pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure. The Court has jurisdiction over this Motion under 28 U.S.C. § 1334. Said jurisdiction is core under 28 U.S.C. § 157(b)(2).

3. The settlement embodied in this Stipulation and Agreed Order is fair and equitable, plainly above the lowest point in the range of reasonableness, a sound exercise of the Chapter 7 Trustee's business judgment, and in the best interests of the Estate and its creditors. The Parties have acted in good faith, in reasonable reliance on representations of the Debtor and those acting on its behalf, and in accordance with their rights under applicable documents.

4. Nelms shall have an allowed secured claim in the amount of fees for Services rendered, in the amount of $22,500, plus reimbursement of expenses incurred, in the amount of $1,846.62, plus recoverable costs for attorneys' fees (of not less than $1350) (the "Allowed Secured Claim").

5. Nelms shall be entitled to offset, and be compensated for, the amount of the Allowed Secured Claim from the Present Retainer.

6. Within five (5) business days of the entry of this Stipulation and Agreed Order by the Court and his receipt of payment of the Allowed Secured Claim from the Present Retainer, Nelms

shall remit the balance of the Present Retainer (after payment of the Allowed Secured Claim) (the "Remaining Retainer") to the Trustee.

7. Upon the transfer of the Remaining Retainer to the Trustee, the following releases, granted hereunder, shall become effective (the "**Releases**"):

> **Release by Chapter 7 Trustee of Nelms**: The Chapter 7 Trustee, solely in his capacity as Chapter 7 Trustee, on behalf of the Debtor and the Estate, releases and discharges Nelms, from any and all claims, causes of action, avoidance actions, obligations, suits, judgments, damages, demands, losses, liabilities, and remedies whatsoever (including any derivative claims asserted or assertable, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known unknown, foreseen or unforeseen, accrued or unaccrued, existing or hereinafter arising, in law, equity contract, tort, or otherwise), including for the avoidance of doubt any causes of action or remedies under chapter 5 of the Bankruptcy Code, based on or relating to, or in any manner arising from, in whole or in part, related to the Debtor, this bankruptcy case and/or the Engagement Agreement. Nothing in this Release shall be deemed to release any claims or causes of action to enforce the terms of this Stipulation and Agreed Order.
>
> **Release by Nelms of the Chapter 7 Trustee**: Nelms hereby releases the Chapter 7 Trustee, on behalf of the Debtor and the Estate, from any and all claims, causes of action, avoidance actions, obligations, suits, judgments, damages, demands, losses, liabilities, and remedies whatsoever (including any derivative claims asserted or assertable whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known unknown, foreseen or unforeseen, accrued or unaccrued, existing or hereinafter arising, in law, equity contract, tort, or otherwise) based on or relating to, or in any manner arising from, in whole or in part, related to the Debtor, this bankruptcy case and/or the Engagement Agreement. Nothing in this Release shall be deemed to release any claims or causes of action to enforce the terms of this Stipulation and Agreed Order.

8. The compromise and settlement of the rights, obligations and interests of the Parties, and particularly in the Present Retainer, as set forth herein, reflect an agreement that the Court finds is prudent, reasonable, fair and equitable, and reflects the sound and reasonable exercise of business judgment by the Chapter 7 Trustee.

9. The relief granted pursuant to this Stipulation and Agreed Order shall be effective immediately upon entry, and the requirements of Bankruptcy Rule 6004(h), to the extent applicable, are hereby waived.

10. This Court shall retain jurisdiction with respect to all matters arising under or

related to this Stipulation and Agreed Order, including any disputes that may arise, and to interpret, implement, and enforce provisions of this Stipulation and Agreed Order.

# # # End of Order # # #

**STIPULATED AND AGREED TO BY:**

**MUNSCH HARDT KOPF & HARR, P.C.**

*/s/* Davor Rukavina
Davor Rukavina, Esq.
Texas Bar No. 24030781
Thomas D. Berghman, Esq.
Texas Bar No. 24082683
500 N. Akard St.,
Suite 3800
Dallas, Texas 75201

Telephone: (214) 855-7500
Facsimile: (214) 855-7584
drukavina@munsch.com
tberghman@munsch.com
***Counsel for Scott M. Seidel, Trustee***

*/s/* Susan B. Hersh (w/ permission)
**SUSAN B. HERSH, P.C.**
Texas Bar No. 09543925
12770 Coit Road, Suite 850
Dallas, TX 75251
Telephone: 972-503-7070
Facsimile: 972-503-7077
susan@susanbhershpc.com
***Counsel for Russell F. Nelms***

4888-9589-6164v.1 013229.00016