

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed August 22, 2023**

_____
**United States Bankruptcy Judge**

---

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| GOODMAN NETWORKS, INC., | § | Case No. 22-31641 (MVL) |
| | § | |
| Debtor. | § | **Related to Docket Nos. 304 and 310** |
| | § | |

### AGREED ORDER GRANTING LEILA BEDOIAN AND ADAM BEDOIAN'S
### MOTION FOR RELIEF FROM AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362

Upon the motion [Docket No. 304] (the "Motion")[1] of Leila Bedoian and Adam Bedoian

(collectively, the "Movants") seeking entry of an order (this "Order") modifying and/or vacating

the automatic stay under section 362(a) of the Bankruptcy Code to allow the continuation of

pending Litigation against the Debtor in State Court, as more fully set forth in the Motion; and the

Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and it appearing that this

is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that the Court may enter

---

[1]  Capitalized terms used herein but not defined shall have the meanings ascribed to such terms in the *Trustee's
Limited Objection to the Motion for Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362* [Docket No. 310]
(the "Trustee's Limited Objection") filed by Scott M. Seidel, the duly-appointed chapter 7 trustee (the "Trustee").

a final order consistent with Article III of the United States Constitution; and it appearing that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the Movants' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and the Court having reviewed the Motion and the Trustee's Limited Objection; and all responses to the Motion having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1.      The Motion is GRANTED as set forth herein.

2.      The automatic stay under section 362(a) of the Bankruptcy Code is hereby modified and/or vacated solely to the extent necessary to allow the Movants to add the Debtor as a defendant in the Litigation and litigate their claims and causes of action against the Debtor to judgment in State Court; *provided, however*, that, the automatic stay shall be solely modified and/or vacated with regard to the Movants litigating any claim or cause of action against the Debtor in which Hartford Insurance Company of the Midwest ("Hartford") agrees to provide full coverage and defense on behalf of the Debtor pursuant to the Insurance Policies; *provided*, *further*, that, for the avoidance of doubt, the automatic stay shall not be modified and/or vacated to permit the Movants to take any action in pursuit of execution or collection on any judgment in the Litigation or otherwise against the Debtor or the Estate during the Bankruptcy Case.

3.      Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

4.      Notwithstanding the possible applicability of Bankruptcy Rules 4001(a)(3), 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5.      This Court shall retain jurisdiction with respect to all matters arising under or related to this Order, including any disputes that may arise, and to interpret, implement, and enforce provisions of this Order.

### # # # END OF ORDER # # #

Agreed to in form and substance by:

| | |
|---|---|
| By: _/s/ Thomas D. Berghman_<br>Davor Rukavina, Esq.<br>Texas Bar No. 24030781<br>Thomas D. Berghman, Esq.<br>Texas Bar No. 24082683<br>Munsch Hardt Kopf & Harr, P.C.<br>500 N. Akard St., Suite 3800<br>Dallas, Texas 75201<br>Telephone: (214) 855-7554<br>drukavina@munsch.com<br>tberghman@munsch.com<br><br>_Attorneys for Scott M. Seidel, Trustee_ | By: _/s/ Sarah M. Cox_<br>Sarah M. Cox<br>Texas State Bar No. 24119316<br>Spector & Cox, PLLC<br>12770 Coit Rd., Suite 850<br>Dallas, Texas 75251<br>Telephone: (214) 310-1321<br>Fax: (214) 237-3380<br>E-mail: sarah@spectorcox.com<br><br>_Attorney for Leila Bedoian and Adam Bedoian_ |
| | |