**PORTER HEDGES LLP**
Eric M. English (TX Bar No. 24062714)
1000 Main Street
Houston, Texas 77002-2764
Telephone: (713) 226-6000
Facsimile: (713) 226-6212
eenglish@porterhedges.com

**JORDAN, LYNCH & CANCIENNE PLLC**
Michael Cancienne (TX Bar No. 24055256)
1980 Post Oak Boulevard, Suite 2300
Houston, Texas 77056
Telephone: (713) 955-4025
mcancienne@jlcfirm.com

*Counsel to 18920 NW 11th LLC*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>GOODMAN NETWORKS, INC.,<br><br>Debtor. | Chapter 7<br><br>Case No. 22-31641 (MVL)<br><br>**Relates to Docket No. 320** |

**18920 NW 11TH LLC's OBJECTION TO TRUSTEE'S
EXPEDITED MOTION TO APPROVE TRANSACTION
WITH AMRR AND ALLIANCE GLOBAL SOLUTIONS, LLC**

18920 NW 11th LLC ("18920"), a party in interest in the above-captioned involuntary bankruptcy case (the "Bankruptcy Case"), files this *Objection to Trustee's Expedited Motion to Approve Transaction with AMRR and Alliance Global Solutions, LLC* (the "Objection"), and in support thereof respectfully states as follows:

**BACKGROUND**

*Assignment of the Debtor's Interest in the AMRR Note*

1.  On January 21, 2022, American Metals Recovery and Recycling, Inc. ("AMRR")[1] executed that certain *Secured Promissory Note* in the amount of $44 million and bearing interest at a rate of 10% per annum (the "AMRR Note"). The AMRR Note was originally payable to GNET

---

[1] According to the Trustee, AMRR is now known as MBG Holdings, Inc.

1

ATC, LLC, a wholly-owned subsidiary of Goodman Networks, Inc., the above-captioned debtor (the "Debtor"). The AMRR Note is set to mature on January 21, 2025.

2. On March 9, 2022, The Debtor and 18920 negotiated a promissory note in the amount of $50,000,000 (the "18920 Note"), payable to 18920.

3. On March 10, 2022, the Debtor and 18920 entered into to that certain *Settlement Agreement* (the "Settlement Agreement"). Pursuant to the Settlement Agreement, 18920 agreed to release the Debtor from its obligations under the 18920 Note in exchange for certain consideration, including the assignment of 50% of the Debtor's interest (representing $22 million) in the AMRR Note. As discussed below, in an adversary complaint in this case, the Trustee has acknowledged the assignment of 50% of the AMRR Note to 18920. To date, the AMRR Note remains outstanding.

***The Bankruptcy Case***

4. On September 6, 2022, certain creditors (collectively, the "Petitioning Creditors") of the Debtor filed an involuntary petition under Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code"). *See* Docket No. 1.

5. On December 12, 2022, the Court entered an order for relief under Chapter 7 of the Bankruptcy Code. *See* Docket No. 132.

6. On August 5, 2023, the Trustee filed an adversary complaint (the "Adversary Complaint")[2] against 18920 and other defendants. The Adversary Complaint acknowledges the Debtor's transfer of 50% of the AMRR Note to 18920. The Adversary Complaint also seeks, among other things, to avoid the transfers made pursuant to the Settlement Agreement, including

---

[2] The Adversary Proceeding is styled *Seidel v. 18920 NW 11th, LLC (In re Goodman Networks, Inc.)* (Adv. Proc. No. 23-03072 (MVL)).

2

14162097

the assignment of 50% of the AMRR Note to 18920. Paragraph 52 of the Adversary Complaint provides:

> Under the Settlement Agreement, and in satisfaction of the $50 Million Note, the Debtor and 18920 agreed as follows: … the Debtor would assign to 18920 one-half of the AMRR Note (such half representing $22 million) (the "Half AMRR Note") …. and the Debtor would assign to 18920 the Trademarks (the Trademarks, the LSU License and the Half AMRR Note, collectively, the "Transferred Assets").

Adversary Compl. ¶ 52.

7. Paragraph 109 of the Adversary Complaint further provides:

> Pursuant to section 550 of the Bankruptcy Code and any applicable provision of TUFTA, the Trustee requests the turnover of the Half AMRR Note and any benefits or proceeds on account of the same, and any security instruments or liens on account of the same.

Adversary Compl. ¶ 109.

8. Paragraph 118 of the Adversary Complaint further provides:

> Accordingly, the Trustee seeks a money judgment for breach of fiduciary duty against Frinzi in the amount of the Debtor Transfers ($9,498,075.00), the value of the LSU License and Trademarks in an amount to be proven at trial, and the attorney's fees incurred herein to avoid and recover the Half AMRR Note.

Adversary Compl. ¶ 118.

9. On August 28, 2023, the chapter 7 trustee, Scott M. Seidel (the "Trustee"), filed his *Expedited Motion to Approve Transaction with AMRR and Alliance Global Solutions, LLC* [Docket No. 320] (the "Motion"). Through his Motion, the Trustee proposes to enter into a transaction under section 363(b) of the Bankruptcy Code with AMRR and Alliance Global Solutions, LLC (the "Proposed Transaction"). The effect of the Proposed Transaction on the AMRR Note, and in particular the 50% portion of the AMRR Note that is held by 18920, is unclear. However, it appears that the Proposed Transaction purports to settle and resolve the entirety of the

3

AMRR Note and the Trustee's entry into the Proposed Transaction would resolve AMRR's delinquency and prejudice 18920's rights as a holder of a 50% in the AMRR Note.

## OBJECTION

10. 18920 objects to the Proposed Transaction because the Trustee is apparently attempting to settle and resolve all issues related to the AMRR Note, including the satisfaction of obligations owed to 18920. The Trustee has acknowledged that 18920 is the holder of 50% of the AMRR Note and avoidance and recovery of that 50% interest is the subject of a pending adversary proceeding in this Court. The Trustee's entitlement to that recovery is disputed and the Motion cannot assume that the Debtor's estate owns the portion of the AMRR Note held by 18920.

11. Likewise, the Trustee cannot be allowed to settle or release obligations represented by the AMRR Note when the Debtor's estate only owns 50% of that note. The rights of 18290 must be preserved pending the outcome of the Adversary Complaint.

## CONCLUSION

WHEREFORE, 18920 requests that the Court sustain this Objection and grant such other and further relief as may be just and proper.

*[Remainder of page intentionally left blank.]*

| | |
|---|---|
| Dated: September 5, 2023 | Respectfully submitted, |
| | **PORTER HEDGES LLP** |
| | */s/ Eric M. English* |
| | Eric M. English (TX Bar. No. 24062714) |
| | 1000 Main Street, 36th Floor |
| | Houston, Texas 77002 |
| | (713) 226-6000 |
| | (713) 226-6212 |
| | eenglish@porterhedges.com |
| | |
| | -and- |
| | |
| | **JORDAN, LYNCH & CANCIENNE PLLC** |
| | Michael Cancienne (TX Bar No. 24055256) |
| | 1980 Post Oak Boulevard, Suite 2300 |
| | Houston, TX 77056 |
| | (713) 955-4025 |
| | mcancienne@jlclawfirm.com |
| | |
| | *Counsel to 18920 NW 11th LLC* |

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was forwarded by electronic transmission to all registered ECF users appearing in the case on September 5, 2023.

/s/ *Eric M. English*
Eric M. English

14162097