**HUNTON ANDREWS KURTH LLP**

Philip M. Guffy
600 Travis Street, Suite 4200
Houston, Texas  77002
Tel:    713-220-4200
Fax:    713-220-4285
Email:  pguffy@huntonak.com

-and-

Paul N. Silverstein
Brian Clarke
200 Park Avenue
New York, NY  10166
Tel:    (212) 309-1000
Email: psilverstein@huntonak.com
       brianclarke@huntonak.com

*Special Counsel to UMB Bank, National Association*
*as Indenture Trustee, and Counsel to the Majority Noteholder Group*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re: | § Chapter 7 |
| | § |
| GOODMAN NETWORKS, INC., | § Case No. 22-31641 (MVL) |
| | § |
| Debtor. | § |
| | § |

**SUPPLEMENT TO UMB BANK, NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE, AND THE MAJORITY NOTEHOLDER GROUP'S MOTION FOR RELIEF FROM AUTOMATIC STAY WITH RESPECT TO SHARES OF STOCK ISSUED BY GREATER TECH HOLDINGS, INC.**

**PURSUANT TO LOCAL BANKRUPTCY RULE 4001-1(b), A RESPONSE IS REQUIRED TO THIS MOTION, OR THE ALLEGATIONS IN THE MOTION MAY BE DEEMED ADMITTED, AND AN ORDER GRANTING THE RELIEF SOUGHT MAY BE ENTERED BY DEFAULT.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT EARLE CABELL FEDERAL BUILDING 1100 COMMERCE ST., RM. 1254 DALLAS, TX 75242-1496 BEFORE CLOSE OF**

**BUSINESS ON SEPTEMBER 29, 2023, WHICH IS AT LEAST 14 DAYS FROM THE DATE OF SERVICE HEREOF.  A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY AND ANY TRUSTEE OR EXAMINER APPOINTED IN THE CASE.  ANY RESPONSE SHALL INCLUDE A DETAILED AND COMPREHENSIVE STATEMENT AS TO HOW THE MOVANT CAN BE "ADEQUATELY PROTECTED" IF THE STAY IS TO BE CONTINUED.**

UMB Bank, National Association, as indenture trustee (the "**Indenture Trustee**") and Majority Noteholder Group[1] (together, the "**Movants**") for their supplement to *UMB Bank, National Association, as Indenture Trustee, and Majority Noteholder Group's Motion for Relief from Automatic Stay with Respect to Shares of Stock Issued by Greater Tech holdings, Inc.* (the "**Motion**")[2] [Docket No. 230], respectfully represent:

<u>**PROCEDURAL BACKGROUND**</u>

1.     The Movants filed the Motion on March 27, 2023.  On April 12, 2023, Scott M. Seidel (the "**Chapter 7 Trustee**"), as trustee of the Debtor's bankruptcy estate filed an objection to the motion [Docket No. 238].  No other parties objected to the motion.  After discussions among the Chapter 7 Trustee and the Movants, on May 12, 2023, the Chapter 7 Trustee filed the *Trustee's Notice of Intention to not Oppose Motion for Relief from Stay* [Docket No. 253] in which the Chapter 7 Trustee stated that he no longer intended to oppose the Motion, but reserved his rights regarding claims incident to the GTH Shares, including the Put Option.

2.     On June 22, 2023, the Court held a hearing on the Motion (the "**Hearing**").  At the Hearing, the Chapter 7 Trustee maintained that he was not consenting to any relief in connection

---

[1]    The Majority Noteholder Group consists of investment advisers or managers of funds that hold (with such investment advisers and managers acting on behalf of such holders), or are beneficial holders of, a majority of the 8% Senior Secured Notes due 2022 issued by Goodman Networks, Inc., and include JLP Credit Opportunity Master Fund Ltd., JLP Credit Opportunity IDF Series Interests of the SALI Multi-Series Fund, L.P., JLP Institutional Credit Master Fund LP, Alimco Re Ltd., Marli B. Miller Trust A4, Miller Family Education and Medical Trust, Susan F Miller Spousal IRA, Susan F. Miller Spousal Trust A4, DuPont Pension Trust, and Hilltop Securities, Inc.

[2]    Capitalized terms used but not defined herein have the meanings given to them in the Motion.

2

with the Put Option.  At the conclusion of the Hearing, the Court directed the Movants to supplement the Motion to the extent they sought relief in connection with the Put Option and could not reach a consensual resolution with the Chapter 7 Trustee.  The Movants have not been able to reach a consensual resolution with the Chapter 7 Trustee and, therefore, file this supplement to the Motion.

### SUPPLEMENTAL RELIEF REQUESTED

3.      As noted in the Motion, James Frinzi resigned as CEO in May of 2022. Nevertheless, he purportedly executed the documents approving the conversion of the Class E Units and the release of the Put Option on behalf of the Debtor.  Frinzi did not have authority to do so.  The Put Option is, therefore, still an obligation of John Goodman that inures to the benefit of the holder of the GTH Shares.  The Movants plan to commence proceedings following foreclosure on the GTH Shares seeking a declaratory judgment that the conversion was invalid and is void.

4.      The Put Option is a payment intangible that is subject to the perfected security interests held by the Collateral Agent for the benefit of the Movants and all holders of the Notes. As set forth in the Motion, under the Pledge and Security Agreement, the Debtor granted the Collateral Agent security interests in, and liens on, substantially all its personal property, including payment intangibles and general intangibles.[3]  Under the UCC, a general intangible is "any personal property, including things in action" other than certain specified types of property.[4]  The term specifically includes payment intangibles.[5]  A payment intangible is defined as "a general

---

[3]     Motion ¶ 5.

[4]     Tex. Bus. & Com. Code Ann. § 9.102(42).

[5]     *Id.*

3

intangible under which the account debtor's principal obligation is a monetary obligation."[6]  The

Put Option is a right to demand payment from John Goodman in exchange for the Class E Units.

As such, it is a payment intangible under the UCC and subject to the perfected security interests

granted under the Pledge and Security Agreement.[7]  To the extent the Put Option is a chose in

action it would be a general intangible and also subject to the perfected security interests granted

under the Pledge and Security Agreement.[8]

5.      Further, any action to enforce the Put Option would be an action to liquidate the

GTH Shares.  The resulting proceeds from any such action would be subject to the Collateral

Agent's security interests as the Pledge and Security Agreement extends to proceeds of any

Collateral.  The Chapter 7 Trustee does not dispute that the Collateral Agent has a valid, perfected,

and unavoidable security interest in the GTH Shares.  Accordingly, any proceeds from a

disposition of the GTH Shares (including proceeds from the Put Option) would be subject to the

same valid, perfected, and unavoidable security interest under section 9.315 of the Texas UCC.

6.      Even if the Chapter 7 Trustee were to bring a fraudulent transfer or other avoidance

action against GTH Inc. or John Goodman, any recovery on that claim would also be subject to

the Collateral Agent's valid, perfected, and unavoidable security interests.  While such security

interests do not attach to avoidance actions themselves, the particular asset that the Chapter 7

Trustee would be monetizing through the avoidance action (the Put Option) is encumbered by the

Collateral Agent's valid, perfected, and unavoidable security interests.  If and when the Put Option

is monetized, the resulting proceeds are proceeds of prepetition Collateral and remain subject to

the Collateral Agent's valid, perfected, and unavoidable security interests under section 552(b) of

---

[6]   *Id.* § 9.102(62).

[7]   *See generally Id.* § 9.102, cmt. 5(d).

[8]   *Id.* § 9-102(42).

4

the Bankruptcy Code.[9]  No mechanism exists in the Bankruptcy Code to remove a security interest from property merely because such property was the subject of a fraudulent transfer.  So long as the lien remains valid under applicable non-bankruptcy law, it remains valid in bankruptcy unless some provision of the Bankruptcy Code explicitly states otherwise.

7.    For the same reason that any attempt by the Chapter 7 Trustee to monetize the Put Option would result in fully encumbered proceeds, any recovery by the Trustee through an avoidance action is doubtful to being with.  At the time of the release of the Put Option, both the Put Option and the Class E Units were subject to the Collateral Agent's valid, perfected, and unavoidable security interests and the Debtor did not have any equity in either of them.

8.    As this Court has noted "bare legal title is insufficient for a debtor to have an interest in property."[10]  The debtor must have an equity interest in the property, and "[a] debtor lacks equity in an asset if it is fully encumbered by a creditor's lien."[11]  This is "[b]ecause the purpose of the avoidance provision is to preserve the property includable within the bankruptcy estate—the property available for distribution to creditors."[12]  Accordingly, where a transfer does not result in the diminution of the estate, there is no transfer of an interest in property of the Debtor.[13]  The plain language of section 548 of the Bankruptcy Code uses the phrase "an interest of the debtor in property" in describing what transfers may be avoided.[14]  Thus, if the transfer does not involve an

---

[9]    *See, e.g.*, *In re Figearo*, 79 B.R. 914, 918 (Bankr. D. Nev. 1987) (holding that property recovered by a trustee pursuant to section 550 of the Bankruptcy Code remains subject to valid prepetition liens).

[10]    *In re Essential Fin. Educ., Inc.*, 629 B.R. 401, 421 (Bankr. N.D. Tex. 2021)

[11]    *Id.*

[12]    *Begier v. I.R.S.*, 496 U.S. 53, 58 (1990); *see also Bear, Stearns Sec. Corp. v. Gredd*, 275 B.R. 190, 195 (S.D.N.Y. 2002) ("Other courts have recognized that the purpose of § 548 also leads to the conclusion that creditors must actually be harmed in order to avoid a fraudulent transfer under that section.");

[13]    *Mann v. LSQ Funding Grp., L.C.*, 71 F.4th 640, 645 (7th Cir. 2023) (finding that, where there was no diminution of the estate, the transfer does not involve an interest of the debtor in property.)

[14]    11 U.S.C. § 548(a)(1) ("The trustee may avoid any transfer . . . of an interest of the debtor in property . . . .").

5

interest of the debtor in property, it may not be avoided under section 548.[15]  As the Debtor did

not have an interest in property that would be subject to avoidance under either section 544 or 548

of the Bankruptcy Code, the Estate will not lose anything as a result of the relief requested in the

Motion.

9.      Finally, the Movants understand that one primary concern the Chapter 7 Trustee

has is that stay relief could potentially impact D&O claims belonging to the Estate related to the

conversion of the Class E Units and the release of the Put Option.  The Movants do not believe the

relief they are seeking will prejudice any such claims and do not seek any relief with respect to

such claims.  (The proceeds of such claims, however, would be subject to the security interest of

the Collateral Agent.)

**WHEREFORE**, the Indenture Trustee and the Majority Noteholder Group respectfully

request entry of an order modifying the automatic stay as set forth herein and granting such other

and further relief as may be just and proper.

---

[15]     *Mann v LSQ Funding*, 71 F.4th at 646-48.  A claim under section 544 would face the same impediment as the Texas Uniform Fraudulent Transfer Act applies to a "transfer," which is defined as "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with an asset or an interest in an asset" and "asset" is specifically defined to exclude "property to the extent it is encumbered by a valid lien."  Tex. Bus. and Com. Code § 24.002(2) & (12).

DMS 303293672

Dated:  September 15, 2023
      Houston, Texas

Respectfully Submitted,

*/s/  Philip M. Guffy*
Philip M. Guffy (TX Bar No. 24113705)
**HUNTON ANDREWS KURTH LLP**
600 Travis Street, Suite 4200
Houston, Texas  77002
Tel:     713-220-4200
Fax:     713-220-4285
Email:  pguffy@huntonak.com

 -and-

Paul N. Silverstein
Brian Clarke
**HUNTON ANDREWS KURTH LLP**
200 Park Avenue
New York, NY 10166
Tel:     (212) 309-1000
Email:  psilverstein@huntonak.com
            brianclarke@huntonak.com

*Special Counsel to UMB Bank, National Association, as Indenture Trustee, and Counsel to the Majority Noteholder Group*

## CERTIFICATE OF SERVICE

I certify that on September 29, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas and.

*/s/ Philip M. Guffy*
Philip M. Guffy

DMS 303293672