**BAKER BOTTS L.L.P.**
James R. Prince
Texas Bar No. 00784791
*jim.prince@bakerbotts.com*
Eric T. Haitz
Texas Bar No. 24101851
*eric.haitz@bakerbotts.com*
Shelby V. Saxon (*pro hac vice* pending)
Texas Bar No. 24126439
*shelby.saxon@bakerbotts.com*
2001 Ross Avenue, Suite 900
Dallas, Texas 75201-2980
Telephone: (214) 953-6500

Russell Lewis
Texas Bar No. 24036968
*russell.lewis@bakerbotts.com*
910 Louisiana St.
Houston, Texas 77002
Telephone: 713.229.1767
Facsimile: 713.229.2867

*Counsel for Hudson Clean Energy Enterprises, LLC*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** § | | |
| § | | |
| **GOODMAN NETWORKS, INC.,** § | **Chapter 7** | |
| § | | |
| **Debtor.** § | **Case No. 22-31641-mvl-7** | |
| § | | |

# LIMITED OBJECTION
# OF HUDSON CLEAN ENERGY ENTERPRISES, LLC
# TO TRUSTEE'S EXPEDITED MOTION FOR ORDER APPROVING
# MEDIATION AND AUTHORIZING PAYMENT OF MEDIATION COSTS

TO THE HONORABLE MICHELLE V. LARSON, U.S. BANKRUPTCY JUDGE:

Hudson Clean Energy Enterprises, LLC ("**Hudson**") submits this limited objection (the "**Objection**") to the *Trustee's Expedited Motion for Order Approving Mediation and Authorizing Payment of Mediation Costs* [Docket No. 372] (the "**Motion**")[1] and respectfully represents as follows:

## OBJECTION

1. At paragraphs 4–9 of the Motion, the trustee makes numerous assertions

---

[1] Capitalized terms used but not defined herein shall have the same meaning ascribed to such terms in the Motion.

that he presents as "facts." Not only are most of these assertions inaccurate (and unsupportable), but all such assertions constitute allegations (rather than facts) and are irrelevant to the relief requested. They should have no bearing on the Motion or its disposition.

2. Relief requested under section 363(b)(1) of the Bankruptcy Code is considered pursuant to the "flexible" business judgment standard. (Mot. ¶ 12.) This standard provides a trustee with, among other things, the ability to use property of the estate for a reasonable business purpose. *In re ASARCO, L.L.C.*, 650 F.3d 593, 601 (5th Cir. 2011). The allegations in paragraphs 4–9 of the Motion, inappropriately stated as facts, have no bearing on whether the estate's incurrence of mediation costs constitutes a reasonable exercise of business judgment (and are in any case largely unsupportable). Nor does the trustee acknowledge that they are merely allegations. Nor do such assertions constitute evidence in support of the Motion.

3. To the extent the Court is inclined to grant the trustee's request to incur and pay mediation costs on the narrow basis that mediation is a reasonable exercise of business judgment—which Hudson believes would be appropriate—the Court should consider the trustee's assertions in paragraphs 4–9 of the Motion as nothing more than unsupported allegations, which should play no role in the Court's disposition of the Motion.

4. By filing this Objection, Hudson neither consents to the Court's jurisdiction over any proceeding that may be commenced in connection with the trustee's allegations nor waives any right Hudson may have (i) to have a final order entered by an Article III court, (ii) to a trial by jury, (iii) to seek withdrawal of the reference, or (iv) to any other rights, claims, or defenses to which Hudson may be entitled under any agreement, in law, or in equity, all of which rights claims, and defenses are hereby reserved.

## CONCLUSION

**WHEREFORE, PREMISES CONSIDERED,** for the foregoing reasons, Hudson respectfully requests that the Court: (i) deny the Motion to the extent based on the substance of the trustee's allegations in paragraphs 4–9 of the Motion; (ii) authorize the trustee to incur and pay mediation costs under section 363(b)(1); and (iii) grant such other and further relief as is appropriate.

Dated: October 2, 2023       Respectfully submitted,

By: /s/ James R. Prince

James R. Prince
Texas Bar No. 00784791
*jim.prince@bakerbotts.com*
Eric T. Haitz
Texas Bar No. 24101851
*eric.haitz@bakerbotts.com*
Shelby V. Saxon (*pro hac vice* pending)
Texas Bar No. 24126439
*shelby.saxon@bakerbotts.com*
BAKER BOTTS L.L.P.
2001 Ross Avenue, Suite 900
Dallas, Texas 75201-2980
Telephone: (214) 953-6500
Facsimile: (214) 953-6503

-and-

Russell Lewis
Texas Bar No. 24036968
*russell.lewis@bakerbotts.com*
BAKER BOTTS L.L.P.
910 Louisiana St.
Houston, Texas 77002
Telephone: 713.229.1767
Facsimile: 713.229.2867

*Counsel for Hudson Clean Energy Enterprises, LLC*

3

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that, on this 2nd day of October, 2023, true and correct copies of this document were electronically served by the Court's ECF system on parties entitled to notice thereof and that, additionally, on the same date he caused true and correct copies of this document to be served by email on the following persons.

Davor Rukavina, Esq.
Texas Bar No. 24030781
*drukavina@munsch.com*
Thomas D. Berghman, Esq.
*tberghman@munsch.com*
Texas Bar No. 24082683
3800 Ross Tower
500 N. Akard Street
Dallas, Texas 75201
Telephone: (214) 855-7500
Facsimile: (214) 855-7584

                                                   /s/ James R. Prince
                                                   James R. Prince