| | |
|---|---|
| **DATE:** | **OCTOBER 3, 2021** |
| **BORROWER:** | **GENESIS NETWORKS TELECOM SERVICES, LLC and GENESIS NETWORKS GLOBAL SERVICES, LLC** |
| **LENDER:** | **PROSPERITY BANK** |
| **LOAN:** | **SECOND MODIFICATION OF $3,000,000.00 LOAN** |

### ATTORNEY REPRESENTATION LETTER

Legal instruments involved in the above-referenced loan transaction have been prepared for Lender, by Colven, Tran & Meredith, P.C. As a part of the obligation of the undersigned to pay the reasonable expenses of Lender in connection with the preparation of the legal instruments related to the loan from the Lender to the Borrower, the undersigned agrees to pay at closing, the legal fees charged Lender by Colven, Tran & Meredith, P.C. The undersigned acknowledges that Colven, Tran & Meredith, P.C. has acted only as counsel to Lender, and has not, in any manner, undertaken to assist or render legal advice to the undersigned with respect to the loan or with respect to any of the documents or instruments being executed in connection therewith. The undersigned has been and is hereby advised to obtain counsel of its own choice to represent them in this transaction.

**BORROWER:**

**GENESIS NETWORKS TELECOM SERVICES, LLC,**
    a Texas limited liability company
        By: Genesis Networks Enterprises, LLC,
            a Texas limited liability company,
            its Manager


by: _____
        James E. Goodman, Jr., Chief Executive Officer

**GENESIS NETWORKS GLOBAL SERVICES, LLC,**
    a Texas limited liability company
        By: Genesis Networks Enterprises, LLC,
            a Texas limited liability company,
            its Manager


by: _____
        James E. Goodman, Jr., Chief Executive Officer

Prosperity000098

**GENESIS NETWORKS ENTERPRISES, LLC**

**WRITTEN CONSENT OF THE SOLE DIRECTOR**
**IN LIEU OF A SPECIAL MEETING**

Pursuant to the provisions of Section 6.201(b) of the Texas Business Organizations Code, the undersigned, being the sole director of **GENESIS NETWORKS ENTERPRISES, LLC,** a Texas limited liability company (the "Company"), does hereby declare that when this consent is signed, the following resolutions shall then be consented to, approved and adopted:

**WHEREAS**, the Company is the sole Manager of Genesis Networks Telecom Services, LLC, a Texas limited liability company;

**WHEREAS**, it is proposed that Genesis Networks Telecom Services, LLC, together with Genesis Network Global Services, LLC, a Texas limited liability company (collectively, the "Borrower") modify a loan (the "Loan") from Prosperity Bank, a Texas banking association (the "Lender"), the Loan being evidenced by the terms of that certain Promissory Note dated July 3, 2020 (the "Note") in the original principal amount of Three Million and No/100 Dollars ($3,000,000.00), and secured by, among other things, that certain Security Agreement of even date herewith from Borrower for the benefit of Lender, granting the Lender a security interest in all of the accounts receivable of the Borrower (the "Collateral"); and

**WHEREAS**, copies of all of the proposed papers, documents and instruments pertaining to the modification of the Loan, or to be executed in connection therewith, including without limitation, that certain Second Loan Modification Agreement between the Borrower and the Lender (the "Loan Papers"), have been submitted to, and reviewed, by the director of the Company.

**NOW, THEREFORE, RESOLVED**, that the modification of the Loan be, and is hereby authorized and approved, and that the execution of the proposed Loan Papers be, and each is hereby authorized and approved, and that James E. Goodman, Jr., Chief Executive Officer of the Company, be, and is hereby authorized, empowered and directed to execute the Loan Papers for and on behalf and in the name of the Company, with such changes in the terms and provisions thereof as he shall, in his sole discretion, deem necessary or desirable and in the best interests of the Company, his signature being conclusive evidence that he did so deem any such changes to be necessary or desirable and in the best interest of the Company;

**FURTHER RESOLVED**, that James E. Goodman, Jr., Chief Executive Officer of the Company, be, and is hereby, authorized, empowered and directed to

Prosperity000099

perform all acts and do all things which he may deem necessary or desirable to consummate the transactions contemplated by the Loan Papers, with such modifications, amendments or further agreements, certificates and other agreements, instruments or documents as his, in his discretion, may deem necessary or desirable and in the best interest of the Company, his taking of any such action, for and on behalf and in the name of the Company, and/or his execution and delivery, for and on behalf and in the name of the Company, of any such agreement, instrument or document to be conclusive evidence that he did so deem the same to be necessary or desirable and in the best interest of the Company; and

**FURTHER RESOLVED**, that the foregoing powers and authorizations shall continue in full force and effect until written notice of revocation has been given the Lender and its receipt obtained therefor.

**DATED**: Effective October 3, 2021.

James E. Goodman, Jr., Director

Prosperity000100

DATE:          OCTOBER 3, 2021

BORROWER:      GENESIS NETWORKS TELECOM SERVICES, LLC and
               GENESIS NETWORKS GLOBAL SERVICES, LLC

LENDER:        PROSPERITY BANK

LOAN:          SECOND MODIFICATION OF $3,000,000.00 LOAN

## ERRORS, OMISSIONS AND COMPLIANCE AGREEMENT

The parties agree that they shall fully cooperate in the correction of any clerical errors made on any or all documents relating to the Loan. Additionally, the parties agree that if any document relating to the Loan does not accurately reflect the terms of the Loan, the parties shall sign or initial any corrected document or replacement document that accurately reflects the terms of the Loan. Each party agrees to do so regardless of whether the inaccuracy arises from a mistake by the other party, a mistake by both Borrower and Lender, or a clerical error made by any party. Each party agrees to act upon a request from the other party to sign or initial any corrected document or replacement document within a reasonable period of time.

Borrower understands that a failure or refusal to comply with a reasonable request made by Lender to sign, initial or otherwise assist in the correction of any loan document is an event of default and may allow Lender to take any action provided by the terms of the Loan.

BORROWER:

GENESIS NETWORKS TELECOM SERVICES, LLC,
   a Texas limited liability company
   By: Genesis Networks Enterprises, LLC,
      a Texas limited liability company,
      its Manager

by: _____
    James E. Goodman, Jr., Chief Executive Officer

GENESIS NETWORKS GLOBAL SERVICES, LLC,
   a Texas limited liability company
   By: Genesis Networks Enterprises, LLC,
      a Texas limited liability company,
      its Manager

by: _____
    James E. Goodman, Jr., Chief Executive Officer

ERRORS, OMISSIONS AND COMPLIANCE AGREEMENT – Page 1
J:\TJC\23041\065\2nd Mod of $3,000,000\errors.omissions.docx

Prosperity000101

**LENDER:**

**PROSPERITY BANK**

By: _____

    Taylor Burns, Vice President

Prosperity000102

## SECOND LOAN MODIFICATION AGREEMENT

**THIS SECOND LOAN MODIFICATION AGREEMENT** (the "Agreement") is made and entered into effective as of October 3, 2021 (the "Effective Date"), by and between **GENESIS NETWORKS TELECOM SERVICES, LLC**, a Texas limited liability company and **GENESIS NETWORKS GLOBAL SERVICES, LLC**, a Texas limited liability company (collectively, the "Borrower"), and **PROSPERITY BANK** (the "Lender").

## R E C I T A L S

**WHEREAS**, on July 3, 2020, the Lender made a loan (the "Loan") to the Borrower in the original principal amount of $3,000,000.00;

**WHEREAS**, the Borrower executed and delivered to the Lender that certain Promissory Note dated July 3, 2020 (the "Note"), payable to the order of the Lender in the amount of and evidencing the Loan;

**WHEREAS,** the Loan is governed by the terms of a Loan Agreement dated July 3, 2020, between the Borrower and the Lender;

**WHEREAS**, the Note is secured by that certain Security Agreement of even date therewith from the Borrower for the benefit of the Lender, granting the Lender a security interest in all of the Borrower's Accounts and inventory, equipment, trade fixtures, chattel paper and general intangibles (the "Collateral");

**WHEREAS**, the Lender and Borrower have previously modified the terms of the Note pursuant to the terms of that certain Loan Modification Agreement dated to be effective July 3, 2021 (the "Modification Agreement"); and,

**WHEREAS**, the Lender and Borrower now propose to further modify the Note, as more particularly described herein (the Loan Agreement, Security Agreement and any other document executed in connection with or securing the repayment of the Note are hereinafter sometimes collectively referred to as the "Security Documents").

**NOW, THEREFORE**, in consideration of the mutual covenants and agreements herein contained, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Lender and the Borrower hereby agree as follows:

1.    <u>Modifications</u>.  The third paragraph of the Note is hereby amended in its entirety as follows:

Prosperity000103

"Interest only shall be due and payable monthly, commencing on October 3, 2021, and continuing on the same day of each month thereafter until December 3, 2021. All unpaid principal, together with accrued but unpaid interest shall be due and payable in full on January 3, 2022 (the "Maturity Date"). Lender shall have the right to periodically adjust the amount of the monthly installments of interest due under this Note based upon changes in the Base Rate of interest payable hereunder."

2.    <u>Acknowledgment by the Borrower</u>.  Except as otherwise specified herein, the terms and provisions of this Agreement shall in no manner impair, limit, restrict or otherwise affect the obligations of the Borrower under the Security Documents. As a material inducement to the Lender to execute and deliver this Agreement, the Borrower hereby acknowledges and agrees that the security interests created and evidenced by the Security Documents are valid and subsisting security interests encumbering the Collateral.  As a further material inducement to the Lender to execute and deliver this Agreement, the Borrower hereby acknowledges that there are no claims or offsets against, or defenses or counterclaims to, the terms and provisions and the obligations created or evidenced by the Security Documents.

3.    <u>Controlling Agreement</u>.  All agreements between the Borrower and the Lender, whether now existing or hereafter arising and whether written or oral, are expressly limited so that in no event whatsoever shall the amount paid, or agreed to be paid to the Lender for the use, forbearance or detention of the money loaned or to be loaned pursuant to the Note or otherwise, or for the performance or payment of any covenant or obligation contained herein or in the Security Documents, exceed the Maximum Rate.  If for any circumstances whatsoever fulfillment of any provision hereof or of any other document evidencing, securing or pertaining to the Note, at the time performance of such provision shall be due, shall involve transcending the limit of validity prescribed by law, then, <u>ipso facto</u>, the obligation to be fulfilled shall be reduced to the limit of such validity;  and if from any such circumstance the Lender shall ever receive as interest under the Security Documents or otherwise an amount which would exceed the Maximum Rate, such amount that would be excessive interest shall be applied to the reduction of the principal amount owing under the Note and not to the payment of interest; or if such excessive interest exceeds the unpaid principal balance of the Note, such excess shall be refunded to the Borrower.  All sums paid or agreed to be paid to Lender for the use, forbearance or detention of the indebtedness evidenced by the Note shall, to the extent permitted by applicable law, be amortized, prorated, allocated and spread throughout the full term of such indebtedness until payment in full so that the actual rate of interest on account of such indebtedness is uniform throughout the terms thereof.

4.    <u>Additional Documentation</u>.  From time to time, the Borrower shall execute or procure and deliver to Lender such other further documents and instruments

Prosperity000104

evidencing, securing or pertaining to the Note and the Security Documents as shall be reasonably requested by Lender so as to evidence or affect the terms and provisions hereof.

5. <u>Effectiveness of Security Documents</u>.  Except as expressly modified by the terms and provisions hereof, each and every of the terms and provisions of the Note and Security Documents are and shall remain in full force and effect.

6. <u>Notices</u>  Any notices, consents or other communications required or permitted to be given pursuant to this Agreement or the Security Documents must be in writing and shall be deemed served and given in the manner required by the terms of the Loan Agreement.  Notice given in any other manner shall be effective only if and when received by the addressee.  Any party may provide written notice of a substitute address pursuant to written notice delivered to the other parties in accordance with the terms of the Loan Agreement;  provided, however, that no such notice of change of address shall be effective unless and until actually received by the party to whom such notice is sent.

7. <u>Governing Law</u>.  The terms and provisions of this Agreement shall be governed by and construed in accordance with the laws of the State of Texas and the laws of the United States applicable to transactions within the State of Texas.  This Agreement is performable in Dallas County, Texas.  Time is of the essence in the performance of the covenants contained herein and in the Security Documents.

8. <u>Entire Agreement</u>.  This Agreement embodies and constitutes the entire understanding between the parties with respect to the transactions contemplated herein, and all prior or contemporaneous agreements, understandings, representations and statements (whether oral or written) are merged into this Agreement.  Neither this Agreement nor any provision hereof may be waived, modified, amended, discharged or terminated except by an instrument in writing signed by the party against whom the enforcement of such waiver, modification, amendment, discharge or termination is sought, and then only to the extent set forth in such instrument.

9. <u>Right of Offset</u>.  Lender shall be entitled, as further security for the payment of the Note, to a security interest in all property pledged as collateral and any money found on deposit with the Lender to the credit of the undersigned, and may retain and apply such money, securities or proceeds of such collections to the payment of the Note. The Lender's right of setoff applies without prior notice by Lender to Borrower.  Lender shall not be liable for wrongful dishonor of a check if such dishonor occurs because of Lender's setoff of the indebtedness evidenced by the Note against Borrower's accounts.

Prosperity000105

10. <u>Due on Death</u>. Borrower covenants and agrees that upon the death of any signatory, maker, co-maker or guarantor of the Note, the Lender may, at its option, accelerate the entire balance due on the Note, whereupon all amounts due and owing shall immediately be due and payable.

11. <u>Cross Collateral</u>. In addition to securing the indebtedness evidenced by the Note, the Collateral and any other collateral securing repayment of the Note shall also secure the payment and performance of all other indebtedness and obligations of whatever kind and character (except solely any indebtedness which is prohibited from being secured hereby under the laws of the State of Texas), owing or which may hereafter become owing or to be performed by Borrower to Lender, whether such indebtedness or obligations are evidenced by a note, open accounts, overdraft, endorsement, surety agreement, guaranty agreement, or otherwise, and whether such indebtedness or obligations are present or future, direct or indirect, primary or secondary, joint or several, fixed, contingent or otherwise, whether such indebtedness or obligations were originally owed to Lender or to be performed for Lender or owed to or to be performed for others and acquired by purchase or otherwise by Lender, and whether or not such indebtedness or obligations were created by any then owner of any interest in or to any of the Collateral, it being contemplated that Borrower may now or hereafter be or become indebted or obligated to Lender in further sum or sums.

12. <u>Binding Effect</u>. This Agreement shall be binding upon and inure to the benefit of the Borrower and the Lender, and their respective successors and assigns.

**IN WITNESS WHEREOF**, the undersigned have executed this Agreement as of the Effective Date.

BORROWER:

**GENESIS NETWORKS TELECOM SERVICES, LLC,**
a Texas limited liability company
By: Genesis Networks Enterprises, LLC,
a Texas limited liability company,
its Manager

by: _____
James E. Goodman, Jr., Chief Executive Officer

Prosperity000106

**GENESIS NETWORKS GLOBAL SERVICES, LLC,**
a Texas limited liability company
By:  Genesis Networks Enterprises, LLC,
a Texas limited liability company,
its Manager


by: _____
James E. Goodman, Jr., Chief Executive Officer


**LENDER:**

**PROSPERITY BANK**


By: _____
Taylor Burns, Vice President

Prosperity000107

**GENESIS NETWORKS GLOBAL SERVICES, LLC,**
a Texas limited liability company
  By:  Genesis Networks Enterprises, LLC,
    a Texas limited liability company,
     its Manager


by: _____
       James E. Goodman, Jr., Chief Executive Officer

**LENDER:**

**PROSPERITY BANK**


By: _____
       Taylor Burns, Vice President

SECOND LOAN MODIFICATION AGREEMENT – Page 5
J:\TJC\23041\065\2nd Mod of $3,000,000\lma.docx

Prosperity000108

**LENDER:**

**PROSPERITY BANK**


By: _____

Taylor Burns, Vice President

Prosperity000109

**GENESIS NETWORKS TELECOM SERVICES, LLC**

**WRITTEN CONSENT OF THE SOLE MANAGER
IN LIEU OF A SPECIAL MEETING**

Pursuant to the provisions of Section 6.201(b) of the Texas Business Organizations Code, the undersigned, being the sole Manager of **GENESIS NETWORKS TELECOM SERVICES, LLC,** a Texas limited liability company (the "Company"), does hereby declare that when this consent is signed, the following resolutions shall then be consented to, approved and adopted:

**WHEREAS**, it is proposed that the Company, together with Genesis Networks Global Services, LLC, a Texas limited liability company (collectively, the "Borrower") modify a loan (the "Loan") from Prosperity Bank, a Texas banking association (the "Lender"), the Loan being evidenced by that certain Promissory Note dated July 3, 2020 (the "Note") in the original principal amount of Three Million and No/100 Dollars ($3,000,000.00), and secured by, among other things, that certain Security Agreement of even date herewith from Borrower for the benefit of Lender, granting the Lender a security interest in all of the accounts receivable of the Borrower (the "Collateral"); and

**WHEREAS**, copies of all of the proposed papers, documents and instruments pertaining to the modification of the Loan, or to be executed in connection therewith, including without limitation, that certain Second Loan Modification Agreement between the Borrower and the Lender (the "Loan Papers"), have been submitted to, and reviewed by, the sole Manager of the Company.

**NOW, THEREFORE, RESOLVED**, that the modification of the Loan be, and is hereby authorized and approved, and that the execution of the proposed Loan Papers be, and each is hereby authorized and approved, and that James E. Goodman, Jr., Chief Executive Officer of the Manager of the Company, be, and is hereby authorized, empowered and directed to execute the Loan Papers for and on behalf and in the name of the Company, with such changes in the terms and provisions thereof as he shall, in his sole discretion, deem necessary or desirable and in the best interests of the Company, his signature being conclusive evidence that he did so deem any such changes to be necessary or desirable and in the best interest of the Company;

**FURTHER RESOLVED**, that James E. Goodman, Jr., Chief Executive Officer of the Manager of the Company, be, and is hereby, authorized, empowered and directed to perform all acts and do all things which he may deem necessary or desirable to consummate the transactions contemplated by the Loan Papers, with such modifications, amendments or further agreements, certificates and other agreements,   instruments or documents as he, in his discretion, may deem

Prosperity000110

necessary or desirable and in the best interest of the Company, his taking of any such action, for and on behalf and in the name of the Company, and/or his execution and delivery, for and on behalf and in the name of the Company, of any such agreement, instrument or document to be conclusive evidence that he did so deem the same to be necessary or desirable and in the best interest of the Company; and

**FURTHER RESOLVED**, that the foregoing powers and authorizations shall continue in full force and effect until written notice of revocation has been given the Lender and its receipt obtained therefor.

**DATED**: Effective October 3, 2021.

**MANAGER:**

**GENESIS NETWORKS ENTERPRISES, LLC,**
a Texas limited liability company

By: _____
     James E. Goodman, Jr., Chief Executive Officer

Prosperity000111

## NOTICE AND AGREEMENT

### Given and Made Pursuant to Section 26.02(e) of
### the Texas Business and Commerce Code

**GENESIS NETWORKS TELECOM SERVICES, LLC**, a Texas limited liability company and **GENESIS NETWORKS GLOBAL SERVICES, LLC**, a Texas limited liability company (collectively, the "Borrower") are modifying that certain Loan (herein so called) from **PROSPERITY BANK** ("Lender") to the Borrower, the Loan being evidenced by that certain Promissory Note dated July 3, 2020, in the original principal amount of $3,000,000.00 (the "Note"). The Loan is governed by that certain Loan Agreement dated July 3, 2020 between the Borrower and the Lender, and secured by that certain Security Agreement dated July 3, 2020 between the Borrower and the Lender, granting the Lender a security interest in all of the business assets of the Borrower. The modification of the Loan is evidenced by that certain Second Loan Modification Agreement dated to be effective October 3, 2021 (the "Modification Agreement") between the Borrower and the Lender. The obligations of the Borrower were personally guaranteed by James E. Goodman, Jr. (the "Guarantor"), pursuant to the terms of that certain Guaranty Agreement dated July 3, 2020. As used herein, the term "Loan Instruments" shall mean all of the following instruments that are signed by the party to be bound thereby and delivered in connection with the Loan: the Note, the Guaranty Agreement, the Loan Agreement, Security Agreement, the Modification Agreement, and all other instruments relating to the Loan, including, without limitation, all such instruments that pertain to the administration of the Loan.

The undersigned take notice of and covenant and agree to the following:

1. No agreement involving a loan of more than $50,000.00 in value is enforceable unless the agreement is in writing and signed by the party to be bound or by that party's authorized representative. THUS, AN AGREEMENT OR COMMITMENT TO MAKE SUCH A LOAN MUST BE IN WRITING AND SIGNED BY THE PROPOSED LENDER OR IT WILL NOT BE ENFORCEABLE.

2. The rights and obligations of Borrower and Lender under the Loan Instruments shall be determined solely from the Loan Instruments, and any prior oral agreements between the Borrower and Lender relating to the Loan are superseded by and merged into the Loan Instruments.

3. The following notice is given pursuant to Section 26.02(e) of the Texas Business and Commerce Code:

   THE LOAN INSTRUMENTS REPRESENT THE FINAL AGREEMENT BETWEEN THE UNDERSIGNED PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF ORAL AGREEMENTS OF THE UNDERSIGNED PARTIES, WHETHER MADE BEFORE, ON, OR AFTER THE DATE OF THIS NOTICE AND AGREEMENT. THERE ARE NO

Prosperity000112

UNWRITTEN ORAL AGREEMENTS BETWEEN THE UNDERSIGNED PARTIES.

**DATED** to be effective October 3, 2021.

**BORROWER:**

**GENESIS NETWORKS TELECOM SERVICES, LLC,**
 a Texas limited liability company
  By: Genesis Networks Enterprises, LLC,
   a Texas limited liability company,
   its Manager

by: _____
 James E. Goodman, Jr., Chief Executive Officer

**GENESIS NETWORKS GLOBAL SERVICES, LLC,**
 a Texas limited liability company
  By: Genesis Networks Enterprises, LLC,
   a Texas limited liability company,
   its Manager

by: _____
 James E. Goodman, Jr., Chief Executive Officer

**GUARANTOR:**

_____
James E. Goodman, Jr.

**LENDER:**

**PROSPERITY BANK**

By: _____
 Taylor Burns, Vice President

Prosperity000113

UNWRITTEN ORAL AGREEMENTS BETWEEN THE UNDERSIGNED PARTIES.

**DATED** to be effective October 3, 2021.

**BORROWER:**

**GENESIS NETWORKS TELECOM SERVICES, LLC,**
  a Texas limited liability company
   By:  Genesis Networks Enterprises, LLC,
    a Texas limited liability company,
     its Manager

by: _____
     James E. Goodman, Jr., Chief Executive Officer

**GENESIS NETWORKS GLOBAL SERVICES, LLC,**
  a Texas limited liability company
   By:  Genesis Networks Enterprises, LLC,
    a Texas limited liability company,
     its Manager

by: _____
     James E. Goodman, Jr., Chief Executive Officer

**GUARANTOR:**

_____
James E. Goodman, Jr.

**LENDER:**

**PROSPERITY BANK**

By: _____
     Taylor Burns, Vice President

Prosperity000114

**GENESIS NETWORKS GLOBAL SERVICES, LLC**

**WRITTEN CONSENT OF THE SOLE MANAGER
IN LIEU OF A SPECIAL MEETING**

Pursuant to the provisions of Section 6.201(b) of the Texas Business Organizations Code, the undersigned, being the sole Manager of **GENESIS NETWORKS GLOBAL SERVICES, LLC,** a Texas limited liability company (the "Company"), does hereby declare that when this consent is signed, the following resolutions shall then be consented to, approved and adopted:

**WHEREAS,** it is proposed that the Company, together with Genesis Networks Telecom Services, LLC, a Texas limited liability company (collectively, the "Borrower") modify a loan (the "Loan") from Prosperity Bank, a Texas banking association (the "Lender"), the Loan being evidenced by that certain Promissory Note dated July 3, 2020 (the "Note") in the original principal amount of Three Million and No/100 Dollars ($3,000,000.00), and secured by, among other things, that certain Security Agreement of even date herewith from Borrower for the benefit of Lender, granting the Lender a security interest in all of the accounts receivable of the Borrower (the "Collateral"); and

**WHEREAS,** copies of all of the proposed papers, documents and instruments pertaining to the modification of the Loan, or to be executed in connection therewith, including without limitation, that certain Second Loan Modification Agreement between the Borrower and the Lender (the "Loan Papers"), have been submitted to, and reviewed by, the sole Manager of the Company.

**NOW, THEREFORE, RESOLVED,** that the modification of the Loan be, and is hereby authorized and approved, and that the execution of the proposed Loan Papers be, and each is hereby authorized and approved, and that James E. Goodman, Jr., Chief Executive Officer of the Manager of the Company, be, and is hereby authorized, empowered and directed to execute the Loan Papers for and on behalf and in the name of the Company, with such changes in the terms and provisions thereof as he shall, in his sole discretion, deem necessary or desirable and in the best interests of the Company, his signature being conclusive evidence that he did so deem any such changes to be necessary or desirable and in the best interest of the Company;

**FURTHER RESOLVED,** that James E. Goodman, Jr., Chief Executive Officer of the Manager of the Company, be, and is hereby, authorized, empowered and directed to perform all acts and do all things which he may deem necessary or desirable to consummate the transactions contemplated by the Loan Papers, with such modifications, amendments or further agreements, certificates and other agreements,  instruments or documents as he, in his discretion, may deem

Prosperity000115

necessary or desirable and in the best interest of the Company, his taking of any such action, for and on behalf and in the name of the Company, and/or his execution and delivery, for and on behalf and in the name of the Company, of any such agreement, instrument or document to be conclusive evidence that he did so deem the same to be necessary or desirable and in the best interest of the Company; and

**FURTHER RESOLVED**, that the foregoing powers and authorizations shall continue in full force and effect until written notice of revocation has been given the Lender and its receipt obtained therefor.

**DATED**: Effective October 3, 2021.

**MANAGER:**

**GENESIS NETWORKS ENTERPRISES, LLC,**
a Texas limited liability company

By: _____
James E. Goodman, Jr., Chief Executive Officer

Prosperity000116

## ACKNOWLEDGMENT OF GUARANTOR

**WHEREAS, GENESIS NETWORKS TELECOM SERVICES, LLC**, a Texas limited liability company and **GENESIS NETWORKS GLOBAL SERVICES, LLC**, a Texas limited liability company (collectively, the "Borrower") are indebted to **PROSPERITY BANK** (the "Lender");

**WHEREAS**, the undersigned (the "Guarantor") executed and delivered to the Lender his absolute and continuing guarantee pursuant to the terms of that certain Guaranty Agreement dated to be effective July 3, 2020, whereby the Guarantor agreed to guarantee certain indebtedness of the Borrower to Lender, including that certain promissory note dated July 3, 2020 (the "Note"), executed by the Borrower and payable to the order of Lender in the original principal sum of $3,000,000.00; the Note being governed by the terms of a Loan Agreement dated July 3, 2020 from the Borrower in favor of the Lender (the Note, Loan Agreement, and any other documents executed in connection therewith are hereinafter sometimes collectively referred to as the "Loan Documents");

**WHEREAS**, the Borrower and Lender have entered into that certain Second Loan Modification Agreement of even date herewith (the "Agreement"), whereby the Borrower and Lender have agreed to modify certain terms of the Note.

**NOW, THEREFORE**, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and confessed by the undersigned, the undersigned hereby acknowledge and agree as follows:

1.    Guarantor hereby acknowledges and consents to the execution and delivery of the Agreement.

2.    Guarantor hereby agrees that the indebtedness described in the Agreement shall continue to be included within the indebtedness covered by the terms of the Guaranty Agreement.

3.    Notwithstanding the execution and delivery of the Agreement by the Borrower and the Lender, all terms and provisions of the Guaranty Agreement shall be and shall remain unchanged except as set forth herein, and the Guaranty Agreement are hereby ratified and confirmed and shall be and shall remain in full force and effect, enforceable in accordance with its terms.  Nothing contained herein or in the Agreement shall operate to release or affect the liabilities, obligations and agreements of Guarantor under or on account of the Guaranty Agreement.

4.    This acknowledgment is binding not only on the Guarantor, but on the Guarantor's heirs, successors and personal representatives, and if this instrument is signed by more than one person or entity, then all of the obligations of the Guarantor arising herein shall be jointly and severally binding on each of the

Prosperity000117

undersigned and its respective heirs, successors and personal representatives. This acknowledgment shall be governed by and construed in accordance with the laws of the State of Texas and is intended to be performed in accordance with, and only to the extent permitted by such laws.

5.    It is not the intention of the Lender or the Guarantor to obligate Guarantor to pay interest in excess of that legally permitted to be paid by the Guarantor under applicable law.  Should it be determined that any portion of the indebtedness of the Borrower constitutes interest in excess of the maximum amount of interest which the Guarantor may lawfully be required to pay under applicable law, the obligation of Guarantor to pay such interest shall automatically be limited to the payment thereof at the maximum rate so permitted under applicable law.

6.    Guarantor represents that they shall receive a direct and material benefit from the modification of the terms of the Loan Documents pursuant to the Agreement.

**EXECUTED** to be effective as of October 3, 2021.


GUARANTOR:


James E. Goodman, Jr.


ACKNOWLEDGMENT OF GUARANTOR - Page 2
J:\TJC\23041\065\2nd Mod of $3,000,000\guarantor.ack.docx

Prosperity000118