

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed October 10, 2023**

_____
**United States Bankruptcy Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 7 |
| GOODMAN NETWORKS, INC., | § | |
| | § | Case No. 22-31641-mvl-7 |
| Debtor. | § | |

## ORDER APPROVING MEDIATION AND AUTHORIZING PAYMENT OF MEDIATION COSTS

CAME ON FOR CONSIDERATION the *Trustee's Expedited Motion for Order Approving Mediation and Authorizing Payment of Mediation Costs* (the "Motion"),[1] filed by Scott M. Seidel (the "Trustee"), the duly appointed trustee for the estate (the "Estate") of Goodman Networks, Inc. (the "Debtor") in the above-styled bankruptcy case (the "Bankruptcy Case"). Based on the Motion and the record before it, the Court making no findings of fact with respect to the merits of the underlying controversy giving rise to the Mediation, and the Court finding that service and notice

---

[1] Capitalized terms used herein, not otherwise defined, shall be given the meanings ascribed in the Motion.

of the Motion was sufficient and appropriate and that good cause exists to grant the relief requested in the Motion in the best interests of the Debtor and the Estate, it is hereby:

**ORDERED** that the Motion is **GRANTED**; it is further

**ORDERED** that the Trustee is authorized to proceed with mediation with the Honorable Harlin DeWayne Hale (Ret.), former chief judge for the Bankruptcy Court for the Northern District of Texas (the "Mediator") and JAMS; it is further

**ORDERED** that, pursuant to section 363(b)(1) of the Bankruptcy Code, the Trustee is authorized to pay the Mediator's fees and expenses for the Mediation in an amount up to $7,000, payable to JAMS; it is further

**ORDERED** that no stay shall apply to the effectiveness of this Order upon entry; rather, the fourteen (14) day stay of this Order provided under Fed. R. Bankr. P. 6004(h), and any other rule, is hereby expressly waived for all purposes; it is further

**ORDERED** that this Court hereby retains jurisdiction to address any issues arising from or related to the implementation, interpretation, and enforcement of this Order.

# # # END OF ORDER # # #