**BUTLER SNOW LLP**
Adam M. Langley (admitted *pro hac vice*)
R. Campbell Hillyer (admitted *pro hac vice*)
6075 Poplar Avenue, Suite 500
Memphis, TN 38119
Telephone: (901) 680-7316
adam.langley@butlersnow.com

and

Candice Carson (TX Bar No. 24074006)
2911 Turtle Creek Blvd., Suite 1400
Dallas, Texas 75219
Telephone: (469) 680-5502
candice.carson@butlersnow.com

*Counsel for FedEx Supply Chain*
*Logistics & Electronics, Inc.*

**DLA PIPER LLP (US)**
James P. Muenker (TX Bar No. 24002659)
Noah M. Schottenstein (TX Bar No. 24100661)
1900 N. Pearl Street, Suite 2200
Dallas, Texas 75201
Telephone: (214) 743-4500
noah.m.schottenstein@us.dlapiper.com
james.muenker@us.dlapiper.com

*Counsel for ARRIS Solutions, Inc.*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| GOODMAN NETWORKS, INC. | § | Case No. 22-31641 (MVL) |
| | § | |
| Debtor. | § | |

**RESPONSE TO TRUSTEE'S NOTICE OF REVISED PROPOSED**
**STIPULATION AND JOINT MOTION TO COMPEL MEDIATION**

FedEx Supply Chain Logistics & Electronics, Inc. ("FSCLE") and ARRIS Solutions, Inc. ("ARRIS") (FSCLE and ARRIS together are referred to hereafter as the "Majority Creditors")[1] file this Response to the *Trustee's Notice of Revised Proposed Stipulation for Second Amended Motion for Approval of Settlement and Compromise with Prosperity Bank and UMB Bank,*

---

[1] FSCLE and ARRIS collectively hold a substantial majority of the unsecured claims against the Debtor.

1

*National Association* [ECF No. 414] (the "Trustee's Notice") and Joint Motion to Compel Mediation (the "Motion"). In support thereof, the Majority Creditors state as follows:

**RESPONSE AND REQUESTED RELIEF**

1. On October 10 and 11, 2023, the Court conducted a hearing on the *Trustee's Second Amended Motion Under Bankruptcy Rule 9019 for Approval of Settlement and Compromise with Prosperity Bank and UMB Bank, National Association* [ECF No. 300] (the "9019 Motion"). Pursuant to the 9019 Motion, the Trustee seeks approval of a settlement of potential claims related to transfers by the Debtor to Prosperity Bank in the aggregate amount of approximately $5 million in return for a payment in the aggregate amount of $350k ($200k from Prosperity and $150k from purported collateral of the Bondholders[2]). The Majority Creditors objected to the 9019 Motion due to a lack of consideration, among other things.

2. At the conclusion of the hearing, the Court informed the parties that it was taking the 9019 Motion under consideration and would issue a ruling at a later date. The Court also encouraged the Trustee, the Bondholders and the Majority Creditors to 'get on the same page' and encouraged all of the parties (including Prosperity) to engage in further negotiations and try to reach a consensual resolution of the 9019 Motion.

3. In response to the Court's comments, the Majority Creditors proposed to the Trustee that the parties go to mediation. The Trustee advised the Majority Creditors that the Bondholders would not agree to mediate the 9019 Motion, and that Prosperity was not willing to mediate without the Bondholders. The Trustee further advised the Majority Creditors that the Trustee does not believe it is advisable to compel parties to mediate against their will but that, should parties wish to mediate or the Court order it, the Trustee will participate in good faith.

---

[2] UMB Bank, National Association, as Indenture Trustee, and the Majority Noteholder Group are collectively referred to herein as the "Bondholders."

2

4. The Trustee further advised the Majority Creditors that he was willing to try to negotiate for better terms, but the Majority Creditors believed then, and continue to believe now, that a neutral, third-party mediator skilled in mediating disputes provides the best opportunity to facilitate a resolution of both the disputes regarding the 9019 Motion and the other disputes between the parties concerning this bankruptcy case.

5. The Trustee's counsel then expressed a desire to extricate himself from serving as the "go-between" regarding the dispute on the 9019 Motion.

6. Following the Majority Creditors' communications with the Trustee referenced above, counsel for ARRIS engaged in separate discussions with counsel for the Bondholders regarding mediation and settlement. While it would not be appropriate to reveal the substance of those confidential settlement communications, counsel for ARRIS was encouraged by the discussions and believes that they were constructive and ongoing at the time the Trustee filed the Trustee's Notice.

7. The Majority Creditors were not involved in the apparent further negotiations between the Trustee and Prosperity that lead to the filing of the Trustee's Notice, in which the Trustee (i) states that he has obtained an agreement from Prosperity Bank to increase consideration by $75,000 and (ii) requests that the Court approve the 9019 Motion.

8. The Majority Creditors still believe that mediation would be valuable to achieving a voluntary resolution of the disputes between the parties.

9. This Court has inherent authority under 11 U.S.C. § 105 to refer contested matters to mediation. *See In re Sargeant Farms, Inc.*, 224 B.R. 842 (Bankr. M.D. Fla.) ("[I]t is quite apparent the bankruptcy court has the authority and power to promulgate rules associated with court-ordered mediation and, where necessary, to require the parties to participate in same.").

10. Courts in this district have entered orders compelling mediation. *See, e.g., In re Highland Capital Management, L.P.*, Case No. 19-34054 (SGJ), *Order Granting in Part and Denying in Part Motion to Stay and to Compel Mediation* (August 2, 2023, ECF No. 3897).

11. Absent mediation, the parties will likely continue to fight, incur costs and expend resources that could be put to better use. The Majority Creditors are willing to participate in good faith in mediation without any preconditions, and the Court should order the other parties to mediation to the extent they oppose it. If the Court is not inclined to exercise its authority to order the parties to mediation, the Court should deny the 9019 Motion.

[*Signature Page Follows*]

Dated: October 26, 2023

Respectfully submitted,

**BUTLER SNOW LLP**

*/s/ R. Campbell Hillyer*
Adam M. Langley (admitted *pro hac vice*)
R. Campbell Hillyer (admitted *pro hac vice*)
6075 Poplar Avenue, Suite 500
Memphis, TN  38119
Telephone: (901) 680-7316
adam.langley@butlersnow.com
cam.hillyer@butlersnow.com

Candice Carson (TX Bar No. 24074006)
2911 Turtle Creek Blvd., Suite 1400
Dallas, Texas 75219
Telephone: (469) 680-5502
candice.carson@butlersnow.com

*Counsel for FedEx Supply Chain Logistics & Electronics, Inc.*

**DLA PIPER LLP (US)**

*/s/ Noah M. Schottenstein*
Noah M. Schottenstein
Texas Bar No. 24100661
James P. Muenker
Texas Bar No. 24002659
1900 N. Pearl Street, Suite 2200
Dallas, Texas 75201
Telephone: (214) 743-4500
Facsimile: (214) 743-4545
noah.m.schottenstein@us.dlapiper.com
james.muenker@us.dlapiper.com

*Counsel for ARRIS Solutions, Inc.*