Philip M. Guffy
**HUNTON ANDREWS KURTH LLP**
600 Travis Street, Suite 4200
Houston, Texas  77002
Tel:     713-220-4200
Email:  pguffy@huntonak.com

 -and-

Paul N. Silverstein
Brian Clarke
**HUNTON ANDREWS KURTH LLP**
200 Park Avenue
New York, NY 10166
Tel:     (212) 309-1000
Email:  psilverstein@huntonak.com
          brianclarke@huntonak.com

*Special Counsel to UMB Bank, National*
*Association, as Indenture Trustee, and*
*Counsel to the Majority Noteholder Group*

Eric A. Schaffer
**STONECIPHER LAW FIRM**
125 First Avenue
Pittsburgh, PA 15222
Tel:     412-391-8510
Email:  eschaffer@stonecipherlaw.com

*Counsel to UMB Bank, National*
*Association, as Indenture Trustee*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| GOODMAN NETWORKS, INC., | Case No. 22-31641 (MVL) |
| Debtor. | **Relates to Docket No. 415** |

**UMB BANK, NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE,**
**AND THE MAJORITY NOTEHOLDER GROUP'S RESPONSE**
**AND OBJECTION TO JOINT MOTION TO COMPEL MEDIATION**

UMB Bank, National Association, as indenture trustee (the "**Indenture Trustee**"), and the

Majority Noteholder Group[1] (together with the Indenture Trustee, the "**Bondholders**"), for their

---

[1] The Majority Noteholder Group consists of investment advisers or managers of funds that hold (with such investment advisers and managers acting on behalf of such holders), or are beneficial holders of, a majority of the 8% Senior Secured Notes due 2022 issued by Goodman Networks, Inc., and include JLP Credit Opportunity

response and objection to the *Response to Trustee's Notice of Revised Proposed Stipulation and Joint Motion to Compel Mediation* (the "**Mediation Motion**") [Docket No. 415] filed by FedEx Supply Chain Logistics and Electronics, Inc. ("**FSCLE**") and ARRIS Solutions, Inc. ("**ARRIS**" and together with the FSCLE, the "**Objection Creditors**"), respectfully represent:

1. The Bondholders have no interest in engaging in post-hearing mediation with respect to the *Trustee's Second Amended Motion Under Bankruptcy Rule 9019 for Approval of Settlement and Compromise with Prosperity Bank and UMB Bank, National Association* (the "**9019 Motion**") [Docket No. 300].[2] Nor do the Bondholders believe it would be appropriate under the facts here for the Court to order mediation in connection with the 9019 Motion, particularly after a three-day evidentiary hearing and the matter being fully submitted.[3] In addition to mediation being unnecessary as a factual matter, case law also supports the Bondholders' opposition to post-hearing mediation. For example, in *Deep Fix, LLC v. Marine Well Containment Co., LLC*, No. CV H-18-0948, 2020 WL 2576214, at *2 (S.D. Tex. May 21, 2020), Judge Atlas refused to require non-consensual mediation post-trial on facts not dissimilar from those here.[4]

2. At the conclusion of the hearing on the 9019 Motion on October 11, the Court again encouraged the parties to "get on the same page" with respect to the Debtor's chapter 7 case generally. The Bondholders certainly appreciate the Court's comments, particularly given the

---

Master Fund Ltd., JLP Credit Opportunity IDF Series Interests of the SALI Multi-Series Fund, L.P., JLP Institutional Credit Master Fund LP, Alimco Re Ltd., Marli B. Miller Trust A4, Miller Family Education and Medical Trust, Susan F Miller Spousal IRA, Susan F. Miller Spousal Trust A4, DuPont Pension Trust, and Hilltop Securities, Inc.

[2] Capitalized terms used but not defined herein have the meanings given to them in the 9019 Motion.

[3] The evidentiary hearing on the 9019 Motion comprised 3 days –October 10 and 11 and the September 22 hearing on Fed Ex's motion in *limine* regarding admission of matters relating to "collusion."

[4] Judge Atlas also noted that the party seeking mediation had previously stated that settlement was unlikely, and that parties to the proceeding were "sophisticated litigators." *Deep Fix, LLC v. Marine Well Containment Co., LLC*, 2020 WL 2576214, at *1-2.

DMS 304371847

costs incurred in this case to date, but FSCLE's unsupported claims and unyielding attitude have made "getting on the same page" largely impossible.

3. The Bondholders believe that, at the conclusion of the hearing on the 9019 Motion, the Trustee and counsel for the Trustee and ARRIS viewed Prosperity's payment of $200,000 on a claim of approximately $540,000 (the Prosperity Payments) as on the lower end of the settlement range. With that in mind, the Trustee attempted to negotiate a higher payment on the Trustee's $540,000 claim against Prosperity. Ultimately, the Trustee convinced Prosperity to increase its settlement payment from $200,000 to $275,000. That is what the Trustee reported to the Court in his filing on October 25, 2023 [Docket No. 414]. There were no other changes to the Proposed Settlement. Obviously, all parties (other than Prosperity) would prefer Prosperity to pay a greater amount; but that being said, the evidentiary record of the hearing on the 9019 Motion establishes that the Proposed Settlement satisfies the standards of Bankruptcy Rule 9019, and the Court should so find.

4. Again, the Bondholders have no interest in engaging in mediation on the 9019 Motion, specifically as to matters relating to the DACA and the approximately $4.4 million that Prosperity concedes belongs to and is subject to the perfected security interests of the Bondholders. The 9019 Motion was fully briefed, argued, and heard, and mediation now would serve only to increase the significant time and cost that has already gone into these proceedings. The Bondholders see the post-hearing request for mediation as little more than an attempt by parties unhappy with the evidentiary record to get a second bite at the apple and relitigate the merits of the Proposed Settlement after the matter has been submitted to the Court.[5]

---

[5] *See, e.g.*, *Garcia v. Murphy Pac. Marine Salvaging Co.*, 476 F.2d 303, 306, n. 2 (5th Cir. 1973) (noting that a party was not permitted to take a chance on a favorable verdict and then seek a "second bite at the apple"); *Hines v. Veterans Outreach Ctr., Inc.*, No. 10-CV-6493, 2016 WL 1271076, at *1 (W.D.N.Y. Mar. 28, 2016) (noting that parties are not entitled to a "second bite at the apple").

DMS 304371847

5. The Objecting Creditors had ample opportunity to seek mediation in the seven months leading up to the hearing on the 9019 Motion, and the Court should not sanction a strategic decision to forgo mediation prior to the hearing only for the Objecting Creditors now to seek to compel mediation post-hearing. The Bondholders may well consider mediation with respect to other matters in the case if the Objecting Creditors evidence a *bona fide* and genuine interest in reaching a consensual resolution as to those other matters.

6. Accordingly, the Bondholders respectfully request that the Court deny the Mediation Motion.

Dated: October 30, 2023
      Houston, Texas

Respectfully Submitted,

Philip M. Guffy (TX Bar No. 24113705)
**HUNTON ANDREWS KURTH LLP**
600 Travis Street, Suite 4200
Houston, Texas 77002
Tel: 713-220-4200
Fax: 713-220-4285
Email: pguffy@huntonak.com

-and-

*/s/ Paul N. Silverstein*
Paul N. Silverstein
Brian Clarke
**HUNTON ANDREWS KURTH LLP**
200 Park Avenue
New York, NY 10166
Tel: (212) 309-1000
Email: psilverstein@huntonak.com
      brianclarke@huntonak.com

*Special Counsel to UMB Bank, National Association, as Indenture Trustee, and Counsel to the Majority Noteholder Group*

DMS 304371847

**C**ERTIFICATE OF **S**ERVICE

      I certify that on October 30, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas and.

                                     */s/ Philip M. Guffy*
                                     Philip M. Guffy

DMS 304371847