

|  | CLERK, U.S. BANKRUPTCY COURT NORTHERN DISTRICT OF TEXAS |
|---|---|
|  | **ENTERED** |
|  | THE DATE OF ENTRY IS ON THE COURT'S DOCKET |

The following constitutes the ruling of the court and has the force and effect therein described.

**Signed October 30, 2023**

_____
**United States Bankruptcy Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| GOODMAN NETWORKS, INC., | § | Case No. 22-31641 (MVL) |
| | § | |
| Debtor. | § | **Relates to Docket Nos. 230 & 350** |
| | § | |

### AGREED ORDER GRANTING UMB BANK, NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE, AND MAJORITY NOTEHOLDER GROUP'S MOTION FOR RELIEF FROM AUTOMATIC STAY WITH RESPECT TO SHARES OF STOCK ISSUED BY GREATER TECH HOLDINGS, INC.

Upon *UMB Bank, National Association, as Indenture Trustee, and Majority Noteholder Groups Motion for relief form the Automatic Stay with Respect to Shares of Stock Issues by Greater Tech Holdings* [Docket No. 230] and the *Supplement to UMB Bank, National Association, as Indenture Trustee, and Majority Noteholder Groups Motion for relief form the Automatic Stay with Respect to Shares of Stock Issues by Greater Tech Holdings* [Docket No. 350] (together, the "**Motion**")[1], seeking entry of an order (this "**Order**") modifying and/or vacating the automatic

---

[1] Capitalized terms used herein but not defined shall have the meanings ascribed to such terms in the Motion.

stay under section 362(a) of the Bankruptcy Code with respect to the GTH Shares, as more fully set forth in the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that the Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the Indenture Trustee and Majority Noteholder Group's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and the Court having reviewed the Motion; and all responses, if any, to the Motion having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The Motion is GRANTED as set forth herein.

2. The automatic stay under section 362(a) of the Bankruptcy Code is hereby modified and/or vacated to the extent necessary to allow the Collateral Agent to exercise any and all remedies against the GTH Shares available to it under the Loan Documents and applicable law at the direction of the Indenture Trustee and the Majority Noteholder Group.

3. Any transfer of the GTH Shares following any public or private sale of the GTH Shares by the Collateral Agent in accordance with Section 9.1 of the Security Agreement and applicable state law shall be binding on GTH Inc. and each of its successors, assigns, and affiliates.

4. The Trustee agrees that the Collateral Agent or any successor to the GTH Shares may take any and all enforcement action against John Goodman and his affiliates, successors, and

DMS 304055149

assigns to enforce the Put Option and may apply the proceeds of any such action to the outstanding principal and interest on the Notes. No allegation made by the Collateral Agent or any successor to the GTH Shares in any litigation against John Goodman and his affiliates, successors, and assigns will be binding on the Trustee or the estate.

5. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

6. The Indenture Trustee, the Majority Noteholder Group, and the Collateral Agent are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

7. Notwithstanding the possible applicability of Bankruptcy Rules 4001(a)(3), 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. This Court shall retain jurisdiction with respect to all matters arising under or related to this Order, including any disputes that may arise, and to interpret, implement, and enforce provisions of this Order.

### # # # End of Order # # #

Agreed as to form only:

**MUNSCH HARDT KOPF & HARR, P.C.**

By: */s/ Davor Rukavina*
Davor Rukavina, Esq.
Texas Bar No. 24030781
Thomas D. Berghman, Esq.
Texas Bar No. 24082683
3800 Ross Tower
500 N. Akard Street
Dallas, Texas 75201
Telephone: (214) 855-7500
Facsimile: (214) 855-7584

**ATTORNEYS FOR SCOTT M. SEIDEL, TRUSTEE**

DMS 304055149