Davor Rukavina, Esq.
Texas Bar No. 24030781
Thomas D. Berghman, Esq.
Texas Bar No. 24082683
Conor P. White, Esq.
Texas Bar No. 24125722
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas 75201-6659
Telephone: (214) 855-7500

COUNSEL FOR SCOTT M. SEIDEL, TRUSTEE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: § | | |
| § | Case No. 22-31641-mvl-7 | |
| GOODMAN NETWORKS, INC., § | | |
| § | Chapter 7 | |
| Debtor. § | | |
| § | | |
| § | | |
| SCOTT M. SEIDEL, TRUSTEE, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Adv. Proc. No. _____ | |
| § | | |
| UNIFIED FIELD SERVICES, INC., § | | |
| § | | |
| Defendant. § | | |
| § | | |

## TRUSTEE'S ORIGINAL COMPLAINT

TO THE HONORABLE MICHELLE V. LARSON, U.S. BANKRUPTCY JUDGE:

COMES NOW Scott M. Seidel, Trustee (the "Trustee"), the duly-appointed chapter 7 trustee for the estate (the "Estate") of Goodman Networks, Inc. (the "Debtor"), the debtor in the above-styled and numbered chapter 7 bankruptcy case (the "Bankruptcy Case"), and files this his *Original Complaint* (the "Complaint"), complaining of Unified Field Services, Inc. ("UFS"), and, for cause and action, would respectfully show as follows:

TRUSTEE'S ORIGINAL COMPLAINT—Page 1

## I. INTRODUCTION

1. In mid-2021 the Debtor sought to sell parts of its business, either to streamline its many subdivisions or to garner a cash infusion to assist with the Debtor's liquidity. Regardless of the intent, the Debtor resolved to sell certain assets of its e-commerce servicing business, notably a services contract with Amazon's e-commerce service subdivision, to a related party (owned and controlled by the Debtor's director) in return for consideration in the form of bonds issued by the buyer.

2. Given the service-based nature of the assets being sold, the parties relevant to the transaction entered into a contemporaneous transition services agreement whereby the Debtor would continue to provide certain of the services sold to the buyer to assist with the transitionary period, in exchange for monthly fees in accordance with the services being provided.

3. However, despite the Debtor's provision of the services for three months, no payment on the services provided by the Debtor were ever received. This left the Debtor in the hole for nearly six million dollars that were rightfully due and owing pursuant to the transition services agreement signed by the Debtor and the buyer. While it is known that the Debtor and buyer had certain discussions on the amount outstanding, it is believed that no resolution was ever reached. As of the time of the Debtor's bankruptcy filing, the buyer is still obligated to the Debtor for millions of dollars provided pursuant to the transition services agreement.

4. Accordingly, the Trustee files this Complaint to recover the full amount of the obligation owed to the Debtor.

## II. PROCEDURAL BACKGROUND

5. On September 6, 2022 (the "Petition Date") various petitioning creditors filed an involuntary petition against the Debtor, thereby initiating the Bankruptcy Case and creating the Debtor's bankruptcy estate (the "Estate").

6. The Trustee is the duly appointed trustee of the Debtor and the Estate.

7. The Court entered an order for relief against the Debtor on December 12, 2022.

8. The Court has jurisdiction over this Complaint under 28 U.S.C. § 1334. Such jurisdiction is core under 28 U.S.C. § 157(b)(2). To the extent that any matter in this Adversary Proceeding is not core, the Trustee consents to this Court's entry of a final judgment over any and all such matters.

9. Venue of this Adversary Proceeding before this Court is proper under 28 U.S.C. §§ 1408 and 1409.

### III. PARTIES

10. The Trustee is the duly appointed Chapter 7 trustee of the Debtor and the Estate, and files this Complaint in such capacity only.

11. UFS is a corporation organized and existing under the laws of the State of Texas. Pursuant to Federal Rule of Bankruptcy Procedure 7004(b), UFS may be served with process in this Adversary Proceeding by and through its registered agent, Capitol Corporate Services, Inc., as follows: Unified Field Services, Inc., c/o Capitol Corporate Services, Registered Agent, 1501 S MOPAC Expy, Suite 220, Austin, TX 78746.

### IV. FACTS

12. The Debtor is a Texas corporation formed in 2000. James Goodman ("Goodman") was a director of the Debtor at all times material to this Complaint. Upon information and belief, Goodman controlled the majority shareholder group of the Debtor. At the time of the transaction, Goodman was a board member of the Debtor.

13. UFS was formed in April of 2021. Goodman is an officer and majority shareholder of UFS, as reflected with its public filings with the Texas Secretary of State and the recitals included in the APA, as defined below.

14. Relevant to this Complaint, the Debtor operated a line of unified delivery and other services as part of an e-commerce branch of business. This included providing services to Amazon.com Services, Inc., and other e-commerce entities under various master agreements, operations guides and requirements, program policies, work orders, rate cards, and amendments thereto (the "Acquired Assets").

15. Around mid-2021, the Debtor sought to sell this branch of its business services and identified UFS as a buyer. On June 4, 2021, the Debtor and UFS entered that certain *Asset Purchase Agreement* by and between UFS and the Debtor (the "APA"). Through the APA, UFS acquired the e-commerce delivery service business from the Debtor.

16. However, to ease the transition of these delivery services purchased by UFS, the parties to the APA executed that certain *Transition Services Agreement* by and between UFS and the Debtor dated June 4, 2021 (the "TSA"). The TSA is signed by Jason Goodman, as CEO, on behalf of the Debtor and by John (Scot) Brunke, as board member, for UFS. Pursuant to the terms of the TSA, the Debtor was required to provide certain services pursuant to the assets purchased under the APA and other nonassignable assets so that ownership, operation, and maintenance of the Acquired Assets and the nonassignable assets were smoothly transitioned from the Debtor to UFS.

17. The Debtor timely and properly provided all services required by the TSA.

18. These services provided by the Debtor under the TSA were accounted for on a monthly basis between July and September 2021 (the "Service Period"), and the Debtor would present UFS with an invoice and supporting documentation each month. During the Service Period, the Debtor billed UFS $5,986,897.69 (the "Receivable") for services provided under the TSA.

19. UFS has previously disputed portions of the Receivable, alleging offsets in the amount of $2,321,831.89 and disputing an additional $631,741.00, for a total of $2,953,572.89 (the "Disputed Receivable"). No agreement was ever reached on the amount disputed by UFS, nor has any supporting documentation been provided for the basis of UFS's dispute. The Trustee contests UFS's attempts to reduce the amount due and owing to the Debtor. There remains a total of $3,665,965.80 due and owing under the TSA that UFS has not disputed (the "Undisputed Receivable").

20. Under the terms of the TSA, the amounts owed by UFS to the Debtor are payable within fifteen (15) days of receipt of the Debtor's invoice. No payments from UFS to the Debtor for the Receivable are known to have been received or recorded.

21. On August 31, 2023, the Trustee made a formal demand to UFS requesting the immediate payment of the Undisputed Receivable. The Trustee reserved his rights to pursue payment in full on the Receivable if no payment was made. UFS has not made timely payment on the Undisputed Receivable since demand was made.

22. Accordingly, the Trustee is now seeking payment in full for the Receivable owed by UFS.

## V. CAUSES OF ACTION

**COUNT 1: BREACH OF CONTRACT**

23. The Trustee incorporates his allegations above.

24. The Debtor contracted by written contract in the form of the TSA to provide services to UFS to smooth the transition in ownership in the Acquired Assets.

25. The Debtor timely and properly provided all services required by the TSA and timely and property submitted invoices to UFS. UFS has not paid any of the Receivable.

26. As of the Petition Date, UFS owed monetary consideration to the Debtor for its receipt of services pursuant to the TSA, in the amount of the Receivable.

27. Payment of the Receivable was not made timely in conformity with the terms of the TSA.

28. UFS has failed to repay the Receivable, in breach of the agreement with the Debtor.

29. The Trustee is entitled to damages in the amount of the Receivable plus costs of collection and reasonable attorney's fees under the TSA and section 38.001 of the Texas Civil Practice and Remedies Code

## VI. PRAYER

WHEREFORE, PREMISES CONSIDERED, the Trustee prays for judgment as follows:

(i)  damages in an amount of the Receivable;

(ii) an amount equal to the Trustee's costs of collection, including all court costs and reasonable attorneys' fees and expenses;

(iii) prejudgment interest and post-judgment interest as allowed by law; and

(iv) such other and further relief as may be appropriate.

RESPECTFULLY SUBMITTED this 1st day of November, 2023.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: */s/ Davor Rukavina*
    Davor Rukavina, Esq.
    Texas Bar No. 24030781
    Thomas D. Berghman, Esq.
    Texas Bar No. 24082683
    Conor P. White, Esq.
    Texas Bar No. 24125722
    3800 Ross Tower
    500 N. Akard Street
    Dallas, Texas 75201-6659
    Telephone: (214) 855-7500
    Facsimile: (214) 855-7584
    Email: drukavina@munsch.com
           tberghman@munsch.com
           cwhite@munsch.com

*Counsel to Scott M. Seidel, Trustee*