Philip M. Guffy
**HUNTON ANDREWS KURTH LLP**
600 Travis Street, Suite 4200
Houston, Texas 77002
Tel:    713-220-4200
Email: pguffy@huntonak.com

 -and-

Paul N. Silverstein
Brian Clarke
**HUNTON ANDREWS KURTH LLP**
200 Park Avenue
New York, NY 10166
Tel:    (212) 309-1000
Email: psilverstein@huntonak.com
          brianclarke@huntonak.com

*Special Counsel to UMB Bank, National
Association, as Indenture Trustee, and
Counsel to the Majority Noteholder Group*

Eric A. Schaffer
**STONECIPHER LAW FIRM**
125 First Avenue
Pittsburgh, PA 15222
Tel:    412-391-8510
Email: eschaffer@stonecipherlaw.com

*Counsel to UMB Bank, National
Association, as Indenture Trustee*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| GOODMAN NETWORKS, INC., | § | Case No. 22-31641 (MVL) |
| | § | |
| Debtor. | § | **Relates to Docket No. 415, 420** |
| | § | |

**UMB BANK, NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE,
AND THE MAJORITY NOTEHOLDER GROUP'S SUPPLEMENTAL RESPONSE
AND OBJECTION TO JOINT MOTION TO COMPEL MEDIATION**

UMB Bank, National Association, as indenture trustee (the "**Indenture Trustee**"), and the

Majority Noteholder Group[1] (together with the Indenture Trustee, the "**Bondholders**"), for their

---

[1] The Majority Noteholder Group consists of investment advisers or managers of funds that hold (with such investment advisers and managers acting on behalf of such holders), or are beneficial holders of, a majority of the 8% Senior Secured Notes due 2022 issued by Goodman Networks, Inc., and include JLP Credit Opportunity

supplemental response and objection to the *Response to Trustee's Notice of Revised Proposed Stipulation and Joint Motion to Compel Mediation* (the "**Mediation Motion**") [Docket No. 415] filed by FedEx Supply Chain Logistics and Electronics, Inc. ("**FSCLE**") and ARRIS Solutions, Inc. ("**ARRIS**" and together with the FSCLE, the "**Objecting Creditors**"), respectfully represent:

1. The Bondholders filed their initial response and objection to the Mediation Motion on October 30, 2027 [Docket No. 420] (the "**Objection**"). At the time the Objection was filed, the Bondholders were not aware that FSCLE had filed the Complaint attached hereto as <u>Exhibit A</u> in the United States District Court for the Northern District of Texas (the "**Complaint**") on October 27, 2023.

2. In the Objection, the Bondholders represented to the Court that they may well consider mediation with respect to other matters in the case if the Objecting Creditors evidence a *bona fide* and genuine interest in reaching a consensual resolution as to those other matters. The filing of the Complaint suggests that FSCLE has no intention of reaching a consensual resolution of this Chapter 7 case. Instead, FSCLE seeks to divest the Trustee of control of the estate's causes of action and divest this court of jurisdiction with respect to such causes of action.

3. In the Complaint, FSCLE, under the guise of an individual RICO action, seeks to take full control over estate causes of action in violation of the automatic stay. Moreover, FSCLE lays the foundation to collaterally attack any ruling by this Court approving the 9019 Motion. FSCLE misrepresents the evidentiary record of the 9019 Hearing in the Complaint in material ways. For example, in paragraph 406 of the Complaint, FSCLE states that Prosperity swept the 3992 Account after becoming "concerned with Goodman Networks' financial condition and the

---

Master Fund Ltd., JLP Credit Opportunity IDF Series Interests of the SALI Multi-Series Fund, L.P., JLP Institutional Credit Master Fund LP, Alimco Re Ltd., Marli B. Miller Trust A4, Miller Family Education and Medical Trust, Susan F Miller Spousal IRA, Susan F. Miller Spousal Trust A4, DuPont Pension Trust, and Hilltop Securities, Inc.

potential for a bankruptcy case." Neither Mr. Bates nor Mr. Montgomery ever testified that Prosperity swept the 3992 Account out of concern for a potential Goodman Networks bankruptcy. In addition, FSCLE alleges "upon information and belief" that "some or all of the funds used in that pay off came from the FSCLE funds". FSCLE had over six months of discovery and a full evidentiary trial to establish that the funds in the 3992 Account belonged to FSCLE and it failed to do so. That FSCLE would nonetheless make this allegation to the District Court only proves that FSCLE is not acting in good faith and that any mediation with respect to the 9019 Motion would be a waste of time and resources.

4. Accordingly, the Bondholders further respectfully request that the Court deny the Mediation Motion.

Dated: November 9, 2023
Respectfully Submitted,

Philip M. Guffy (TX Bar No. 24113705)
**HUNTON ANDREWS KURTH LLP**
600 Travis Street, Suite 4200
Houston, Texas 77002
Tel: 713-220-4200
Fax: 713-220-4285
Email: pguffy@huntonak.com

 -and-

*/s/ Paul N. Silverstein*
Paul N. Silverstein
Brian Clarke
**HUNTON ANDREWS KURTH LLP**
200 Park Avenue
New York, NY 10166
Tel: (212) 309-1000
Email: psilverstein@huntonak.com
        brianclarke@huntonak.com

*Special Counsel to UMB Bank, National Association, as Indenture Trustee, and Counsel to the Majority Noteholder Group*

Eric A. Schaffer
**STONECIPHER LAW FIRM**
125 First Avenue
Pittsburgh, PA 15222
Tel: 412-391-8510
Email: eschaffer@stonecipherlaw.com

*Counsel to UMB Bank, National Association, as Indenture Trustee*

**CERTIFICATE OF SERVICE**

    I certify that on November 9, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas and.

                                              */s/ Philip M. Guffy*
                                              Philip M. Guffy