

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed November 21, 2023**

_____
**United States Bankruptcy Judge**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 7 |
| GOODMAN NETWORKS, INC., | § | |
| | § | Case No. 22-31641-mvl-7 |
| Debtor. | § | |

**AGREED ORDER GRANTING TRUSTEE'S MOTION FOR (I) RULE 2004 EXAMINATION OF MSOUTH EQUITY PARTNERS, 1PATH MANAGED SERVICES, ONEPATH HOLDING CORPORATION, ONEPATH SYSTEMS, AND LAYER 7 CAPITAL AND (II) PROTECTIVE ORDER**

CAME ON FOR CONSIDERATION the *Motion for (I) Rule 2004 Examination of MSouth Equity Partners, 1Path Managed Services, Onepath Holdings Corporation, Onepath Systems, and Layer 7 Capital and (II) Protective Order* (the "Motion"), filed by Scott M. Seidel (the "Trustee"), the duly appointed chapter 7 trustee of the bankruptcy estate (the "Estate") of Goodman Networks, Inc., the debtor in the above styled and numbered bankruptcy case. Having considered the Motion, the Court finds that good cause for granting the Motion exists. The Court further finds that the Trustee and MSouth Equity Partners ("MSouth"), 1Path Managed Services, LLC ("1Path"), Onepath Holding Corporation ("OHC"), and Layer 7 Capital, LLC ("Layer 7") each engaged in

good faith, arms'-length negotiations regarding a mutually acceptable resolution of the relief requested in the Motion, the agreed terms of which are set forth herein.

IT IS THEREFORE ORDERED that the Motion is GRANTED as to the Examinees (as defined herein) as and to the extent set forth herein.

IT IS FURTHER ORDERED that the Trustee is authorized to conduct an examination of MSouth, 1Path, OHC, and Layer 7 (collectively, the "Examinees") under Fed. R. Bankr. P. 2004 by means of the requests for production attached hereto as Exhibit A-1 (the "RFPs"). Notwithstanding anything to the contrary contained in the RFPs: (i) to the extent the RFPs request "all Communications," the Examinees shall only be required to produce communications from individuals that (a) had managerial, supervisory, or decision-making authority for the Examinee's role in the marketing and/or sale of the OIS Division (as defined in the RFPs), and (b) were materially involved in the marketing and/or sale of the OIS Division ("Custodians"); and (ii) the Examinees only are required to search for responsive documents and communications dated between January 1, 2021 through February 15, 2023 ("Document Production").

IT IS FURTHER ORDERED that after review of the initial Document Production, Trustee may, in good faith, reasonably request documents from additional specified custodians be produced. If the Examinee disputes the necessity and/or scope of the request, the Parties are required to meet and confer in good faith to resolve the dispute. If Parties cannot resolve the dispute, they are directed to file a Consolidated/Joint Discovery Statement, not to exceed five (5) double-spaced pages total, to describe the dispute and succinctly summarize the Parties' respective positions. The Court will then schedule a conference in an effort to facilitate resolution of the dispute. If the dispute cannot be resolved during the conference, the Court will direct further proceedings.

IT IS FURTHER ORDERED that if, after the Trustee's review of the documents and communications produced by the Examinees, the Trustee believes in good faith that further examination of any Examinee is justified under the standard applicable under Fed. R. Bankr. P. 2004, then the Trustee may request leave, on an expedited basis, to take a deposition of each Examinee's corporate representative ("Deposition") (the Document Production and any Deposition are collectively, the "Examination"). Any such request for a Deposition shall include examination topics under Fed. R. Civ. P. 30(b)(6). The Examinees may raise objections to such topics to be resolved by the Court at the expedited hearing if necessary. For the avoidance of doubt, however, nothing herein prevents the Trustee and the Examinees from agreeing to the terms of one or more Depositions without involving the Court.

IT IS FURTHER ORDERED that the Trustee shall serve the Examinees with a copy of this Order as soon as practicable after its entry (email to counsel and/or first class U.S. mail being sufficient), and the Examinees shall provide written responses to the RFPs and begin a rolling production of responsive documents and other tangible things within their possession, custody, or control beginning within 30 days after such service. The Document Production shall be complete by January 31, 2024.

IT IS FURTHER ORDERED that electronically stored information ("ESI") must be produced in either native format or near native format at the Examinees' election per the instructions below:

- **Native.** ESI that is responsive to any RFP shall be produced such that the information produced is searchable and contains all metadata, including but not limited to, as follows:
  - E-mail: E-mail and other and other electronic messages (*e.g.*, instant messages and text messaging) should be produced in native format with attachments intact. For example, Outlook message files shall be produced in a .pst container. Other email files should be produced as .eml or in .mbox format.

- - o  <u>Electronic documents</u>. This includes, but is not limited to, word processing documents, spreadsheets, presentations and all other electronic documents not specifically discussed elsewhere. Files should be produced with filepath information as kept in the normal course of business.  All passwords and encryption must be removed from electronic documents prior to production. For example: (i) word documents shall be produced as .doc or .docx files; (ii) spreadsheets shall be produced as .xls or .xlsx files; (iii) presentations shall be produced as .ppt or .pptx files; and (iv) image-only files (*e.g.*, non-searchable .pdfs, multi-page .tifs, Snipping Tool screenshots, etc.) shall be produced with associated OCR text.

  - o  <u>Electronic audio recordings, photographs or images</u>: This includes but is not limited to images, such as photographs, videos, motion pictures and audio recordings. Items falling within this category shall be produced in their native format, and shall include all associated metadata, such as date stamp and time stamp showing date and time of creation and any subsequent modifications or revisions.

- **Near Native.**  Alternately, all ESI that is responsive to any of the RFPs shall be produced in a near native format including: (i) multi-page PDF files and IPRO-ready OPT files; (ii) a Concordance DAT delimited file with boundaries; (iii) extracted full text, or OCR text for image-only native files, with text files provided on a document level; and (iv) all metadata fields associated with each electronic document including family relationship data.  Files that are not usable in image format, such as spreadsheets created in Microsoft Excel or similar spreadsheet program, video and audio files must be produced in their native format.  Other documents may be requested to be produced in their native format if necessary.

IT IS FURTHER ORDERED that this Court's *Agreed Protective Order* entered at docket no. 74 (the "<u>Protective Order</u>") shall apply to information produced by the Examinees in connection with the Examination, including information designated by the Examinees as "Confidential Information" and "Confidential Attorney Eyes Only Information," after which the Protective Order shall govern and control such information, including without limitation its storage, return, permissible uses, and dissemination, subject to the following modifications and additions:

(a) The phrase at the beginning of Paragraph 8 of the Protective Order, "Subject to paragraphs 8 and 9 below" is hereby replaced with the phrase "Subject to paragraphs 10 and 11 below";

(b) The phrase at the beginning of Paragraph 9 of the Protective Order, "Subject to paragraphs 8 and 9 below" is hereby replaced with the phrase "Subject to paragraphs 10 and 11 below"; and

(c) The phrase at the end of Paragraph 18 of the Protective Order, "as described in Paragraph 15 above" is hereby replaced with the phrase "as described in Paragraph 17 above".

IT IS FURTHER ORDERED that, notwithstanding anything in the Protective Order to the contrary, the Trustee will not share any information produced by the Examinees pursuant to the Examination other than with Trustee's attorneys, experts, or third-party vendors specifically assisting Trustee with carrying out his statutory duties in the above-referenced bankruptcy case ("Trustee's Agents"); *provided*, *however*, that (1) the Trustee may use documents and information produced by the Examinees as evidence in court proceedings in accordance with the Protective Order, and (2) the Trustee's rights to challenge any confidential designation under the Protective Order are preserved. With the exception of the Trustee's counsel at Munsch Hardt Kopf & Harr P.C., before a Trustee's Agent is provided access to any documents or information produced by the Examinees, he or she must execute the applicable version of form A-3 or A-4 to this Order.

IT IS FURTHER ORDERED that the Court shall retain jurisdiction to the maximum extent available to interpret and enforce this Order.

# # # END OF ORDER # # #

AGREED:

| | |
|---|---|
| /s/ *Julian P. Vasek* | /s/ *Benjamin Winger* |
| Davor Rukavina, Esq.<br>Texas Bar No. 24030781<br>Thomas D. Berghman, Esq.<br>Texas Bar No. 24082683<br>Julian P. Vasek, Esq.<br>Texas Bar No. 24070790<br>**MUNSCH HARDT KOPF & HARR, P.C.**<br>500 N. Akard Street, Suite 4000<br>Dallas, Texas 75201-6659<br>Telephone: (214) 855-7500<br>Email: drukavina@munsch.com<br>Email: tberghman@munsch.com<br>Email: jvasek@munsch.com<br><br>**ATTORNEYS FOR SCOTT M. SEIDEL, TRUSTEE** | Benjamin Winger<br>Brendan Krasinski<br>**DLA PIPER**<br>444 West Lake Street, Suite 900<br>Chicago, Illinois 60606-0089<br>Phone: 312-368-2172<br>Email: benjamin.winger@dlapiper.com<br>Email: Brendan.krasinski@dlapiper.com<br><br>**COUNSEL FOR THE EXAMINEES** |

**EXHIBIT A-1**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 7 |
| GOODMAN NETWORKS, INC., | § | |
| | § | Case No. 22-31641-mvl-7 |
| Debtor. | § | |

**REQUESTS FOR PRODUCTION**

Scott M. Seidel, the duly appointed chapter 7 trustee of the bankruptcy estate of Goodman Networks, Inc., the debtor in the above styled and numbered bankruptcy case, makes the following requests for production pursuant to the Agreed Rule 2004 Order.

### I.  DEFINITIONS

A.  "1Path" means 1Path Managed Services, LLC, including its officers, directors, employees, agents, and representatives.

B.  "2022 Contribution Agreement" means the Contribution Agreement dated as of January 31, 2022, referred to in the recitals of the Unit Purchase Agreement.

C.  "2023 Contribution Agreement" means the Contribution Agreement dated as of January 31, 2023, referred to in the recitals of the Membership Interest Transfer Agreement.

D.  "AMRR" means American Metals Recovery and Recycling, Inc., which has since changed its name to MBG Holdings, Inc., including its officers, directors, employees, agents, and representatives.

E.  "AMR Resources" means AMR Resources, LLC, including its officers, directors, employees, agents, and representatives.

F.  "Communication" or "Communications" means every kind of written, recorded, or oral transmission of information.

G.      "Debtor" means Goodman Networks, Inc., including its officers, directors, employees, agents, and representatives.

H.      "Document" or "Documents" means writings of every type and from any source, including e-mail and electronic documents and including originals and nonidentical copies thereof that are in your possession, custody, or control or known by you to exist.

The term includes communications not only in words, but in symbols, pictures, sound recordings, film, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems.  If the information is kept in a computer or informational storage or retrieval system, the term also includes codes and programming instructions and other materials necessary to understand such systems.

The term also includes, but is not limited to:  the original and all copies (regardless of origin and whether or not including additional writing thereon or attached thereto) of pictures, loan agreements, memoranda, reports, books, manuals, instructions, financial reports, working papers, records, notes, letters, notices, confirmations, telegrams, receipts, appraisals, pamphlets, magazines, newspapers, prospectuses, inter-office and intra-office communications, contracts, cables, electronic mails, deleted electronic mails, text messages, notations or memoranda of any sort of any conversation, telephone calls, meetings or other communications, bulletins, printed matter, computer printouts, teletypes, invoices, transcripts, diaries, analyses, returns, summaries, minutes, bills, accounts, estimates, projections, comparisons, messages, correspondence, press releases, circulars, financial statements, reviews, opinions, offers, studies and investigations, questionnaires and surveys, work sheets (and all drafts, preliminary versions, alterations, modifications, revisions, changes and amendments of any of the foregoing), graphic or oral records or representations of any kind, (including, without limitation, tapes, cassettes, discs and records)

and other written, printed, typed, photographed, or other graphic recorded matter of any kind or nature, however reproduced and whether preserved in writing, phono record, film, photograph, type or video tape.

    I.      "Examinees" refers to MSouth, 1Path, OHC, and Layer 7.

    J.      "Frinzi" means James Frinzi.

    K.     "Goodman" means James Goodman.

    L.      "Layer 7" means Layer 7 Capital, LLC, including its officers, directors, employees, agents, and representatives.

    M.    "Membership Interest Transfer Agreement" means the Membership Interest Transfer Agreement between Onepath Holding Corporation and AMRR dated as of January 31, 2023.

    N.    "MSouth" means MSouth Equity Partners, LLC, MSouth Equity Partners II, L.P., and MSouth Equity Partners II GP, LLC, including their officers, directors, employees, agents, and representatives.

    O.    "Multiband" means Multiband Global Resources, LLC, including its officers, directors, employees, agents, and representatives.

    P.     "OHC" means Onepath Holding Corporation, including its officers, directors, employees, agents, and representatives.

    Q.    "OIS Division" means the Onepath Integrated Solutions business unit of Onepath which Onepath marketed for divestiture in 2021 and ultimately divested in early 2022.

    R.     Agreed Rule 2004 Order" means the *Order Granting Trustee's Motion for (I) Rule 2004 Examination of Msouth Equity Partners, 1Path Managed Services, Onepath Holding Corporation, Onepath Systems, and Layer 7 Capital and (II) Protective Order*.

S. "Unit Purchase Agreement" means the Unit Purchase Agreement by and among AMRR, Onepath, and AMR Resources dated as of February 1, 2022.

T. "You" and "Your" refer to the Examinee responding to these requests.

## II. REQUESTS FOR PRODUCTION

1. Produce all contents of any data room assembled in connection with the sale of the OIS Division.

2. Produce all Communications with Frinzi.

3. Produce all Communications with Goodman.

4. Produce all Communications with the Debtor.

5. Produce all Communications with SierraConstellation Partners, including its officers, directors, employees, agents, and representatives, related to the marketing and/or sale of the OIS Division.

6. Produce all Communications related to the marketing and/or sale of the OIS Division.

7. Produce all Communications related to the price AMRR paid for the OIS Division.

8. Produce all Communications related to the Membership Interest Transfer Agreement.

9. Produce all Communications related to the Unit Purchase Agreement.

10. Produce all Communications related to the 2022 Contribution Agreement.

11. Produce all Communications related to the 2023 Contribution Agreement.

12. Produce all appraisals reflecting the value of the OIS Division.

13. Produce all Documents and Communications reflecting or constituting bids for the OIS Division.

14. Produce all Communications with bidders for the OIS Division.

15. Produce all engagement letters related to the OIS Division (including, but not limited to, engagement letters between Layer 7 and any of the other Examinees).

16. Produce all bank and other financial institution account statements showing the receipt and subsequent flow of funds from the sale of the OIS Division.

17. To the extent the proceeds of the sale of the OIS Division were used to pay one or more creditors, produce all contracts, promissory notes, security agreements, invoices, account statements, and other Documents evidencing the indebtedness paid.

18. Produce all board minutes related to the marketing and/or sale of the OIS Division.

19. Produce all Documents and Communications constituting records of management level discussions concerning the marketing and/or sale of the OIS Division.

20. Produce all letters of intent related to the OIS Division.

21. Produce the Unit Purchase Agreement.

22. Produce the Membership Interest Transfer Agreement.

23. Produce the 2022 Contribution Agreement.

24. Produce the 2023 Contribution Agreement.

25. Produce any and all other Documents executed by any of the Examinees in connection with the sale of the OIS Division.

### #

**EXHIBIT A-2**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 7 |
| GOODMAN NETWORKS, INC., | § | |
| | § | Case No. 22-31641-mvl-7 |
| Debtor. | § | |

**JOINDER TO AGREED PROTECTIVE ORDER AND
AGREEMENT TO BE BOUND BY RULE 2004 ORDER**

In connection with the pending bankruptcy case of *In re Goodman Networks, Inc.*, Case No. 22-31641-mvl7, pending in the United States Bankruptcy Court for the Northern District of Texas (the "Bankruptcy Court"), on behalf of _____ (the "Joining Party"), I acknowledge that I have read and understand the terms of the *Agreed Protective Order* (the "Protective Order") entered by the Bankruptcy Court on November 21, 2022, as well as the *Order Granting Trustee's Motion for (I) Rule 2004 Examination of Msouth Equity Partners, 1Path Managed Services, Onepath Holding Corporation, Onepath Systems, and Layer 7 Capital and (II) Protective Order* (the "Rule 2004 Order") entered by the Bankruptcy Court on or about _____, 2023.

The Joining Party agrees to: (a) become a Party (as defined in the Protective Order) to the Protective Order and to comply with and be bound by all the provisions of the Protective Order as a Party; and (b) comply with and be bound by all the provisions of the Rule 2004 Order. By acknowledging these obligations under the Protective Order and the Rule 2004 Order, the Joining Party submits to the jurisdiction of the Bankruptcy Court for the purpose of any issue or dispute arising under the Protective Order or the Rule 2004 Order.

_____
Signature

_____
Joining Party (print name)

_____
Date

**EXHIBIT A-3**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 7 |
| GOODMAN NETWORKS, INC., | § | |
| | § | Case No. 22-31641-mvl-7 |
| Debtor. | § | |

**CONFIDENTIALITY AGREEMENT FOR EXPERT,
CONSULTANT, OR EMPLOYEE OF ANY PARTY**

I hereby affirm that:

Information, including documents and things designated as "Confidential Information" or "Confidential Attorney Eyes Only Information," as defined in the *Agreed Protective Order* (the "Protective Order") entered on November 21, 2022 in Bankruptcy Case No. 22-31641 pending in the United States Bankruptcy Court for the Northern District of Texas (the "Bankruptcy Court"), is being provided to me pursuant to the terms and restrictions of the Protective Order and the *Order Granting Trustee's Motion for (I) Rule 2004 Examination of Msouth Equity Partners, 1Path Managed Services, Onepath Holding Corporation, Onepath Systems, and Layer 7 Capital and (II) Protective Order* (the "Rule 2004 Order") entered by the Bankruptcy Court on or about _____, 2023.

I have been given a copy of and have read the Protective Order. I have also been given a copy of and have read the Rule 2004 Order.

I am familiar with the terms of the Protective Order, and I agree to comply with it and to be bound by its terms.

I am familiar with the terms of the Rule 2004 Order, and I agree to comply with it and to be bound by its terms.

I submit to the jurisdiction of the Bankruptcy Court for enforcement of the Protective Order and the Rule 2004 Order.

I agree not to use any Confidential Information or Confidential Attorney Eyes Only Information disclosed to me pursuant to the Protective Order and the Rule 2004 Order except for the purposes set forth in the Protective Order and the Rule 2004 Order and further agree not to disclose any of this information to persons other than those specifically authorized by the Protective Order and the Rule 2004 Order without the express written consent of MSouth Equity Partners or by order of the Bankruptcy Court. I also agree to notify any stenographic, clerical, or technical personnel who are required to assist me of the terms of the Protective Order and the Rule 2004 Order and of such orders' binding effect on them and me.

2

   I understand that I must retain all documents or materials designated as or containing Confidential Information or Confidential Attorney Eyes Only Information in a secure manner, and that all such documents and materials must remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any Confidential Information or Confidential Attorney Eyes Only Information must be returned to counsel who provided me with such documents and materials.

_____
Signature

_____
Printed Name

_____
Date

# EXHIBIT A-4

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 7 |
| GOODMAN NETWORKS, INC., | § | |
| | § | Case No. 22-31641-mvl-7 |
| Debtor. | § | |

## CONFIDENTIALITY AGREEMENT FOR THIRD-PARTY VENDORS

I hereby affirm that:

Information, including documents and things designated as "Confidential Information" or "Confidential Attorney Eyes Only Information," as defined in the *Agreed Protective Order* (the "Protective Order") entered in Bankruptcy Case No. 22-31641 pending in the United States Bankruptcy Court for the Northern District of Texas (the "Bankruptcy Court"), is being provided to me pursuant to the terms and restrictions of the Protective Order and the *Order Granting Trustee's Motion for (I) Rule 2004 Examination of Msouth Equity Partners, 1Path Managed Services, Onepath Holding Corporation, Onepath Systems, and Layer 7 Capital and (II) Protective Order* (the "Rule 2004 Order") entered by the Bankruptcy Court on or about _____, 2023.

I have been given copies of and have read the Protective Order and the Rule 2004 Order. I am familiar with the terms of the Protective Order, and I agree to comply with it and to be bound by its terms. I am also familiar with the terms of the Rule 2004 Order, and I agree to comply with it and to be bound by its terms. I submit to the jurisdiction of the Bankruptcy Court for enforcement of the Protective Order and the Rule 2004 Order.

I agree not to use any Confidential Information or Confidential Attorney Eyes Only Information disclosed to me pursuant to the Protective Order and the Rule 2004 Order except for the purposes set forth in the Protective Order and the Rule 2004 Order and further agree not to disclose any of this information to persons other than those specifically authorized by the Protective Order and the Rule 2004 Order without the express written consent of MSouth Equity Partners or by order of the Bankruptcy Court.

_____
Signature

_____
Printed Name

_____
Date