



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed November 22, 2023**

_____
**United States Bankruptcy Judge**

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| GOODMAN NETWORKS, INC., | § | Case No. 22-31641 (MVL) |
| | § | |
| Debtor. | § | **Relates to Docket No. 429** |
| | § | |

### ORDER GRANTING UNOPPOSED JOINT EXPEDITED MOTION
### OF SCOTT M. SEIDEL, CHAPTER 7 TRUSTEE; UMB BANK,
### NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE; AND THE
### MAJORITY  NOTEHOLDER GROUP FOR ENTRY OF AN ORDER DIRECTING
### AN EXAMINATION UNDER BANKRUPTCY RULE 2004 OF EAST WEST BANK

Upon the unopposed motion (the "**Motion**")[1] [Docket No. 429] seeking entry of an order

(this "**Order**") authorizing the Movants to conduct an examination of East West pursuant to

Bankruptcy Rule 2004, as more fully set forth in the Motion; and the Court having jurisdiction

over this matter pursuant to 28 U.S.C. § 1334; and it appearing that this is a core proceeding

pursuant to 28 U.S.C. § 157(b)(2); and it appearing that the Court may enter a final order consistent

---

[1]   Capitalized terms used herein but not defined shall have the meanings ascribed to such terms in the Motion.

with Article III of the United States Constitution; and it appearing that venue of this proceeding

and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing

that notice of the Motion and opportunity for a hearing on the Motion were appropriate under the

circumstances and no other notice need be provided; and the Court having reviewed the Motion;

and all responses, if any, to the Motion having been withdrawn, resolved, or overruled; and the

Court having determined that the legal and factual bases set forth in the Motion establish just cause

for the relief granted herein; and upon all of the proceedings had before this Court; and after due

deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1.     The Motion is GRANTED as set forth herein.

2.     The Movants are authorized to conducted the examination of East West requested

in the Motion through the Subpoena attached here as **Exhibit 1**.

3.     The Trustee, solely in his capacity as trustee for the Debtor and its Estate, on behalf

of the Debtor in its individual capacity and as sole equity holder of the Applicable Subsidiaries (as

defined in the Motion to mean, collectively, GNET ATC, LLC (a/k/a GNET ATC Inc.), Multiband

Field Services, Inc., and Goodman Networks Services, LLC), is authorized to decline to raise an

objection to the disclosure or production of the Produced Materials.

4.     Notice of the Motion as provided therein shall be deemed good and sufficient and

the requirements of the Bankruptcy Rules and Local Bankruptcy Rules are satisfied by such notice.

5.     The Movants are authorized to take all actions necessary to effectuate the relief

granted pursuant to this Order.

DMS 304460468

6.      This Court shall retain jurisdiction with respect to all matters arising under or related to this Order, including any disputes that may arise, and to interpret, implement, and enforce provisions of this Order.

**# # # End of Order # # #**

DMS 304460468

## Exhibit 1

**Subpoena**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Nothern District of Texas

In re **Goodman Networks, Inc.**
_____
Debtor

*(Complete if issued in an adversary proceeding)*

Case No. **22-31641 (MVL)**

Chapter **7**

_____
Plaintiff

v.

_____
Defendant

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: **East West Bank**
_____
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached

| PLACE | DATE AND TIME |
|---|---|
| 600 Travis, Suite 4200, Houston, TX 77002 or via electronic means | November 21, 2023 or such other date and time as may be agreed by the parties |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____          _____
Signature of Clerk or Deputy Clerk          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
UMB Bank, National Association as Indenture Trustee, who issues or requests this subpoena, are:

Philip Guffy, 600 Travis, Suite 4200, Houston, TX 77002, pguffy@huntonak.com, 713-220-4200

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## DISCOVERY REQUESTS TO EAST WEST BANK

## DEFINITIONS

1.      "Any" means "all" and vice versa.

2.      "Bankruptcy Case" means the chapter 7 proceeding captioned In re Goodman Networks, Inc., Case No. 22-31641 (MVL) pending in the United States Bankruptcy Court for the Northern District of Texas.

3.      "Collateral Agent" means U.S. Bank, National Association, in its capacity as collateral agent under the Indenture.

4.      "Communication" means any transmission of information in the form of facts, ideas, inquiries or otherwise, the information transmitted, and any process by which information is transmitted, whether written (including ESI) or verbal.  All written Communications shall include, without limitation, electronic, printed, typed, handwritten or other readable Documents, correspondence, memos, reports, diaries, logbooks, minutes, notes, studies, forecasts, emails, text messages, and instant messages.

5.      "Concerning" or "concerns" includes, but is not limited to, the following meanings: relating to, referring to, pertaining to, regarding, constituting, discussing, mentioning, containing, reflecting, evidencing, explaining, illustrating, analyzing, describing, displaying, showing, and identifying.

6.      "Debtor" means Goodman Networks, Inc.

7.      "Document" is synonymous in meaning and equal in scope to the usage of the term under the Federal Rules of Civil Procedure and includes, but is not limited to, any written or graphic matter of any kind or character however produced or reproduced; any electronically or magnetically recorded matter of any kind or character, however produced or reproduced; and any other matter constituting the recording of data or information upon any tangible thing by any means, as well as any tangible thing on which information is recorded in writing, sound, electronic or magnetic impulse, or in any other manner, including but not limited to paper, cards, tapes, film, electronic facsimile, computer storage devices, video discs or any other media.  For the purpose of this definition, "matter" shall include, but shall not be limited to bank account statements, letters of credit, loan documentation, account assignments, deposit account control agreements, paper, cards, tapes, film, electronic facsimile, electronic mail in any form, electronic notes, spreadsheets, computer storage devices, video discs, memoranda, notes, minutes, records, photographs, correspondence, telegrams, diaries, bookkeeping entries, financial statements, tax returns, checks, check stubs, reports, studies, charts, graphs, statements, notebooks, handwritten notes, applications, agreements, contracts, letters of intent, books, pamphlets, periodicals, appointment calendars, records and recordings of oral conversations, and work papers, and shall also include, but shall not be limited to, originals plus all copies which are different in any way from the original whether by handwritten notes, interlineations, receipt stamp notation, indication of copies sent or received, or otherwise, as well as all preliminary

1

versions, drafts or revisions of any of the foregoing and any supporting, underlying or preparatory material.

8.    "East West" means East West Bank.

9.    "East West Pledge Agreement" means that certain Pledge Agreement by and between the Debtor and you (as successor to MidCap Financial Trust), dated as of May 31, 2017, as such agreement may have been subsequently amended, restated, supplemented, or otherwise modified.

10.   "ESI" means electronically stored information including but not limited to information electronically, magnetically or optically stored as: (a) digital Communications (e.g., email, voice mail, instant messaging); (b) word processed documents (e.g., Word or WordPerfect documents and drafts); (c) spreadsheets and tables (e.g., Excel or Lotus 123 worksheets); (d) accounting application data (e.g., QuickBooks, Money, Peachtree data files); (e) image and facsimile files (e.g., PDF, TIFF, JPG, GIF images); (f) sound recordings (e.g., WAV and MP3 files); (g) video and animation (e.g., AVI and MOV files); (h) databases (e.g., Access, Oracle, SQL Server data, SAP); (i) electronic mail, contact and relationship management data (e.g., Outlook, Maximizer, ACT!), including any deleted emails or any other emails resident on any servers or computers; (j) calendar and diary application data (e.g., Outlook PST, Yahoo, blog tools); (k) online access data (e.g., temporary internet files, history, cookies); (l) presentations (e.g., PowerPoint, Corel Presentations); (m) network access and server activity logs; (n) project management application data; (o) computer-aided design/drawing files; and (p) back-up and archival files (e.g., ZIP, GHO). ESI shall be produced, with metadata intact, in the format specified in the Instructions set forth below.

11.   "GNET" means either GNET ATC, LLC or GNET ATC INC.

12.   "Goodman Services" means Goodman Network Services, LLC.

13.   "Goodmans" or a "Goodman" means any of (i) John Goodman, Jason Goodman, Jonathan Goodman, Joseph Goodman, Jody Goodman, Jake Goodman, James Goodman, or Madison Goodman, (ii) any member of the immediate family of John Goodman, Jason Goodman, Jonathan Goodman, Joseph Goodman, or James Goodman, including parents, siblings, spouse and children (including those by adoption) and any other Person who lives in such individual's household; (iii) the parents, siblings, spouse, or children (including those by adoption) of such immediate family member; or (iv) in any such case any trust or other estate planning vehicle whose primary beneficiary is an individual (or individuals) covered by clauses (i) – (iii) of this definition.

14.   "Goodman Related Entities or Individuals" means any of Multiband Field Services Incorporated, Goodman Networks Services, LLC, Goodman MBE Group LP, Goodman MBE Group GP LLC, Genesis Networks Telecom Services, LLC, Genesis Networks Global Services, LLC, Genesis Global Services, Genesis Networks Inc., Endeavor Managed Systems, Inc., Unified Field Services, Goodman Investment Holdings, LLC, GDMN Family Investments 2, LLC, JJC & People LLC, People NQ Inc., Goodman

2

Telecom Holdings, Goodman Telecom Services, Greater Tech Holdings, Greater Tech Services, Techdash, World Conquest LLC, American Metals Recovery & Recycling, Inc., AMR Resources, OnePath, Multiband Global Services, Goodman Home Solutions, Hudson Clean Energy Enterprises LLC, Alliance Texas Holdings, LLC,  18920 NW 11th LLC, James E. Goodman, Jason A. Goodman; John A. Goodman; Jonathan E. Goodman; Joseph ("Jody") M. Goodman; Goodman Home Solutions, Hudson Clean Energy Enterprises LLC, Alliance Texas Holdings, LLC, Shalom Auerbach, Neil Auerbach, James Frinzi, Jodi Frinzi, Howard Konicov, Joseph Baum, CFGI, Steven Zakharyayev, and Evelina Pinkhasova.

15.    "ICA" means that certain Amended and Restated Intercreditor Agreement between the Collateral Agent and you dated as of January 27, 2020, and acknowledged and agreed by the Debtor and the other Grantors from time to time party thereto.

16.    "Identify" when referring to a Person, means to state the (i) Person's full name and present or last known address including telephone number; (ii) the full name and present or last known address of the Person's employer or business; and (iii) the Person's position with that employer or business.

17.    "Identify" when referring to a Document or thing means to state sufficient information regarding the item so that the party seeking discovery can locate and identify the object as readily as the party from whom it is being sought.

18.    "Indenture" means that certain Indenture, dated as of May 31, 2017, by and among the Debtor as Issuer, the Indenture Trustee, and the Collateral Agent.

19.    "Indenture Trustee" means UMB Bank, National Association, in its capacity as indenture trustee under the Indenture.

20.    "Including" or "includes" means including, but not limited to.

21.    "Metadata" means system and application metadata.  System metadata is information describing the history and characteristics of other ESI.  This information is typically associated with tracking or managing an electronic file and often includes data reflecting a file's name, size, custodian, location, dates of creation and last modification or access, number of attachments, and document type (i.e. email, attachment, etc.).  Application metadata is information automatically included or embedded in electronic files but which may not be apparent to a user, including deleted content, draft language, commentary, collaboration and distribution data and dates of creation and printing.  For electronic mail (including deleted emails), metadata includes all header routing data and Base 64 encoded attachment data, in addition to the To, From, Subject, Received Date, Sent Date, Time Sent, CC, BCC and Body fields.

22.    "MFS" means Multiband Field Services, Inc.

23.    "Or" and "and" mean "and/or."

DMS 304422382

24.    "Person" or "persons" means any individuals, public or private corporations, companies, associations, societies, firms, partnerships, joint stock companies, governmental agencies (federal, state, local, and foreign), the United States, and any of its political subdivisions or agents.

25.    "Referring to" and "relating to" mean constitutes, comprises, contains, consists of, sets forth, proposes, shows, discloses, describes, discusses, explains, evidences, memorializes, summarizes, concerns, reflects, imposes or authorizes directly or indirectly.

26.    "Transfer" means (A) the creation of a lien; (B) the retention of title as a security interest; (C) the foreclosure of a person's equity of redemption; or (D) each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with (i) property; or (ii) an interest in property.

27.    "You" or "your" refers to the Person to whom these Requests are directed, including all Persons acting or purporting to act on behalf of you for any purpose, and incorporates any definition of such Person if and as set forth in these definitions.

4

## INSTRUCTIONS

With respect to your responses to these Requests, unless otherwise specified herein, you are instructed to answer as follows:

1.      These Requests are directed to you and include any and all Documents and Communications within your possession, custody, or control.  Unless otherwise indicated, the Requests cover the time period from May 1, 2017, through the present.

2.      Whenever these Requests use any word in the plural, you shall understand the word to include the singular as necessary to make the Request inclusive rather than exclusive.  Further, whenever these Requests use any word in the singular, you shall understand the word to include the plural as necessary to make the Request inclusive rather than exclusive.

3.      Whenever these Requests use the word "and" or the word "or," you shall understand the word conjunctively or disjunctively as necessary to make the Request inclusive rather than exclusive.

4.      Documents and Communications shall be produced either (i) in the manner and file in which they are kept in the usual course of business; or (ii) organized and labeled to correspond with these Requests.  Documents attached to each other should not be separated.

5.      When producing the requested Documents and Communications, produce all drafts, non-identical copies, and multiple copies if found in multiple locations.

6.      All responsive ESI should be produced in the following format: single page, 300 dpi TIFF images and associated multi-page text files containing extracted text or OCR with Concordance and Opticon load files containing all requisite information including relevant metadata.  Where files are produced in their native format, LBT specifically requests that they be produced in their native file format along with Bates/Confidentiality stamped image slip sheets indicating the document has been produced natively.  For comparison purposes and to ensure authenticity, to the extent documents are produced in native format, such documents shall also be produced in single-page .tiff format, unless otherwise agreed by the parties.  All ESI shall be produced as text searchable image files with attachments intact and the following metadata fields, to the extent such metadata exists:

PRODUCTION::BEGIN BATES
PRODUCTION::END BATES
PRODUCTION::BEGIN ATTACHMENT
PRODUCTION::END ATTACHMENT
EMAIL FROM
EMAIL TO
EMAIL CC
EMAIL BCC
EMAIL SUBJECT
EMAIL SENT DATE
EMAIL RECEIVED DATE
CUSTODIAN

1

DATE CREATED
DATE LAST MODIFIED
DATE LAST PRINT
DOC AUTHOR
FILE EXTENSION
FILE SIZE
FILE TYPE
FILENAME
LAST SAVED BY
LAST SAVED DATE/TIME
MD5 HASH
LAST ACCESSED DATE/TIME

7.      If any Document requested herein is withheld on the basis of any claim of privilege or work product, you are requested to submit in lieu of any such Document a written statement: (i) Identifying the Person who prepared or authored the Document and, if applicable, all Persons to whom the Document was sent or shown; (ii) specifying the date on which the Document was prepared or transmitted; (iii) Identifying the subject matter of the Document; (iv) describing the nature of the Document; and (v) stating briefly why the Document is claimed to be privileged or to constitute work product.

8.      If you object to any part of any Request, you shall state fully and specifically the nature of the objection.  Notwithstanding any objections, you shall nonetheless comply fully with the other parts of the Request(s) not objected to.

9.      If, in responding to the Requests, you encounter any ambiguities when construing a Request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

10.     Each Request shall be deemed to be continuing in nature. If at any time additional Documents come into your possession, custody, or control or are brought to your attention, prompt supplementation of your response to these Requests is required.

11.     A Request for a Document shall be deemed to include a request for any and all file folders within which the Document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the Document, in addition to the Document itself regardless of whether such file folders, transmittal sheets, cover letters, exhibits, enclosures, or attachments are independently responsive to any Request.

12.     If you have knowledge or discover that any Document(s) within the scope of these Requests has been destroyed after May 1, 2017, such Document shall be identified including identification of (i) its author(s); (ii) intended or unintended recipient(s); (iii) addressee(s); (iv) intended or unintended recipients of blind copies; (v) date; and (vi) subject matter. The circumstances of such destruction shall be set forth, and any Documents relating to such destruction shall be produced.

DMS 304422382

13.    Please consult the Federal Rules of Civil Procedure for additional instructions and duties that you might have concerning your responses to these Requests for Production, which rules are incorporated herein by reference.

3

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

Please produce all Documents concerning any cash or other possessory collateral (to the extent such cash or collateral exists and is not implicated by the requests below) being held by East West relating to any obligation of the Debtor, GNET, MFS, or Goodman Services owed to East West, including, but not limited to, account statements.

### REQUEST FOR PRODUCTION NO. 2:

Please produce the letter(s) of credit referenced in the letter dated August 15, 2022 from the Indenture Trustee to East West and the letter dated August 26, 2022 from the Collateral Agent to East West.

### REQUEST FOR PRODUCTION NO. 3:

Please produce any other letters of credit relating to any obligation of the Debtor, GNET, MFS, or Goodman Services.

### REQUEST FOR PRODUCTION NO. 4:

Please produce all account statements from October 2022 through the present for the following accounts:

*0690 GNET ATC

*4777 GNET ATC

*5481 Goodman Networks

*5893 GNET ATC

*8462 Multiband Field Services

*7280 Goodman Networks

### REQUEST FOR PRODUCTION NO. 5:

Please produce all account statements for any account held in the name of Debtor, GNET, MFS, or Goodman Services that is not listed above.

### REQUEST FOR PRODUCTION NO. 6:

Please produce Documents sufficient to show the outstanding balance(s) (if any) and the terms of any such outstanding "Senior Obligations" (as such term is used and defined in the ICA) or any such outstanding "Obligations" (as such term is used and defined in the East West Pledge Agreement), including, but not limited to, any such obligations by and among East West, the Debtor, GNET, MFS, or Goodman Services.  If no such Senior Obligations or Obligations are

4

outstanding, please produce Documents sufficient to show that such Senior Obligations or
Obligations have been paid off or otherwise terminated.

5

United States Bankruptcy Court

Northern District of Texas

In re:                                                                          Case No. 22-31641-mvl

Goodman Networks, Inc.                                                          Chapter 7

Goodman Networks Inc d/b/a Goodman Solut

    Debtors

# CERTIFICATE OF NOTICE

District/off: 0539-3                         User: admin                              Page 1 of 5

Date Rcvd: Nov 22, 2023                      Form ID: pdf012                     Total Noticed: 1

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 24, 2023:**

NONE

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| aty | + Email/Text: BNC-bkhouston@munsch.com | Nov 22 2023 21:34:00 | Brenda L Funk, Munsch Hardt Kopf & Harr, PC, 700 Milam St., Suite 800, Houston, TX 77002-2835 |

TOTAL: 1

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 24, 2023                        Signature:          /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 22, 2023 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Adam M. Langley | on behalf of Creditor HCL America  Inc. adam.langley@butlersnow.com, ECF.Notices@butlersnow.com;mary.elam@butlersnow.com;rosalind.pryor@butlersnow.com |
| Adam M. Langley | on behalf of Creditor Glympse  Inc. adam.langley@butlersnow.com, ECF.Notices@butlersnow.com;mary.elam@butlersnow.com;rosalind.pryor@butlersnow.com |
| Adam M. Langley | on behalf of Creditor Fedex Supply Chain Logistics & Electronics  Inc. adam.langley@butlersnow.com, ECF.Notices@butlersnow.com;mary.elam@butlersnow.com;rosalind.pryor@butlersnow.com |

District/off: 0539-3    User: admin    Page 2 of 5
Date Rcvd: Nov 22, 2023    Form ID: pdf012    Total Noticed: 1

Beau Butler
on behalf of Creditor Prosperity Bank bbutler@jw.com kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com

Bruce J. Ruzinsky
on behalf of Creditor Prosperity Bank bruzinsky@jw.com msalinas@jw.com

Candice Marie Carson
on behalf of Creditor Fedex Supply Chain Logistics & Electronics Inc. Candice.Carson@butlersnow.com

Candice Marie Carson
on behalf of Creditor Frase Protection Inc. Candice.Carson@butlersnow.com

Cassandra Ann Shoemaker
on behalf of Creditor East West Bank cshoemaker@mcguirewoods.com lbayliss@mcguirewoods.com

Catherine Allena Curtis
on behalf of Interested Party James Frinzi Catherine.curtis@wickphillips.com brenda.ramirez@wickphillips.com

Conor White
on behalf of Plaintiff Scott M. Seidel cwhite@munsch.com

Conor White
on behalf of Trustee Scott M. Seidel cwhite@munsch.com

Courtney Jane Hull
on behalf of Creditor Texas Comptroller of Public Accounts Revenue Accounting Division bk-chull@oag.texas.gov,
sherri.simpson@oag.texas.gov

David William Parham
on behalf of Interested Party GNET ATC LLC david.parham@akerman.com
esther.mckean@akerman.com;cindy.ferguson@akerman.com;teresa.barrera@akerman.com

David William Parham
on behalf of Interested Party John Goodman david.parham@akerman.com
esther.mckean@akerman.com;cindy.ferguson@akerman.com;teresa.barrera@akerman.com

David William Parham
on behalf of Debtor Goodman Networks Inc. david.parham@akerman.com,
esther.mckean@akerman.com;cindy.ferguson@akerman.com;teresa.barrera@akerman.com

David William Parham
on behalf of Debtor Goodman Networks Inc d/b/a Goodman Solutions david.parham@akerman.com
esther.mckean@akerman.com;cindy.ferguson@akerman.com;teresa.barrera@akerman.com

Davor Rukavina
on behalf of Plaintiff Multiband Field Services Inc. drukavina@munsch.com

Davor Rukavina
on behalf of Plaintiff Scott M. Seidel drukavina@munsch.com

Davor Rukavina
on behalf of Plaintiff GNET ATC LLC drukavina@munsch.com

Davor Rukavina
on behalf of Trustee Scott M. Seidel drukavina@munsch.com

Davor Rukavina
on behalf of Plaintiff Scott Seidel drukavina@munsch.com

Dawn Kahle Doherty
on behalf of Creditor FedEx Freight Inc. dawn.doherty@fedex.com

Dean John Siotos
on behalf of Creditor Insurance Company of the West Dsiotos@IMTexasLaw.com HWarner@IMTexasLaw.com

Derek D. Rollins
on behalf of Creditor Brad Kozma drollins@shackelford.law jthorn@shackelford.law;jbabin@shackelford.law

Derek D. Rollins
on behalf of Creditor Scot Brunke drollins@shackelford.law jthorn@shackelford.law;jbabin@shackelford.law

Edward A. Clarkson, III
on behalf of Interested Party MBG Holdings fka American Metals Recovery and Recycling Inc. edwardclarkson@huntonAK.com

Edward A. Clarkson, III
on behalf of Interested Party American Metals Recovery and Recycling Inc. edwardclarkson@huntonAK.com

Eric A. Schaffer
on behalf of Creditor UMB Bank National Association, as indenture trustee eschaffer@stonecipherlaw.com,
jdearment@stonecipherlaw.com

Eric M. English
on behalf of Interested Party 18920 NW 11th LLC eenglish@porterhedges.com

emoreland@porterhedges.com;mwebb@porterhedges.com;egarfias@porterhedges.com

Eric Thomas Haitz

on behalf of Interested Party Hudson Clean Energy Enterprises  LLC eric.haitz@bakerbotts.com, skoller@gibsondunn.com

Gadson William Perry

on behalf of Creditor Fedex Supply Chain Logistics & Electronics  Inc. will.perry@butlersnow.com

Garrick Chase Smith

on behalf of Trustee Scott M. Seidel gsmith@munsch.com

Iain L. C. Kennedy

on behalf of Interested Party Tiger Athletic Foundation ikennedy@nathansommers.com  clemons@nathansommers.com

Jacob M Stephens

on behalf of Creditor Insurance Company of the West jstephens@imtexaslaw.com  dhall@imtexaslaw.com

James Vincequerra

on behalf of Creditor John Debus james.vincequerra@alston.com

James Vincequerra

on behalf of Creditor Joseph Hart  IV james.vincequerra@alston.com

James Vincequerra

on behalf of Creditor Anthony Rao james.vincequerra@alston.com

James Vincequerra

on behalf of Creditor Mark Keiffer james.vincequerra@alston.com

James P. Muenker

on behalf of Creditor ARRIS Solutions  Inc. james.muenker@us.dlapiper.com, james-muenker-0904@ecf.pacerpro.com

James William Bartlett, Jr

on behalf of Interested Party MBG Holdings fka American Metals Recovery and Recycling  Inc. jbartlett@okinadams.com

Jared M. Slade

on behalf of Creditor John Debus jared.slade@alston.com  Melanie.Mizrahie@alston.com

Jared M. Slade

on behalf of Creditor Joseph Hart  IV jared.slade@alston.com, Melanie.Mizrahie@alston.com

Jared M. Slade

on behalf of Creditor Anthony Rao jared.slade@alston.com  Melanie.Mizrahie@alston.com

Jared M. Slade

on behalf of Creditor Mark Keiffer jared.slade@alston.com  Melanie.Mizrahie@alston.com

Jarom Joseph Yates

on behalf of Interested Party Greater Tech Holdings Inc. jarom.yates@haynesboone.com  kim.morzak@haynesboone.com

Jarom Joseph Yates

on behalf of Interested Party John Goodman jarom.yates@haynesboone.com  kim.morzak@haynesboone.com

Jason M. Rudd

on behalf of Defendant James Frinzi jason.rudd@wickphillips.com  brenda.ramirez@wickphillips.com

Jason M. Rudd

on behalf of Defendant Frinzi Family Trust jason.rudd@wickphillips.com  brenda.ramirez@wickphillips.com

Jiangang Ou

on behalf of Creditor HCL America  Inc. jou@archerlaw.com

Joseph Marse O'Bell

on behalf of Interested Party American Metals Recovery and Recycling Inc. marse.obell@yahoo.com

Joseph Marse O'Bell

on behalf of Interested Party James Frinzi marse.obell@yahoo.com

Joseph Webster Golinkin, II

on behalf of Defendant Evelina Pinkhasova jgolinkin@jlcfirm.com

Joseph Webster Golinkin, II

on behalf of Defendant Steven Zakharyayev jgolinkin@jlcfirm.com

Joseph Webster Golinkin, II

on behalf of Defendant 18920 NW 11th  LLC jgolinkin@jlcfirm.com

Julian Preston Vasek

on behalf of Trustee Scott M. Seidel jvasek@munsch.com  hvalentine@munsch.com,CourtMail@munsch.com

Julian Preston Vasek

on behalf of Plaintiff Scott M. Seidel jvasek@munsch.com  hvalentine@munsch.com,CourtMail@munsch.com

Kathleen Marie LaManna
on behalf of Interested Party U.S. Bank National Association  as Collateral Agent, klamanna@goodwin.com,
bankruptcy@goodwin.com;bankruptcyparalegal@goodwin.com

Keith Miles Aurzada
on behalf of Creditor UMB Bank  National Association, as indenture trustee kaurzada@reedsmith.com,
anixon@reedsmith.com;mcooley@reedsmith.com;lrobin@reedsmith.com;ahinson@reedsmith.com

Leslie Sara Hyman
on behalf of Defendant People NQ Inc. lhyman@pulmanlaw.com  dvanoutryve@pulmanlaw.com;mvilla@pulmanlaw.com

Leslie Sara Hyman
on behalf of Defendant JJC & People LLC lhyman@pulmanlaw.com  dvanoutryve@pulmanlaw.com;mvilla@pulmanlaw.com

Leslie Sara Hyman
on behalf of Defendant James Goodman lhyman@pulmanlaw.com  dvanoutryve@pulmanlaw.com;mvilla@pulmanlaw.com

Leslie Sara Hyman
on behalf of Interested Party James Goodman lhyman@pulmanlaw.com  dvanoutryve@pulmanlaw.com;mvilla@pulmanlaw.com

Leslie Sara Hyman
on behalf of Defendant GDMN Family Investments 2  LLC lhyman@pulmanlaw.com,
dvanoutryve@pulmanlaw.com;mvilla@pulmanlaw.com

Matthew S. Okin
on behalf of Interested Party American Metals Recovery and Recycling Inc. mokin@okinadams.com  teaston@okinadams.com

Matthias Kleinsasser
on behalf of Defendant Goodman Networks  Inc. d/b/a Goodman Solutions mkleinsasser@winstead.com, wkay@winstead.com

Matthias Kleinsasser
on behalf of Plaintiff ARRIS Solutions  Inc. mkleinsasser@winstead.com, wkay@winstead.com

Michael Conway
on behalf of Creditor Wistron Neweb Corporation mconway@lpgmlaw.com

Michael A Cancienne
on behalf of Defendant 18920 NW 11th  LLC mcancienne@jlcfirm.com

Michael A Cancienne
on behalf of Defendant Evelina Pinkhasova mcancienne@jlcfirm.com

Michael A Cancienne
on behalf of Defendant Steven Zakharyayev mcancienne@jlcfirm.com

Michael J. Quilling
on behalf of Plaintiff Scott M. Seidel  Trustee mquilling@qslwm.com, jadams@qslwm.com

Michael J. Quilling
on behalf of Trustee Scott M. Seidel mquilling@qslwm.com  jadams@qslwm.com

Noah Mariano Schottenstein
on behalf of Creditor ARRIS Solutions  Inc. noah.schottenstein@us.dlapiper.com

Noah Mariano Schottenstein
on behalf of Defendant James Goodman noah.schottenstein@us.dlapiper.com

Noah Mariano Schottenstein
on behalf of Plaintiff ARRIS Solutions  Inc. noah.schottenstein@us.dlapiper.com

Noah Mariano Schottenstein
on behalf of Defendant Goodman Networks  Inc. d/b/a Goodman Solutions noah.schottenstein@us.dlapiper.com

Paul M. Lopez
on behalf of Creditor COLLIN COUNTY TAX ASSESSOR-COLLECTOR bankruptcy@abernathy-law.com

Paul N Silverstein
on behalf of Creditor Alimco Re Ltd. paulsilverstein@huntonak.com

Paul N Silverstein
on behalf of Creditor JLP Credit Opportunity Master Fund Ltd. paulsilverstein@huntonak.com

Paul N Silverstein
on behalf of Creditor JLP Credit Opportunity IDF Series Interests of the SALI Multi-Series Fund  L.P.
paulsilverstein@huntonak.com

Paul N Silverstein
on behalf of Creditor JLP Institutional Credit Master Fund LP paulsilverstein@huntonak.com

Paul T. Elkins
on behalf of Defendant James Frinzi paul.elkins@wickphillips.com  McKenzie.Farley@WickPhillips.com

Paul T. Elkins

District/off: 0539-3                 User: admin                              Page 5 of 5
Date Rcvd: Nov 22, 2023           Form ID: pdf012                       Total Noticed: 1

                              on behalf of Defendant Frinzi Family Trust paul.elkins@wickphillips.com  McKenzie.Farley@WickPhillips.com

Philip Michael Guffy
                              on behalf of Creditor UMB Bank  National Association, as indenture trustee pguffy@huntonak.com

Philip Michael Guffy
                              on behalf of Creditor JLP Institutional Credit Master Fund LP pguffy@huntonak.com

Philip Michael Guffy
                              on behalf of Creditor Alimco Re Ltd. pguffy@huntonak.com

Philip Michael Guffy
                              on behalf of Creditor JLP Credit Opportunity Master Fund Ltd. pguffy@huntonak.com

Philip Michael Guffy
                              on behalf of Creditor The Majority Noteholder Group pguffy@huntonak.com

Philip Michael Guffy
                              on behalf of Creditor JLP Credit Opportunity IDF Series Interests of the SALI Multi-Series Fund  L.P. pguffy@huntonak.com

Randall A. Pulman
                              on behalf of Defendant JJC & People LLC rpulman@pulmanlaw.com  jgonzales@pulmanlaw.com;mvilla@pulmanlaw.com

Randall A. Pulman
                              on behalf of Defendant GDMN Family Investments 2  LLC rpulman@pulmanlaw.com,
                              jgonzales@pulmanlaw.com;mvilla@pulmanlaw.com

Randall A. Pulman
                              on behalf of Interested Party James Goodman rpulman@pulmanlaw.com  jgonzales@pulmanlaw.com;mvilla@pulmanlaw.com

Randall A. Pulman
                              on behalf of Defendant James Goodman rpulman@pulmanlaw.com  jgonzales@pulmanlaw.com;mvilla@pulmanlaw.com

Randall A. Pulman
                              on behalf of Defendant People NQ Inc. rpulman@pulmanlaw.com  jgonzales@pulmanlaw.com;mvilla@pulmanlaw.com

Robert Campbell Hillyer
                              on behalf of Creditor Fedex Supply Chain Logistics & Electronics  Inc. cam.hillyer@butlersnow.com

Robert R Debes, Jr
                              on behalf of Creditor Chantry Quinney bdebes@eeoc.net

Robert R Debes, Jr
                              on behalf of Creditor Brandon Ray bdebes@eeoc.net

Sahrish Khan Soleja
                              on behalf of Defendant James Goodman ssoleja@winstead.com  wkay@winstead.com

Sarah M. Cox
                              on behalf of Creditor Leila Bedoian sarah@spectorcox.com
                              sarah@ecf.courtdrive.com,ahawkins@spectorcox.com,sshank@spectorcox.com,spectorcox@jubileebk.net

Sarah M. Cox
                              on behalf of Creditor Adam Bedoian sarah@spectorcox.com
                              sarah@ecf.courtdrive.com,ahawkins@spectorcox.com,sshank@spectorcox.com,spectorcox@jubileebk.net

Scott M. Seidel
                              scott@scottseidel.com  susan.seidel@earthlink.net;sms01@trustesolutions.net

Scott M. Seidel
                              on behalf of Trustee Scott M. Seidel scott@scottseidel.com  susan.seidel@earthlink.net;sms01@trustesolutions.net

Susan B. Hersh
                              on behalf of Creditor Russell F Nelms susan@susanbhershpc.com  assistant@susanbhershpc.com

Thomas Daniel Berghman
                              on behalf of Plaintiff Scott Seidel tberghman@munsch.com
                              amays@munsch.com,CourtMail@munsch.com;hvalentine@munsch.com

Thomas Daniel Berghman
                              on behalf of Trustee Scott M. Seidel tberghman@munsch.com
                              amays@munsch.com,CourtMail@munsch.com;hvalentine@munsch.com

United States Trustee
                              ustpregion06.da.ecf@usdoj.gov

Victoria N Argeroplos
                              on behalf of Creditor Prosperity Bank vargeroplos@jw.com  kgradney@jw.com;jpupo@jw.com;dtrevino@jw.com;steso@jw.com


TOTAL: 107