

Pennzoil Place
700 Milam Street, Suite 800
Houston, Texas 77002
Main 713.222.1470
Fax 713.222.1475
munsch.com

Direct Dial 713.222.5832
Direct Fax 713.222.1475
bfunk@munsch.com

October 27, 2023

**VIA EMAIL**
James Vincequerra
Alston & Bird LLP
220 Ross Avenue
Dallas, Texas 75201

Re: *In re Goodman Networks, Inc.* Case No. 22-31641-mvl-7, pending in the United States Bankruptcy Court for the Northern District of Texas; *Stipulation and Agreed Order Between the Debtor and Former Officers for Limited Relief from the Automatic Stay under the Debtor's Insurance Policies* [Dkt 393] (the "<u>Stipulation and Order</u>")

**Objection to Defense Costs Request**

Mr. Vincequerra:

The Trustee is in receipt of your Defense Costs Request[1] in the amount of $223,965.84 pursuant to the Stipulation and Order. Limited relief from the automatic stay was granted so that Former Officers could seek advancement of Defense Costs in accordance with the Stipulation and Order, the Insurance Policies and the LSA. The Trustee hereby objects to the Defense Costs Request because it is not in compliance with the LSA and the charges for services provided are, largely, not reimbursable as Defense Costs.

"Defense Costs" are fees and expenses incurred in investigating, defending, opposing or appealing any claim. The claim, in this instance, is represented by the Notice and Demand. Further, in accordance with LSA section II.A.2.d. (Case Management, Strategy and Reporting), "[f]ees and costs incurred in connection with the Law Firm providing services regarding any subject beyond those necessary to defend its Insureds (e.g., advice to the Insured about the extent of coverage available under Chubb's policy, reviewing Chubb's insurance policy for coverage or tendering notice), will not be reimbursed." In addition, the LSA requires UTMBS coding and specifically disallows block billing. *See* LSA section III (Billing Requirements).

As an initial matter, it is impossible for the Trustee to fully detail objections to the Defense Costs Request because certain time entries are completely redacted, so any reviewer would be unable to determine whether the services were "necessary to defend" the Former Officers.

---
[1] Terms used but not defined herein have the meaning set forth in the Stipulation and Order.

Mr. James Vincequerra
October 27, 2023
Page 2

Moreover, the Trustee is unable to determine the scope of objection to certain time entries because they are impermissibly block-billed. *See e.g.*, 9/18/23 Time Entry of K. Schiffman for 4.7 hours.

Accordingly, the Trustee requests that Alston & Bird revise its invoices to allow for complete review and to comply with the task code and detailed billing requirements of the LSA.

Subject to additional objections that may be raised following submission of the revised invoices, the Trustee objects to the specific invoices as follows:

**Invoice 11421354 (June 6, 2023)**. With the exception of 5.4 hours of time billed in connection with client conferences and background information review, the Trustee objects to the entirety of this Invoice because it is for services rendered regarding subjects beyond those necessary for defense of the Former Officers, including preparation of proofs of claim and a motion to allow late filed claims.

**Invoice 11431608 (July 13, 2023)**. With the exception of time related to the preparation and review of a chart of positions that the Former Officers held with the Debtor, the Trustee objects to the entirety of this Invoice because it is for services rendered regarding subjects beyond those necessary for defense of the Former Officers, including matters related to insurance coverage, proofs of claim, and the automatic stay.

**Invoices 11440325 (August 8, 2023) and 11448520 (September 5, 2023)**. The Trustee objects to the entirety of these Invoices because they are for services rendered regarding subjects beyond those necessary for defense of the Former Officers including the application of the automatic stay.

**Invoice 11456339 (September 30, 2023)**. As highlighted above, the Trustee cannot fully detail objections to this Invoice until block billing is corrected. It is likely that the Trustee will have no objection to the Former Officers seeking reimbursement for services related to discovery, but such time is currently indeterminable. Accordingly, the Trustee objects to the entirety of this Invoice.

This Objection to Defense Costs Request begins the Discussion Period which will end on Monday, November 6, 2023.

Best regards,

MUNSCH HARDT KOPF & HARR, P.C.

*/s/ Brenda L. Funk*

Brenda L. Funk

cc:
Scott M. Seidel, Trustee
Thomas D. Berghman