Philip M. Guffy
**HUNTON ANDREWS KURTH LLP**
600 Travis Street, Suite 4200
Houston, Texas 77002
Tel:  713-220-4200
Email: pguffy@huntonak.com

 -and-

Paul N. Silverstein
Brian Clarke
**HUNTON ANDREWS KURTH LLP**
200 Park Avenue
New York, NY 10166
Tel:  (212) 309-1000
Email: psilverstein@huntonak.com
         brianclarke@huntonak.com

*Special Counsel to UMB Bank, National
Association, as Indenture Trustee, and
Counsel to the Majority Noteholder Group*

Eric A. Schaffer
**STONECIPHER LAW FIRM**
125 First Avenue
Pittsburgh, PA 15222
Tel:  412-391-8510
Email: eschaffer@stonecipherlaw.com

*Counsel to UMB Bank, National
Association, as Indenture Trustee*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| GOODMAN NETWORKS, INC., | § | Case No. 22-31641 (MVL) |
| | § | |
| Debtor. | § | **Relates to Docket No. 449** |
| | § | |

**LIMITED OBJECTION TO, AND RESERVATION
OF RIGHTS REGARDING, TRUSTEE'S EXPEDITED MOTION TO
APPROVE TRANSACTION WITH AMRR REGARDING ONEPATH SYSTEMS, LLC**

UMB Bank, National Association, as indenture trustee (the "**Indenture Trustee**") and the

Majority Noteholder Group[1] (together with the Indenture Trustee, the "**Bondholders**") for their

---

[1]  The Majority Noteholder Group consists of investment advisers or managers of funds that hold (with such
investment advisers and managers acting on behalf of such holders), or are beneficial holders of, a majority of the
8% Senior Secured Notes due 2022 issued by Goodman Networks, Inc., and include JLP Credit Opportunity

limited objection to, and reservation of rights regarding, the *Trustee's Expedited Motion to Approve Transaction with AMRR Regarding OnePath Systems, LLC* (the "**Motion**") [Docket No. 449],[2] respectfully represent:

1.  Pursuant to the Motion, the Trustee seeks authority to enter into the Proposed Transaction with AMRR that will see AMRR part with its most valuable remaining business in exchange for approximately $3.5 million in consideration.  Of this amount, the Trustee proposes to carveout $600,000 to AMRR to pay for the costs of AMRR to file for chapter 11.  AMRR, however, has not committed to a budget for any potential chapter 11 filing at this time (which leaves open the possibility of a contested cash collateral fight).  In addition, AMRR has provided very little information to the Bondholders regarding the assets that remain to be monetized through a chapter 11.  The Bondholders believe that AMRR's remaining assets are, primarily, causes of action, but AMRR's professionals have thus far refused to share with the Bondholders' professionals on a confidential basis even high level summaries of potential causes of action AMRR would pursue, and damages AMRR would seek to recover, in a chapter 11.  Accordingly, the Bondholders file this limited objection and reservation of rights seeking to ensure that $600,000 of their collateral is not squandered in a speculative chapter 11 filing.

2.  As the Court is aware, the Bondholders are holders of the 8% Senior Secured Notes due 2022 (the "**Goodman Notes**") issued by Goodman Networks, Inc. ("**Goodman Networks**") pursuant to that certain indenture dated as of May 31, 2017 (as amended, restated, or otherwise modified from time to time, the "**Indenture**") by and among Goodman Networks, as Issuer; the

---

Master Fund Ltd., JLP Credit Opportunity IDF Series Interests of the SALI Multi-Series Fund, L.P., JLP Institutional Credit Master Fund LP, Alimco Re Ltd., Marli B. Miller Trust A4, Miller Family Education and Medical Trust, Susan F Miller Spousal IRA, Susan F. Miller Spousal Trust A4, DuPont Pension Trust, and Hilltop Securities, Inc.

[2]  Capitalized terms used but not defined herein have the meanings given in the Motion.

Indenture Trustee, as trustee; and U.S. Bank, National Association, as Collateral Agent (the "**Collateral Agent**"), in the original principal amount of $112,500,000.  The Goodman Notes are guaranteed by the Debtor's subsidiaries, which include GNET.  The Goodman Notes are also secured by liens on and security interests in substantially all the assets of the Debtor and GNET (and other subsidiaries), including the AMRR Note.[3]

3.      As set forth in the Alliance Transaction Objection, on August 26, 2022, the Collateral Agent sent a letter to AMRR pursuant to section 9-607 of the Uniform Commercial Code (Tex. Bus. & Com. Code Ann. § 9.607) (the "**9-607 Notice**").  The 9-607 Notice informed AMRR that Goodman Networks and GNET were in default under the Loan Documents, and that AMRR was directed to make all payments due under the AMRR Note directly to the Collateral Agent rather than GNET.  Accordingly, all payments on the AMRR Note are property of the Collateral Agent for the benefit of the Bondholders.

4.      While the Bondholders do not oppose the Proposed Transaction in principal and respect the reasonable business judgment of the Trustee, they have valid reservations regarding the use of $600,000 of their collateral given the lack of basic disclosures regarding the causes of action and other assets to be monetized in an AMRR chapter 11.  Without these disclosures and protections, the Bondholders have no basis to conclude that they would be better off if AMRR has $600,000 to fund a chapter 11 as opposed to a simple chapter 7 liquidation.[4]

---

[3]    The details of the secured claims of the Bondholders are set forth more fully in the *Objection to Trustee's Expedited Motion to Approve Transaction with AMRR and Alliance Global Solutions, LLC* (the "**Alliance Transaction Objection**") ¶¶ 6-12 [Docket No. 324].

[4]    In addition, the Bondholders have requested that the Trustee take adequate steps to ensure that the Estate is fully secured and properly perfected as to the Carveout (and the remaining payables referenced in the Motion).  The Bondholders understand that the Carveout will be held in an account subject to a blocked deposit account control agreement in favor of the Trustee and submit that any order approving the Motion should require this protection for the Estate so that the Carveout can only be used for expenses approved by the Trustee.

DMS 304841972

5.      Additionally, any order granting the motion must contain appropriate protections and reservations preserving the Bondholders' claims to all the consideration under the Proposed Transaction, including the $2,200,000 cash consideration, the Note, the Contract Holdback, the Indemnification Holdback, and the Earnout.  Further, the Bondholders do not agree to waive or release any claims, rights, interests, liens, security interests, or ownership they may have in, to, or against AMRR or any of its affiliates, the AMRR Note and claims relating thereto, or the property of AMRR or any of its affiliates. The Bondholders have provided the Trustee with proposed language to be included in the order and reserve all rights regarding same.

6.      For the reasons set forth herein, the Court should decline to approve the Motion until the concerns raised herein are fully addressed.

*[Remainder of page intentionally left blank]*

4

Dated:  December 5, 2023

Respectfully submitted,

*/s/  Philip M. Guffy*
Philip M. Guffy (TX Bar No. 24113705)
**HUNTON ANDREWS KURTH LLP**
600 Travis Street, Suite 4200
Houston, Texas  77002
Tel:   713-220-4200
Fax:   713-220-4285
Email: pguffy@huntonak.com

-and-

Paul N. Silverstein
Brian Clarke
**HUNTON ANDREWS KURTH LLP**
200 Park Avenue
New York, NY 10166
Tel:   (212) 309-1000
Email: psilverstein@huntonak.com
brianclarke@huntonak.com

*Special Counsel to UMB Bank, National
Association, as Indenture Trustee, and
Counsel to the Majority Noteholder Group*

Eric A. Schaffer
**STONECIPHER LAW FIRM**
125 First Avenue
Pittsburgh, PA 15222
Tel:   412-391-8510
Email: eschaffer@stonecipherlaw.com

*Counsel to UMB Bank, National
Association, as Indenture Trustee*

## CERTIFICATE OF SERVICE

I certify that on December 5, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas.

*/s/ Philip M. Guffy*
Philip M. Guffy

DMS 304841972