

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed December 5, 2023**

_____
**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 22-31641 |
| GOODMAN NETWORKS, INC. | § | |
| | § | CHAPTER 7 |
| DEBTOR. | § | |

**STIPULATION AND AGREED ORDER
BETWEEN THE TRUSTEE AND JAMES FRINZI FOR LIMITED
RELIEF FROM THE AUTOMATIC STAY TO ALLOW FOR ADVANCEMENT
OF DEFENSE COSTS UNDER THE DEBTOR'S INSURANCE POLICIES**

Scott M. Seidel, solely in his capacity as the chapter 7 trustee (the "Trustee") for Goodman Networks, Inc. (the "Debtor") and James Frinzi ("Frinzi," together with the Debtor and the Trustee, the "Parties" and each a "Party"), by and through their respective undersigned counsel, hereby enter into this stipulation for an agreed order (the "Stipulation and Order") regarding the advancement of defense costs to Frinzi under the Debtor's insurance policies.

## RECITALS

**WHEREAS**, Frinzi alleges that Frinzi served as the chief executive officer ("CEO") of the Debtor from on or around October 20, 2021, through September 4, 2022. During the same period, Frinzi alleges that Frinzi served as the CEO of GNET ATC, LLC;

**WHEREAS**, on September 6, 2022 (the "Petition Date"), a group of petitioning creditors of the Debtor filed an involuntary petition for relief under chapter 7, Title 11, of the United States Code, thereby commencing the above-captioned bankruptcy case;

**WHEREAS**, on December 12, 2022, the Court entered the *Order for Relief in an Involuntary Case* [ECF No. 132] and thereafter Scott M. Seidel was appointed as chapter 7 trustee;

**WHEREAS**, on or about April 27, 2023, the Trustee delivered to Frinzi, among others, a notice of claims, circumstances, and demand for monetary relief (the "Notice and Demand"), which, *inter alia*, contained a demand for "immediate payment in an amount no less than $100 million from [Frinzi] in full satisfaction of the Claims [(as defined in the Notice and Demand)]" related to Frinzi's purported actions in contravention of his fiduciary duties, duties of care and loyalty, and contractual obligations of the Debtor's wholly-owned subsidiaries, GNET ATC, LLC and Multiband Field Services, Inc. (together, the "Subsidiaries," and together with the Debtor, the "Goodman Companies");

**WHEREAS**, the following adversary proceedings have been filed against Frinzi in the Chapter 7 proceedings styled and numbered as *In re Goodman Networks, Inc.*, Case No. 22-31641-mvl-7 (Bankr. N.D. Tex. 2022): (1) *Scott M. Seidel, Trustee, GNET ATC, LLC, Multiband Field Services, Inc. (Plaintiffs) v. James Frinzi, Frinzi Family Trust, Multiband Global Resources, LLC (Defendants)*; Adv. No. 23-03036-mvl (Bankr. N.D. Tex. 2023); and (2) *Scott M. Seidel, Trustee, GNET ATC, LLC (Plaintiffs) v. 18920 NW 11th, LLC, James Goodman, James Frinzi, Steven*

*Zakharyayev, Evelina Pinkhasova, People Nq Inc., JJC & People LLC; GDMN Family Investments 2, LLC*, Adv. No. 23-03071-mvl (Bankr. N.D. Tex. 2023) (the "Adversary Proceedings");

**WHEREAS**, at all relevant times during Frinzi's alleged tenure with the Debtor, the Debtor maintained certain liability insurance policies (the "Insurance Policies"), including but not limited to, policies issued by (i) Federal Insurance Company ("Federal"), Policy Numbers 8259-6686 (the "Primary ABC Policy") and 8262-4874 (the "2021-22 Policy") and (ii) Westchester Fire Insurance Company ("Westchester," together with Federal, "Chubb"),[1] Policy Number G46647233 004 (the "Base DIC Policy");

**WHEREAS**, Frinzi made a formal demand upon the Insurance Companies for coverage under the Insurance Policies and has asserted, and continues to assert, that the Insurance Policies provide coverage for, *inter alia*, Frinzi's defense costs (the "Defense Costs") associated with the Claims asserted against him in (a) the Notice and Demand, (b) the Adversary Proceedings, (c) the claims and allegations identified in the schedules of assets and liabilities (the "Schedules") and Statement of Financial Affairs (the "SOFA") Goodman Networks, Inc. filed with the Bankruptcy Court on January 7, 2023, and (d) connection with Frinzi's s compliance with three subpoenas compelling him to testify and produce documents, which subpoenas were served on December 29, 2022 and December 30, 2022 (the "Subpoenas") ;

**WHEREAS**, pursuant to the terms, conditions, limitations, and exclusions of the Insurance Policies, Chubb is obligated to indemnify and/or defend its Chubb policyholders for appropriate

---

[1] Chubb, and together with such other insurance companies that may cover Defense Costs, the "Insurance Companies" and each, an "Insurance Company."

costs they incur in defending Claims brought against them, and failure to comply with Chubb's litigation billing guidelines, may result in, *inter alia*, partial or full non-payment of legal invoices;

**WHEREAS**, on or about June 16, 2023, Chubb sent a letter to the Debtor (the "Coverage Position Letter") with respect to insurance coverage under the Primary ABC Policy, 2021-22 Policy, and Base DIC Policy, which set forth Chubb's current analysis of coverage regarding the Claims contained in the Notice and Demand and reserved all rights under the Insurance Policies;

**WHEREAS**, as of September 30, 2023, Frinzi has incurred Defense Costs in the approximate amount of $247,795.21 (the "Pre-Stipulation Costs") for which he seeks reimbursement;

**WHEREAS**, the Trustee has determined that it is in the best interest of the Debtor's estate and creditors to stipulate as set forth below.

**NOW THEREFORE**, the Parties hereby stipulate and agree as follows:

1. Solely to the extent provided herein, limited relief from the automatic stay, as imposed under 11 U.S.C. § 362(a) is ordered to allow for the advancement of Defense Costs in accordance with the Insurance Policies and the applicable Defense Counsel Legal Services Agreement (the "LSA").

2. The Insurance Companies are hereby authorized to advance Defense Costs to Frinzi in accordance with the terms and conditions set forth in the Insurance Policies, LSA, and this Stipulation and Order.

3. Following the entry of this Stipulation and Order by the Court, the Parties shall abide by the following procedures with respect to Frinzi's request for advancement of Defense Costs under the Insurance Policies and the LSA:

    a. As soon as reasonably practicable after the conclusion of each calendar month after the entry of this Stipulation and Order, counsel for Frinzi shall submit to counsel

for the Trustee their written request for the advancement of Defense Costs for the prior calendar month, which request shall include copies of redacted bills for review, reflecting only fees and costs incurred in connection with the Claims set forth in the Notice and Demand, the Adversary Proceedings, any future adversary proceedings or other claims or causes of action brought against Frinzi, the Schedules, the SOFA, and the Subpoenas.(the "Defense Costs Request")[2]. Written requests for advancement of Defense Costs must comply with the billing requirements set forth in the LSA;

b. The Trustee shall raise objections, if any, regarding the Defense Costs Request within twenty-one (21) days of receipt of same (the "Objection Period");

c. If no objections are raised by the Trustee following the expiration of the Objection Period, Frinzi may submit the Defense Costs included in the Defense Costs Request to the Insurance Companies for payment;

d. If objections are raised by the Trustee within the Objection Period, the Parties will attempt to reach a consensual resolution during the following ten (10) days (the "Discussion Period"); and

e. If a consensual resolution of the Trustee's objection(s) cannot be reached within the Discussion Period, the Parties agree to request an expedited hearing, subject to the Court's calendar, to resolve the pending dispute.

4. The procedures set forth in paragraph 3 shall also apply to the Pre-Stipulation Defense Costs incurred by Frinzi in connection with the Notice and Demand, the Adversary Proceedings, any additional Adversary Proceedings or other claims or causes of action brought against Frinzi, the Schedules, the SOFA and the Subpoenas, which Defense Costs must be the subject of a Defense Costs Request submitted no later than fourteen (14) days from the entry of this Stipulation and Order.

5. Nothing contained in this Stipulation and Order is intended to modify or change any of the terms or conditions of the Insurance Policies or the LSA, nor shall this Stipulation and

---

[2] Nothing provided herein shall amend, modify, or change Frinzi's obligation to comply with his obligations governing the submission and approval of the Defense Costs to the Insurance Companies as required by the terms of LSA, as applicable. For the avoidance of doubt, the limitations and requirements provided herein are in addition to the terms of the LSA.

Order be offered or used by any Party in support of a claim for coverage under the Insurance Policies.

6. Except as provided for in the Insurance Policies, the LSA, or this Stipulation and Order, the Parties reserve all their respective rights and claims with respect to, among other things, the Notice of Demand, the Adversary Proceedings, any future adversary proceedings or other claims or causes of action brought against Frinzi, the Schedules, the SOFA, the Subpoenas, and the Insurance Policies.

7. Nothing herein shall prejudice Frinzi's right to seek additional relief from the Court, including but not limited to, further relief from the automatic stay.

8. The Parties are authorized to take all actions necessary to effectuate the relief granted pursuant to this Stipulation and Order.

9. The Parties (and/or the undersigned representatives acting on behalf of the Parties) represent and warrant that they are duly authorized to execute and enter into this Stipulation and Order. Each Party represents and warrants to the other Party that it: (a) entered into this Stipulation and Order freely, voluntarily, and with full knowledge of its significance; and (b) has been represented by counsel of its own choice in the negotiations preceding the execution and in connection with the preparation of this Stipulation and Order.

10. This Stipulation and Order may be signed in counterparts and signatures may be delivered by fax or email, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

11. This Stipulation and Order constitutes the entire agreement between the Parties in respect of the subject matter hereof and shall not be modified, altered, amended, or vacated without

the prior written consent of all Parties hereto. No statements made nor actions taken in the negotiation of this Stipulation and Order may be used by any party for any purpose whatsoever.

12. This Stipulation and Order shall not in any way be construed as or deemed to be evidence of any admission or concession of Frinzi to any liability or wrongdoing whatsoever, which liability and wrongdoing are hereby expressly denied and disclaimed by Frinzi. Frinzi expressly reserves, without limitation, all of his rights, claims, and defenses with respect to the subject matter set forth herein, including such rights, claims, and defenses as they relate to the Notice and Demand.

13. The Court shall retain exclusive jurisdiction to hear any matters or disputes arising from or relating to this Stipulation and Order. Any request for relief brought before the Court to resolve a dispute arising from or relating to this Stipulation and Order, and the matters agreed to herein, shall be brought on proper notice and in accordance with the relevant Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Bankruptcy Rules for the Northern District of Texas (the "Local Rules").

14. This Stipulation and Order is immediately valid and fully effected upon its entry and the fourteen (14) day stay imposed pursuant to Rule 4001(a) of the Bankruptcy Rules, or otherwise, is hereby waived.

### END OF ORDER ###

Agreed as to form and substance:

| | |
|---|---|
| */s/ Jason M. Rudd* | */s/ Thomas D. Berghman* |
| Jason M. Rudd | Davor Rukavina |
| Tex. State Bar No. 24028786 | Tex. State Bar No. 24030781 |
| jason.rudd@wickphillips.com | drukavina@munsch.com |
| Scott D. Lawrence | Thomas D. Berghman |
| Tex. State Bar No. 24087896 | Tex. State Bar No. 24082683 |
| scott.lawrence@wickphillips.com | tberghman@munsch.com |
| Catherine A. Curtis | **MUNSCH HARDT KOPF & HARR, P.C.** |
| Tex. State Bar No. 24095708 | 500 N. Akard Street, Suite 3800 |
| catherine.curtis@wickphillips.com | Dallas, Texas 75201-665 |
| Mallory A. Davis | (214) 855-7500 (office) |
| Tex. State Bar No. 24133121 | (214) 855-7584 (facsimile) |
| mallory.davis@wickphillips.com | |
| **WICK PHILLIPS GOULD MARTIN, LLP** | **ATTORNEYS FOR THE TRUSTEE,** |
| 3131 McKinney Ave., Suite 500 | **SCOTT M. SEIDEL** |
| Dallas, Texas 75204 | |
| (214) 692-6200 (office) | |
| (214) 692-6255 (facsimile) | |

**ATTORNEYS FOR JAMES FRINZI**