**A&B 11/18 comments to DRAFT 11/14/23**

**THIS UNSECURED SUBORDINATED PROMISSORY NOTE AND THE OBLIGATIONS OF THE COMPANY HEREUNDER SHALL BE SUBORDINATE AND JUNIOR IN RIGHT OF PAYMENT TO ALL "SENIOR DEBT" AS DEFINED IN THAT CERTAIN SELLER NOTE SUBORDINATION AGREEMENT DATED AS OF DECEMBER [1], 2023 BY AND AMONG THE HOLDER, TRUIST BANK (AS SENIOR LENDER) AND THE COMPANY ON THE TERMS AND CONDITIONS SET FORTH THEREIN, WHICH ARE HEREBY INCORPORATED BY REFERENCE AND MADE A PART HEREOF AS IF SET FORTH IN ITS ENTIRETY.**

### SUBORDINATED PROMISSORY NOTE

*$1,100,000.00*                                                                                                                         Original Issue Date
                                                                                                                        *December 1, 2023*

FOR VALUE RECEIVED, Albers Aerospace Holdings LLC, a Delaware limited liability company (the "Company"), promises to pay to [___] (the "Holder") the principal sum of One Million One Hundred Thousand Dollars ($1,100,000) which is referred to below as the "Principal Sum," in immediately available funds and in lawful money of the United States of America, together with interest, as hereinafter set forth.

1. <u>Maturity, Interest and Amortization</u>.

    a. The Principal Sum shall bear interest at the rate of six percent (6%) per annum (the "Interest Rate"), commencing on the Original Issue Date and continuing through and until the Maturity Date.

    b. Principal and interest shall be payable in the amounts and on the dates set forth on Schedule 1.b hereto, provided that such payment of interest is permitted under the terms of the Seller Note Subordination Agreement dated December 1, 2023 by and among Truist Bank (the "Senior Lender"), the Holder and the Company (the "Subordination Agreement"). On the Maturity Date, subject to the provisions of the Subordination Agreement, all unpaid principal and accrued and unpaid interest and all other charges shall be due and payable in full, unless earlier accelerated under the terms of this Note, together with all fees and expenses, if any.

    c. All interest computations shall be made on a 30/360 simple interest basis. In no event shall the Interest Rate charged hereunder exceed the maximum rate permitted by applicable law. All interest payments shall be made to the Holder in immediately available funds.

    d. For the purpose of this Note, the following terms shall have the meanings set forth below:

        i. "Maturity Date" shall mean [___], at which time all outstanding principal, accrued unpaid interest and unpaid fees, charges and other sums, if any, shall be due and payable.

        ii. "Note Period" shall mean the period commencing on the Original Issue Date and continuing through and until the Maturity Date.

    e. All or any portion of the principal amount of this Note may be prepaid at any time or from time to time without penalty or premium by paying the principal amount to be prepaid together with accrued and unpaid interest thereon to the date of prepayment.

Trustee's Ex. F

    2.    <u>Event of Default/Remedies</u>

        a.    <u>Event of Default</u>.  Any of the following events shall constitute an Event of Default:

            i.    (A) any failure to pay when due (whether at stated maturity, by reason of acceleration of the maturity hereof or otherwise) any principal hereof or any interest hereon; (B) any material breach by the Company of any of its other obligations or covenants under this Note, provided that such breach is not cured by the Company within ten (10) days from the date of receipt of any notice from the Holder of such breach; or

            ii.    the Company (A) becomes insolvent or admits in writing its inability to pay its debts as they mature, (B) makes any assignment for the benefit of creditors, or (C) applies for or consents to the appointment of a receiver or trustee for the Company or for a substantial part of the Company's property or business, or a receiver or trustee otherwise is appointed and is not discharged within forty-five (45) days after such appointment; or

            iii.    any bankruptcy, insolvency, reorganization or liquidation proceeding or other proceeding for relief under any bankruptcy law or any law for the relief of debtors is instituted by or against the Company, and if against the Company such proceeding is not vacated within forty-five (45) days; or

            iv.    any money judgment, lien, writ or warrant of attachment, or similar process is entered or filed against the Company or any of the assets of the Company and remains unvacated, unbonded, unstayed, undismissed or undischarged for a period of forty-five (45) days or in any event later than ten (10) days before the date of any proposed sale thereunder, provided that such a lien (singly or, if more than one, cumulatively) of less than $100,000 arising in the ordinary course of the Company's business, even if it remains unbonded, unstayed or undismissed for forty-five (45) days, shall not be deemed an Event of Default if the Company has been advised by counsel in writing and thus believes in good faith that it has a valid defense to the claim giving rise to such lien and promptly so advises the Holder in writing and timely contests such claim.

        Notwithstanding anything to the contrary contained in this Note, in the event that the Company shall fail to make one or more payments of interest or principal when due and payable hereunder prior to the Maturity Date, (i) it shall not constitute a default or an event of default, (ii) until paid by the Company, such overdue accrued and unpaid interest shall remain outstanding as interest and shall not be capitalized or added to outstanding principal and (iii) if and at such time as the Company is permitted to pay any such principal and accrued and unpaid interest under the terms of any agreements with senior lenders to the Company, including any subordination agreements, the Company shall so pay the accrued and unpaid interest to the Holder.

        b.    <u>Remedies</u>.  Upon the occurrence and during the continuance of any Event of Default, the Holder at its option, upon no less than five (5) business days' written notice to the Company (or such other notice as is required by law), may declare all indebtedness under this Note immediately due and payable and credit any sums received thereafter to such indebtedness in whatever priority it shall elect; <u>provided</u>, <u>however</u>, that application of sums so received shall not serve to waive or cure any default existing under this Note nor to invalidate any notice of default or any act done pursuant to such notice and shall not prejudice any rights of the Holder.

    3.    <u>Default Rate</u>.  Any amounts not paid when due shall thereafter bear interest at a rate per annum equal to Twelve percent (8%).  If such default rate would but for this sentence, exceed the maximum lawful rate, the effective interest rate under this Note shall be the maximum lawful rate, and any amount

2

received by the Holder in excess of such rate shall be applied to principal and then to fees and expenses, or, if no such amounts are owing, returned to the Company.

4. <u>Waiver</u>. The Company hereby waives diligence, presentment, protest and demand, notice of protest, dishonor and nonpayment of this Note and expressly agrees that, without in any way affecting the liability of the Company hereunder, the Holder may in its sole discretion extend the Maturity Date or the time for payment of any installment due hereunder, accept security, release any party liable hereunder and release any security which at any time might secure this Note.

5. <u>Notices</u>. Any notice required by the provisions of this Note shall be in writing and shall be deemed effectively given: (i) upon personal delivery to the party to be notified; (ii) when sent by confirmed telex or facsimile; (iii) at the earlier of its receipt or seventy-two (72) hours after the same has been sent by registered or certified mail, return receipt requested, postage prepaid; or (iv) one (1) day after deposit with a nationally recognized overnight courier, with written verification of receipt. All notices shall be addressed to the Holder at [___] or at such subsequent address as Holder shall provide to the Company in writing. Any notice to the Company shall be addressed to the Company at 6841 Virginia Pkwy STE 103 PMB 325, McKinney, Texas 75071, Attention: John Albers, or at such subsequent address as the Company shall provide to the Holder in writing.

6. <u>Legal Fees</u>. The Company agrees to pay all of the Holder's reasonable costs and expenses actually incurred by the Holder in connection with the good faith enforcement of any obligation of the Company under this Note, including without limitation reasonable attorneys' fees.

7. <u>Governing Law</u>. This Note shall be governed by and construed in accordance with the laws of the State of Texas without regard to its conflicts of laws provisions.

8. <u>Jurisdiction; Waiver of Jury</u>. Any action or proceeding to enforce the provisions of this Note may be instituted exclusively in the United States District Court for the Northern District of Texas or any Texas State Court, and the Company irrevocably submits to the exclusive jurisdiction of such courts in any such suit, action or proceeding. Service of process, summons, notice or other document by mail to such party's address set forth herein shall be effective service of process for any suit, action or other proceeding brought in any such court. The Company irrevocably and unconditionally waives any objection to the laying of venue of any suit, action or any proceeding in such courts and irrevocably waives and agrees not to plead or claim in any such court that any such suit, action or proceeding brought in any such court has been brought in an inconvenient forum.

9. <u>Severability</u>. Should any provision or portion of this Note be held unenforceable or invalid for any reason, the remaining provisions and portions of this Note shall be unaffected by such holding.

*[<u>Signature Page To Follow</u>]*

**IN WITNESS WHEREOF,** the undersigned has executed this Note as of the date first set forth above.

                              **ALBERS AEROSPACE HOLDINGS LLC**

By: _____
     Name:
     Title:

## SCHEDULE 1.b

**Principal & Interest Payments**

| Date | Interest | Principal | Total |
|------|----------|-----------|-------|
|      |          |           |       |
|      |          |           |       |
|      |          |           |       |
|      |          |           |       |
|      |          |           |       |
|      |          |           |       |