

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed December 7, 2023**

_____
**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 7 |
| GOODMAN NETWORKS, INC., | § | |
| | § | Case No. 22-31641-mvl-7 |
| Debtor. | § | |

**ORDER GRANTING TRUSTEE'S EXPEDITED MOTION TO APPROVE TRANSACTION WITH AMRR REGARDING ONEPATH SYSTEMS, LLC**

CAME ON FOR HEARING the *Trustee's Expedited Motion to Approve Transaction with AMRR Regarding OnePath Systems, LLC* (the "Motion"),[1] filed by Scott M. Seidel (the "Trustee"), the duly appointed trustee for the estate (the "Estate") of Goodman Networks, Inc. (the "Debtor") in the above-styled bankruptcy case (the "Bankruptcy Case"), pursuant to which the Trustee seeks authority to enter into a transaction (the "Transaction") with MBG Holdings, Inc. f/k/a American Metals Recovery and Recycling, Inc. ("AMRR") by which AMRR will sell its membership and equity interests in OnePath Systems, LLC ("OnePath") to Albers Aerospace

---

[1] Capitalized terms used but not defined herein have the meanings assigned to them in the Motion.

ORDER GRANTING TRUSTEE'S EXPEDITED MOTION TO APPROVE TRANSACTION WITH AMRR REGARDING ONEPATH SYSTEMS, LLC—Page 1

Holdings, LLC ("Albers") pursuant to the terms of that certain *Membership Interest Purchase Agreement* (the "MIPA").

As set forth in the Motion, the Estate and/or its wholly owned subsidiary, GNET ATC, LLC ("GNET") assert claims and causes of action against AMRR and its subsidiaries of not less than $40 million based on, alternatively, the AMRR Note, fraudulent transfer, breach of fiduciary duty, constructive and resulting trust, or otherwise (the "AMRR Claims"). In partial compromise of the AMRR Claims, the Trustee seeks authority to enter into the Transaction while preserving the rights of all parties regarding the precise nature of the AMRR Claims and any interests that may be asserted in the AMRR Claims or the proceeds therefrom.

Separately, the Motion sought approval of the *Limited Settlement Agreement* attached as Exhibit "A" to the Motion. As a result of continued negotiations with AMRR, said agreement is moot and the Trustee orally withdrew his request for the approval thereof. Furthermore, as announced on the record, AMRR has agreed to a springing, commercially reasonable deposit account control agreement (the "DACA") for each account in which AMRR holds cash or will hold cash, including all proceeds of the Transaction and MIPA.

The Court finds that notice and service of the Motion and the Transaction were sufficient and appropriate under the circumstances. The Court further finds that any objection to the Motion has been resolved or, to the extent not resolved, is overruled by this Order. The Court further finds and concludes that: the Trustee has properly exercised his sound business judgment in entering into the Transaction; that AMRR, under the control of its new Chief Restructuring Officer, Joseph Baum, is properly exercising its and his sound business judgment in selling OnePath and the Business; that the value that AMRR is receiving for the sale of OnePath and the Business is fair, reasonable, adequate, and represents reasonably equivalent value; that the value the Estate is

receiving in the Transaction is fair, reasonable, adequate, and represents reasonably equivalent value; that approval of the Transaction is in the best interests of the Estate and that the Transaction is otherwise fair and reasonable; that Albers is a good faith buyer for value of OnePath and the Business and is not related to any potential defendant of the Estate; and that the standards for approval of the Motion under Federal Rule of Bankruptcy Procedure 9019 have been met based on the evidence presented.

Accordingly, having considered the evidence and the law, and the arguments of the parties, it is hereby:

ORDERED that the Motion is GRANTED as provided for herein; it is further

ORDERED that the Transaction is APPROVED, and that the Trustee is authorized to execute such documents and agreements as are necessary and advisable to effectuate the Transaction; it is further

ORDERED that, at the closing of the MIPA, AMRR shall hold the $2.2 million up-front payment (the "Cash Payment"), the Note, and AMRR's rights to the Contract Holdback, the Indemnification Holdback, and the Earnout, in trust and for the benefit of the Trustee (for the Estate), and that the Trustee shall hold first priority, perfected, valid, and unavoidable security interests against the same, and that the Trustee may take all appropriate, necessary, or advisable actions to evidence or perfect the same; it is further

ORDERED that, at said closing or as soon as reasonably possible thereafter: (i) AMRR shall assign the Note to the Trustee, without recourse, warranty, or representation of any kind; and (ii) AMRR shall transfer the Cash Payment to the Trustee by wire transfer, and that, upon receipt of any of the Contract Holdback, the Indemnification Holdback, and the Earnout, AMRR shall transfer the same to the Trustee, subject to any limitation on the same in the event of any possible

AMRR bankruptcy case, in which event the Trustee is authorized to take such action in any such case with respect to the foregoing or any other matter as he determines in his reasonable business judgment without necessity of further order of this Court, unless any such action involves the release of any person or cause of action, which shall remain subject to prior approval from this Court; it is further

ORDERED that AMRR (and any of its applicable subsidiaries) shall receive a dollar-for-dollar credit against all amounts it owes to the Estate and to GNET for any of the Cash Payment, the Contract Holdback, the Indemnification Holdback, and the Earnout, when it transfers all or any portion of the same to the Trustee, and a credit for the face amount of the Note once assigned and delivered to the Trustee; it is further

ORDERED that the sale of the Business and OnePath and the consideration provided by Albers under the MIPA is fair and reasonable and shall be deemed for all purposes to constitute a transfer for reasonably equivalent value and fair consideration under the Bankruptcy Code and any other applicable law and shall not be avoidable or voidable, whether under the Bankruptcy Code or otherwise; it is further

ORDERED that, upon the closing of the MIPA and the payment of the Cash Payment and delivery of the Note to AMRR, the Trustee is authorized to release any and all claims and interests (including security interests, liens, and trust claims) of the Debtor, the Estate, and GNET against the Business, OnePath,[2] and its property, such that Albers may own OnePath free and clear of such claims and interests, and the Trustee is further authorized to execute one or more documents, agreement, and instruments (including UCC filings) to evidence the same; it is further

---

[2] For the avoidance of doubt, such release does not include the release of any claim that the Estate or GNET may have against any transferee or subsequent transferee of any property of or by OnePath or of any prior director, officer, or fiduciary of OnePath (prior to Mr. Baum's appointment).

ORDER GRANTING TRUSTEE'S EXPEDITED MOTION TO APPROVE TRANSACTION WITH AMRR REGARDING ONEPATH SYSTEMS, LLC—Page 4

ORDERED that, for the avoidance of doubt, no release of any party, except the limited release of AMRR for consideration actually paid to the Trustee in the Transaction and the release of the Business and OnePath provided for above, is approved or is involved in the Transaction, and no other obligation of AMRR or any other subsidiary of AMRR is released, waived, or prejudiced; it is further

ORDERED that all claims, rights, interests, liens, security interests, and ownership that UMB Bank, N.A. as indenture trustee and U.S. Bank, N.A. as collateral agent for various secured bonds issued by the Debtor and due in 2022 may have in, to, or against AMRR or any of its affiliates, the AMRR Note and claims relating thereto, or the property of AMRR or any of its affiliates, including the Business or any property the subject of the Transaction, and all proceeds of the MIPA related to the Transaction are preserved and retained and shall transfer and attach to all proceeds of the Transaction, including the Cash Payment, the Note, the Contract Holdback, the Indemnification Holdback, and the Earnout, with the same validity, extent, and priority as otherwise exists, and subject to all defenses thereto, and nothing in this Order adjudicates, waives, affects, releases, or prejudices any such claims, rights, interests, liens, security interests, ownership, or defenses, all of which are fully preserved; it is further

ORDERED that all claims, rights, interests, liens, security interests, and ownership, including remedies for constructive trust that FedEx Supply Chain Logistics & Electronics, Inc. may have in, to, or against AMRR or any of its affiliates, the AMRR Note and claims relating thereto, or the property of AMRR or any of its affiliates, including the Business or any property the subject of the Transaction, and all proceeds of the MIPA related to the Transaction are preserved and retained and shall transfer and attach to all proceeds of the Transaction, including the Cash Payment, the Note, the Contract Holdback, the Indemnification Holdback, and the

Earnout, with the same validity, extent, and priority as otherwise exists, and subject to all defenses thereto, and nothing in this Order adjudicates, waives, affects, releases, or prejudices any such claims, rights, interests, liens, security interests, ownership, or defenses, all of which are fully preserved; it is further

ORDERED that AMRR shall promptly deliver an executed DACA to the Trustee covering AMRR's cash, and the Cash Payment, the Contract Holdback, the Indemnification Holdback, and the Earnout, and this Court shall resolve, on an expedited hearing, any dispute regarding the form of the same; it is further

ORDERED that the Trustee shall open a new, segregated account, into which he shall deposit all payment, funds, and other consideration from the Transaction, including the Cash Payment and, if any, payments on the Note, the Contract Holdback, the Indemnification Holdback, and the Earnout, and which funds and account the Trustee shall not use without separate order from the Court upon such motion and notice as may be proper; it is further

ORDERED that this Order shall be immediately enforceable upon its entry; it is further

ORDERED that this Court shall retain jurisdiction to the maximum extent possible to enforce and to interpret this Order and any underlying transactional document respecting the Transaction, including to interpret, enforce, and collect on the Note.

### END OF ORDER ###