

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

*Michelle V. Larson*

**Signed December 21, 2023**
_____
**United States Bankruptcy Judge**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| GOODMAN NETWORKS, INC., | § | Case No. 22-31641 (MVL) |
| | § | |
| Debtor. | § | **Relates to Docket No. 452** |
| | § | |

### INTERIM ORDER AUTHORIZING SCOTT M. SEIDEL,
### CHAPTER 7 TRUSTEE TO UTILIZE CASH COLLATERAL,
### GRANTING ADEQUATE PROTECTION, AND GRANTING RELATED RELIEF

CAME ON FOR HEARING on the 21st day of December, 2023, the *Trustee's Motion Under Rule 4001(d) for Approval of Cash Collateral Stipulation With UMB Bank, National Association, as Indenture Trustee, and U.S. Bank, National Association, as Collateral Agent* [Docket No. 452] (the "**Motion**")[1] filed by Scott M. Seidel (the "**Trustee**"), the duly appointed chapter 7 trustee of the bankruptcy estate (the "**Estate**") of Goodman Networks, Inc. (the "**Debtor**"). By the Motion, the Trustee asserts that certain funds held by him and as disclosed in

---

[1] Capitalized terms used herein but not defined shall have the meanings ascribed to such terms in the Motion.

1

the Motion (the "**Subject Funds**") constitute the "cash collateral" (as defined in 11 U.S.C. § 363(a)) of UMB Bank, National Association, as Indenture Trustee (the "**Indenture Trustee**"), and U.S. Bank, National Association, as Collateral Agent (the "**Collateral Agent**" and together with the Indenture Trustee, the "**Prepetition Secured Parties**") to secure the Debtor's (and its subsidiaries') obligations under the Debtor's the 8% Senior Secured Notes due 2022 (the "**Notes**") and various other agreements.

Creditors Fedex Supply Chain Logistics & Electronics, Inc. ("**FedEx**") and ARRIS Solutions, Inc. ("**ARRIS**") filed objections to the Motion, arguing that the Subject Funds did not constitute the "cash collateral" of the Prepetition Secured Parties. The trustee and the Prepetition Secured Parties disagree, and a contested, evidentiary hearing was scheduled for December 21, 2023.

Prior to the hearing, therefore, the Trustee, the Prepetition Secured Parties, FedEx, and ARRIS agreed to treat the Motion as an interim motion, set the Motion for a final hearing, with all rights preserved.

Accordingly, the parties agree as follows, as evidenced by the signatures of their respective counsel below (the "<u>Interim Agreement</u>"):

(i) the Trustee may immediately use the Subject Funds to the extent requested, and for the purposes requested, in the Motion, provided that, except with respect to any such use or transfer to the Prepetition Secured Parties, any entity that receives any of the Subject Funds shall be subject to full disgorgement of such funds, and it shall be a condition precedent to such use that each such entity agree, in writing or on the record, to such disgorgement;[2]

---

[2] Munsch Hardt Kopf & Harr, P.C., through the signature of its authorized representative below, so agrees irrevocably.

(ii) the Court makes no determination in this Order on any issue, including whether any of the Subject Funds are cash collateral of the Prepetition Secured Parties, and each party's rights, arguments, interests, defenses, and claims regarding that issue are fully preserved;

(iii) the Court will decide whether the Subject Funds are, in whole or in part, the cash collateral of the Prepetition Secured Parties, through its adjudication of the Motion at a final hearing on the Motion, and each party reserves all rights to appeal any such determination, and the Trustee further agrees not to withdraw or amend the Motion (or the Proposed Order (defined below)) without the prior written consent of the Prepetition Secured Parties;

(iv) no further objections to the Motion shall be permitted, but each party may file such reply, brief, or trial brief as it believes as appropriate and consistent with the Court's rules and practices;

(v) the Trustee shall obtain a setting for said final hearing for a date on or after February 12, 2024 that is reasonably agreeable to each other party;

(vi) upon said final hearing, if the Court determines that the Subject Funds are the Cash Collateral of the Prepetition Secured Parties, then the Court shall enter the [proposed] *Order Authorizing Scott M. Seidel, Chapter 7 Trustee to Utilize Cash Collateral, Granting Adequate Protection, and Granting Related Relief* attached as Exhibit "A" to the Motion (the "**Proposed Order**") with respect to all of the Subject Funds or such portion of the Subject Funds that the Court determines to be cash collateral, including the findings of fact and conclusions of law contained in paragraphs A through F of the Proposed Order, and including all protections provided for in the Proposed Order, including Adequate

4862-2563-2664v.1 013229.00016

Protection Liens and Adequate Protection Superpriority Claims (both as defined in the Proposed Order); and

(vii)   with respect to any portion of the Subject Funds that the Court determines is not the cash collateral of the Prepetition Secured Parties, then the same will be free and clear property of the Estate, subject only to the alleged and disputed claims and remedies of FedEx, and, if the Court determines that at least $125,000.00 of the Subject Funds is not the cash collateral of the Prepetition Secured Parties, the Prepetition Obligations (as defined in the Proposed Order) shall be reduced by an amount equal to the amount of the Subject Funds distributed to the Prepetition Secured Parties pursuant to this Interim Order so determined not be to the Prepetition Secured Parties' cash collateral .

Based on the foregoing, and finding that service and notice of the Motion was otherwise sufficient and appropriate, that no further notice regarding the agreements in this Order are required or necessary because this Order contains no release and all parties filing a pleading in relation to the Motion are in agreement with this Order, and that the entry of this Order is otherwise fair, reasonable, and appropriate, and is not intended to, and shall not be interpreted to, prejudice any issue or any party, and that, instead, the purpose of this Order is solely to enable the Trustee to make certain interim payments subject to disgorgement while reserving for a subsequent adjudication all other and underlying and substantive issues, it is hereby:

ORDERED that the Interim Agreement is APPROVED and shall govern according to its terms, including with respect to the final adjudication of the Motion; it is further

ORDERED that, for the avoidance of doubt, nothing in this Order, and nothing regarding any party's consent to this Order, shall be deemed any admission or any waiver of any right, claim,

4

interest, argument, or defense, and that this Order is wholly without prejudice to all of the same; it is further

ORDERED that, no later than December 28, 2023, the Trustee shall transfer $125,000.00 of the Subject Funds as referenced in the Proposed Order, and subject to the protections and application stated above, to UMB Bank, N.A., upon instructions provided to him by the same; it is further

ORDERED that this Court shall retain jurisdiction to the maximum extent possible to interpret and enforce this Order, including to order and enforce any disgorgement from any entity receiving any of the Subject Funds.

# # # End of Order # # #

4862-2563-2664v.1 013229.00016

AGREED:

| MUNSCH HARDT KOPF & HARR, P.C.<br><br>/s/ Davor Rukavina<br>Davor Rukavina, Esq.<br>Texas Bar No. 24030781<br>Thomas D. Berghman, Esq.<br>Texas Bar No. 24082683<br>3800 Ross Tower<br>500 N. Akard Street<br>Dallas, Texas 75201<br>Telephone: (214) 855-7500<br>Facsimile: (214) 855-7584<br>Email: drukavina@munsch.com<br>tberghman@munsch.com<br><br>Attorneys for Scott M. Seidel, Trustee | HUNTON ANDREWS KURTH LLP<br><br>/s/ Brian Clarke *w/ permission*<br>Philip M. Guffy (TX Bar No. 24113705)<br>600 Travis Street, Suite 4200<br>Houston, Texas 77002<br>Tel: 713-220-4200<br>Email: pguffy@huntonak.com<br>Paul N. Silverstein<br>Brian Clarke<br>200 Park Avenue<br>New York, NY 10166<br>Tel: (212) 309-1000<br>Email: psilverstein@huntonak.com<br>brianclarke@huntonak.com<br><br>Special counsel to UMB Bank, National Association as Indenture Trustee, and counsel to the Majority Noteholder Group |
|---|---|
| DLA PIPER LLP (US)<br><br><br>/s/ James Muenker *w/ permission*<br>Noah M. Schottenstein<br>Texas Bar No. 24100661<br>James Muenker<br>Texas Bar No. 24002659<br>1900 N. Pearl Street, Suite 2200<br>Dallas, Texas 75201<br>Telephone: (214) 743-4500<br>Facsimile: (214) 743-4545<br>noah.m.schottenstein@us.dlapiper.com<br>james.muenker@us.dlapiper.com<br><br>Counsel for ARRIS Solutions, Inc. | BUTLER SNOW LLP<br><br>/s/ Martin A. Sosland *w/ permission*<br>Martin A. Sosland<br>Adam M. Langley (admitted pro hac vice)<br>R. Campbell Hillyer (admitted pro hac vice)<br>6075 Poplar Avenue, Suite 500<br>Memphis, TN 38119<br>Telephone: (901) 680-7316<br>adam.langley@butlersnow.com<br>cam.hillyer@butlersnow.com<br>Candice Carson (TX Bar No. 24074006)<br>2911 Turtle Creek Blvd., Suite 1400<br>Dallas, Texas 75219<br>Telephone: (469) 680-5502<br>candice.carson@butlersnow.com<br><br>Counsel for FedEx Supply Chain Logistics & Electronics, Inc. |