Scott M. Seidel
6505 W. Park Blvd, Suite 306
Plano, Texas 75093
Telephone: (214) 234-2500
Chapter 7 Trustee

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| In re: § | |
| § | **Chapter 7** |
| **GOODMAN NETWORKS, INC.** and § | |
| **GOODMAN NETWORKS, INC.** § | **Case No. 22-31641-mvl-7** |
| *Dba Goodman Solutions* § | |
| § | |
| **Debtor.** § | |

## FEE APPLICATION COVER SHEET

Fee Application of:   Scott M. Seidel, chapter 7 Trustee

Fee Application of:   December 14, 2022 to December 21, 2023

Retainer Received:   $0.00          Previously Paid:           $0.00

**Amount Requested:**

Fees/commissions:   $50,000.00
Expenses:           $1,149.39
Total:              $51,149.39

Scott M. Seidel
6505 W. Park Blvd., Suite 306
Plano, Texas 75093
Telephone: (214) 234-2500
CHAPTER 7 TRUSTEE

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | Chapter 7 |
| **GOODMAN NETWORKS, INC. and** | § | |
| **GOODMAN NETWORKS, INC.** | § | Case No. 22-31641-mvl-7 |
| *Dba Goodman Solutions* | § | |
| | § | |
| **Debtor.** | § | |

## TRUSTEE'S FIRST MOTION TO PAY
## <u>INTERIM TRUSTEE COMMISSION</u>

**NO HEARING HEREON WILL BE CONDUCTED UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE COURT AT THE UNITED STATES BANKRUPTCY COURT LOCATED AT 1100 COMMERCE STREET IN DALLAS, TEXAS 75242, BEFORE 4:00 P.M. ON JANUARY 12, 2024, WHICH IS AT LEAST TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE MUST BE IN WRITING AND FILED WITH THE CLERK, AND A COPY MUST BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED, A HEARING WILL BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OF MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

TO THE HONORABLE MICHELLE V. LARSON  U.S. BANKRUPTCY JUDGE

**COMES NOW** Scott M. Seidel, the duly appointed chapter 7 trustee (the "***Trustee***") for the bankruptcy estate (the "***Estate***") of Goodman Networks, Inc., and files this his *First Motion to Pay Interim Trustee Commission* (the **"*Motion*"**), and in support thereof would respectfully state to this Honorable Court the following:

### RELIEF REQUESTED

1. On December 22, 2023, the date of the filing of this Motion, the AMRR - Lockheed Sale closed, funding $2.2 million into the Estate. S*ee* Docket Nos. 449, 462.  The current Estate account balance is approximately $3,003,000, comprised of  $2.5 million in an escrow account as well as an Estate account of $503,771.90.  In the event the Court approves the Trustee's 9019 motion in connection with the Prosperity matter, *see* Docket No. 300, an additional $425,000 will fund free and clear.  Separately, counsel for the Trustee has Court approval, on an interim basis, of certain fees and expenses as well as  authority to be paid up to $300,000.  Should the Trustee receive the additional funds from the Prosperity settlement, an additional $300,000 may be paid to counsel, provided no stay is entered.

### II.  JURISDICTION AND VENUE

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This Application involves a core proceeding pursuant to 28 U.S.C. §157(b)(2).

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### III.  PROCEDURAL BACKGROUND

4. Various petitioning creditors filed an involuntary chapter 7 petition against the Debtor on September 6, 2022 (the "Petition Date"), thereby initiating this Bankruptcy Case and creating the Estate.  The Court entered an order for relief on December 12, 2022.  The Trustee was appointed as the chapter 7 trustee to administer the Estate.

## IV. RELIEF REQUESTED

5. The Trustee has so far collected over $3,003,000 which would result in a statutory commission of approximately $114,000. The Trustee respectfully requests he be allowed and paid a commission of $50,000 at this time, on an interim basis. The Trustee has spent in excesss of 475 hours on this matter; at his hourly rate of $495.00, such fee would be $235,125.00. Currently there five (5) adversary proceedings pending (with several additional lawsuits in the drafting stages) with a total amount in controversy in excess of fifty million dollars. Mediation has been scheduling among the Trustee and the main creditor constituents in the Bankruptcy Case. Additionally, the Trustee has expended $1,149.39 in expenses in this matter and requests to be reimbursed for these expenses at this time. A breakdown of those expenses is attached as "Exhibit A."

6. The Bondholders claim a security interest in, and FedEx a constructive trust over, some or all of the funds on hand, which matters have been addressed in this Court's interim cash collateral order. *See* Docket No. 472. Pursuant to the same, the Estate has available funds to pay the proposed interim commission described herein.

7. Under section 363 of the Bankruptcy Code, after notice and a hearing, the trustee may use, "other than in the ordinary course of business, property of the estate …." 11 U.S.C. § 363(b)(1). The funds on hand are property of the Estate. *See* 11 U.S.C. § 541(a)(6) (property of the estate includes "proceeds, product, offspring, rents, or profits from property of the estate …."). The Trustee has accordingly chosen to seek authority to make an interim distribution in the exercise of his business judgment. *See In re ASARCO, LLC*, 650 F.3d 593, 601 (5th Cir. 2011) ("Section 303 of the Bankruptcy Code addresses the debtor's use of property of the estate and incorporates a business judgment standard."). Moreover, interim compensation to a trustee

is expressly authorized by section 331 of the Bankruptcy Code.

8. The Court has not previously awarded the Trustee a commission in this matter.

## V.  PRAYER

WHEREFORE, BASED UPON THE FOREGOING, the Trustee respectfully requests that the Court enter an order (i) granting this Motion; (ii) authorizing and approving the heretofore earned commission and immediate payment of the proposed interim distribution of $50,000 in commissions and reimbursement of reasonable expenses of $1,149.39 to the Trustee on an interim basis; and (iii) providing the Trustee such other relief to which it is entitled.

Respectfully Submitted,

*/s/ Scott M. Seidel*
Scott M. Seidel, Esq.
Texas Bar No.  17999450
6505 W. Park Blvd., Suite 306
Plano, Texas 75093
Telephone: (214) 234-2500
Email: scott@scottseidel.com
CHAPTER 7 TRUSTEE

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above was served via the Court's ECF notification system on all parties entitled to notice thereby and via U.S. Mail First Class, postage prepaid, on the parties listed on the attached service list.

*/s/ Scott M. Seidel*