Philip M. Guffy
**HUNTON ANDREWS KURTH LLP**
600 Travis Street, Suite 4200
Houston, Texas 77002
Tel: 713-220-4200
Email: pguffy@huntonak.com

-and-

Paul N. Silverstein
Brian Clarke
**HUNTON ANDREWS KURTH LLP**
200 Park Avenue
New York, NY 10166
Tel: 212-309-1000
Email: psilverstein@huntonak.com
       brianclarke@huntonak.com

*Special Counsel to UMB Bank, National Association, as Indenture Trustee, and Counsel to the Majority Noteholder Group*

Eric A. Schaffer
**STONECIPHER LAW FIRM**
125 First Avenue
Pittsburgh, PA 15222
Tel: 412-391-8510
Email: eschaffer@stonecipherlaw.com

*Counsel to UMB Bank, National Association, as Indenture Trustee*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| GOODMAN NETWORKS, INC., | § | Case No. 22-31641 (MVL) |
| | § | |
| Debtor. | § | |

**RESPONSE TO TRUSTEE'S EXPEDITED MOTION FOR ORDER APPROVING
MEDIATION AND AUTHORIZING PAYMENT OF MEDIATION COSTS**

UMB Bank, National Association, as indenture trustee (the "**Indenture Trustee**") and

Majority Noteholder Group[1] (together with the Indenture Trustee, the "**Bondholders**"), for their

---

[1] The Majority Noteholder Group consists of investment advisers or managers of funds that hold (with such investment advisers and managers acting on behalf of such holders), or are beneficial holders of, a majority of the 8% Senior Secured Notes due 2022 issued by Goodman Networks, Inc., and include JLP Credit Opportunity Master Fund Ltd., JLP Credit Opportunity IDF Series Interests of the SALI Multi-Series Fund, L.P., JLP Institutional Credit Master Fund LP, Alimco Re Ltd., Marli B. Miller Trust A4, Miller Family Education and

DMS 305319430

Response to the *Trustee's Expedited Motion for Order Approving Mediation and Authorizing Payment of Mediation Costs* [Docket No. 478] (the "**Motion**"), respectfully represent:

1. The Bondholders have no objection to the Motion to the extent it seeks authority to pay mediation fees, but write to respond to the Trustee's statement that the parties "have resolved to mediate their various disputes." As the Bondholders (and the Trustee) have informed the Court and parties in interest on numerous occasions, the *Trustee's Second Amended Motion Under Bankruptcy Rule 9019 for Approval of Settlement and Compromise with Prosperity Bank and UMB Bank, National Association* (the "**Prosperity 9019**") [Docket No. 300] is not the subject of the forthcoming mediation. Instead, the mediation was proposed as a path to resolve the various issued caused by (i) FedEx Supply Chain Logistics and Electronics, Inc. ("**FedEx**") commencing litigation in the United States District Court for the Northern District of Texas against all defendants currently being targeted by the Trustee and (ii) the Trustee's responsive declaratory judgment action against FedEx in this Court. Those issues raised in these adversary proceedings implicate property over which the Bondholders have liens and, therefore, the Bondholders will be participating in the mediation.

2. Indeed, the prospects for a successful mediation will be reduced if a ruling on the Prosperity 9019 remains pending on January 23, 2024, the date of the scheduled mediation. The Prosperity 9019 would become subject to the mediation by default yet, at the same time, the mediator would lack the ability to engage on a meaningful basis. The mediator could not, within the existing time frame, digest fully the voluminous pre-trial briefing and documentary evidence (developed over a six month period that included documentary discovery and depositions) or the

---

Medical Trust, Susan F Miller Spousal IRA, Susan F. Miller Spousal Trust A4, DuPont Pension Trust, and Hilltop Securities, Inc.

2

record at trial prior to the mediation. Any summary of such briefing, evidence, and trial record included in a party's pre-mediation statement to Judge Felsenthal would necessarily be incomplete and require him to refer to the underlying source documents. And, not having attended the trial, the mediator would be at a distinct disadvantage in determining witnesses' credibility.

3.   A ruling on the Prosperity 9019 will remove a major obstacle towards putting this chapter 7 case on a more consensual path. Accordingly, the Bondholders respectfully request that the Court issue its ruling on the Prosperity 9019 as soon as practicable.

Dated: January 13, 2024
Respectfully Submitted,

*/s/ Philip M. Guffy*
Philip M. Guffy (TX Bar No. 24113705)
**HUNTON ANDREWS KURTH LLP**
600 Travis Street, Suite 4200
Houston, Texas  77002
Tel:     713-220-4200
Fax:     713-220-4285
Email:   pguffy@huntonak.com

-and-

Paul N. Silverstein
Brian Clarke
**HUNTON ANDREWS KURTH LLP**
200 Park Avenue
New York, NY 10166
Tel:     (212) 309-1000
Email:  psilverstein@huntonak.com
         brianclarke@huntonak.com

*Special Counsel to UMB Bank, National Association, as Indenture Trustee, and Counsel to the Majority Noteholder Group*

Eric A. Schaffer
**STONECIPHER LAW FIRM**
125 First Avenue
Pittsburgh, PA 15222
Tel:     412-391-8510
Email: eschaffer@stonecipherlaw.com

*Counsel to UMB Bank, National Association, as Indenture Trustee*

3

DMS 305319430

## CERTIFICATE OF SERVICE

I certify that on January 13, 2024, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas and.

*/s/ Philip M. Guffy*
Philip M. Guffy
