# GOODMAN
## SOLUTIONS

Strictly Confidential
Subject to NDA

June 15, 2021

Via email: bill.anderson@ampthink.com

Bill Anderson
3827 Dividend Drive
Garland, TX 75042

**RE: Goodman Solutions' LSU DAS Ownership and Maintenance**

Bill,

This non-binding Letter of Intent ("LOI") outlines the essential features of Tiger Athletic Foundation's ("TAF" or "Buyer") purchase of the Distributed Antenna System owned and operated by Goodman Networks, Inc. dba Goodman Solutions ("Seller") at Tiger Stadium and the Pete Maravich Assembly Center.

The assets in question include: One (1) Distributed Antenna System network located at LSU Stadium in Baton Rouge, LA (the "DAS"); an assignment of all agreements between Seller and the tenants occupying the DAS (the "License Agreements"); an assignment or termination of the Master Services Agreement between Seller and Tiger Athletic Foundation enabling Seller to install and operate the DAS (the "MSA"); the remaining maintenance services through 2024; and any other written contracts, tangible or intangible personal property owned by Seller on or used in the operation of the DAS (collectively, the "Assets").

The purchase price is $1,660,427.35, consisting of (a) maintenance revenue for remainder of the MSA through 2024 ($771,206.05), (b) tax liability of accelerated revenue recognition ($857,296.30), and (c) pursuant to Section 12.14 of the MSA, the fair market value of $31,925.00. As you know, pursuant to Section 12.14, in the event of a sale, the Seller "shall remain the exclusive operator/maintainer of the DAS subject to the negotiation and execution of a mutually agreed upon maintenance agreement regarding Goodman's maintenance and operation of the DAS at the TAF Locations". Seller will relinquish its right to maintain the DAS through 2024.

This purchase can be consummated through an asset purchase agreement or an amendment of the MSA provided all License Agreements are assigned to TAF.[1] Seller will convey good and marketable title to all of the Assets, free and clear of any and all liabilities, obligations, claims, liens, and encumbrances other than pursuant to the License Agreements. The asset purchase agreement or MSA amendment will provide that Seller shall indemnify Buyer for all costs, expenses, and damages related to any act or

---

[1] In any event, as the new owner of the DAS and assignee of the License Agreements, Buyer will assume all obligations therein to the Carriers.

Trustee's
Ex. 4

omission of Seller prior to the Closing Date; and Buyer shall indemnify Seller for all costs, expenses, and damages related to any act or omission of Buyer after the Closing Date.  Buyer and Seller will each pay their own attorney's fees and expenses and other expenses related to the transactions contemplated hereunder.

In consideration of the foregoing, while this LOI is in effect:

(a)     From the date of the execution of this Letter to the Closing Date, Seller will conduct its business in the usual and ordinary course and will use its best efforts to maintain and preserve the Assets. Except with the prior written consent of Buyer, Seller will not dispose of any of the Assets;

(b)     No party shall release information to the public concerning this LOI, or the transactions contemplated hereby or thereby without the prior written consent of the other parties and each party shall consult with the other as to the form and substance of any press release or other public disclosure; provided that nothing contained herein shall prevent any party from disclosing any information required to be disclosed in accordance with any law, regulation, or order of a court or regulatory agency of competent jurisdiction;

(c)     From the date hereof through the Closing Date, the Seller shall permit Buyer, and its authorized representatives reasonable access during regular business hours to the Assets and Seller's books and records regarding same; and

(d)     All information furnished to Buyer under this LOI shall be treated as confidential and Buyer shall take normal and reasonable precautions to preserve the confidentiality of such information until the Closing and, if this Letter is terminated, Buyer shall return all documents and other materials containing, reflecting and referring to such information and shall take normal and reasonable precautions to preserve the confidentiality of such information. Buyer's obligations hereunder shall not apply to any information which: (i) was already in its possession prior to the disclosure thereof by Seller, (ii) was then generally known to the public, (iii) became known to the public through no fault of Buyer or any of its agents or representatives, or (iv) was disclosed to Buyer by a third party unaffiliated with Buyer who was not bound by an obligation of confidentiality to Seller.

This LOI is not intended as a contract, but merely as a statement of the intentions and undertaking of the parties. The transaction will be binding upon the parties only in accordance with the terms contained in the definitive documents if, as, and when such documents have been duly authorized and executed by the parties.

This LOI shall terminate upon the earlier to occur of (i) the execution of the definitive documents by the parties, or (ii) ten (10) days from the date of this LOI, if unsigned by Seller.

© 2020. Created and Distributed by Goodman Solutions. This document is proprietary and confidential



Please contact me to discuss further as necessary.

Sincerely,
Steve Seago

VP Business & Corporate Development

Agreed to and accepted this ___ day of June, 2021

_____
By :
Its:

© 2020. Created and Distributed by Goodman Solutions. This document is proprietary and confidential