**BUTLER SNOW LLP**

Adam M. Langley (admitted pro hac vice)
R. Campbell Hillyer (admitted pro hac vice)
Danny Van Horn (admitted pro hac vice)
6075 Poplar Avenue, Suite 500
Memphis, TN 38119
Telephone: (901) 680-7316
adam.langley@butlersnow.com

and

Martin A. Sosland (TX Bar No. 18855645)
Candice Carson (TX Bar No. 24074006)
 2911 Turtle Creek Blvd., Suite 1400
Dallas, Texas 75219
Telephone: (469) 680-5502
candice.carson@butlersnow.com
martin.sosland@butlersnow.com

*Counsel for FedEx Supply Chain Logistics & Electronics, Inc.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| GOODMAN NETWORKS, INC. | § | Case No. 22-31641 (MVL) |
| | § | |
| Debtor. | § | **Relates to Doc. No. 502 and 514** |
| | § | |

**RESPONSE IN SUPPORT OF TRUSTEE'S MOTION UNDER BANKRUPTCY RULE 9019 FOR APPROVAL OF MULTI-PARTY SETTLEMENT AND IN OPPOSITION TO THE OBJECTION FILED THERETO**

FedEx Supply Chain Logistics & Electronics, Inc. ("FSCLE") files this response (the "Response") (i) in support of the Motion Under Bankruptcy Rule 9019 for Approval of Multi-Party Settlement Regarding Property of the Estate (the "Motion") [Doc. No. 502] filed by Scott

1

M. Seidel (the "Trustee") as the duly appointed chapter 7 trustee of the bankruptcy estate (the "Estate") of Goodman Networks, Inc. (the "Debtor") and (ii) in opposition to the Objection to Trustee's Motion for Approval of Multi-Party Settlement Regarding Property of the Estate (the "Objection") [Doc. No. 514] filed by 18920 NW 11th, LLC, Steven Zakharyayev, Evelina Pinkhasova, Hudson Clean Energy Enterprises, LLC, Alliance Texas Holdings, LLC, Neil Z. Auerbach, Judith Auerbach, Auerbach Partners, L.P., Auerbach Children's Dynasty Trust u/a/d October 9, 2012, and Auerbach Family Dynasty Trust u/a/d October 9, 2012 (each an "Objector" and together the "Objectors").[1] In support thereof, FSCLE state as follows:

## INTRODUCTION

1. The Proposed Settlement contained in the Motion filed by the Trustee is a multi-party settlement among the following parties: (i) the Trustee, (ii) the Settling Bondholders, (iii) FSCLE and (iv) ARRIS (together the "Settlement Parties").[2]

2. The Proposed Settlement is the culmination of countless hours of effort by highly skilled counsel and was reached after extensive mediation proceedings (the "Mediation") conducted by a highly skilled mediator, retired Bankruptcy Judge Steven Felsenthal.

3. At its core, the Proposed Settlement is the direct result of the Settlement Parties' acknowledgment of the Court's repeated urging for all parties to endeavor to end the adversarial nature of countless highly contested matters so this bankruptcy case can proceed in the best interest of the Estate and its creditors.

---

[1] The Objection incorrectly defines the Objectors as "Movants" but the Objection does not seek relief other than the denial of the Trustee's Motion.
[2] All capitalized terms used are as defined in the Motion.

2

4. As such, the Proposed Settlement is truly "global" and contains over seventeen (17) separate elements covering numerous disputed matters between the Settlement Parties. *See* Settlement Term Sheet, Exhibit 1 to Motion [Doc. No. 502-1].

5. The issues raised in the Objection are but a very small part of the global nature of the Proposed Settlement and are specifically related to the simple proposition that the Objectors, as targets of litigation, do not want to face litigation by the Estate and by FSCLE.[3]

## SUMMARY OF RESPONSE

6. The Objectors bear the burden of establishing they have standing and have failed to do so. The Objectors do not have standing to object to the Motion as none of them are creditors of the Debtor (no Objector has filed a proof of claim in this case) and they are not "Parties-in-Interest" with a legally protected interest that could be affected by this bankruptcy case.

7. The Motion, at twenty-nine (29) pages in length, overwhelmingly meets the standard for approval pursuant to Bankruptcy Rule 9019 through an extensive recitation of each and every claim and controversy being settled by the Settlement Parties, as well as the Trustee's factual basis for his determination that the Proposed Settlement is, in his best business judgment, in the best interest of the Estate.

8. FSCLE has claims and causes of action against the Objectors that are specific in nature to FSCLE. The Objection challenging specific causes of action of FSCLE against the Objectors is not proper and is not before the Court in the Motion. Those causes of action are properly pending in the District Court Proceeding (as defined in the Motion) before the United States District Court for the Northern District of Texas [Civil Action No. 3:23-cv-02397].

---

[3] It must be noted that the Objection makes many unnecessary and unwarranted comments about the Trustee as well as unfounded and defamatory statements about FSCLE that have no bearing on the factual and legal issues before this Court in the Motion. Ironically, the Proposed Settlement is exactly what is designed to stop such divisiveness in this case. FSCLE disputes the unfounded and defamatory statement made about it.

## ARGUMENT

**I.      The Objectors do not have standing to contest the Motions.**

9.      Because it is the Objectors that seek to be heard, they bear the burden of establishing that they have standing to do so. *Time Warner Cable, Inc. v. Hudson*, 667 F.3d 630, 635 (5th Cir. 2012). In considering the standing issue, the Court is "free to weigh the evidence and resolve factual disputes." *Montez v. Dep't of Navy*, 392 F.3d 147, 149 (5th Cir. 2004).

10.     The Objectors do not allege that they are creditors of the Debtor; but, rather, rely upon the proposition that they are all "parties in interest and therefore have standing to object to the 9019 Motion because their financial and legal interests will be adversely impacted if the Court permits FedEx to continue to violate the Automatic Stay, as the proposed Settlement Agreement expressly would permit". Objection ¶ 20. Objectors support that proposition with a lone case suggesting that potential future litigation costs constitute a threatened injury thus making them parties-in-interest. *In re Derosa-Grund*, 567 B.R. 773, (Bankr. S.D. Tex. 2017).

11.     *In re Derosa-Grund* is distinguishable. Judge Bohm's holding in *Derosa-Grund* is highly fact specific and involved a previously approved settlement between the chapter 7 trustee and the objecting party (New Line) which objected to a subsequent settlement agreement between the chapter 7 trustee and the debtor (the contested 9019 motion). New Line and the chapter 7 trustee previously settled (with Court approval) a dispute over an asset of the Derosa-Grund estate and New Line paid $200,000.00 for that asset. New Line objected to the subsequent 9019 motion between the trustee and debtor because, if approved, the debtor would then likely sue (via a debtor owned LLC entity) New Line for the exact same asset that New Line acquired in connection with its prior settlement with the trustee. Judge Bohm stated that "New Line itself will suffer a specific injury: namely, deprivation of the benefit of its bargain in that the $200,000.00 that it paid to the

4

Trustee will have gone for naught, and that the Debtor will drag New Line into further litigation seeking damages for what the Debtor asserts is New Line's misappropriation of the Treatment." *Derosa-Grund* at 784. Those are not the same factual circumstances which exist in the present case. There is no existing prior settlement between the Trustee and the Objectors that is being called into question that could potentially grant them standing as parties-in-interest. Had there not been a previous settlement between New Line and the trustee which involved an asset of the estate, it is most likely that Judge Bohm would not have found New Line had standing to object to the subsequent settlement with the debtor simply because it was a target defendant that would incur legal costs. It is also important to note that in *Derosa-Grund*, the Judge Bohm ultimately approved the settlement between the trustee and the debtor over the objection of New Line.

12. A more appropriate case for analysis on the issue of standing to object to a settlement motion by a "party-in-interest" is the case of *In re Heritage Real Estate Investment, Inc.*, 2020 WL 8551776, (Bankr. S.D. Miss. 2020).

13. In *In re Heritage*, Judge Neil P. Olack was faced with multiple parties, that were not creditors of the debtor and would not be receiving any distribution of any bankruptcy estate assets, objecting to a proposed settlement motion. The objecting parties, as here, argued they were "parties-in-interest". The analysis starts that "[g]enerally, only a party in interest has standing to raise, appear, and be heard on issues in bankruptcy proceedings. At a minimum, a "party in interest" must have a legally protected interest that could be affected by the bankruptcy case." *Heritage* at *6 citing *In re Xenon Anesthesia of Tex., P.L.L.C.*, 698 F. App'x 793, 794 (5th Cir. 2017). With the acknowledgment that the Bankruptcy Code and Rules do not define "party-in-interest", most entities (as used in 11 U.S.C. § 1109(b)) have some direct relationship to the debtor or estate property. *Heritage* at *6. Judge Olack noted that Bankruptcy Courts, however, are not

Article III courts bound by traditional standing requirements. *In re Technicool Sys., Inc.*, 896 F.3d 382, 385 (5th Cir. 2018). Standing is a matter of statutory interpretation and bankruptcy courts must ask not only whether a party has suffered an injury in fact but also whether a party has satisfied the party-in-interest standing requirements in the Bankruptcy Code. When a party with purported standing to a settlement motion uses the phrase "injury in fact" as a basis, they must also show that they have a sufficient stake in the bankruptcy case to have bankruptcy standing. *Heritage* \*7. A party-in-interest is not anyone who might be affected by a bankruptcy proceeding but only a party who has a "legally protected interest." *Xenon* at 794. Settling lawsuits related to bankruptcy proceedings often affects third parties but to allow those third parties standing to object to a settlement would open the door to all parties that may be harmed by a settlement **BUT** (emphasis added) who have no legally recognized interest in the assets of the bankruptcy estate. *Heritage* at \*8 citing *In re Delta Underground Storage Co.*, 165 B.R. 596, 598 (Bankr. S.D. Miss. 1994). The Objectors in this case have no legally recognized interest in the assets of the Estate of the Debtor. They are merely third-party targets of litigation of both the Estate and FSCLE, each which has its own specific claims and causes of action.

14. Thus, the heart of the Objection is the flawed proposition that FSCLE must be stopped from pursuing the District Court Proceeding and that can be achieved by a denial of a multi-party global settlement, even where the District Court Proceeding is but a very small part of the overall Proposed Settlement. *See* Settlement Term Sheet – Items 1 to 17 [Doc. No. 502-1]

15. The Objectors simply do not have the standing required to file the Objection to the Motion.

6

**II.  The Motion meets the standard required for approval of settlements pursuant to Rule 9019.**

16.  This Court has previously articulated the legal standard required for approval of a settlement motion pursuant to Bankruptcy Rule 9019(a) and should use that standard to assess the merits of the Motion and the Proposed Settlement. *See* Amended Order Granting Trustee's Second Amended Motion for Approval of Settlement and Compromise [Doc. No. 494] at pgs. 16-18 (III. Legal Standard).

17.  The Fifth Circuit has articulated five factors for courts to consider in approving settlements: (1) the probability of success in the litigation, with due consideration for the uncertainty in fact and law; (2) the complexity and likely duration of the litigation and any attendant expense, inconvenience and delay, including the difficulties, if any, to be encountered in the matter of collection; (3) the paramount interest of the creditors and a proper deference to their reasonable views; (4) the extent to which the settlement is truly the product of arms-length bargaining and not fraud or collusion; and (5) all other factors bearing on the wisdom of the compromise. *In re Jackson Brewing*, 624 F.2d 605, (5th Cir. 1980); *In re Foster Mortgage Co.*, 68 F.3d 914 (5th Cir. 1995).

18.  Notably, the Objection only addresses a three (3) factor analysis (Objection ¶ 25) rather than the five (5) factor analysis set forth by this Court [Doc No. 494, pgs. 16-17]. The two factors omitted from the Objection are (i) the paramount interest of the creditors and a proper deference to their reasonable views and (ii) the extent to which the settlement is truly the product of arms-length bargaining and not fraud or collusion.

19.  These two factors are extremely important to the Motion because the Settlement Parties hold over $130 million in claims which represents over 92% of the filed claims (the Settling Bondholders $18.7 million claim is duplicated three times on claims register) and the Mediation

7

that was conducted by the Settlement Parties at great time, effort and expenses and with the assistance of retired Judge Felsenthal.

20. Settlements are desirable and wise methods to bring resolution to contested proceedings to avoid otherwise lengthy, complicated and costly litigation. *Jackson Brewing Co.*, at 602. Approval of the Motion lies within the sound discretion of this Court. *In re AWECO, Inc.*, 725 F.2d 293, 297 (5th Cir. 1984).

21. The Objection begins its discussion of the applicable legal standard with the bold introductory statement that the "Trustee's request is facially absurd, and sanctioning such a settlement would conflict with the Court's obligation to 'administer the estate in an efficient and equitable manner and protect(ing) the assets of the estate from depletion'."

22. The Objection's analysis is singularly focused on the FedEx Adversary Proceeding (as defined in the Motion) filed by the Trustee but completely ignores that the FedEx Adversary Proceeding was dismissed without prejudice over a month ago [AP Doc. No. 24]. There is <u>NO</u> pending adversary proceeding between the Trustee and FSCLE.

23. Yet, the Objection proceeds to further analyze the FedEx Adversary Proceeding in the present tense and assess the likelihood of success, duration and complexity of an adversary proceeding that does not exist.

24. The proper issue before the Court is whether the Proposed Settlement falls within the "range of reasonable litigation alternatives." *In re Roquemore*, 393 B.R. 474, 480 (Bankr. S.D. Tex. 2008).

25. Again, the amount of controversies and conflicting claims that will be resolved between the Settlement Parties is massive. *See* Settlement Term Sheet [Doc. No. 502-1] as summary. Yet, the Objection does not address the "global" nature of the Proposed Settlement the

8

astronomical amount of time, effort and legal costs that went into the settlement and that will now be avoided in the bankruptcy case between the Settlement Parties. The Objection instead focuses on the Objectors' being "forced to waste time and resources defending sperate lawsuits" if the Motion is approved, which is a very narrow and self-serving view of the true result of the Proposed Settlement and its benefits to the Estate.

26. The breadth and scope of the proposed multi-party settlement is undoubtedly in the best interest of the Estate and cannot be controverted by the Objectors' simplistic tunnel vision of prospective litigation between FSCLE and the Objectors.

27. If the Motion is not approved, the result will be a massive amount of highly complex and expensive litigation between the Settlement Parties that will inevitably delay the just and speedy administration of the Estate by the Trustee.

**III.  FSCLE has claims and causes of action that are personal to it.**

28. The Objection attacks the *merits* of certain causes of action contained within the District Court Proceeding in its analysis of whether the Motion meets the applicable 9019 standard. *See* Objection pgs. 14-17, sections (i) and (ii).

29. As previously stated, a collateral attack by the Objectors to the causes of action pending against them in the District Court Proceeding is not proper and has no part in the analysis of the Motion under the applicable 9019 standard.

30. FSCLE previously briefed this issue at length prior to the dismissal of the FedEx Adversary Proceeding. To the extent the Court deems these issues relevant to the present Motion, FSCLE incorporates the extensive factual and legal arguments presented in its (i) Brief in opposition to Motion for Preliminary Injunction [AP Doc. No. 18]; and (ii) Motion to Dismiss Adversary Proceeding with Brief in Support [AP Doc. No. 19 and 20].

31. FSCLE's claims and causes of action pending in the District Court Proceeding will be decided by Judge Karen Gren Scholer. It is not necessary for this Court to assess the arguments put forth in the Objection as to FSCLE's claims.

32. Bankruptcy Rule 9019 does not require a bankruptcy judge to hold a full evidentiary hearing, or even a "mini-trial" before a compromise can be approved. *In re Cajun Elec. Power Coop.*, 119 F.3d 349, 355–56 (5th Cir. 1997). Rather than being forced to decide all questions of law and fact, courts have consistently held that a bankruptcy court need only "canvas the issues [to] see whether the settlement fall[s] below the lowest point in the range of reasonableness. *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2nd Cir. 1983), cert. denied, 464 U.S. 822, 104 S.Ct. 89, 78 L.Ed.2d 97; *Roqumore*, 393 B.R. 474, 480 (S.D. Tex. 2008); *Nellis v. Shugrue*, 165 B.R. 115 (S.D.N.Y. 1994); *In re Drexel Burnham Lambert Group Inc.*, 138 B.R. 723, 759 (Bankr. S.D.N.Y. 1992).

33. The Objector's attacks on the claims of FSCLE in the District Court Proceeding are merely a distraction from the real issues before the Court, and the Court need not delve into any legal analysis of those claims for the purpose of approving the Motion pursuant to the applicable legal standard of Bankruptcy Rule 9019.

WHEREFORE, Movants respectfully request this Court enter an Order approving the Motion which is in the best interest of the Estate.

Respectfully submitted,

**BUTLER SNOW LLP**

*/s/ R. Campbell Hillyer*
Adam M. Langley (admitted *pro hac vice*)
R. Campbell Hillyer (admitted *pro hac vice*)
Danny Van Horn (admitted pro hac vice)
6075 Poplar Avenue, Suite 500
Memphis, TN  38119
Telephone: (901) 680-7316
adam.langley@butlersnow.com
cam.hillyer@butlersnow.com
danny.vanhorn@butlersnow.com

and

Martin A. Sosland (TX Bar No. 18855645)
Candice Carson (TX Bar No. 24074006)
2911 Turtle Creek Blvd., Suite 1400
Dallas, Texas 75219
Telephone: (469) 680-5502
candice.carson@butlersnow.com
martin.sosland@butlersnow.com

*Counsel for FedEx Supply Chain Logistics*
*& Electronics, Inc.*

## CERTIFICATE OF SERVICE

I, R. Campbell Hillyer, certify that the foregoing pleading was filed electronically through the Court's ECF system and served electronically on all parties enlisted to receive service electronically in this case.

Dated: March 26, 2024

                                                   */s/ R. Campbell Hillyer*
                                                   R. Campbell Hillyer

86703614.v1