Philip M. Guffy
**HUNTON ANDREWS KURTH LLP**
600 Travis Street, Suite 4200
Houston, Texas  77002
Tel:     713-220-4200
Email:  pguffy@huntonak.com

-and-

Paul N. Silverstein
Brian Clarke
**HUNTON ANDREWS KURTH LLP**
200 Park Avenue
New York, NY 10166
Tel:     212-309-1000
Email: psilverstein@huntonak.com
          brianclarke@huntonak.com

*Special Counsel to UMB Bank, National
Association, as Indenture Trustee, and
Counsel to the Majority Noteholder Group*

Eric A. Schaffer
**STONECIPHER LAW FIRM**
125 First Avenue
Pittsburgh, PA 15222
Tel:     412-391-8510
Email: eschaffer@stonecipherlaw.com

*Counsel to UMB Bank, National
Association, as Indenture Trustee*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | § Chapter 7 |
| GOODMAN NETWORKS, INC., | § Case No. 22-31641 (MVL) |
| Debtor. | |

**BONDHOLDER STATEMENT IN SUPPORT OF TRUSTEE'S MOTION FOR
APPROVAL OF MULTI-PARTY SETTLEMENT AND RESPONSE TO OBJECTION**
**[Relates to Docket Nos. 502 and 514]**

UMB Bank, National Association, as indenture trustee (the "**Indenture Trustee**") and

Majority Noteholder Group[1] (together with the Indenture Trustee, the "**Bondholders**"), for their

---

[1] The Majority Noteholder Group consists of investment advisers or managers of funds that hold (with such investment advisers and managers acting on behalf of such holders), or are beneficial holders of, a majority of the 8% Senior Secured Notes due 2022 issued by Goodman Networks, Inc., and include JLP Credit Opportunity Master Fund Ltd., JLP Credit Opportunity IDF Series Interests of the SALI Multi-Series Fund, L.P., JLP Institutional Credit Master Fund LP, Alimco Re Ltd., Marli B. Miller Trust A4, Miller Family Education and

1

statement in support of the *Trustee's Motion under Bankruptcy Rule 9019 for Approval of Multi-Party Settlement Regarding Property of the Estate* (the "**Global Settlement Motion**")[2] [Docket No. 502] and in response to the *Objection to Trustee's Motion for Approval of Multi-Party Settlement Regarding Property of the Estate* (the "**Objection**") [Docket No. 514], respectfully represent:

1. The Objection is a transparent attempt by several defendants in two adversary proceedings filed by the Trustee (the "**Objectors**")[3] to impede the Trustee's efforts to recover fraudulently or illegally transferred property of the Estate from various parties, including the Objectors. Furthermore, as discussed below, the Objectors either appear clueless as to the substance of the Trustee's claims against them, or they are merely attempting to misrepresent to the Court the facts underlying those claims. The Court should reject this as an improper collateral attack on separate claims that may be brought by the Trustee.

2. The Objectors do not meaningfully engage with the relevant legal standards governing approval of compromises under Bankruptcy Rule 9019. Instead, their argument boils down to the proposition that the Trustee should not settle his declaratory judgment action against FedEx. The Trustee has set forth, in detail, his analysis of the various claims that are being settled under the Proposed Settlement, including those in his declaratory judgment action against FedEx, and his reasons for settling those claims. The Objectors have not offered any evidence to show that the Trustee has erred in exercising his business judgment, nor have they demonstrated that the Proposed Settlement is below the lowest range of reasonableness. In fact, continued prosecution

---

Medical Trust, Susan F Miller Spousal IRA, Susan F. Miller Spousal Trust A4, DuPont Pension Trust, and Hilltop Securities, Inc.

[2] Capitalized terms used but not defined herein have the meaning given to them in the Global Settlement Motion

[3] The Objectors refer to themselves, confusingly, as "Movants," despite filing an objection rather than a motion.

2

of the claims raised in the Trustee's declaratory judgment action against FedEx would further delay the Trustee's efforts to prosecute valuable claims against the Objectors. It should be obvious, therefore, that further delay is the Objectors' sole reason for filing the Objection.

3. The Objectors' arguments regarding the automatic stay miss the mark as well. Through the Objection, they are not seeking to enforce the automatic stay; they are objecting to a settlement under Bankruptcy Rule 9019. Whether they can take action to enforce the automatic stay is irrelevant to whether the Trustee has met his burden under Bankruptcy Rule 9019 to show that the Proposed Settlement is fair and equitable and in the best interests of the Estate.

4. Further, the statements in the Objection regarding the Trustee's claims against 18920, Steven Zakharyayev, and Evelina Pinkhasova (collectively, the "**18920 Parties**") are simply false. Paragraph 12 of the Objection states that the Trustee seeks to hold the 18920 Parties "liable for damages associated with their alleged role in demanding redemption of certain notes from Debtor and then settling its redemption rights."[4] This is incorrect. The basis of the claims against the 18920 Parties stem from the alleged redemption of preferred stock in the Debtor belonging to James Goodman. On or about March 9, 2022, the 18920 Parties "purchased" preferred stock of the Debtor from several entities owned and controlled by James Goodman. At the same time, the 18920 Parties demanded that the Debtor redeem the preferred shares pursuant to an alleged right of redemption. The 18920 Parties were then supposed to use the cash they received to pay James Goodman for the purchased stock while keeping a cut for themselves.

5. The fundamental problem with the 18920 Parties' position is that the alleged redemption right they rely on does not exist. At the time of the alleged redemption (March 9, 2022), the operative certificate of formation for the Debtor contained no redemption rights for

---

[4] Objection ¶ 12.

preferred stock. Prior versions of the Debtor's certificate of formation allowed for redemption of preferred stock if certain conditions were met, but that provision was removed from the certificate of formation no later than September 17, 2020.[5] Accordingly, on March 9, 2022, the Debtor had no obligation whatsoever to redeem any preferred stock. The transaction was merely a way to transfer funds from the Debtor to James Goodman with the 18920 Parties getting a cut for their participation.

6. As to the remaining Objectors, they were involved in a similar scheme to "purchase" Notes from James Goodman and, at the same time, sell those Notes to the Debtor. They then used the funds they received from the Debtor to pay James Goodman for the purchased Notes while keeping a cut for themselves.

7. The Objectors are, understandably, concerned about their potential liability to the Trustee as recipients of fraudulent transfers and for aiding and abetting James Goodman's fraud and breaches of fiduciary duty. However, those concerns provide no basis for an objection to the Proposed Settlement. For all the reasons set forth in the Global Settlement Motion, the Proposed Settlement is fair and equitable and in the best interests of the Estate. The Objectors' tactical efforts to delay the administration of the Trustee's claims against them should be seen for what they are: pure obstruction. The Court should overrule the Objection and approve the Proposed Settlement.

---

[5] Even if the provision had not been removed, the conditions for redemption were not met on March 9, 2022 which required the Debtor to have "Excess Cash Flow." The Debtor had no significant cash flow of any kind in March 2022.

4

DMS 306238023

Dated: March 26, 2024
Respectfully Submitted,

| | |
|---|---|
| */s/ Philip M. Guffy* <br> Philip M. Guffy (TX Bar No. 24113705) <br> **HUNTON ANDREWS KURTH LLP** <br> 600 Travis Street, Suite 4200 <br> Houston, Texas 77002 <br> Tel: 713-220-4200 <br> Fax: 713-220-4285 <br> Email: pguffy@huntonak.com <br><br> -and- <br><br> Paul N. Silverstein <br> Brian Clarke <br> **HUNTON ANDREWS KURTH LLP** <br> 200 Park Avenue <br> New York, NY 10166 <br> Tel: (212) 309-1000 <br> Email: psilverstein@huntonak.com <br> brianclarke@huntonak.com <br><br> *Special Counsel to UMB Bank, National Association, as Indenture Trustee, and Counsel to the Majority Noteholder Group* | Eric A. Schaffer <br> **STONECIPHER LAW FIRM** <br> 125 First Avenue <br> Pittsburgh, PA 15222 <br> Tel: 412-391-8510 <br> Email: eschaffer@stonecipherlaw.com <br><br> *Counsel to UMB Bank, National Association, as Indenture Trustee* |

### CERTIFICATE OF SERVICE

    I certify that on March 26, 2024, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas and.

                                            */s/ Philip M. Guffy*
                                            Philip M. Guffy

DMS 306238023