| | |
|---|---|
| Davor Rukavina, Esq. | Michael J. Quilling |
| Texas Bar No. 24030781 | Texas Bar No. 16432300 |
| Thomas D. Berghman, Esq. | Joshua L. Shepherd |
| Texas Bar No. 24082683 | Texas Bar No. 24058104 |
| MUNSCH HARDT KOPF & HARR, P.C. | QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C. |
| 500 N. Akard Street, Suite 3800 | 2001 Bryan Street, Suite 1800 |
| Dallas, Texas  75201-6659 | Dallas, Texas 75201 |
| Telephone: (214) 855-7500 | (214) 871-2100 (Telephone) |
| Facsimile: (214) 855-7584 | (214) 871-2111 (Facsimile) |
| GENERAL COUNSEL FOR SCOTT M. SEIDEL, TRUSTEE | SPECIAL COUNSEL FOR SCOTT M. SEIDEL, TRUSTEE |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re: | § |
| | §  Chapter 7 |
| GOODMAN NETWORKS, INC., | § |
| | §  Case No. 22-31641-mvl-7 |
| Debtor. | § |

**TRUSTEE'S REPLY IN SUPPORT OF MOTION UNDER BANKRUPTCY RULE 9019 FOR APPROVAL OF MULTI-PARTY SETTLEMENT <u>REGARDING PROPERTY OF THE ESTATE</u>**

TO THE HONORABLE MICHELLE V. LARSON, U.S. BANKRUPTCY JUDGE:

COMES NOW Scott M. Seidel (the "<u>Trustee</u>"), the duly appointed chapter 7 trustee of the bankruptcy estate (the "<u>Estate</u>") of Goodman Networks, Inc. (the "<u>Debtor</u>"), the debtor in the above styled and numbered bankruptcy case (the "<u>Bankruptcy Case</u>"), and files this his *Reply* (the "<u>Reply</u>") in support of his *Motion Under Bankruptcy Rule 9019 for Approval of Multi-Party Settlement Regarding Property of the Estate* (the "<u>Motion</u>") and in reply to the *Objection to Trustee's Motion for Approval of Multi-Party Settlement Regarding Property of the Estate* [docket no. 514] (the "<u>Objection</u>"), respectfully stating as follows:

1. The Trustee hereby incorporates, as additional support for the Motion and in reply to the Objection, the *Response In Support of Trustee's Motion Under Bankruptcy Rule 9019 for*

*Approval of Multi-Party Settlement And In Opposition to the Objection Filed Thereto*, filed by FedEx Supply Chain Logistics & Electronics, Inc. ("FedEx") at docket no. 517.

2. The Trustee hereby incorporates, as additional support for the Motion and in reply to the Objection, the *Bondholder Statement In Support of Trustee's Motion for Approval of Multi-Party Settlement and Response to Objection*, filed at docket no. 518.

3. The Trustee further responds to the allegation in the Objection that he has "abdicated" his responsibility for protecting the Estate's assets. To state the obvious, the Trustee has not shied from litigating with FedEx, witness the: (i) extensive proceedings regarding the Prosperity 9019 motion, including discovery, pretrial hearings, and a multi-day evidentiary hearing; (ii) the extensive other contested matters with FedEx, including the AMRR transactions and cash collateral proceedings; (iii) the fact that the Trustee sued FedEx; and (iv) the fact that the Trustee sought a preliminary injunction against FedEx.

4. The Trustee's primary concern is to protect the Estate and its assets. FedEx originally asserted claims and causes of action in the District Court that the Trustee believed violated the automatic stay and threatened the Estate's assets, which allegations FedEx hotly denied. But FedEx asserted its own, personal claims as well, and the Trustee is not aware of any authority by which the Court could stop FedEx from pursuing its personal claims *in a Chapter 7 case*.

5. That the Trustee would prefer that he be the only plaintiff suing the various defendants involved is obvious, as is the fact that it will be harder for the Trustee to obtain settlements with defendants if the defendants still face potential liability to FedEx. The Trustee can do nothing about these realities, except to proceed with litigation as rapidly and aggressively as he reasonably can—and, as the objecting parties know, as he will—even if that means reduced settlements or a "race to the courthouse" against FedEx or, as he also reasonably believes,

TRUSTEE'S REPLY IN SUPPORT OF MOTION UNDER BANKRUPTCY RULE 9019 FOR APPROVAL OF MULTI-PARTY SETTLEMENT REGARDING PROPERTY OF THE ESTATE—Page 2

negotiating with FedEx in order to offer full "peace" to any estate defendant when the time for that comes. None of that is "abdication" or any reason to question the wisdom or benefits of the settlement such as it stands today, precisely because none of that is something that the Trustee or the Court can do anything about.

6. FedEx has now amended its District Court complaint to remove any relief related to a constructive trust claim against property of the Estate or to seek any relief on fraudulent transfer claims belonging to the Estate. As such, the very harm that the Trustee was concerned about—and that the objecting parties cynically raise—has been remedied. Should FedEx assert control over property of the Estate in the future, all parties can rest assured that the Trustee will take prompt and aggressive action. Thus, rather than "abdicating" his duty to protect the Estate, the Trustee has aggressively protected the Estate and that aggressive litigation has worked: FedEx has backed down. That is not "capitulation," it is "vindication."

7. If the objecting parties feel like they have legally and factually cognizable grounds to seek relief against FedEx, then they are free to do so. Nothing in the Proposed Settlement prejudices whatever rights they have. In fact, nothing in the Proposed Settlement affects them at all, which is an additional reason that they lack standing to oppose the Motion. But, by the same token that the Trustee is not proposing to prejudice their rights, they should not be prejudicing the Estate on an all-important settlement, especially when their ulterior and Machiavellian motives are so transparent.

WHEREFORE, PREMISES CONSIDERED, the Trustee respectfully requests that the Court overrule the Objection and grant the Motion as requested.

RESPECTFULLY SUBMITTED this 26th day of March, 2024.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: /s/ Davor Rukavina
Davor Rukavina, Esq.
Texas Bar No. 24030781
Thomas D. Berghman, Esq.
Texas Bar No. 24082683
3800 Ross Tower
500 N. Akard Street
Dallas, Texas 75201
Telephone: (214) 855-7500
Facsimile: (214) 855-7584

**GENERAL COUNSEL FOR SCOTT M. SEIDEL, TRUSTEE**

-- and --

**QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.**

2001 Bryan Street
Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
By: /s/ Michael J. Quilling
Michael J. Quilling
Texas Bar No. 16432300
Joshua L. Shepherd
Texas Bar No. 24058104

**SPECIAL COUNSEL FOR SCOTT M. SEIDEL, TRUSTEE**

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that, on this the 26th day of March, 2024, true and correct copies of this document were electronically served on parties entitled to notice thereof, including on counsel for the objecting parties.

                                    By: /s/ Davor Rukavina
                                            Davor Rukavina, Esq.