**JORDAN, LYNCH & CANCIENNE PLLC**
Michael Cancienne (SBN 24055256)
Joseph W. Golinkin II (SBN 24087596)
1980 Post Oak Blvd., Ste. 2300
Houston, Texas 77056
Telephone: 713.955.4025

*Counsel for 18920 NW 11th, LLC; Steven Zakharyayev; Evelina Pinkhasova; Hudson Clean Energy Enterprises, LLC, Alliance Texas Holdings, LLC, Neil Z. Auerbach, Judith Auerbach, Auerbach Partners, L.P., Auerbach Children's Dynasty Trust u/a/d October 9, 2012, and Auerbach Family Dynasty Trust u/a/d October 9, 2012*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re:<br>GOODMAN NETWORKS, INC.<br>Debtor | Chapter 7<br><br>Case No. 22-31641-mvl-7 |

**PARTIAL MOTION TO RECONSIDER OR CLARIFY ORDER APPROVING MULTI-PARTY SETTLEMENT REGARDING PROPERTY OF THE ESTATE**

18920 NW 11th, LLC; Steven Zakharyayev; Evelina Pinkhasova; Hudson Clean Energy Enterprises, LLC; Alliance Texas Holdings, LLC; Neil Z. Auerbach; Judith Auerbach; Auerbach Partners, L.P.; Auerbach Children's Dynasty Trust u/a/d October 9, 2012; and Auerbach Family Dynasty Trust u/a/d October 9, 2012 (together, "Movants") file this Partial Motion to Reconsider or Clarify the Court's Order Approving Settlement.

## I.   SUMMARY OF ARGUMENT

1. The Order approving the Trustee's Proposed Settlement contains language stating "that the causes of action asserted by FedEx in the United States District Court for the Northern District of Texas, thereby initiating Civil Action No. 3:23-cv-02397 (the "District Court Proceeding"), as presently pending, are not property of the Estate and are personal to FedEx[.]"[1]

2. Movants respectfully request that the Court amend or remove the above language from its Order. Although Movants argued (and continue to believe) that FedEx's claims against them violate the Automatic Stay, the merits of whether the claims by FedEx against Movants were personal to FedEx was not directly before the Court, and thus the Court's ruling on this issue is an impermissible advisory opinion.

## II.   BACKGROUND

3. On February 29, 2024, the Trustee filed a Motion to Compromise Controversy with Multi-Party Settlement Concerning Property of the Estate.[2] As part of that Proposed Settlement, the Trustee agreed to withdraw an adversary proceeding in which it alleged that FedEx had violated the automatic stay by suing Movants and others.[3] Movants objected to the Proposed Settlement because they argued that approval of the proposed settlement would, in effect, bless what Movants continue to believe constitute intentional violations of the Automatic Stay.[4]

---

[1]   ECF 526 at p. 9.
[2]   ECF 502.
[3]   *Id.*
[4]   ECF 514.

4. On March 28, 2024, the Court issued a bench ruling during which it approved the Proposed Settlement and overruled Movant's objections to the same. It subsequently entered an order approving the proposed settlement.[5]

### III. DISCUSSION

5. The Order approving the Proposed Settlement contains language stating "that the causes of action asserted by FedEx in the United States District Court for the Northern District of Texas, thereby initiating Civil Action No. 3:23-cv-02397 (the "District Court Proceeding"), as presently pending, are not property of the Estate and are personal to FedEx[.]"[6]

6. Although the Court heard arguments related to whether FedEx's claims violate the Automatic Stay, Movants made these arguments in the context of an objection to a proposed settlement.[7] There was no motion before the Court asking for a substantive ruling on this specific issue. As such, Movants respectfully request that the Court amend its order to clarify that the Order does not rule on or resolve the issue of whether FedEx owns the claims it has asserted against Movants in the District Court lawsuit and remove the language quoted above.

7. Both the Court and Trustee recognized that the merits of Movants' assertion that FedEx's claims against them belong to the Estate were not directly before the Court. For example, in its Response to Movants' objections to the Proposed Settlement, the Trustee explicitly argued that the Court should overrule Movants'

---

[5] ECF 526.

[6] ECF 526 at p. 9.

[7] 3/27/24 Hearing Tr. at 139:11-24.

objections because "nothing in the Proposed Settlement prejudices" Movants' right to "seek relief against FedEx" related to Movants' arguments.[8]

8. Along the same lines, in its bench ruling, the Court acknowledged that it was not "called upon to determine the merits" of the dispute between FedEx and the Trustee, e.g. whether FedEx's claims belong to the Estate.[9]

9. As it stands, the Court's order could be read to suggest that the Court has ruled on whether FedEx (as opposed to the Estate) owns the claims it has brought against Movants in the District Court lawsuit. Accordingly, and for the avoidance of confusion, Movants ask the Court to remove the above cited language.

### IV. CONCLUSION

10. Movants respectfully request that the Court remove this language from its Order approving the Settlement and/or otherwise clarify that its Order Approving the Proposed Settlement does not resolve or prejudice any claims Movants may have that FedEx's claims against them violate the Automatic Stay.

---

[8] ECF 519 at ¶ 7.
[9] Bench Ruling Tr. at p. 27:4-6.

4

Respectfully submitted,

JORDAN, LYNCH & CANCIENNE PLLC

By: *s/ Jeb Golinkin*
    Michael Cancienne
    State Bar No. 24046330
    Joseph ("Jeb") W. Golinkin II
    State Bar No. 24087596
    1980 Post Oak Blvd., Ste. 2300
    Houston, Texas 77056
    713-955-4020 (Telephone)
    713-955-9644 (Fax)
    mcancienne@jlcfirm.com
    jgolinkin@jlcfirm.com

ATTORNEYS FOR MOVANTS

## CERTIFICATE OF SERVICE

    I hereby certify that on this 17th day of April, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of this filing to all counsel of record in this case.

*/s/ Jeb Golinkin*
Joseph W. Golinkin II

## CERTIFICATE OF CONFERENCE

    I hereby certify that on 15th day of April, 2024, I conferred with counsel for the Trustee, who in turn conferred with counsel for the parties that supported the Proposed Settlement. On April 16th, 2024, counsel for the Trustee informed me that the Trustee and related parties opposed Movant's request for relief.

*/s/ Jeb Golinkin*
Joseph W. Golinkin II