| | |
|---|---|
| Davor Rukavina, Esq. | Michael J. Quilling |
| Texas Bar No. 24030781 | Texas Bar No. 16432300 |
| Thomas D. Berghman, Esq. | Joshua L. Shepherd |
| Texas Bar No. 24082683 | Texas Bar No. 24058104 |
| MUNSCH HARDT KOPF & HARR, P.C. | QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C. |
| 500 N. Akard Street, Suite 3800 | 2001 Bryan Street, Suite 1800 |
| Dallas, Texas 75201-6659 | Dallas, Texas 75201 |
| Telephone: (214) 855-7500 | (214) 871-2100 (Telephone) |
| Facsimile: (214) 855-7584 | (214) 871-2111 (Facsimile) |
| GENERAL COUNSEL FOR SCOTT M. SEIDEL, TRUSTEE | SPECIAL COUNSEL FOR SCOTT M. SEIDEL, TRUSTEE |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re: | § |
| | §  Chapter 7 |
| GOODMAN NETWORKS, INC., | § |
| | §  Case No. 22-31641-mvl-7 |
| Debtor. | § |

**TRUSTEE'S OBJECTION TO MOTION FOR PARTIAL RECONSIDERATION**

TO THE HONORABLE MICHELLE V. LARSON, U.S. BANKRUPTCY JUDGE:

COMES NOW Scott M. Seidel (the "Trustee"), the duly appointed chapter 7 trustee of the bankruptcy estate (the "Estate") of Goodman Networks, Inc. (the "Debtor"), the debtor in the above styled and numbered bankruptcy case (the "Bankruptcy Case"), and files this his *Objection* to the *Partial Motion to Reconsider or Clarify Order Approving Multi-Party Settlement Regarding Property of the Estate* (the "Motion"), filed by 18920 NW 11th, LLC; Steven Zakharyayev; Evelina Pinkhasova; Hudson Clean Energy Enterprises, LLC; Alliance Texas Holdings, LLC; Neil Z. Auerbach; Judith Auerbach; Auerbach Partners, L.P.; Auerbach Children's Dynasty Trust u/a/d October 9, 2012; and Auerbach Family Dynasty Trust u/a/d October 9, 2012 (collectively, the "Movants"), respectfully stating as follows:

1. The Movants—defendants of the estate who the Trustee has sued for tens of millions of dollars for various torts—were the only ones to object to the underlying settlement and,

having forced a contested hearing on that settlement, now seek to reconsider an important finding and conclusion regarding that settlement for the obvious and understandable reason that they do not want to defend themselves in two lawsuits. Understandable as their motivation may be, it would be more understandable for them to simply return the $9.5 million of ill-gotten gain they made, thereby saving themselves the large attorney's fees, multiple litigation, and multiple liabilities that they complain of.

2. The Court entered the 9019 Order on March 29, 2024.

3. The Movants filed their Motion on April 17, 2024—more than fourteen (14) days after the entry of the 9019 Order. Bankruptcy Rule 9023 therefore does not apply. Any relief that can be granted to the Movants can only be granted, therefore, under Bankruptcy Rule 9024, which incorporates Rule 60 of the Federal Rules of Civil Procedure.

4. The Movants fail to specify what portion of Rule 60(b) may justify the relief they seek. Certainly, there was no "mistake, inadvertence, surprise, or excusable neglect," or "newly discovered evidence," or "fraud," or a "satisfied judgment." At most, their argument may be that "the judgment is void," which would relate to the Court's jurisdiction, or "any other reason that justifies relief," which is an equitable reserve that does not appear applicable.

5. First, this Court has the jurisdiction—indeed the *exclusive* jurisdiction—to determine whether something is property of the estate. *See* 28 U.S.C. § 1334(e); *See In re Brown*, 734 F.2d 119, 124 (2d Cir. 1984) (holding that bankruptcy court had exclusive jurisdiction to determine competing claims to property of the estate); *In re Cox*, 433 B.R. 911, 920 (Bankr. N.D. Ga. 2010) ("whenever there is a dispute regarding whether property is property of the bankruptcy estate, exclusive jurisdiction is in the bankruptcy court"); *In re True*, 285 B.R. 405, 412 (Bankr. W.D. Mo. 2002) ("this court has exclusive jurisdiction to decide whether certain property is

property of the bankruptcy estate"). Thus, this Court had the jurisdiction to decide whether the Amended FedEx Complaint implicated property of the estate.

6. Second, the Movants argue that "[t]here was no motion before the Court asking for a substantive ruling on this specific issue" and that "the merits of whether the claims by FedEx against Movants were personal to FedEx was not directly before the Court, and thus the Court's ruling on this issue is an impermissible advisory opinion." The Trustee might have agreed, except for the fact that it was the Movants *themselves* who interjected the *substantive* issue of whether the Amended FedEx Complaint violated the automatic stay, thus triggering a contested hearing at which they raised and argued this precise point (and never mentioned Bankruptcy Rule 7001). Aside from accusing the Trustee of having "lost his nerve," and of attempting to "put lipstick on its illegal settlement," the Movants repeatedly argued that the settlement could not be approved because the Amended FedEx Complaint constituted property of the Estate:

- "the claims asserted in the FedEx lawsuit belong to the Estate," Objection at ¶ 4;

- "their financial and legal interests will be adversely impacted if the Court permits FedEx to continue to violate the Automatic Stay, as the proposed Settlement Agreement expressly would permit," *Id*. at ¶ 20;

- "Movants therefore have standing to seek to prevent the erosion of the automatic stay by the 9019 Motion and ultimately to request that the Court enforce the automatic stay against FedEx," *Id*. at ¶ 23;

- "The record likewise demonstrates that all the Disputed Claims derive from the same act—Debtor's transfer of cash originally received from FedEx under the Master Services Agreement to third parties —that gives rise to the Estate's claims. As a result, FedEx's Lawsuit violates the Automatic Stay," *Id*. at ¶ 30;

- "In sum, FedEx's claims are not unique and FedEx has not alleged any individualized complaint against Movants . . . These claims belong to the Estate." *Id*. at ¶ 37.

7. The Trustee agrees that FedEx's original complaint violated the automatic stay; of course he does—the Trustee sued FedEx for that. The issue of resulting damages was

---

compromised, as was the Trustee's right. But that was a separate issue from whether the Amended FedEx Complaint violated the automatic stay by asserting estate causes of action: it did not, the Trustee agreed that it did not, and the Court—after the Movants interjected this very issue as the sole basis to deny the settlement—agreed with the Trustee and explained its reasoning in detail. The Movants simply do not like the result and they seek a second bite at the apple by taking their shot before this Court, now seeking to put the bullet that they fired back into the cylinder, and then trying again before the District Court. Substantively, they have given the Court no reason for why the Court's conclusion or opinion was wrong, which of course is a threshold issue in seeking relief under Rule 60(b). It's just a "do over," which Rule 60(b) does not permit.

8. Finally, there is Rule 54(c) to consider, to the extent that the Trustee's 9019 motion did not expressly request a finding or conclusion regarding the Amended FedEx Complaint. Rule 54(c) provides that, except for a default judgment, "final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." FED. R. BANK. P. 54(c). This rule applied to the 9010 motion. *See* FED. R. BANK. P. 9014(c), making FED. R. BANKR. P. 7054 applicable. "Rule 54(c) has been liberally construed, leaving no question that it is the court's duty to grant whatever relief is appropriate in the case on the facts proved. This includes injunctive relief when appropriate, and even when not specifically requested." *Kaszuk v. Bakery & Confectionery Union and Indus. Intern. Pension Fund*, 791 F.2d 548, 559 (7th Cir. 1986) (internal citations and quotation omitted). Rule 54(c) is not absolute, however. The fundamental consideration is that "[t]he discretion afforded by Rule 54(c) thus assumes that a plaintiff's entitlement to relief not specifically pled has been tested adversarially, tried by consent, or at least developed with meaningful notice to the defendant." *Peterson v. Bell Helicopter Textron Inc.*, 806 F.3d 335, 340 (5th Cir. 2015).

9. Here, all three alternatives are met: the Trustee's motion and proposed order raised the issue of his belief that the Amended FedEx Complaint does not implicate property of the estate; at a minimum, this issue has been tried by consent as it is the Movants who directly interjected it; and there was certainly meaningful notice to the Movants as evidenced by, among other things, their ability to put together and file a thorough objection stating forth their views and case law, and their ability to capably present their arguments at the hearing.

10. The Trustee will end by assuring the Movants and the Court that, if FedEx again asserts what he believes to be property of the Estate, he will not be "meek" about it or permit FedEx to "usurp" his role: he will vigorously protect the property of the estate, the same as he has before.  Any, insofar as the Movants profited by some $9.5 million by acting as shills to enable fraudulent transfers and breaches of fiduciary duty worth tens of millions of dollars more, and are now concerned about having to defend themselves and potentially facing multiple liabilities, the Trustee will simply note again that, if they want out of it, they know what they have to do.

WHEREFORE, PREMISES CONSIDERED, the Trustee respectfully requests that the Court deny the Motion and grant him such other and further relief as may be proper and appropriate.

RESPECTFULLY SUBMITTED this 25th day of April, 2024.

        **MUNSCH HARDT KOPF & HARR, P.C.**

        By: /s/ Davor Rukavina
          Davor Rukavina, Esq.
          Texas Bar No. 24030781
          Thomas D. Berghman, Esq.
          Texas Bar No. 24082683
          3800 Ross Tower
          500 N. Akard Street
          Dallas, Texas 75201
          Telephone: (214) 855-7500
          Facsimile: (214) 855-7584

        **GENERAL COUNSEL FOR SCOTT M. SEIDEL, TRUSTEE**

        **-- and --**

        **QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.**

        2001 Bryan Street
        Suite 1800
        Dallas, Texas 75201
        (214) 871-2100 (Telephone)
        (214) 871-2111 (Facsimile)
        By: /s/ Michael J. Quilling
        Michael J. Quilling
        Texas Bar No. 16432300
        Joshua L. Shepherd
        Texas Bar No. 24058104

        **SPECIAL COUNSEL FOR SCOTT M. SEIDEL, TRUSTEE**

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that, on this the 25th day of April, 2024, true and correct copies of this document were electronically served by the Court's ECF system on parties entitled to notice thereof, including on counsel for the Movants.

                                          By: /s/ Davor Rukavina
                                                Davor Rukavina, Esq.