**BUTLER SNOW LLP**

Adam M. Langley (admitted pro hac vice)
R. Campbell Hillyer (admitted pro hac vice)
Danny Van Horn (admitted pro hac vice)
6075 Poplar Avenue, Suite 500
Memphis, TN 38119
Telephone: (901) 680-7316
adam.langley@butlersnow.com

and

Martin A. Sosland (TX Bar No. 18855645)
Candice Carson (TX Bar No. 24074006)
2911 Turtle Creek Blvd., Suite 1400
Dallas, Texas 75219
Telephone: (469) 680-5502
candice.carson@butlersnow.com
martin.sosland@butlersnow.com

*Counsel for FedEx Supply Chain Logistics & Electronics, Inc.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| GOODMAN NETWORKS, INC. | § | Case No. 22-31641 (MVL) |
| | § | |
| Debtor. | § | **Relates to Doc. No. 533** |
| | § | |

**FEDEX SUPPLY CHAIN LOGISTICS & ELECTRONCIS, INC'S
RESPONSE AND OBJECTION TO THE PARTIAL MOTION TO
RECONSIDER OR CLARIFY THE COURT'S ORDER APPROVING SETTLEMENT**

FedEx Supply Chain Logistics & Electronics, Inc. ("FSCLE") files this response (the "Response") in opposition to the *Partial Motion to Reconsider or Clarify the Court's Order Approving Settlement* (ECF No. 533, the "Third-Party Motion") filed by 18920 NW 11th, LLC, Steven Zakharyayev, Evelina Pinkhasova, Hudson Clean Energy Enterprises, LLC, Alliance Texas

1

Holdings, LLC, Neil Z. Auerbach, Judith Auerbach, Auerbach Partners, L.P., Auerbach Children's Dynasty Trust u/a/d October 9, 2012, and Auerbach Family Dynasty Trust u/a/d October 9, 2012 (the "Third Parties"). In support thereof, FSCLE states as follows:

1. On March 29, 2024, the Court granted the Trustee's motion seeking Bankruptcy Rule 9019 approval of multi-party settlement among the following parties: (i) the Trustee, (ii) the Settling Bondholders, (iii) FSCLE and (iv) ARRIS Solutions, Inc. (together the "Settlement Parties") and overruled the Third Parties' objection thereto. (ECF No. 526, the "Settlement Order" approving the "Settlement" described in the "Settlement Motion" at ECF No. 502).

2. The Settlement was truly "global" and contained over seventeen separate elements covering numerous disputed matters between the Settlement Parties that were memorialized and filed as a proposed order on March 18, 2024. (ECF No. 509).

3. The Third Parties raised a singular objection to only one component of the Settlement. The Third Parties, as targets of litigation, did not want to face litigation by the Estate and by FSCLE and objected to the Trustee releasing any automatic stay violation claims against FSCLE. (ECF 514). Remarkably, they asked the Court to "reject the Proposed Settlement and *immediately enjoin* FedEx from further prosecuting any claims against [the Third Parties] in any venue other than before this Court." *Id*. at 19-20 (emphasis added).

4. The Court rejected this request for relief, issued oral findings of fact and conclusions of law specifically overruling the Third Parties' objection and finding that the Settlement, including the provision at issue in this Third-Party Motion, was fair and reasonable, and then issued the Court's Settlement Order, which was in the same substantive form that was submitted and docketed by the Settlement Parties on March 18, 2024, except that the Court incorporated her oral findings of fact and conclusions of law.

5. Now, after requesting substantive injunctive relief and being overruled, the Third Parties untimely return to the Court and proclaim that "[t]here was no motion before the Court asking for a substantive ruling on this specific issue." Third-Party Motion at ¶ 6. And, they then untimely ask the Court to alter a substantive provision of the Settlement that was fairly disclosed in advance of the hearing and, if removed, would cause the entire Settlement to be unwound. The Third Parties shortsightedly do not ask to the Court to alter or amend her oral findings of fact and conclusions of law that were incorporated into the Settlement Order.

6. FSCLE objects to the Third-Party Motion for a litany of reasons: (1) it is untimely pursuant to Bankruptcy Rule 9023 because a motion to alter or amend a judgment must be filed within 14 days of its entry and the Third-Party Motion was filed 19 days after entry of the Settlement Order (i.e., 5 days late); (2) the Third Parties remedy as to the Settlement Order was an appeal, which was not pursued; (3) the Third Parties fail to state any cause for altering the Settlement Order other than arguments that were already overruled; (4) the requested relief in the Third-Party Motion would be inconsistent with the Court's oral finding of facts and conclusions of law, (5) the Third Parties lack standing to bring the Third-Party Motion, and (6) unwinding the settlement would prejudice the Settling Parties.

7. Bankruptcy Rule 9023 is plain on its face. A motion to alter or amend must be filed "no later than 14 days after entry of judgment." Fed. R. Bankr. P. 9023. This corresponds with the 14-day period to file a notice of appeal. Fed. R. Bankr. P. 8002(a). Thus, a litigant subject to an adverse ruling may seek relief under either Bankruptcy Rule 9023 or 8002 during the 14 days after entry of the adverse ruling. After 14 days, finality becomes the substantive policy and relief from a judgment or order may only be accomplished upon the showing of extraordinary cause under Bankruptcy Rule 9024. A motion under Bankruptcy Rule 9024 is subject to "unique limitations"

that do not apply to Bankruptcy Rule 9023 and a movant "must show that it is entitled to relief either under one of the particular grounds listed in clause (1) of Rule 60(b) (mistake, inadvertence, surprise, or excusable neglect), or by demonstrating some other ground justifying relief under the omnibus provision of clause (6) of Rule 60(b)." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 356 (5th Cir. 1993); *see also Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 642 (5th Cir. 2005) (relief under the catchall clause is available "only if extraordinary circumstances are present.") (citation omitted). A motion under Bankruptcy Rule 9024 must be brought within a reasonable time. Fed. R. Bankr. P. 9024, incorporating Fed. R. Civ. P. 60(c)(1).

8. The Third Parties do not cite any of these rules or any authority. Instead, they nakedly request relief that is not available to them. First, the Third Parties could have timely pursued a motion to alter or amend the Settlement Order pursuant to Bankruptcy Rule 9023, but they failed to do so. That relief is no longer available to them. Second, the Third Parties could have timely appealed the Settlement Order pursuant to Bankruptcy Rule 8002, but, again, they failed to do so. That relief is no longer available to them. Thus, the Settlement Order is final and binding. The Settlement Parties are entitled to rely on it. FSCLE and ARRIS did rely on the final Settlement Order, when they dismissed their appeal of the Court's earlier ruling related to Prosperity Bank.

9. Having failed to utilize available rights, the Third Parties then fail to plead any rule-based form of relief from a judgment under Bankruptcy Rule 9024 (i.e., mistake, inadvertence, surprise, or excusable neglect); therefore, they have failed to meet their burden of showing any cause for the Court to grant the extraordinary relief of altering a final judgment after the party failed to exercise its appellate rights and remedies. Moreover, the Third Parties could not make such a showing because the statement that they object to being included in the Settlement Order was disclosed on March 18, 2024, which was well in advance of the contested hearing on March

27, 2024, and the entry of the Settlement Order on March 29, 2024. The Third Parties were on notice of the proposed settlement terms, objected to those terms, and were overruled. None of Bankruptcy Rules 8002, 9023, or 9024 provide the Third Parties a remedy for relief from an adverse ruling after failing to avail themselves of appellate rights. The Settlement Order is final.

10. Additionally, the Third Parties complain about a single sentence in the Settlement Order, but they ignore that the Court made extensive oral findings of fact and conclusions of law that were consistent with the objected to sentence in the Settlement Order. The Court's findings were extensive, based on applicable case law, including her own prior opinions, and well-reasoned. The Court had the benefit of extensive briefing on multiple motions in the adversary proceeding brought by the Trustee against FSCLE, which was settled as part of the Settlement Order, in addition to extensive briefing on the settlement motion itself. These were not Johnny-come-lately findings of fact and conclusions of law. And, again, a review of the Court's findings of fact and conclusions of law is only appropriate on appeal, which was not sought.

11. For purposes of preservation, FSCLE reasserts that the Third Parties lacked standing to bring the objection to the Trustee's motion and also lack standing to file the Third-Party Motion because they are not persons with a pecuniary interest in the bankruptcy estate.

12. Finally, unwinding the Settlement at this late of a time would be unreasonable and result in prejudice to the Settling Parties. While the Third Parties only care about the one sentence in the Settlement Order, that one sentence was a material provision of the Settlement that cannot be unwound from the entire Settlement. The Settlement Parties have relied on the finality of the Settlement Order to consummate the Settlement. FSCLE and ARRIS after timely exercising their appellate rights related to the earlier Prosperity Bank dispute, dismissed their appeal reliant on the finality of the Settlement Order. The other Settling Parties have also taken steps to consummate

the settlement, including disbursing estate funds, resolving disputes by separate order, and pursuing or dismissing claims. The relief requested by the Third Parties would be inequitable and prejudicial to the Settling Parties, especially because the Settling Parties were entitled to rely on the finality of the Settlement Order after the Third Parties did not appeal it. The timing of the Third Parties Motion is not reasonable and would harm actual parties in the bankruptcy case who relied on it with no corresponding benefit to the estate or its creditors.

WHEREFORE, FSCLE respectfully requests this Court summarily deny the Third-Party Motion without any further hearing and appropriately warn the Third Parties against causing any further frivolous motions to be filed in this Bankruptcy Court based on arguments that were expressly overruled by the Settlement Order.

Respectfully submitted,

**BUTLER SNOW LLP**

*/s/ Adam M. Langley*
Adam M. Langley (admitted *pro hac vice*)
R. Campbell Hillyer (admitted *pro hac vice*)
Danny Van Horn (admitted pro hac vice)
6075 Poplar Avenue, Suite 500
Memphis, TN  38119
Telephone: (901) 680-7300
adam.langley@butlersnow.com
cam.hillyer@butlersnow.com
danny.vanhorn@butlersnow.com

Martin A. Sosland (TX Bar No. 18855645)
Candice Carson (TX Bar No. 24074006)
2911 Turtle Creek Blvd., Suite 1400
Dallas, Texas 75219
Telephone: (469) 680-5500
candice.carson@butlersnow.com
martin.sosland@butlersnow.com

*Counsel for FedEx Supply Chain Logistics*
*& Electronics, Inc.*

## CERTIFICATE OF SERVICE

I, R. Campbell Hillyer, certify that the foregoing pleading was filed electronically through the Court's ECF system and served electronically on all parties enlisted to receive service electronically in this case.

Dated: April 25, 2024

/s/ *Adam M. Langley*
Adam M. Langley

87375914.v1