Davor Rukavina, Esq.
Texas Bar No. 24030781
Thomas D. Berghman, Esq.
Texas Bar No. 24082683
Conor P. White, Esq.
Texas Bar No. 24125722
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584

ATTORNEYS FOR
SCOTT M. SEIDEL, TRUSTEE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 7 |
| GOODMAN NETWORKS, INC., | § | |
| | § | Case No. 22-31641-mvl-7 |
| Debtor. | § | |

**TRUSTEE'S MOTION FOR AUTHORIZATION
TO PAY DATA AND PHYSICAL STORAGE COSTS**

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT THE EARLE CABELL FEDERAL BUILDING, 1100 COMMERCE STREET, ROOM 1254, DALLAS, TEXAS 75242 BEFORE CLOSE OF BUSINESS ON MAY 22, 2024, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

TO THE HONORABLE MICHELLE V. LARSON, U.S. BANKRUPTCY JUDGE:

Scott M. Seidel (the "Trustee"), the duly appointed trustee for the estate (the "Estate") of Goodman Networks, Inc. (the "Debtor") in the above-styled bankruptcy case (the "Bankruptcy Case") and files this *Motion for Authorization to Pay Data and Physical Storage Costs* (the "Motion"), respectfully stating as follows:

## JURISDICTION AND VENUE

1. On September 6, 2022 (the "Petition Date"), various creditors of the Debtor filed an involuntary petition against the Debtor under Chapter 7 of the Bankruptcy Code, thereby initiating the Bankruptcy Case and creating the bankruptcy estate (the "Estate").

2. The Court entered its order for relief against the Debtor on December 12, 2022. The Trustee was thereafter appointed as the Chapter 7 trustee of the Estate.

3. The Court has jurisdiction over this Motion under 28 U.S.C. § 1334. Said jurisdiction is core under 28 U.S.C. § 157(b)(2). Venue of the Bankruptcy Case before this Court is proper under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

4. Prior to the Bankruptcy Case, the Debtor licensed a suite of software and information technology services offered and maintained by PC Connection, Inc. ("PCC"). This software included the Microsoft Office Suite, OneDrive cloud storage, and storage of the Debtor's emails, among other things (the "Software"). Related to the provision of this software suite, PCC would also provide certain maintenance services and IT assistance to the Debtor. As part of the Debtor and PCC's agreement, the Debtor would be invoiced separately for the provision of the Software and the services provided by PCC.

5. While a material amount of the data has been imaged and backed-up since the Trustee's appointment, there is ongoing litigation and additional litigation is likely to be filed

where access to non-imaged data may be required. The data services at issue relate to the data of the Debtor and its subsidiaries, with the Debtor as the primary accountholder. The licenses to the Software require regular renewal in order for access to data to continue. Pending payment of the renewal costs and curing of arrearages, data access has been temporarily suspended. As of April 2024, PCC is owed $27,783.18 (of which approximately $10,000 appears to be prepetition) (the "PCC Invoice"). Previously, the Debtor's subsidiary, GNET, paid these costs; however, there now remain insufficient resources to pay the same. Accordingly, authorization is sought for the Estate to pay the PCC Invoice and for authority to make the future monthly payments ($3,353.94 per month) for so long as it is deemed appropriate to do so in the Trustee's business judgment. For the avoidance of doubt, at such time that the obligations described herein become burdensome to the Estate, a notice of abandonment will be filed.

6.  Separately, the Debtor maintained two (2) physical storage units located at Advantage Storage. The monthly costs for both units combined is $625 per month. The storage units contain voluminous paperwork of the Debtor and its subsidiaries dating back many years, including shareholder statements, receivables and invoice data, and certain physical property of negligible value. For the same reasons as stated above, namely preservation of potential evidence, and given the relatively low cost to the Estate, authority is sought to maintain the storage units for the foreseeable future. As of the filing of this Motion, four (4) months of storage are owed ($2,500). Additionally, authority is sought to make current monthly payments for so long as it is deemed appropriate to do so in the Trustee's business judgment. For the avoidance of doubt, at such time that the obligations described herein become burdensome to the Estate, a notice of abandonment will be filed.

**RELIEF REQUESTED**

7. The Trustee, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). "Section 363 of the Bankruptcy Code addresses the debtor's use of property of the estate and incorporates a business judgment standard. . . . The business judgment standard in section 363 is flexible and encourages discretion." *ASARCO, Inc. v. Elliott Mgmt. (In re Asarco, L.L.C.)*, 650 F.3d 593, 601 (5th Cir. 2011). An order is sought pursuant to section 363(b)(1) authorizing the payment of the present and future storage costs described herein. While a material amount of data has been imaged, it is not and cannot be known at present whether all emails (and other electronic data) potentially relevant to the various filed and to-be filed lawsuits have been backed up. Similarly, potentially relevant documents may be located at the physical storage units. Given the amounts in controversy in the various pending litigation matters related to this Bankruptcy Case, the costs described herein, while not insignificant, are reasonable and necessary expenses.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, the Trustee respectfully requests that the Court enter an order: (i) granting this Motion; (ii) authorizing the Trustee to pay the present and future storage costs described in the Motion; and (iii) granting the Trustee such other and further relief as may be appropriate.

RESPECTFULLY SUBMITTED this 1st day of May, 2024.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: /s/ *Thomas Berghman*
Davor Rukavina, Esq.
Texas Bar No. 24030781
Thomas D. Berghman, Esq.
Texas Bar No. 24082683
Conor P. White, Esq.
Texas Bar No. 24125722
500 N. Akard Street, Suite 3800
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584
E-mail: drukavina@munsch.com
tberghman@munsch.com
cwhite@munsch.com

**ATTORNEYS FOR
SCOTT M. SEIDEL, TRUSTEE**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this the 1st day of May 2024, a true and correct copy of this document was served via the Court's ECF Notification system on all parties entitled to notice thereby and via U.S. Mail First Class prepaid on all parties listed on the attached service list.

By: */s/ Thomas Berghman*
Thomas D. Berghman, Esq.