**JORDAN, LYNCH & CANCIENNE PLLC**
Michael Cancienne (SBN 24055256)
Joseph W. Golinkin II (SBN 24087596)
1980 Post Oak Blvd., Ste. 2300
Houston, Texas 77056
Telephone: 713.955.4025

*Counsel for 18920 NW 11th, LLC; Steven Zakharyayev; Evelina Pinkhasova; Hudson Clean Energy Enterprises, LLC, Alliance Texas Holdings, LLC, Neil Z. Auerbach, Judith Auerbach, Auerbach Partners, L.P., Auerbach Children's Dynasty Trust u/a/d October 9, 2012, and Auerbach Family Dynasty Trust u/a/d October 9, 2012*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re:<br>GOODMAN NETWORKS, INC.<br>Debtor | Chapter 7<br><br>Case No. 22-31641-mvl-7 |

**MOVANTS' REPLY IN SUPPORT OF THEIR PARTIAL MOTION TO RECONSIDER/CLARIFY ORDER APPROVING MULTI-PARTY SETTLEMENT REGARDING PROPERTY OF THE ESTATE**

In its Order Approving Multiparty Settlement, the Court states "that the causes of action asserted by FedEx in the United States District Court for the Northern District of Texas, thereby initiating Civil Action No. 3:23-cv-02397 (the "District Court Proceeding"), as presently pending, are not property of the Estate and are personal to FedEx[.]"[1] In their Motion, Movants ask the Court to remove this line

---

[1] ECF 526 at p. 9.

because that language transforms an order approving a settlement agreement into an advisory opinion.

FedEx and the Trustee object to this modest request. Movants do not have much to add to their original argument, but do want to make two points in response to these objections. First, FedEx and the Trustee argue that Movants' Motion is untimely under Bankruptcy Rule 9023, but that rule does not apply here. Movants are not challenging or appealing the Court's decision to approve the settlement, nor does the relief Movants seek in any way alter the terms of the settlement that the Trustee asked this Court to approve.[2] Instead, Movants' Motion is governed by Federal Rule of Civil Procedure 60 (incorporated by Bankruptcy Rule 9024), which explicitly allows the Court to, at any time before an appeal is heard, "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." F.R.C.P. 60. Thus, the 14-day deadline does not apply.

More broadly, Movants are not asking the Court to revisit or reconsider its decision to grant the Trustee's Motion to Approve Proposed Settlement. But Movants were and are under the impression that the Court intended to rule on the Trustee's Motion to Approve the Proposed Settlement and nothing else. FedEx plainly intends to use the language in question to argue that the Court's ruling on the settlement also disposes of Movants' legal right to challenge FedEx's claims on the grounds that

---

[2] Indeed, the language at issue is not referenced or included in the "Revised Settlement Term Sheet" the Trustee attached to its Motion to Approve Settlement. ECF 502-1.

2

they belong to the Trustee, converting portions of the Order at issue into an advisory opinion. Such an advisory opinion, Movants' urge, is not appropriate and inconsistent with the relief originally sought by the Motion to Approve the Settlement Agreement.

Respectfully submitted,

JORDAN, LYNCH & CANCIENNE PLLC

By: *s/ Jeb Golinkin*
Michael Cancienne
State Bar No. 24046330
Joseph ("Jeb") W. Golinkin II
State Bar No. 24087596
1980 Post Oak Blvd., Ste. 2300
Houston, Texas 77056
713-955-4020 (Telephone)
713-955-9644 (Fax)
mcancienne@jlcfirm.com
jgolinkin@jlcfirm.com

ATTORNEYS FOR MOVANTS

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of May, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of this filing to all counsel of record in this case.

*/s/ Jeb Golinkin*
Joseph W. Golinkin II