

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

Signed May 8, 2024

_____
**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| GOODMAN NETWORKS, INC., | § | Case No. 22-31641-MVL7 |
| | § | |
| Debtor. | § | |
| | § | |

## ORDER DENYING MOTION FOR RECONSIDERATION

Before the Court is the *Partial Motion to Reconsider or Clarify Order Approving Multi-Party Settlement Regarding Property of the Estate* (the "**Motion**") [ECF No. 533] filed on April 17, 2024, by certain third party litigation defendants (the "**Movants**"), seeking the Court's reconsideration of one specific finding and conclusion contained in its *Order Approving Multi-Party Settlement Regarding Property of the Estate* (the "**9019 Order**") [ECF No. 526], entered on March 29, 2024. On April 25, 2024, the Chapter 7 Trustee (the "**Trustee**") and FedEx Supply Chain Logistics & Electronics, Inc ("**FedEx**") each filed objections, urging the Court to deny the Motion. *See* ECF Nos. 536 and 537. On May 2, 2024, the Movants filed a reply in support of

their Motion. *See* ECF No. 547. For the reasons stated more fully below, the Court will **DENY** the Motion.

I. LEGAL STANDARD.

A bankruptcy court's approval of a settlement that brings an end to litigation between parties is a "final" order. *In re Gibraltar Res., Inc.*, 210 F.3d 573, 576 (5th Cir. 2000). A motion to alter or amend a final order is governed by Rule 59(e) of the Federal Rules of Civil Procedure, as made applicable to this bankruptcy proceeding by Rule 9023 of the Federal Rules of Bankruptcy Procedure.[1] FED. R. CIV. P. 59(e); FED. R. BANKR. P. 9023. Such a motion must be filed within 14 days after the order is entered. *See* FED. R. BANKR. P. 9023(c). Separately, a party may move the court for correction of a clerical mistake or a mistake arising from oversight or omission whenever one is found in an order under Rule 60(a), as made applicable to this bankruptcy proceeding by Bankruptcy Rule 9024. FED. R. CIV. P. 60(a); FED. R. BANKR. P. 9024. A motion under Rule 60(a) must be made before any appeal, otherwise, such a mistake may be corrected only with the appellate court's leave. *See* FED. R. CIV. P. 60(a).

Whether analyzed under Rule 59 or 60, "[m]otions for reconsideration have a narrow purpose and are only appropriate to allow a party to correct a manifest error of law or fact or to present newly discovered evidence." *Arrieta v. Yellow Transp., Inc.*, No. 3:05–CV–2771–D, 2009 WL 129731, at *1 (N.D. Tex. Jan. 20, 2009) (internal quotations omitted). "Such motions are not the proper vehicle for rehashing old arguments or advancing theories of the case that could have been presented earlier … A motion for reconsideration based on recycled arguments serves only to waste the court's resources." *Wolf Designs, Inc. v. Donald McEvoy Ltd., Inc.*, No. Civ. A. 3:03-

---

[1] Hereinafter, any capitalized reference to a Rule or the Rules refers to the Federal Rules of Civil Procedure (a "**Rule**" or the "**Rules**"). Similarly, any capitalized reference to a Bankruptcy Rule or the Bankruptcy Rules refers to the Federal Rules of Bankruptcy Procedure (a "**Bankruptcy Rule**" or the "**Bankruptcy Rules**").

2

CV-2837-G, 2005 WL 827076, at *1 (N.D. Tex. Apr. 6, 2005) (citing *Resolution Trust Corp. v. Holmes*, 846 F.Supp. 1310, 1316 (S.D. Tex. 1994); *Texas Instruments, Inc. v. Hyundai Elecs. Indus., Co. Ltd.*, 50 F.Supp.2d 619, 621 (E.D. Tex. 1999)).

## II. DISCUSSION.

After considering the Motion and the responses, the Court concludes that reconsideration of its 9019 Order is not warranted. The Movants failed to cite to any authority for the relief requested in their Motion until their reply. The statutory authority that Movants eventually rely upon does not support the relief they have requested, and as such, the Motion should be denied. Even were the Court to overlook the procedural failures of the Motion, the Movants' sole substantive argument appears to be based upon a misunderstanding of the difference between the standard for approval of a compromise under Bankruptcy Rule 9019 and the import of an order issued thereon. Because the Movants' argument is a rehashing of their prior arguments, the Court concludes it must **DENY** the Motion.

### A. The Motion Was Untimely Under Rule 9023

The Movants failed to identify any statutory authority for the relief requested in the Motion when originally filed, as was their obligation. *See* ECF No. 533. Only after responsive briefing was filed by the Trustee and FedEx, pointing out that the Motion was tardy pursuant to Bankruptcy Rule 9023, did the Movants assert that they were seeking reconsideration pursuant to Rule 60(a) and Bankruptcy Rule 9024, asking that the Court "correct a clerical mistake or a mistake arising from oversight or omission." See ECF No. 547. There is no mention of a "clerical error" or "oversight" in the original Motion. Rather, what the Movants seek "is quintessentially a matter for reconsideration under … Rule 59(e), not for correction of a clerical error under Rule 60(a)."

3

*Days Inn Worldwide, Inc. v. JPM, Inc.*, Case No. 13-3017, 2015 WL 5474882, *4 (D. N.J. Sept. 15, 2015).

This is laid bare by the fact that notice of the proposed form of the 9019 Order (the "**Notice**") was filed by the Trustee on the docket on March 18, 2024, nine days prior to the hearing. ECF No. 509. That form of order contained the same language which the Movants now assert was a "clerical error" or an "oversight." The Court noted that it was approving that specific form of order in its oral ruling.[2] If there was a "clerical error" or an "oversight" in the form of order, the time to raise it was at the hearing, after the oral ruling or at the very least in the original Motion.[3] On the contrary, as the both the title and substance of the Motion would logically lead one to believe, the substantive relief sought therein fits squarely within Bankruptcy Rule 9023; thus, the Motion was filed untimely. The Motion could be denied for this reason alone. Nevertheless, even though the substantive argument advanced in the Motion does not lend itself to analysis under a Rule 60(a) lens, the Court will address the argument advanced in support of reconsideration raised in the Movants' reply.

### B. The Substantive Issue at Hand Was Undeniably Before the Court and Not an Advisory Opinion

Although they repeatedly advanced substantive arguments related to whether FedEx's claims were "personal" to it or belonged to the estate at the hearing, the Movants contend that matter was not before the Court *on the merits*. Therefore, they assert anything in the 9019 Order, which definitively determines whether FedEx holds the claims it has asserted in the District Court

---

[2] *See* ECF No. 540 ("Based upon the foregoing, the Cout will overrule the objection and approve the global settlement as embodied in the form of order.") (emphasis added).

[3] This language was also contained in the Settlement Term Sheet attached to the *Trustee's Motion Under Bankruptcy Rule 9019 for Approval of Multi-Party Settlement Regarding Property of the Estate* (the "**9019 Motion**") as Exhibit A. *See* ECF No. 502-1, p. 2, ¶ 8. The language is mirrored in the proposed form of order as docketed in the Notice. *See* ECF No. 509, pp. 10–11. Therefore, there can be no question that the language the Movants complain of was intentionally, and not "mistakenly," included in the 9019 Order.

lawsuit or whether Movants may assert that FedEx's claims against them violate the automatic stay, constitutes an "advisory opinion." The Court disagrees.

There is no question that a justiciable controversy existed before the Court on the specific issue of whether FedEx had asserted claims that were personal to it or belonged to the estate.[4] At the time the Court approved the 9019 Motion, the controversy in question "c[ould] presently be litigated and decided and [it was] not hypothetical, conjectural, conditional, or based upon the possibility of a factual situation that may never develop." *Rowan Companies, Inc. v. Griffin*, 876 F.2d 26, 28 (5th Cir. 1989). Indeed, the parties had already been litigating for months regarding the issue of whether the automatic stay had been violated. The controversy was real, definite, and concrete, and therefore justiciable, for all of the acts necessary for a resolution of the merits of the substantive claim. Likewise, the approval of the settlement of such claims constituted a justiciable controversy. *In re Hassan*, 527 B.R. 97, 102 (Bankr. E.D.N.Y. 2015) ("The [9019] Order is not an unconstitutional advisory opinion because the case or controversy on which it rules is the 9019 Motion brought by the Trustee.").

Excising the finding that FedEx holds personal claims against the Movants would undercut a critical part of the approved settlement. The 9019 Motion was filed and served as required by Bankruptcy Rule 2002. The purpose of the "notice and hearing" concept is to give third parties an opportunity to be heard before a final judgment is entered that will have a res judicata effect.[5] The

---

[4] "A federal court is without power to decide moot questions or to give advisory opinions which cannot affect the rights of the litigants in the case before it." *Amalgamated Ass'n of St., Elec. Ry. & Motor Coach Emp. of America, Division 998 v. Wisconsin Employment Relations Bd.*, 340 U.S. 416, 418 (1951); *Halder v. Standard Oil Co.*, 642 F.2d 107, 110 (5th Cir. 1981) (Article III, sec. 2 of the Constitution requires a justiciable case or controversy). There must be "a real and substantial controversy admitting of specific relief through a decree of conclusive character, not an opinion advising what the law would be upon a hypothetical state of facts." *Halder*, 642 F.2d at 110 (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240–41 (1937)).

[5] *See* FED. R. BANKR. P. 9019 ("On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.").

Court heard both evidence and oral argument on the exact matter at issue, including the Movants' opposition, and determined that the proposed settlement was a fair compromise of complex litigation that fell within the range of reasonable litigation alternatives. Therefore, the 9019 Order was not, and is not, an "advisory opinion."

### C. The Standard for Approval of a Compromise Under Bankruptcy Rule 9019 Does Not Require a Trial "On the Merits" to Approve a Compromise That Has Res Judicata Effect

The heart of the Movant's error is that they conflate the 9019 approval standard with the effect of a 9019 order. It is hornbook law that in order to approve a settlement pursuant to Bankruptcy Rule 9019, the Court was not required to hold a full evidentiary hearing, or even a "mini-trial," in order to approve the compromise. *See In re Cajun Elec. Power Co-op., Inc.*, 119 F.3d 349, 356 (5th Cir. 1997). Nevertheless, once approved, a settlement agreement embodied in a judgment has the same res judicata effect as any other final order on the merits with respect to the subject matter of the order. *Gibraltar Res., Inc.*, 210 F.3d at 576; *Miller v. Lim (In re Miller Parking Co., LLC)*, 510 B.R. 123, 127 (E.D. Mich. 2014) (reviewing order approving settlement in bankruptcy as "final and immediately appealable"); *In re Reeves*, 521 B.R. 827, 833 (Bankr. E.D. Tenn. 2014) ("An order approving compromise and settlement under Fed. R. Bankr. P. 9019 has the same res judicata effect as any other final order with respect to the subject matter of the order.") (citations omitted); *Ritzen Grp., Inc. v. Jackson Masonry, LLC (In re Jackson Masonry, LLC)*, 906 F.3d 494 (6th Cir. 2018) (discussing the finality of orders in bankruptcy), *aff'd*, 589 U.S. 35 (2020).

The Movants cite to instances where the Court and the Trustee purportedly "recognized that the merits of Movants' assertion that FedEx's claims against them belong to the Estate were not directly before the Court." ECF No. 533, p. 3, ¶ 7. However, this assertion distinctly mischaracterizes the portion of the Court's ruling noting that it was not "called upon to determine

6

the merits" of the dispute between FedEx and the Trustee. ECF No. 533, p. 4, ¶ 8. The Court's references to not determining the "merits" do not to inure to the benefit of the Movants.

As stated above, a bankruptcy court does not need to *try the merits* of a matter to approve the settlement thereof. This is simply because a determination that claims are "personal" to FedEx does not address whether such claims are *meritorious*. Taken in context, that portion of the Court's ruling reads as follows:

> The [Movants'] objection reads very much like a collateral attack on the [District Court] complaint, which is well outside of this Court's purview. As the Fifth Circuit noted in [*In re Seven Seas*, 522 F.3d 575, 587 (5th Cir. 2008)], again, it bears emphasizing that:
>
>> Our holding here is a narrow one that in no way passes on the *merits* of the claims. It's not our place to consider whether the creditors' allegations are sufficient to state a cause of action under Texas law or to speculate as to what set of facts might ultimately be proven in support of recovery. Simply put, the fact that the creditor ultimately may be unable to prevail on the claims does not render the claims property of the estate.
>
> So here too, *even though the Court is not called upon to determine the merits,* there exists substantial controversy to be settled by FedEx and the estate, which they have. And this substantial controversy is one but a dozen of controversies and disputes, large and small, that are compromised by the global settlement. For these reasons, the settlement satisfies the probability of success in litigation with due consideration for [] uncertainty prong.

ECF No. 540, pp. 26–27, lines 15–11 (emphasis added). Neither of these references to "merits" equates to a reservation of the Movants' right to relitigate the terms of the approved settlement. The 9019 Order approves a fair and reasonable settlement resolving global litigation of a multiple of discrete issues in favor of the bankruptcy estate and its creditors, over 90% of whom actively supported the compromise. Reconsideration of the finding requested by the Movants would rewrite the settlement and unwind their bargain. Accordingly, while the Movants are entitled to

7

defend the merits of FedEx's claims in the District Court, the issue of whether the claims are personal to FedEx has been determined on a final basis by virtue of the 9019 Order.

### III. CONCLUSION.

The Court concludes that reconsideration of its 9019 Order is not warranted pursuant to Bankruptcy Rule 9023 because the Motion is untimely; and, if applicable, reconsideration is denied pursuant to Bankruptcy Rule 9024 and Rule 60(a) because the finding about which the Movants complain was purposeful, substantive and not in error, clerical or otherwise. As such, based on the foregoing, it is hereby

**ORDERED** that Movants' *Partial Motion to Reconsider or Clarify Order Approving Multi-Party Settlement Regarding Property of the Estate*, filed at ECF No. 533 is **DENIED.**

### END OF ORDER ###