Philip M. Guffy
**HUNTON ANDREWS KURTH LLP**
600 Travis Street, Suite 4200
Houston, Texas  77002
Tel:    713-220-4200
Email:  pguffy@huntonak.com

Paul N. Silverstein
Brian Clarke
**HUNTON ANDREWS KURTH LLP**
200 Park Avenue
New York, NY 10166
Tel:    212-309-1000
Email:  psilverstein@huntonak.com
              brianclarke@huntonak.com

*Counsel to the Majority Noteholder Group*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | § § Chapter 7 |
| GOODMAN NETWORKS, INC., | § § Case No. 22-31641 (MVL) |
| Debtor. | § § § § |

**BONDHOLDER STATEMENT IN
SUPPORT OF TRUSTEE'S MOTION FOR AUTHORITY
TO CAUSE DEBTOR SUBSIDIARIES TO FILE CHAPTER 11 PETITIONS**
**[Relates to Docket No. 544]**

The Majority Noteholder Group[1], for its statement in support of the *Trustee's Motion for Authority to Cause Debtor Subsidiaries to File Chapter 11 Petitions* (the "**Motion**")[2] [Docket No. 544], respectfully represent:

1.      The Majority Noteholder Group, through UMB Bank, National Association, as indenture trustee, and U.S. Bank, N.A., as collateral agent (collectively, the "**Bondholders**"),

---

[1]    The Majority Noteholder Group consists of investment advisers or managers of funds that hold (with such investment advisers and managers acting on behalf of such holders), or are beneficial holders of, a majority of the 8% Senior Secured Notes due 2022 issued by Goodman Networks, Inc., and include JLP Credit Opportunity Master Fund Ltd., JLP Credit Opportunity IDF Series Interests of the SALI Multi-Series Fund, L.P., JLP Institutional Credit Master Fund LP, Alimco Re Ltd., Marli B. Miller Trust A4, Miller Family Education and Medical Trust, Susan F Miller Spousal IRA, Susan F. Miller Spousal Trust A4, DuPont Pension Trust, and Hilltop Securities, Inc.

[2]    Capitalized terms used but not defined herein have the meaning given to them in the Motion

constitute the principal secured creditors of the Subsidiaries.  Specifically, pursuant to the Court's *Order Approving Multi-Party Settlement Regarding Property of the Estate* [Docket No. 526] (the "**Global Settlement Order**"), all of the major stakeholders in the Estate recognized that the Bondholders have "valid and unavoidable first priority security interests" in the AIG Funds. Global Settlement Order, pp. 7-8.  That the Subsidiaries (particularly Multiband) would be the subject of eventual chapter 11 cases was a key element of the transactions underlying the Global Settlement Order from the Bondholders' perspective.  As set forth in the Motion, the AIG Funds are the primary asset of Multiband that the Trustee would seek to administer in a proposed chapter 11 filing.  Accordingly, the Majority Noteholder Group has a keen interest in the proposed filings.

2.      The Majority Noteholder Group supports the Motion and believes strongly that the Trustee should be permitted to file chapter 11 cases for each of the Subsidiaries.  With respect to Multiband, a chapter 11 filing and plan is likely the quickest and most efficient way to resolve all issues related to the AIG Funds.  As set forth in the Motion, by using the surplus AIG Funds to pay down the Bondholders' claims, the Trustee will be able to reduce the outstanding claims against the Estate without the expenditure of Estate assets, thereby increasing recoveries to all creditors.

3.      Further, it is critical that the Subsidiaries be filed under chapter 11 rather than chapter 7.  First, the Trustee and his advisors have already engaged in an extensive review of the Subsidiaries' assets, including the AIG Funds and the related insurance agreements.  Allowing the Trustee and his advisors to continue this process in chapter 11 cases for the Subsidiaries is much more efficient and cost-effective than bringing in an entirely new trustee and new professionals who will not be up to speed on the Subsidiaries' assets or any of the issues related to the AIG Funds.  Second, the Majority Noteholder Group understands that many of the obligations that are

2

secured by the AIG Funds are long-term workers' comp obligations.  In light of that fact, the flexibility of a chapter 11 plan process, which can be used to ensure that these obligations are properly provided for, is imperative for a successful process.

4.      The proposed chapter 11 filings by the Subsidiaries will not prejudice any creditors of the Debtor's Estate or any creditor of the Subsidiaries.  Under the Global Settlement Order, the Bondholders have already agreed to allow a reasonable surcharge of their collateral to fund such bankruptcy filings, if necessary.  A prompt and efficient resolution of the issues related to the AIG Funds is in the best interests of the Debtor's Estate and all creditors, and the Majority Noteholder Group believes the plan outlined in the Motion is the best way to achieve that.

WHEREFORE, the Majority Noteholder Group respectfully requests that the Court grant the Motion and grant such other and further relief as may be just and proper.

Dated:  May 24, 2024

Respectfully submitted,

*/s/  Philip M. Guffy*
Philip M. Guffy (TX Bar No. 24113705)
**HUNTON ANDREWS KURTH LLP**
600 Travis Street, Suite 4200
Houston, Texas  77002
Tel:     713-220-4200
Email: pguffy@huntonak.com

-and-

Paul N. Silverstein
Brian Clarke
**HUNTON ANDREWS KURTH LLP**
200 Park Avenue
New York, NY 10166
Tel:     (212) 309-1000
Email: psilverstein@huntonak.com
            brianclarke@huntonak.com

*Counsel to the Majority Noteholder Group*

3

## CERTIFICATE OF SERVICE

I certify that on May 24, 2024, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas.

*/s/ Philip M. Guffy*
Philip M. Guffy

DMS 306920809