

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON**
**THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

*Michelle V. Larson*

**Signed July 23, 2024**

_____
**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 7 |
| GOODMAN NETWORKS, INC., | § | |
| | § | Case No. 22-31641-mvl-7 |
| Debtor. | § | |

**ORDER GRANTING IN PART AND DENYING IN PART**
**JAMES E. GOODMAN AND JAMES S. GOODMAN'S MOTION FOR RELIEF**
**FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362(d)(1)**

CAME ON FOR HEARING on June 20, 2024 (the "Hearing"), the *Motion for Limited Relief From the Automatic Stay Under 11 U.S.C. § 362(d)(1)* [Docket No. 542] (the "Motion"), filed on May 1, 2024 by James S. Goodman and James E. Goodman (together, the "Goodmans"), parties-in-interest in the above-captioned bankruptcy case (the "Bankruptcy Case") of Goodman Networks, Inc. (the "Debtor"), pursuant to which the Goodmans seek relief from the automatic stay to collect proceeds from the Debtor's D&O insurance policies for reimbursement of certain legal fees as well as advances of future defense costs in defense of certain matters, as more specifically set forth in the Motion.

Case 22-31641-mvl7    Doc 592    Filed 07/24/24    Entered 07/24/24 10:19:56    Desc Main
Document      Page 2 of 2

On May 15, 2024, Scott M. Seidel (the "Trustee"), in his capacity as the duly-appointed chapter 7 trustee of the Debtor's estate, filed the *Objection to James E. Goodman and James S. Goodman's Motion for Limited Relief From the Automatic Stay Under 11 U.S.C. § 362(d)(1)* [Docket No. 552] (the "Objection").

Upon consideration of the relief requested in the Motion and opposition to the requested relief set out in the Objection, and based upon the arguments of counsel at the hearing on the Motion, the evidence adduced at the Hearing, including testimony from the Trustee, Matthias Kleinsasser, and Randy Pulman, and finding that service and notice of the Motion was sufficient, lawful, and appropriate as required by Federal Rule of Bankruptcy Procedure 9007, and pursuant to 11 U.S.C. §§ 105, 362, and 541, and for the reasons more particularly set out in the Court's oral ruling on the Motion, it is hereby:

ORDERED that the Motion is GRANTED IN PART and DENIED IN PART; it is further

ORDERED that the proceeds of the Base DIC Policy (as defined in the Motion) are not property of the Estate; it is further

ORDERED that the automatic stay is modified with respect to the Base DIC Policy (as defined in the Motion) and the Goodmans are authorized to make claims and collect proceeds of the Base DIC Policy without further Court oversight; it is further

ORDERED that the Motion is DENIED as to all other D&O Insurance Policies (as defined in the Motion) at this time without prejudice.

# # # END OF ORDER  # # #