Davor Rukavina, Esq.
Texas Bar No. 24030781
Thomas D. Berghman, Esq.
Texas Bar No. 24082683
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 4000
Dallas, Texas 75201-6605
Telephone: (214) 855-7500
drukavina@munsch.com
tberghman@munsch.com

GENERAL COUNSEL FOR
SCOTT M. SEIDEL, TRUSTEE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re: § | |
| § | Case No. 22-31641 (mvl) |
| GOODMAN NETWORKS, INC., § | |
| § | Chapter 7 |
| *Debtor*. § | |

**TRUSTEE'S LIMITED OBJECTION TO STAY RELIEF MOTION OF JOSEPH "JODY" GOODMAN, JONATHAN GOODMAN, AND JASON GOODMAN**

TO THE HONORABLE MICHELLE V. LARSON, U.S. BANKRUPTCY JUDGE:

COMES NOW, Scott M. Seidel ("Trustee"), the duly appointed chapter 7 trustee of the bankruptcy estate (the "Estate") of Goodman Networks, Inc. (the "Debtor"), and files this *Limited Objection to Stay Relief Motion of Joseph "Jody" Goodman, Jonathan Goodman, and Jason Goodman* (the "Limited Objection"), objecting to the *Motion of Joseph "Jody" Goodman, Jonathan Goodman, and Jason Goodman* (the "Goodman Parties") *for Entry of an Order, Pursuant to 11 U.S.C. § 362(d), Modifying the Automatic Stay, to the Extent Necessary, to Allow Payment, Reimbursement, and/or Advancement of Defense Costs, and Certain Settlement Amount under the Debtor's Directors and Officers Insurance Policies* (the "Stay Relief Motion") and in support thereof would respectfully show the Court as follows:

## LIMITED OBJECTION

1. The Court should grant the Goodman Parties limited stay relief only to the extent of the Base DIC Policy[1] and should deny stay relief as to all other D&O Insurance Policies.

2. On June 20, 2024, this Court held an extensive evidentiary regarding the very issues presented in the Stay Relief Motion, but as applicable to James E. Goodman and James S. Goodman. Following the same, the Court entered its *Order Granting In Part and Denying in Part James E. Goodman and James S. Goodman's Motion for Relief from the Automatic Stay under 11 U.S.C. § 362(d)(1)* (the "James Goodman Order") [Doc. 592]. In the James Goodman Order, the Court held:

> ORDERED that the proceeds of the Base DIC Policy (as defined in the Motion) are not property of the Estate; it is further
>
> ORDERED that the automatic stay is modified with respect to the Base DIC Policy (as defined in the Motion) and the Goodmans are authorized to make claims and collect proceeds of the Base DIC Policy without further Court oversight; it is further
>
> ORDERED that the Motion is DENIED as to all other D&O Insurance Policies (as defined in the Motion) at this time without prejudice.
>
> # # # END OF ORDER # # #

3. The Court should enter substantially the same order here. First, the Stay Relief Motion and proposed stipulation on same does not appear to indicate which policy will be depleted first. The very risks identified in the James Goodman hearing remain present: if the Goodman Parties here first deplete the D&O Insurance Policies, the Estate will be prejudiced due to its Side B reimbursement rights. Second, it appears that the Base DIC Policy does not provide coverage if other policies (such as the D&O Insurance Policies) are available. Under the

Goodman Parties' proposed stipulation, it appears that the Base DIC Policy may therefore be the last policy depleted, to the prejudice of the Estate. *See* Doc. 572-4 at ECF page 5 of 30, § 1(a)(1)(v).

## CONCLUSION

WHEREFORE, premises considered, the Trustee, respectfully requests that the Court (i) grant the motion only to the extent of the Base DIC Policy; (ii) deny the motion as to all other D&O Insurance Policies without prejudice; and (iii) grant the Trustee such other and further relief as is just and equitable.

RESPECTFULLY SUBMITTED this 31st day of July, 2024.

**MUNSCH HARDT KOPF & HARR P.C.**

By: /s/ *Thomas D. Berghman*
Davor Rukavina, Esq.
Texas Bar No. 24030781
Thomas D. Berghman, Esq.
Texas Bar No. 24082683
500 N. Akard St., Suite 4000
Dallas, Texas 75201
Telephone: 214-855-7500
Email: drukavina@munsch.com
Email: tberghman@munsch.com

*Counsel to Scott Seidel, Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of July, 2024, a true and correct copy of the foregoing document was served via the Court's CM/ECF notification system, including on Randy Pulman, counsel for the movants.

/s/ *Thomas D. Berghman*
Thomas D. Berghman

---

[1] Capitalized terms not otherwise defined have the meaning assigned to them in the Stay Relief Motion.

---

TRUSTEE'S LIMITED OBJECTION – Page 3