

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed December 4, 2024**

_____
**United States Bankruptcy Judge**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 7 |
| GOODMAN NETWORKS, INC., | § | |
| | § | Case No. 22-31641-mvl-7 |
| Debtor. | § | |

**ORDER APPROVING TRUSTEE'S
COMPROMISE AND SETTLEMENT WITH JAMES FRINZI**

CAME ON FOR HEARING the *Trustee's Motion Under Bankruptcy Rule 9019 for Approval of Compromise and Settlement with James Frinzi* (the "Motion"), filed by Scott M. Seidel (the "Trustee"), the duly appointed chapter 7 trustee of the bankruptcy estate (the "Estate") of Goodman Networks, Inc. (the "Debtor"), the debtor in the above styled and numbered bankruptcy case (the "Bankruptcy Case"). By the Motion, the Trustee seeks approval of that certain proposed settlement (the "Proposed Settlement") with James Frinzi ("Frinzi") pursuant to the *Mutual Settlement and Release Agreement* (the "Agreement") as attached to the Motion.

The Court makes the following findings and fact and conclusions of law in support of this Order.

1.  The Trustee is the duly appointed Chapter 7 trustee of the Debtor and the Estate.

2. The Debtor wholly owns GNET ATC, LLC ("GNET") and Multiband Field Services, Inc. ("MFS"). As such, and even though they are not debtors, the Trustee solely controls GNET and MFS and has authority to cause them to enter into the Agreement.

3. The Trustee, the Debtor, the Estate, GNET, and Multiband have asserted multiple claims and causes of action against Frinzi and third parties in multiple adversary proceedings, including: (i) Adversary Proceeding No. 23-03036; (ii) Adversary Proceeding No. 23-03072; (iii) Adversary Proceeding No. 23-03090; and (iv) Adversary Proceeding No. 24-03039, all pending before this Court. By the Proposed Settlement, the Trustee proposes to release and settle all claims of the Debtor, the Estate, GNET, and Multiband against Frinzi, including in these adversary proceedings, in exchange for the consideration under the Agreement. Additionally, whatever claims and causes of action any of the foregoing may have against Jodi Jean Frinzi, her or Frinzi's children, and World Conquest, LLC are released and settled.

4. The return consideration for the Proposed Settlement of $5 million (the "Proceeds") is fair and reasonable. The other terms of the Agreement are fair and reasonable. The Trustee has exercised appropriate and sound business judgment in proposing the Proposed Settlement and the Agreement. All preconditions for the approval thereof under Bankruptcy Rule 9019 are satisfied.

5. The Debtor, the Estate, GNET, and Multiband are insureds or beneficiaries under multiple insurance policies. These include a stacked insurance policy number of 8259-6686 (the "Old Tower") and policy number 8262-4874 (the "New Policy"), with Federal Insurance Company, one of the Chubb Group of Insurance Companies ("Federal") as the lead or primary insurer. Federal will be funding the Proposed Settlement and paying the Proceeds under the D&O coverage part of the New Policy, the limit of which coverage part is $5 million.

6. Pursuant to the *Order Approving Multi-Party Settlement Regarding Property of the Estate* [docket no. 526], and the settlement agreement approved thereby, the first $425,000.00 of

the Proceeds and, thereafter, one-third (1/3d) of the remaining $4,575,000.00 of the Proceeds, are payable to UMB Bank, National Association, as indenture trustee (the "Indenture Trustee") for the benefit of the holders of the Debtor's prepetition secured bonds. Thus, of the Proceeds, $1,948,457.00 represents the cash collateral of the Indenture Trustee and may not be used by the Trustee. The same will be distributed by the Trustee to the Indenture Trustee pursuant to this Order within five (5) business days of the Effective Date. The remaining Proceeds of $3,051,543.00 are free and clear proceeds of the Estate, to the exclusion of GNET and Multiband because the Proceeds represent recoveries on the Debtor's insurance policy and because the Proceeds are the result of transfers of property of the Debtor.

7. The Trustee has likewise exercised sound and good business judgment with respect to his control over GNET and MFS to enter into the Agreement. Both GNET and MFS are receiving appropriate value for the Agreement, including, among other things, because their joint liabilities with the Debtor will be reduced dollar-for-dollar from the Trustee's payment of the claims against the Debtor from the Proceeds.

8. The Proposed Settlement and the Agreement were negotiated in good faith, through arm's length negotiations. There are no undisclosed agreements.

9. The Court has core, subject matter jurisdiction over the Motion and to enter this Order.

Accordingly, based on the foregoing and based on any additional findings of fact and conclusions of law as stated on the record of said hearing, it is hereby:

ORDERED that the Motion is GRANTED; it is further

ORDERED that the Proposed Settlement and the Agreement are APPROVED, and that the Agreement shall control according to its terms, and that the Trustee is authorized and directed to execute the Agreement and to otherwise perform all obligations thereunder; it is further

ORDERED that no release in the Agreement shall become effective unless and until the Proceeds are paid as provided for in the Agreement and, absent the same, the Agreement shall become null and void and all parties shall be returned to the *status quo ante*; it is further

ORDERED that the Proceeds shall be paid directly by Federal to the Estate, upon instructions to be provided by the Trustee, and shall in no event be transferred to or through Frinzi, but shall be made on his behalf and for his benefit; it is further

ORDERED that, notwithstanding the Proposed Settlement or the Agreement, no claim or cause of action of the Estate against the Frinzi Family Trust, as approved by the *Order Granting Trustee's Motion Under Bankruptcy Rule 9019 for Approval of Limited Settlement with the Frinzi Family Trust* [docket no. 580], be released, waived, or prejudiced; it is further

ORDERED that, notwithstanding the Proposed Settlement or the Agreement, in no event shall any claims and causes of action of the Debtor, the Estate, GNET, or Multiband against any defendant in any pending or future adversary proceeding or other litigation, other than Frinzi, be released, waived, or prejudice, and all such claims and causes of action shall remain; it is further

ORDERED that all rights, claims, credits, and reductions in alleged liability of any defendant in any adversary proceeding commenced by the Trustee, including all such rights under Chapter 33 of the Texas Civil Practice and Remedies Code, are preserved and retained and are not prejudiced by this Order or the Agreement; it is further

ORDERED that, upon the payment of the Proceeds, any and all claims against Federal under the D&O coverage part of the New Policy are satisfied and extinguished, and that no person shall have, may have, or may maintain any such claim for such coverage part; it is further

ORDERED that, notwithstanding the Proposed Settlement or the Agreement, no rights, claims, and causes of action of the Trustee, the Debtor, the Estate, GNET, or Multiband for first-party coverage, including under the crime coverage parts of the Old Tower or the New Policy, are

released, waived, or prejudiced, and that no claims or causes of action of any person under the D&O or other coverage parts of the Old Tower are released, waived, or prejudiced, all of the foregoing claims and causes action remaining; it is further

ORDERED that, no later than three (3) business days after receipt of the Proceeds, the Trustee shall file a notice on the docket of the Bankruptcy Case inform all parties of the same and, if the Proceeds are not timely paid, the Trustee shall file a notice on the docket of the Bankruptcy Case informing all parties of the same; it is further

ORDERED that $1,948,457.00 of the Proceeds is the cash collateral of the Indenture Trustee, and shall not be used by the Trustee, and shall be distributed to the Indenture Trustee by within five (5) business days of the Effective Date, and that the remaining $3,051,543.00 of the Proceeds shall be the free and clear property of the Estate; it is further

ORDERED that the Court shall retain core jurisdiction to the maximum extent possible over the parties and the Agreement to interpret and to enforce the Agreement and this Order.

### END OF ORDER ###