

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed December 6, 2024**

_____
**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re: § | |
| § | |
| GOODMAN NETWORKS, INC., § | Case No. 22-31641-mvl-7 |
| § | |
| Debtor. § | |

**ORDER APPROVING TRUSTEE'S APPLICATION TO
RETAIN CONTINGENCY COUNSEL UNDER 11 U.S.C. § 328(A)**

CAME ON FOR HEARING on the 3d day of December, 2024, the *Trustee's Application to Retain Contingency Counsel Under 11 U.S.C. § 328(a)* [docket no. 616] (the "Application"), filed by Scott M. Seidel (the "Trustee"), the duly appointed chapter 7 trustee of the bankruptcy estate (the "Estate") of Goodman Networks, Inc., the debtor in the above styled and numbered bankruptcy case (the "Bankruptcy Case"), by which the Trustee seeks to retain Munsch Hardt Kopf & Harr, P.C. ("Munsch Hardt") and the Seidel Law Firm ("Seidel Law") as contingency counsel pursuant to that certain *Contingency Fee Agreement* (the "Agreement") as attached to the Application and concerning certain claims and causes of action of the Estate asserted in in Adversary No. 24-03039-mvl (the "D&O Adversary").

Finding that service and notice of the Application was sufficient and appropriate, that Munsch Hardt and Seidel Law are disinterested and hold no adverse interest to the Estate, and otherwise finding that the Application and the Agreement are lawful and appropriate, it is hereby:

ORDERED that the Application is APPROVED; it is further

ORDERED that the Trustee is authorized to retain, as of the date of the filing of the Application, Munsch Hardt and Seidel Law pursuant to the Agreement, and the Agreement is APPROVED in all respects; it is further

ORDERED that Munsch Hardt shall be compensated: (A) on a contingency basis for its services as provided for in the Agreement from any and all recoveries from the claims and causes of action alleged in the D&O Adversary, without need for an application to approve such fees under section 330 of the Bankruptcy Code, but subject to such approval with respect to expenses; and (B) on an hourly basis at one-half its ordinary hourly rates, subject to approval under section 330 of the Bankruptcy Code; it is further

ORDERED that Seidel Law shall be compensated on a contingency basis for its services as provided for in the Agreement from any and all recoveries from the claims and causes of action alleged in the D&O Adversary, without need for an application to approve fees under section 330 of the Bankruptcy Code, but subject to such approval with respect to expenses; and it is further

ORDERED that the compensation to be paid to each of the foregoing firms hereunder shall be earned by each such firm separately, shall be payable to each such firm separately, and shall not constitute any sharing of compensation not permitted by section 504 of the Bankruptcy Code; it is further

ORDERED that the Court shall retain jurisdiction to the maximum extent possible regarding the interpretation and enforcement of this Order and the Agreement.

### END OF ORDER ###