Davor Rukavina, Esq.
Texas Bar No. 24030781
Thomas D. Berghman, Esq.
Texas Bar No. 24082683
Jacob J. King, Esq.
Texas Bar No. 24136951
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584

ATTORNEYS FOR SCOTT M. SEIDEL, TRUSTEE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| GOODMAN NETWORKS, INC., | § | Case No. 22-31641-mvl-7 |
| | § | |
| Debtor. | § | |

**TRUSTEE'S APPLICATION TO RETAIN HIDDEN ASSETS, LLC AS
<u>SPECIAL RECOVERY PROFESSIONAL</u>**

**NO HEARING WILL BE CONDUCTED HEREON, AND ANY HEARING SCHEDULED HEREON MAY BE CANCELLED WITHOUT FURTHER NOTICE, UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT, 1100 COMMERCE STREET, SUITE 1254, DALLAS, TEXAS 75242 BEFORE CLOSE OF BUSINESS ON JANUARY 9, 2025, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN, AND THE HEARING SCHEDULED ON THIS MOTION MAY BE CANCELLED, WITHOUT FURTHER NOTICE.**

TO THE HONORABLE MICHELLE V. LARSON, U.S. BANKRUPTCY JUDGE:

COMES NOW Scott M. Seidel (the "Trustee"), the duly appointed chapter 7 trustee of the bankruptcy estate (the "Estate") of Goodman Networks, Inc. (the "Debtor"), the debtor in the above styled and numbered bankruptcy case (the "Bankruptcy Case"), and files this his *Application to Retain Hidden Assets, LLC as Special Recovery Professional* (the "Application"), respectfully stating as follows:

## I. PROCEDURAL BACKGROUND

1. On September 6, 2022 (the "Petition Date"), various creditors of the Debtor filed an involuntary petition against the Debtor under Chapter 7 of the Bankruptcy Code, thereby initiating the Bankruptcy Case and creating the Estate.

2. The Court entered its order for relief against the Debtor on December 12, 2022. The Trustee was thereafter appointed as the Chapter 7 trustee of the Estate.

3. This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This Application constitutes a core proceeding within the meaning of the provisions of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. RELIEF REQUESTED

4. By this Application, the Trustee seeks to retain Hidden Assets, LLC ("Hidden Assets") as a contingency professional to pursue and recover funds and assets held by several states under Unclaimed Property Departments. The representation would be pursuant to the *Service Fee Agreement* attached hereto as Exhibit "A" (the "Agreement"). Hidden Asset's compensation would be as provided in the Agreement, and under section 328(a) of the Bankruptcy Code which, in summary, would be a 25% contingency fee award upon successful recovery of any funds or assets from the Unclaimed Property Departments. The Trustee reserves

the right to request authority to retain other counsel and professionals if and when such need may arise in the Bankruptcy Case.

### III. DISCUSSION

A. **BASIS FOR SELECTION OF HIDDEN ASSETS, LLC**

5. Hidden Assets has significant experience in reclaiming funds and property from a variety of states which hold unclaimed funds and property for entities, including defunct entities like the Debtor. Kelly Thompson, an asset recovery specialist, contacted the Trustee regarding funds which may be recovered from several state entities and returned to the Estate.

6. Hidden Assets maintains its office at 136 Lexington Drive, Terrell, Texas 75160. Kelly Thompson is the owner and managing member of Hidden Assets, LLC.

B. **SERVICES TO BE RENDERED**

7. Hidden Assets will conduct a review of Estate property and funds that may be held by various states. Hidden Assets will then perform the necessary administrative work to retrieve those assets, most of which are funds, and return them to the Estate. Kelly Thompson believes there may be up to $130,000.00 in funds held by other states that are property of the Estate. The asset retrieval process is an administrative one, and does not require the Trustee's involvement apart from receiving the funds by wire transfer and coordinating the disbursement of funds to Hidden Assets per the Agreement.

C. **COMPENSATION AND REIMBURSEMENT**

8. The Agreement specifies that Hidden Assets will be paid on a contingency basis based on the amount of property or funds recovered. The Trustee seeks to preapprove the contingency fee arrangement under section 328(a) of the Bankruptcy Code. Hidden Assets will

earn 25% of any recovery that Hidden Assets brings into the Estate. If the Estate does not realize a benefit from Hidden Assets services, then the Estate will not owe Hidden Assets any money.

9. Hidden Assets will bear its own expenses except for any fees incurred from receiving or distributing wire transfers received from the Unclaimed Property Departments.

10. All amounts payable to Hidden Assets under the Agreement would be secured by a first priority, valid, automatically perfected, and unavoidable lien and security interest against the recovered property and their proceeds. No party or creditor can claim any perfected security interest or lien in the recovered property or their proceeds at present; thus, no party or creditor is being primed as a result of the Agreement.

11. Hidden Assets has not received a retainer, payment, or promise of payment other than as described above for this representation.

12. Hidden Assets has no agreement with any other entity to share any compensation received, nor will any be made, except as permitted under section 504(b)(1) of the Bankruptcy Code.

D. **DISINTERESTEDNESS OF HIDDEN ASSETS**

13. The Bankruptcy Code provides that "the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a). As set forth in the Declaration of Kelly Thompson, attached hereto as Exhibit "B," Hidden Assets is disinterested for purposes of this representation and maintains no interest adverse to the Estate.

E. **APPROVAL OF EMPLOYMENT UNDER SECTION 328(A)**

14. Section 328(a) of the Bankruptcy Code provides that:

> The trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis. Notwithstanding such terms and conditions, the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.

11 U.S.C. § 328(a).

15. Hidden Assets has the ability to return up to $130,000.00 via an administrative process with which Hidden Assets has significant experience. The Trustee, and his counsel, are familiar with Bankruptcy Law but unfamiliar with the process of retrieving funds from other states. The Debtor operated in several states and may have property available for distribution in those states. Hidden Assets will locate those funds or property and bring them into the Estate. Without Hidden Assets efforts, these funds would likely be lost forever.

16. Then again, Hidden Assets may not be able to recover anything. The administrative process is inherently risky and may not materialize in any real benefit. For that reason, a contingency agreement is the most viable option because it balances the need for Hidden Asset's services with the need to reduce costs. Under the Agreement, Hidden Assets shoulders the risk of no recovery while also obtaining the benefit of a significant payment in the event Hidden Assets can recover a substantial amount of money or other property. Accordingly, the Agreement appropriately balances the risks with regard to the recovery of funds and property, and is the best path forward for the Estate to realize a benefit from funds or property held by other states.

17. The Trustee will provide any documents within his possession or that he can reasonably obtain to assist Hidden Assets in performing its duties under the Application.

## V. PRAYER

WHEREFORE, PREMISES CONSIDERED, the Trustee respectfully requests that the Court enter an order: (i) authorizing the Trustee's employment of Hidden Assets on the terms and conditions contained in the Agreement; (ii) approving the Agreement and holding that it is binding and enforceable according to its terms; and (iii) providing the Trustee all such other and further relief as to which he has shown himself to be justly entitled.

RESPECTFULLY SUBMITTED this 19th day of December, 2024.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: /s/ *Jacob J. King*
Davor Rukavina, Esq.
Texas Bar No. 24030781
Thomas D. Berghman, Esq.
Texas Bar No. 24082683
Jacob J. King, Esq.
Texas Bar No. 24136951
500 N. Akard Street, 4000 Suite
Dallas, Texas 75201
Telephone: (214) 855-7500
Facsimile: (214) 855-7584

**ATTORNEYS FOR SCOTT M. SEIDEL, TRUSTEE**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this the 19th day of December, 2024, true and correct copies of this document with the exhibits thereto were electronically served by the Court's ECF system on parties entitled thereto and that, additionally, on the same date he caused true and correct copies of this document, with the exhibits thereto, to be served by U.S. first class mail, postage prepaid, on the parties listed on the attached Service List.

By: /s/ *Jacob J. King*
Jacob J. King, Esq.