

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
# ENTERED
THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed December 31, 2024**

_____
**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 7 |
| GOODMAN NETWORKS, INC., | § | |
| | § | Case No. 22-31641-mvl-7 |
| Debtor. | § | |

### ORDER COMPELLING TRANSFER OF $1,600,000.00 OF DEBTOR BONDS AND AUTHORIZING TRUSTEE TO SURRENDER AND CANCEL THE SAME

CAME ON FOR CONSIDERATION the *Trustee's Motion to Compel Transfer of $1,600,000.00 of Bonds and for Authority to Surrender the Same* (the "Motion"), filed by Scott M. Seidel (the "Trustee"), the duly appointed chapter 7 trustee of the bankruptcy estate (the "Estate") of Goodman Networks, Inc. (the "Debtor"), the debtor in the above styled and numbered bankruptcy case (the "Bankruptcy Case").

The Motion concerns $1,600,000.00 in face amount of the Debtor's senior secured 8.0% bonds due in 2022 (the "Subject Bonds"), which Subject Bonds are subject to, among other things, that certain *Indenture* dated May 31, 2017 (the "Indenture") under which UMB Bank, National Association (the "Indenture Trustee") is the Indenture Trustee. The Subject Bonds are presently

held for the benefit of Genesis Networks Enterprises, LLC ("GNE"), an entity under the control of James Goodman ("Goodman"), in a brokerage or investment account (ending in 9909) at Fidelity, as agent, including Fidelity Brokerage Services, LLC with the CUSIP of 38239HAF2. Fidelity Investment Services, Fidelity Brokerage Services, and National Financial Services LLC are all hereinafter collectively referred to as ("Fidelity").

The Trustee has asserted that the Subject Bonds are property of the Estate. The Subject Bonds are the subject of, among other things, that certain Adversary Proceeding No. 23-03090 (the "Hudson Adversary"), in which the Court has entered a Temporary Restraining Order and a Preliminary Injunction (the "TRO & PI") regarding the Subject Bonds. Other than the Debtor, the only other persons with potential ownership interests in the Subject Bonds are GNE and Alliance Texas Holdings, LLC ("Alliance"), which contracted to purchase the Subject Bonds from GNE for the ultimate transfer of the Subject Bonds to the Debtor for their cancellation, and which purchase price for such purchase Alliance caused to be paid. As evidenced by the signatures of various counsel below, Goodman, GNE and Alliance consent to the entry of this Order and, therefore, to the resolution of certain issues involved in the Hudson Adversary.

The Court otherwise finds that notice and service of the Motion was sufficient and appropriate; that the Motion seeks lawful and appropriate relief, including under sections 105(a), 362(a), 541(a), and 542(a) of the Bankruptcy Code; that the Court has subject matter, core jurisdiction to enter this Order, including its *in rem* jurisdiction over property of the Estate; and that, to the extent of any question regarding personal jurisdiction, the Court has such jurisdiction by virtue of the Hudson Adversary and Rule 65(d)(2)(B) of the Federal Rules of Civil Procedure. To the extent necessary, the Court also incorporates any record from the Hudson Adversary into this Order.

Accordingly, it is hereby:

ORDERED that the Motion is GRANTED; it is further

ORDERED that the Subject Bonds are property of the Estate and have been property of the Debtor since February 3, 2022, and that only such alleged interests regarding the Subject Bonds as existed on or prior to February 3, 2022 are binding on the Estate, and then only to the extent so binding and subject to any and all defenses and causes of action with respect thereto; it is further

ORDERED that Goodman and GNE shall promptly take all reasonable and necessary actions to transfer, and to cause Fidelity to transfer, the Subject Bonds to the Indenture Trustee via DWAC withdrawal using the DTC system or in any other manner through the DTC[1] system coordinating with the Indenture Trustee, including by executing and delivering such instruments as may reasonably be requested by Fidelity to effectuate the same, and further including by executing and delivering the Instruction Letter to Fidelity in substantially the form attached to the Motion as Exhibit "A," and shall keep the Trustee reasonably informed regarding all efforts to effectuate the same and any issues or problems regarding the same; it is further

ORDERED that Fidelity shall promptly comply with any and all such instruction letters or other instruments and shall cause the Subject Bonds to be transferred to the Indenture Trustee via DWAC withdrawal using the DTC system or in any other manner through the DTC system coordinating with the Indenture Trustee, and shall keep GNE reasonably informed regarding all efforts to effectuate the same and any issues or problems regarding the same; it is further

ORDERED that none of Goodman, GNE, or Fidelity shall have any liability to any person for complying with the foregoing and for complying with this Order, and that they may seek any and all appropriate relief from this Court regarding the same at any time; it is further

---

[1] Depository Trust Company ("DTC").

ORDER COMPELLING TRANSFER OF $1,600,000.00 OF DEBTOR BONDS AND AUTHORIZING TRUSTEE TO SURRENDER AND CANCEL THE SAME—Page 3

ORDERED that, promptly after being informed by GNE, Fidelity, and/or the Indenture Trustee that the Subject Bonds have been transferred as required by the above, the Trustee shall take all reasonable steps under the Indenture and as otherwise reasonably requested by the Indenture Trustee to surrender the Subject Bonds for their cancellation as is otherwise appropriate, including by executing and delivering to the Indenture Trustee, DTC, or any other relevant authority the Instruction Letter attached to the Motion as Exhibit "B" and the Certificate attached to the Motion as Exhibit "C" and that, for the avoidance of doubt, the Trustee is authorized and directed to execute and to deliver all such other instruments as may be reasonably necessary and appropriate to cause the ultimate cancellation of the Subject Bonds; it is further

ORDERED that, in furtherance hereof, the Indenture Trustee shall take such actions as it deems appropriate under the Indenture, the Indenture Trustee shall have no liability to any person or entity for complying with this Order, and that the Indenture Trustee may seek any and all appropriate relief from this Court regarding the same at any time; it is further

ORDERED that, to the extent that the automatic stay applies to any action required under this Order, then the automatic stay is hereby modified to permit such action; it is further

ORDERED that the Trustee shall promptly file, in the Hudson Adversary, a notice of the entry of this Order and attach this Order to such notice; it is further

ORDERED that, promptly after the cancellation of the Bonds, the Trustee and the Indenture Trustee shall file a joint notice of the same in the Bankruptcy Case and in the Hudson Adversary, whereupon the TRO & PI shall immediately terminate, to the extent not previously expired; it is further

ORDERED that Goodman's, GNE's, and Alliance's agreement to this Order and, in the case of Goodman and GNE, compliance with this Order, moots and satisfies any claim or cause of action of the Estate for damages resulting from the lack of prior transfer of the Subject Bonds,

including for breach of contract and breach of contract as third party beneficiary, and that the Trustee shall have no such claim against any person, including GNE and including in the Hudson Adversary, and including against any present or future defendant therein, without prejudice and without any implied finding or conclusion regarding all other claims and causes of action of the Trustee in the Hudson Adversary or otherwise; it is further

ORDERED that Alliance and all of its affiliated parties waive any cause of action or right to recovery against GIH, GNE or Goodman, or their affiliates, for their failure to deliver the Subject Bonds to Alliance; it is further

ORDERED that, with respect to any defense or affirmative defense of any defendant in the Adversary Proceeding to any present or future cause of action therein, and to the extent that the consideration or value given to the Debtor or the Estate is a factor or element of such defense or affirmative defense, said value is hereby increased (including potentially from zero) by $1,600,000.00[2] upon the successful transfer of the Subject Bonds to the Estate, subject to all other elements of such defense of affirmative defense; it is further

ORDERED that, except and solely with respect to the specific provisions of the preceding two (2) paragraphs of this Order, and the finding that the Subject Bonds are property of the Estate, nothing in this Order is intended or shall prejudice any issue, allegation, claim, defense, affirmative defense, or argument in the Hudson Adversary, including as it may be amended, and there shall be no implied findings or conclusions arising from anything in this Order or the fact of this Order asserted in the Hudson Adversary, the intent of this Order being solely to resolve the issues with respect to the Subject Bonds but nothing else; it is further

---

[2] This is the cumulative increase in value for all defendants and is not to be stacked by them; *e.g.* two defendants cannot each obtain $1,600,000.00 in value and therefore argue that the Trustee's causes of action are reduced by $3,200,000.00.

ORDERED that, to the extent necessary, the TRO & PI in the Hudson Adversary are hereby modified to permit compliance with this Order and, to the extent necessary, but the TRO & PI shall otherwise remain in place according to their terms pending the final cancellation of the Subject Bonds, and, for the avoidance of doubt, nothing in this Order excuses any potential prior violation of the TRO & PI even if this Order is otherwise fully complied with; it is further

ORDERED that, unless expressly stated otherwise, nothing in this Order modifies or supersedeas any order entered in the Bankruptcy Case; it is further

ORDERED that the Court shall retain jurisdiction to the maximum extent possible to interpret and to enforce this Order, to grant parties the subject of this Order all appropriate relief and protection, and over the Subject Bonds until they are finally cancelled.

### END OF ORDER ###

AGREED:

| **MUNSCH HARDT KOPF & HARR P.C.**<br><br>/s/  Davor Rukavina<br>Davor Rukavina, Esq.<br>Texas Bar No. 24030781<br>500 North Akard St., Ste. 3800<br>Dallas, Texas  75201<br>Telephone: (214) 855-7500<br>drukavina@munsch.com<br><br>**ATTORNEYS FOR THE TRUSTEE** | **STONECIPHER LAW FIRM**<br><br>/s/ Eric Schaffer (*w/ permission*)<br>Eric A. Schaffer<br>125 First Avenue<br>Pittsburgh, PA 15222<br>Tel: 412-391-8510<br>eschaffer@stonecipherlaw.com<br><br>**COUNSEL TO UMB BANK, NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE** |
|---|---|
| **PULMAN, CAPPUCCIO & PULLEN, LLP**<br><br>2161 NW Military Highway, Suite 400<br>San Antonio, Texas 78213<br>www.pulmanlaw.com<br>(210) 222-9494 Telephone<br>(210) 892-1610 Facsimile<br><br>By: /s/ Randall A. Pulman (*w/ permission*)<br>    Randall A. Pulman<br>    Texas State Bar No. 16393250<br>    rpulman@pulmanlaw.com<br>    Leslie Sara Hyman<br>    Texas State Bar No. 00798274<br>    lhyman@pulmanlaw.com<br>    Anna K. MacFarlane<br>    Texas State Bar No. 24116701<br>    amacfarlane@pulmanlaw.com<br><br>**ATTORNEYS FOR DEFENDANTS JAMES GOODMAN; GOODMAN INVESTMENT HOLDINGS, LLC; GENESIS NETWORKS, INC.; GENESIS NETWORKS GLOBAL SERVICES, LLC** | **JORDAN, LYNCH & CANCIENNE PLLC**<br><br>By: /s/ Michael Cancienne (*w/ permission*)<br>Michael Cancienne<br>State Bar No. 24046330<br>Joseph ("Jeb") W. Golinkin II<br>State Bar No. 24087596<br>1980 Post Oak Blvd., Ste. 2300<br>Houston, Texas 77056<br>713-955-4020 (Telephone)<br>713-955-9644 (Fax)<br>mcancienne@jlcfirm.com<br>jgolinkin@jlcfirm.com<br><br>**ATTORNEYS FOR HUDSON CLEAN ENERGY ENTERPRISES, LLC; ALLIANCE TEXAS HOLDINGS, LLC; NEIL Z. AUERBACH; JUDITH AUERBACH; AUERBACH PARTNERS, L.P.; AUERBACH CHILDREN'S DYNASTY TRUST U/A/D OCTOBER 9, 2012; and AUERBACH FAMILY DYNASTY TRUST U/A/D OCTOBER 9, 2012** |