

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

**Signed February 10, 2025**

_____
**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 7 |
| GOODMAN NETWORKS, INC., | § | |
| | § | Case No. 22-31641-mvl-7 |
| Debtor. | § | |

**ORDER GRANTING TRUSTEE'S MOTION FOR APPROVAL OF LIMITED
COMPROMISE AND SETTLEMENT WITH CHUBB**

CAME ON FOR CONSIDERATION the *Trustee's Motion Under Bankruptcy Rule 9019 for Approval of Limited Compromise and Settlement with Chubb* [docket no. 674] (the "Motion"), filed by Scott M. Seidel (the "Trustee"), the duly appointed chapter 7 trustee of the bankruptcy estate (the "Estate") of Goodman Networks, Inc. (the "Debtor"), the debtor in the above styled and numbered bankruptcy case (the "Bankruptcy Case"). By the Motion, the Trustee seeks approval of a limited settlement agreement (the "Proposed Settlement") with Federal Insurance Company and Westchester Fire Insurance Company (collectively, "Chubb") as memorialized in that certain *Limited Settlement and Release Agreement* attached to the Motion (the "Agreement").

Having considered the Motion, finding that service and notice thereof was sufficient and appropriate, and finding that cause exists for granting the Motion based on the representations therein and on the Court's familiarity with the facts of this Bankruptcy Case, and finding that the relief requested in the Motion is lawful and appropriate, it is hereby:

ORDERED that the Motion is GRANTED as provided for herein; it is further

ORDERED that the Proposed Settlement is APPROVED; it is further

ORDERED that the Agreement is APPROVED and the Trustee is authorized and directed to execute and deliver the same and to otherwise implement and effectuate the same; it is further

ORDERED that all releases in the Agreement shall become effective upon the payment by Chubb of the Settlement Payment (as defined in the Agreement) and that, for the avoidance of doubt, such releases shall be limited to the "Defense Cost Claim" (as defined in the Agreement) and, notwithstanding anything in the Agreement or in this Order to the contrary, shall not extend to any other insurance policy or any other claim that the Estate may have against any of Chubb or any subsidiary or affiliate thereof, including as asserted by the Trustee in Adversary Proceeding No. 23-03036 or Adversary Proceeding No. 24-03039, and further including regarding the appropriateness of any claims and payments for defense costs submitted by any alleged insured, and further including any and all claims and rights to any portion of the coverage part of the policy, or the policy overall, not reduced in amount by the Settlement Payment (in other words, for the further avoidance of doubt, whatever coverage and policy limit may exist under the policy pursuant to which the Settlement Payment is made will continue to exist notwithstanding the Agreement or this Order, less the Settlement Payment); it is further

ORDERED that, with respect to the Settlement Payment, the same shall be subject to any and all liens, interests, and encumbrances as otherwise exist, and nothing in this Order prejudices any issue, claim, or defense related to any such lien, interest, or encumbrance, and that the Trustee

may not use or distribute any of the Settlement Payment or its proceeds pending further order of the Court and the Court's determination of any such lien, interest, or encumbrance; it is further

ORDERED that the Court shall retain core jurisdiction to the maximum extent possible over the Agreement, including to interpret and enforce the same, and including over the Settlement Payment and its proceeds, including to determine any and all issues related to any asserted lien, interest, or encumbrance against the same.

### END OF ORDER ###