

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

*Michelle V. Larson*

**Signed March 28, 2025**

_____
**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 7 |
| GOODMAN NETWORKS, INC., | § | |
| | § | Case No. 22-31641-mvl-7 |
| Debtor. | § | |

**ORDER GRANTING TRUSTEE'S MOTION UNDER BANKRUPTCY RULE 9019 FOR APPROVAL OF COMPROMISE AND SETTLEMENT WITH 18920 DEFENDANTS (18920 NW 11TH, LLC, STEVEN ZAKHARYAYEV, EVELINA PINKHASOVA, SHALOM AUERBACH AND NEWCO DE 22, INC.)**

CAME ON FOR HEARING on the 25th day of March, 2025, the *Trustee's Motion Under Bankruptcy Rule 9019 for Approval of Compromise and Settlement with 18920 Defendants (18920 NW 11th, LLC, Steven Zakharyayev, Evelina Pinkhasova, Shalom Auerbach and NewCo DE 22, Inc.)* [docket no. 690] (the "Motion"), filed by Scott M. Seidel, Trustee (the "Trustee"), the trustee of Goodman Networks, Inc. (the "Debtor") and its bankruptcy estate (the "Estate") and, as such, the control person of its wholly-owned subsidiary, GNET ATC, LLC ("GNET"). By the Motion, the Trustee requests authority to enter into that certain settlement (the "Proposed Settlement") with the "18920 Defendants," as defined in the Motion, to be effectuated through the *Mutual Settlement*

ORDER GRANTING TRUSTEE'S MOTION UNDER BANKRUPTCY RULE 9019 FOR APPROVAL OF COMPROMISE AND SETTLEMENT WITH 18920 DEFENDANTS (18920 NW 11TH, LLC, STEVEN ZAKHARYAYEV, EVELINA PINKHASOVA, SHALOM AUERBACH AND NEWCO DE 22, INC.)—Page 1

*and Release Agreement* attached as Exhibit "A" to the Motion (the "Agreement") and the ancillary documents and instruments filed by the Trustee at Docket No. 696 as Exhibits "A" through "F" to the same (collectively, the "Ancillary Documents").

Finding that the Motion was timely and properly served and that all creditors and parties-in-interest have had sufficient notice of the Motion, the hearing thereon, and the Agreement; finding that the Court has core jurisdiction to enter this Order; finding that the relief requested in the Motion is lawful and appropriate; and, for the reasons stated on the record of said hearing, finding that the Motion should be granted under the applicable governing factors and standards, it is hereby:

ORDERED that the Motion is GRANTED; it is further

ORDERED that the Proposed Settlement is APPROVED in all respects; it is further

ORDERED that the Agreement and the Ancillary Documents are APPROVED and that the Trustee is authorized to execute, deliver, take, and implement the same in substantially the same form as filed on the docket of the Bankruptcy Case as noted above, whereafter the Agreement and the Ancillary Documents shall govern and control according to their terms, except that, as otherwise announced on the record, the deadline for the "Effective Date" (as defined in the Agreement) to occur is extended through to April 30, 2025; it is further

ORDERED that the Trustee is authorized to file with any appropriate governmental entity or unit any of the Ancillary Documents deemed necessary or advisable to perfect any security interest otherwise provided in the Agreement or the Ancillary Documents, and that each such governmental entity or unit is ordered and commanded to accept the same for filing and recording; it is further

ORDERED that all releases in the Agreement are conditioned on the occurrence of the Effective Date and, for the avoidance of doubt, no such release shall become effective unless the Effective Date otherwise occurs as provided for in the Agreement and this Order; it is further

ORDERED that the return consideration for the Agreement, including the "Settlement Payment" and the "Upside Payment" (both as defined in the Agreement) are free and clear property of the Estate; it is further

ORDERED that the Trustee is authorized to negotiate and agree to the "Basis" (as defined in the Agreement) without further notice or order of the Court; it is further

ORDERED that, no later than three (3) business days after the occurrence of the Effective Date, the Trustee shall file a notice of the same on the docket of the Bankruptcy Case, also attaching final, executed versions of the Agreement, the Ancillary Documents, and the agreement on the amount of the Basis; it is further

ORDERED that the Court shall retain jurisdiction to the maximum extent possible to interpret and enforce the Agreement and the Ancillary Documents, and to give all parties thereto all appropriate relief.

### END OF ORDER ###