# MUTUAL SETTLEMENT AND RELEASE AGREEMENT

This *Mutual Settlement and Release Agreement* (the "Agreement") is executed on the 25th day of February, 2025, by and between Scott M. Seidel (the "Trustee"), as Chapter 7 trustee of Goodman Networks, Inc. (the "Debtor") and of its bankruptcy estate (the "Estate"), GNET ATC, LLC ("GNET," with the Trustee, the "Plaintiffs"), on the one hand, and Steven Zakharyayev ("Zakharyayev"), Shalom Auerbach ("Auerbach"), 18920 NW 11th, LLC ("18920"), and NewCo DE 22, Inc. ("NewCo," with Zakharyayev, Auerbach, 18920, and NewCo, the "Defendants," and the Plaintiffs with the Defendants, each a "Party" and collectively the "Parties"), as follows:

WHEREAS, on September 6, 2022, certain creditors of the Debtor filed an involuntary petition against the Debtor under Chapter 7 of the United States Bankruptcy Code, thereby initiating Bankruptcy Case No. 22-31641-mvl-7 (the "Bankruptcy Case") in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Court"), thereby creating the Estate;

WHEREAS, the Bankruptcy Court subsequently entered its order of relief against the Debtor, and the Trustee was appointed as the Chapter 7 trustee of the Debtor and the Estate;

WHEREAS, in addition to controlling the Debtor and the Estate, the Trustee, as sole shareholder, controls GNET, and, subject to the entry of the Approval Order (defined below), has full corporate authority to execute this Agreement on behalf of the Estate and GNET;

WHEREAS, the Plaintiffs have asserted various claims and causes of action against certain of the Defendants and also against Evelina Pinkhasova ("Pinkhasova"), and have sought to add additional claims and causes of action against certain of the Defendants, in the nature of fraudulent transfer, subsequent transferee liability, fraud, and knowing participation in breach of fiduciary duty, which claims and causes of action are pending in Adversary Proceeding No. 23-03072-mvl before the Bankruptcy Court (the "Adversary Proceeding");

WHEREAS, NewCo is owned by Zakharyayev and Auerbach, and, although the Plaintiffs have yet to assert claims and causes of action against Auerbach, they anticipate that they will do so in the future if they secure a judgment against 18920, which claims and causes of action would be in the nature of alter ego and subsequent transferee;

WHEREAS, Zakharyayev and Auerbach represent that NewCo's stock is not certificated;

WHEREAS, each Defendant denies any of the Plaintiffs' allegations in the Adversary Proceeding and each Defendant denies any alleged liability to the Plaintiffs, whether asserted in the Adversary Proceeding or otherwise;

WHEREAS, the Adversary Proceeding includes defendants other than the Defendants and Pinkhasova, and nothing in this Agreement prejudices any right,

claim, or cause of action of the Plaintiffs against any such other defendant, but subject to whatever legal right to credit or offset any such other defendant may have resulting from this Agreement, except that, as provided below, Pinkhasova shall also be released from the Adversary Proceeding;

WHEREAS, after extensive negotiations, including two mediations, and without admitting any fault or liability, and only to avoid the risks, expenses, and delays of litigation, the Parties enter into this Agreement as a resolution of disputed claims and rights;

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by each Party, the Parties represent, covenant, and agree as follows, incorporating their recitals above into this Agreement:

1.     Good Faith Deposit. Concurrently with the execution of this Agreement, one or more of the Defendants shall cause $15,000.00 (the "Deposit") to be transferred to the Trustee. The Trustee shall hold the Deposit in trust to be applied or refunded as provided for herein. The Deposit shall be credited to the Upfront Payment (defined below). If the Effective Date fails to occur by the deadline specified below because the Upfront Payment is not made, the Trustee shall keep and retain the Deposit as liquidated damages.

2.     Approval Motion. Promptly after the execution of this Agreement, the Trustee, at his burden and expense, will file in the Bankruptcy Case the appropriate motion seeking the Bankruptcy Court's approval of this Agreement and authorizing him to enter into and effectuate this Agreement (the "Approval Motion"). The Trustee shall prosecute the Approval Motion at his sole burden and expense.

3.     Subsequent Due Diligence. Defendants represent that $2,000,000 from 18920 was used to purchase assets for NewCo and that the purchased assets remain in NewCo. After the entry of an order granting the Approval Motion, NewCo shall provide its books and records to the Trustee, including tax returns and detail regarding all of its assets and any transfers made to insiders, the purpose of which will be to: (i) enable the Trustee to identify the assets of NewCo acquired with funds from 18920 for purpose of ensuring attached and perfected security interests against the same as otherwise provided for in this Agreement; (ii) enable the Trustee to sufficiently identify each guarantor of the Note (defined below) and the respective jurisdiction sufficient to record a UCC financing statement; and (iii) enable the Trustee to determine whether NewCo subsequently made material transfers out after it received property from 18920, including any such transfer to any insider. The Trustee understands that certain funds were paid to LSU Tiger Athletic Foundation as part of the operations of the assets acquired by 18920 and the Trustee represents he will not contend those are material insider transactions. The Trustee further understands that additional capital contributions have been made to NewCo from

funds other than from 18920 and NewCo has no obligation to disclose those funds or investments from those contributions.

4. <u>Stay of Adversary Proceeding</u>. Upon the execution of this Agreement and the payment of the Deposit, the Trustee and each respective Defendant shall take reasonably proper steps to stay the Adversary Proceeding as against them pending the Effective Date. For the avoidance of doubt, no Party shall cause or permit any discoverable information or documents to be lost or destroyed during the pendency of such stay.

5. <u>Approval Order</u>. This Agreement is conditioned on the entry by the Bankruptcy Court of an order granting the Approval Motion (the "<u>Approval Order</u>"), which Approval Order shall be in form and substance reasonably agreed to by the Parties, and which Approval Order must, at a minimum, approve this Agreement in its entirety and authorize the Trustee to execute this Agreement and otherwise perform all obligations herein. If the Bankruptcy Court approves some, but not all, of this Agreement, then the Parties may, but are under no obligation to, conform this Agreement to comply with such approval.

6. <u>Effective Date</u>. This Agreement shall become enforceable and effective on the "<u>Effective Date</u>", which is the first day on which all of the following have occurred: (i) the Approval Order has been entered and fifteen (15) days after the day of such entry have expired, and no appeal of the Approval Order has by then been filed or, if filed, the Approval Order has not been stayed as of such day; and (ii) the Upfront Payment has been made. This Agreement shall be null and void if the Effective Date fails to occur by April 11, 2025, unless such deadline is extended in writing by the Parties, which no Party is under an obligation to do.

7. <u>Settlement Payment</u>. One or more of the Defendants shall pay, or shall cause to be paid, $2,000.000.00 to the Trustee, for the benefit of the Estate (the "<u>Settlement Payment</u>"), which shall consist of an up-front payment of $400,000.00 (the "<u>Upfront Payment</u>") and payments over time totaling $1,600,000.00 (the "<u>Tail Payments</u>") as otherwise provided for in the Note (defined below).

8. <u>Closing</u>.

    (i)    <u>Deliverables</u>. The closing of the Tail Payments (the "<u>Closing</u>") shall consist of the following instruments being executed and delivered to the Trustee by the respective Defendant in original, ink-signature form:

        (1)    the *Secured Promissory Note* substantially in the form attached hereto as Exhibit "A" from NewCo (the "<u>Note</u>");

(2)     the *Personal Guarantee* substantially in the form attached hereto as Exhibit "B" from Zakharyayev and guaranteeing the Note;

(3)     the *Standby Personal Guarantee* substantially in the form attached hereto as Exhibit "C" from Auerbach and secondarily guaranteeing the Note;

(4)     the *Security Agreement* substantially in the form attached hereto as Exhibit "D" from NewCo and securing the Note with first-priority security interests in and to all investment and other assets of NewCo, to be negotiated in good faith by the Parties as part of the due diligence provided for in Section 3 above;

(5)     the *Pledge and Security Agreement* substantially in the form attached hereto as Exhibit "E" from Zakharyayev, securing his guarantee with his interests in NewCo;

(6)     the *Pledge and Security Agreement* substantially in the form attached hereto as Exhibit "F" from Auerbach, securing his guarantee with his interests in NewCo; and

(7)     an agreement as to the Basis for purposes of the Upside (defined below).

(ii)     Date.  Closing shall occur, in person or remotely (but with ink-originals), by no later than three (3) business days following the Effective Date.

(iii)     Recordation.  Each respective Defendant providing any of the foregoing to the Trustee authorizes the Trustee to prepare and record UCC financing statements in one or more jurisdictions which the Trustee determines to be appropriate for the recording of the same.

9.     Potential Upside.  Without warranty or guarantee that there will ever be the Upside, and without any representation regarding the same other than as contained herein or in the due diligence information provided pursuant to Section 3 above, NewCo shall, in addition to all other payments and obligations under this Agreement, also pay to the Trustee the following potential upside (the "Upside" and "Upside Payment"):

(i)     Basis.  As part of the diligence to be undertaken pursuant to Section 3 above, the Parties shall calculate the basis that NewCo with respect to each investment it made from the funds transferred to it by 18920 (the "Basis").

---

(ii) Recovery. The "Recovery" shall be the sum total of any and all monetary payments that NewCo has ever received or were or are made to a third person for its account, since its inception, from or related to the investments the subject of the Basis, including any sale of its interest in such investments, any redemption, dividend, or distribution from such investment, any transfer of property on account of such investment, and any other money or money's equivalent made or derived therefrom, cumulatively from said inception until full and final payment of the Settlement Payment, but less the amount of the Basis. No Defendant shall take any action, whether intentional or permissive, to cause to delay or permit to delay any such payments for the purpose of receiving them outside of this period.

(iii) Upside Payment. If the Recovery is less than three (3) times the Basis, then there shall be no Upside Payment. If the Recovery is at least three (3) times the Basis but no more than five (5) times the Basis, the Upside Payment shall be 20% of such Recovery between those two metrics. If the Recovery is at least five (5) times the Basis, then, in addition to the foregoing but not in replacement thereof, the Upside Payment shall also be 10% of the Recovery in excess of said metric. In no event shall the Upside Payment exceed $1,600,000.00 cumulatively.

10. Dismissal of Adversary Proceeding. Promptly after the Closing, the Trustee and the Defendants and Pinkhasova shall file with the Bankruptcy Court such pleadings as necessary to dismiss the Adversary Proceeding with prejudice with respect to the Defendants and Pinkhasova. For the avoidance of doubt, such dismissal shall not include any party in the Adversary Proceeding other than the Defendants and Pinkhasova.

11. Release of Defendants other than Auerbach. Effective upon the delivery of all deliverables at Closing, and automatically, without need for further document or instrument, the Trustee, for himself, the Debtor, the Estate, GNET, and their respective subsidiary and affiliated companies, hereby releases and discharges each of 18920, NewCo, Zakharyayev, and Pinkhasova, and each of their respective agents, attorneys, principals, affiliates, immediate family members, directors, members, officers, managers, employees, affiliates, and assigns of any and all claims and causes of action that any of the foregoing ever had or may have, whether known or unknown, whether asserted or not asserted, arising in law, contract, or in equity, and including, but not limited to, all claims and causes of action that are asserted or assertable in the Adversary Proceedings, *provided, however,* that: (i) the foregoing release does not include Auerbach or any entity affiliated with him, other than NewCo; (ii) the foregoing release does not include any defendant in Adversary Proceeding No. 23-03090 in the Bankruptcy Court or the agent, affiliate,

representative, director, officer, trustee, or employee of such defendant, other than Pinkhasova; and (iii) that no obligation in this Agreement is released.

12. <u>Limited Release of Auerbach</u>. Effective upon the delivery of all deliverables at Closing, and automatically, without need for further document or instrument, the Trustee, for himself, the Debtor, the Estate, GNET, and their respective subsidiary and affiliated companies, hereby releases and discharges Auerbach and any agent, representative, or attorney thereof, solely from any claim or cause of action, whether known or unknown, whether asserted or not asserted, arising in law, contract, or in equity, arising from the transactions at issue in the Adversary Proceeding, his ownership or management of NewCo, including principles of *alter ego* or other veil piercing, or any transfer from or through 18920, *provided, however,* that: (i) the foregoing release is limited and strictly limited to its express provisions and in no way applies to or prejudices any claim in Adversary Proceeding No. 23-03090 in the Bankruptcy Court or any claim against Alliance Global Solutions, LLC; and (iii) that no obligation in this Agreement is released.

13. <u>Release of Plaintiffs</u>. Effective upon the delivery of all deliverables at Closing, and automatically, without need for further document or instrument, each of 18920, NewCo, and Zakharyayev hereby releases and discharges each of the Trustee, the Estate, and GNET, and their respective attorneys and agents, of any and all claims and causes of action that any of the foregoing ever had or may have, whether known or unknown, whether asserted or not asserted, arising in law, contract, or in equity, and including, but not limited to, all claims and causes of action that are asserted or assertable in the Adversary Proceedings, *provided, however,* that no obligation in this Agreement is released.

14. <u>Withdrawal of Proof(s) of Claim</u>. Promptly after the Closing, to the extent that any of the Defendants other than Auerbach has filed a proof of claim in the Bankruptcy Case, each such Defendant other than Auerbach shall prepare and file in the Bankruptcy Case one or more notices of withdrawal of claim, withdrawing, with prejudice, all proofs of claim filed by or for such Defendant other than Auerbach in the Bankruptcy Case.

15. <u>Cooperation</u>. Each Defendant agrees he/she/it will reasonably cooperate by accepting third-party subpoenas for testimony, via deposition or at trial, in the Adversary Proceeding. With respect to any other lawsuit or judicial proceeding, each Party reserves all rights regarding any discovery, and nothing in this Agreement prejudices any such issue.

16. <u>Governing Law</u>. The laws of the State of Texas will govern the interpretation and enforcement of this Settlement Agreement, without giving effect to its choice of law rules.

17. <u>Warranty of Authority</u>.  Except with respect to the entry of the Approval Order, each signatory below warrants and represents to each other Party that he or she has all requisite authority to bind his or her respective Party to this Agreement, and each Party warrants and represents to each other Party that it has all necessary authority to enter into this Agreement.

18. <u>Each Party Relying on Own Judgment.</u> The Parties understand and agree they have carefully reviewed this Agreement, they fully understand its terms, they sought and obtained independent legal advice with respect to the negotiation and preparation of the Agreement, this Agreement has been negotiated and prepared by the joint efforts of the respective attorneys for each of the Parties, and the Parties have relied wholly upon their own judgment and knowledge and the advice of their respective attorneys. The Parties acknowledge they have executed this Agreement without reliance on any promise, representation, or warranty not contained in this Agreement.

19. <u>Jointly Drafted</u>.  All Parties assisted in the preparation of this Agreement, and no provision of this Agreement will be construed against any Party because that Party or its counsel drafted or assisted in the drafting of the provision. The Parties hereby expressly agree that any uncertainty or ambiguity existing herein will not be interpreted against any of them.

20. <u>Fees and Costs</u>.  In the event that any action is brought by a Party to enforce any right or obligation under this Agreement, or to defend any such right or obligation then, in addition to all other rights and remedies, the Party substantially prevailing in any such litigation shall be entitled from the defaulting Party an award of its reasonable attorney's fees and expenses incurred in any such action.

21. <u>Waiver of Jury Rights</u>.  Each Party waives any right to a trial by jury of any issue that it may have with respect to any action, proceeding, or lawsuit brought to enforce this Agreement or to otherwise interpret and apply this Agreement.

22. <u>Bankruptcy Court Jurisdiction</u>.  The Parties agree that the Bankruptcy Court has subject matter jurisdiction over any dispute over or on this Agreement, and they each irrevocably consent to the Bankruptcy Court's entry of final orders or judgment in any such dispute even if the Bankruptcy Court's jurisdiction over the same would otherwise not be core.

23. <u>Sole and Complete Agreement</u>.  This Agreement, together with the attachments constitutes the final, sole, and entire agreement between the Parties hereto with respect to the express subject matter hereof.  There is no other agreement, written or oral, among the Parties with respect to the subject matter of this Agreement.

24.    <u>No Oral Amendments</u>. This Agreement may be amended or modified by the Parties only and solely through a written agreement executed by each Party.

25.    <u>Execution in Counterparts.</u> This Agreement may be signed in any number of counterparts or copies or on separate signature pages or by e-mail or facsimile transmission, which when taken together will be deemed to be an original for all purposes.

26.    <u>Further Assurances</u>. Each of the Parties agrees to execute such other documents and to take such other action as may be reasonably necessary to further the purposes of this Agreement.

[signature page follows]

*Steven Zakharyayev*

_____
Steven Zakharyayev, Individually

*Shalom Auerbach*
_____
Shalom Auerbach, Individually

_____
Scott M. Seidel, Trustee

GNET ATC, LLC

By: _____
      Scott M. Seidel
      Authorized Signatory

18920 NW 11th, LLC, a Florida entity

By: *Steven Zakharyayev*
Name: Steven Zakharyayev
Title: Member

NewCo DE 22, Inc., a Delaware entity

By: *Steven Zakharyayev*
Name: Steven Zakharyayev
Title: Member