Davor Rukavina, Esq.
Texas Bar No. 24030781
Thomas D. Berghman, Esq.
Texas Bar No. 24082683
Jacob J. King, Esq.
Texas Bar No. 24136951
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 4000
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584

ATTORNEYS FOR
SCOTT M. SEIDEL, TRUSTEE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 7 |
| GOODMAN NETWORKS, INC., | § | |
| | § | Case No. 22-31641-mvl-7 |
| Debtor. | § | |

**TRUSTEE'S MOTION TO PAY HIDDEN ASSETS, LLC**

**NO HEARING WILL BE CONDUCTED HEREON, AND ANY HEARING SCHEDULED HEREON MAY BE CANCELLED WITHOUT FURTHER NOTICE, UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT, 1100 COMMERCE STREET, SUITE 1254, DALLAS, TEXAS 75242 BEFORE CLOSE OF BUSINESS ON DECEMBER 29, 2025, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN, AND THE HEARING SCHEDULED ON THIS MOTION MAY BE CANCELLED, WITHOUT FURTHER NOTICE.**

TO THE HONORABLE MICHELLE V. LARSON, U.S. BANKRUPTCY JUDGE:

COMES NOW Scott M. Seidel (the "Trustee"), the duly appointed trustee for the estate (the "Estate") of Goodman Networks, Inc. (the "Debtor") in the above-styled bankruptcy case (the "Bankruptcy Case"), and files this his *Motion to Pay Hidden Assets, LLC* (the "Motion"), respectfully stating as follows:

## JURISDICTION AND VENUE

1. On September 6, 2022 (the "Petition Date"), various creditors of the Debtor filed an involuntary petition against the Debtor under Chapter 7 of the Bankruptcy Code, thereby initiating the Bankruptcy Case and creating the bankruptcy estate (the "Estate").

2. The Court entered its order for relief against the Debtor on December 12, 2022. The Trustee was thereafter appointed as the Chapter 7 trustee of the Estate.

3. The Court has jurisdiction over this Motion under 28 U.S.C. § 1334. Said jurisdiction is core under 28 U.S.C. § 157(b)(2). Venue of the Bankruptcy Case before this Court is proper under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

4. On December 12, 2024, the Trustee filed his *Application to Retain Hidden Assets, LLC as Special Recovery Professional* [Docket No. 655] (the "Retention Application"). As detailed in the Retention Application, Hidden Assets, LLC ("Hidden Assets") is an asset recovery specialist which works with state entities to recover funds from unclaimed property departments. The Trustee sought to retain Hidden Assets on a contingency basis and agreed to compensate Hidden Assets twenty-five percent (25%) of the proceeds actually collected by the Estate. On January 14, 2025, the Court entered its *Order Approving Trustee's Application to Retain Hidden Assets, LLC as Special Recovery Professional* [Docket No. 673] (the "Retention Order").

5.      As of the filing of this Motion, Hidden Assets has recovered $170,241.20 on behalf of the Estate.  Therefore, Hidden Assets is entitled to be paid $42,560.30 (the "Disbursement Amount").

6.      The Estate currently holds free and clear funds sufficient to make payment on the Disbursement Amount and no cash collateral will be used to pay the same.  Accordingly, the Trustee requests authority and direction to pay the Disbursement Amount to Hidden Assets.

## RELIEF REQUESTED

7.      The Trustee, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."  11 U.S.C. § 363(b)(1).  "Section 363 of the Bankruptcy Code addresses the debtor's use of property of the estate and incorporates a business judgment standard. . . . The business judgment standard in section 363 is flexible and encourages discretion."  *ASARCO, Inc. v. Elliot Mgmt. (In re ASARCO, LLC)*, 650 F.3d 593, 601 (5th Cir. 2011).

8.      By this Motion, the Trustee seeks entry of an order, under section 363(b)(1) of the Bankruptcy Code, approving and authorizing the payment of the Disbursement Amount.  A sound business purpose for paying the Disbursement Amount to Hidden Assets exists because Hidden Assets has fully earned the Disbursement Amount.  Under the Retention Order, Hidden Assets is entitled to be paid the Disbursement Amount and the Trustee submits it is appropriate to do so at this juncture. Accordingly, the Trustee respectfully requests that the Court grant the Motion and enter an order in substantially the same form as the proposed order attached hereto.

9.      To effectuate the relief sought herein, the Trustee also requests that the Court waive the fourteen day stay imposed by Bankruptcy Rule 6004(h).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, the Trustee respectfully requests that the Court enter an order: (i) granting this Motion; (ii) authorizing the Trustee's payment of the Disbursement Amount, and (iii) granting the Trustee such other and further relief as may be appropriate.

RESPECTFULLY SUBMITTED this the 8th day of December, 2025

**MUNSCH HARDT KOPF & HARR, P.C.**

By: */s/ Jacob J. King*
Davor Rukavina, Esq.
Texas Bar No. 24030781
Thomas D. Berghman, Esq.
Texas Bar No. 24082683
Jacob J. King, Esq.
Texas Bar No. 24136951
500 N. Akard Street, Suite 4000
Dallas, Texas 75201
Telephone: (214) 855-7500
Email: drukavina@munsch.com
tberghman@munsch.com
jking@munsch.com

**ATTORNEYS FOR SCOTT M. SEIDEL, TRUSTEE**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this the 8th day of December 2025, he personally caused to be served true and correct copies of this document and the proposed order hereon, electronically through the Court's ECF system on parties entitled to notice thereof, and that, on the same day, he served true and correct copies of this document by first class U.S. mail, postage prepaid, on the parties on the attached service list.

By: */s/ Jacob J. King*
Jacob J. King